ACCEPTED
04-15-00474-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/28/2015 4:51:49 PM
KEITH HOTTLE
CLERK

No. 04-15-00474-CV
_____

Court of Appeals, Fourth District
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

07/28/2015 4:51:49 PM

KEITH E. HOTTLE
Clerk

*In re* State Farm Lloyds

Relating to Cause Nos. 2014-CVF-001162-D1, 2014-CVF-001048-D1
in the 49th Judicial District Court
Webb County, Texas

RECORD ON MANDAMUS, VOLUME 1

**J. Joseph Vale**
jvale@atlashall.com
State Bar No. 24084003
**Sofia A. Ramon**
sramon@atlashall.com
State Bar No. 00784811
**Dan K. Worthington**
dkw@atlashall.com
State Bar No. 00785282
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

Attorneys for Relator
State Farm Lloyds

July 28, 2015                                          **Oral Argument Requested**

## Record on Mandamus

Relator State Farm Lloyds files this Record along with its Petition for Writ of Mandamus filed on this same date, relating to Cause Nos. 2014-CVF-001162-D1 and 2014-CVF-001048-D1 in the 49th Judicial District Court, Webb County, Texas. State Farm Lloyds is e-filing the Record in two separate volumes, including a volume for authenticated transcripts. The index for the entire Record is attached as an exhibit, followed by Record Volume 1.

Respectfully submitted,

/s/ J. Joseph Vale
**J. Joseph Vale**
jvale@atlashall.com
State Bar No. 24084003
**Sofia A. Ramon**
sramon@atlashall.com
State Bar No. 00784811
**Dan K. Worthington**
dkw@atlashall.com
State Bar No. 00785282
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

Attorneys for State Farm Lloyds

## Verification

Before me, the undersigned notary, personally appeared J. Joseph Vale, who being by me duly sworn, deposed and said:

1. My name is J. Joseph Vale. I am one of the attorneys for the relator in the referenced cause. I am above the age of eighteen, have never been convicted of a felony or a crime of moral turpitude, and am competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2. The documents contained in Tabs 1 through 11 of the Record on Mandamus are true and correct copies of certified copies obtained from the Webb County District Clerk.

3. The documents contained in Tabs 12 through 19 are true and correct copies, as per file-stamps or e-file confirmations on same or as reflected by certificates of service by counsel herein or as reflected by the trial judge's or clerk's signature or as received from the trial court or clerk and/or as sent by my office to the court, of the same documents filed and/or maintained by the court in connection with the trial court proceedings referenced above. Further, the Dockets contained in the record are true and correct copies of the dockets in this matter as printed from the I-Docket website.

_____
J. Joseph Vale

Subscribed and sworn before me on _____, 2015.

_____
Notary Public, State of Texas
My commission expires:

MARIANELA TREVIÑO
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-27-2019

3

## Certificate of Service

I certify that the foregoing document (and any attachments) was electronically filed with the Clerk of the Court using the electronic case filing system of the Court.  I also certify that a true and correct copy of the foregoing was served on all counsel of record on July 28, 2015, as follows:

| Recipient: | Attorney for: | Served by: |
| --- | --- | --- |
| **J. Steve Mostyn** (jsmdocketefile@mostynlaw.com) THE MOSTYN LAW FIRM 3810 West Alabama Street Houston, Texas  77027 Fax:  713-714-1111  *and*  **Gilberto Hinojosa** (ghinojosa@ghinojosalaw.net) LAW OFFICE OF GILBERTO HINOJOSA, P.C. 622 E. Saint Charles St. Brownsville, Texas  78520 Fax:  956-544-1335 | Plaintiffs/real parties in interest  Raul Rodriguez, Noemi Rodriguez, and Alma Pena | Electronically if available, or by facsimile |
| **Hon. Jose A. Lopez** Webb County Courthouse 1110 Victoria St. Suite 304 Laredo, Texas  78040 | Trial judge/respondent | Certified mail, return receipt requested |

/s/ J. Joseph Vale
J. Joseph Vale

**Record Index**

**Volume 1**

| Date | Tab | Trial Cause[1] | Document |
|------|-----|------------|----------|
| | | *Pena* | Docket [printed from I-Docket] |
| | | *Rodriguez* | Docket [printed from I-Docket] |
| 06/03/14 | 1 | *Pena* | Plaintiff's Original Petition |
| 06/13/14 | 2 | *Rodriguez* | Plaintiffs' Original Petition |
| 07/14/14 | 3 | *Pena* | State Farm Lloyds' Special Exceptions and Original Answer |
| 07/14/14 | 4 | *Rodriguez* | State Farm Lloyds' Special Exceptions and Original Answer |
| 01/22/15 | 5 | *Pena* | Plaintiff's Motion for Entry of Protective Order |
| 01/22/15 | 6 | *Rodriguez* | Plaintiffs' Motion for Entry of Protective Order |
| 02/10/15 | 7 | *Pena* | Defendants' Response and Objections to Plaintiff's Motion for Protective Order and Motion for Entry of State Farm's Proposed Protective Order |
| 02/23/15 | 8 | *Rodriguez* | Defendants' Response and Objections to Plaintiffs' Motion for Protective Order and Motion for Entry of State Farm's Proposed Protective Order |

---

[1] As explained in the Petition for Writ of Mandamus, this original action relates to two separate trial cause numbers, which the trial judge considered jointly for purposes of the order and motion at issue. In this Index, "*Pena*" will be used for documents filed only in Cause No. 2014-CVF-001048-D1, "*Rodriguez*" will be used for documents filed only in Cause No. 2014-CVF-001162-D1, and "Both" will be used for documents filed in both cause numbers.

| 03/03/15 | 9 | *Pena* | Plaintiff's Reply to Defendant's Response and Objections to Plaintiff's Motion for Entry of Protective Order and Plaintiff's Response to Defendants' Motion for Entry of State Farm's Proposed Protective Order |
|---|---|---|---|
| 03/23/15 | 10 | *Pena* | Plaintiff's Proposed Amended Protective Order |
| 03/25/15 | 11 | *Pena* | Defendant State Farm's Motion to Strike or Reconsider Plaintiff's Amended Protective Order Regarding Confidential Information and Motion for Entry of Protective Order |
| 05/22/15 | 12 | *Pena* | Signed Unopposed Order Granting Motion of Attorneys Huseman & Stewart P.L.L.C. to Withdraw and for Substitution of Counsel for Defendants |
| 05/22/15 | 13 | *Rodriguez* | Signed Unopposed Order Granting Motion of Attorneys Huseman & Stewart P.L.L.C. to Withdraw and for Substitution of Counsel for Defendants |
| 06/16/15 | 14 | *Pena* | Plaintiff's First Amended Petition |
| 06/16/15 | 15 | *Rodriguez* | Plaintiffs' First Amended Petition |
| 07/02/15 | 16 | *Pena* | Proposed Protective Order |
| 07/02/15 | 17 | *Rodriguez* | Proposed Protective Order |
| 07/13/15 | 18 | *Pena* | Signed Protective Order |
| 07/13/15 | 19 | *Rodriguez* | Signed Protective Order |

**Authenticated Transcripts Volume**

| | | |
|---|---|---|
| 03/05/15 | Both | Hearing on Motion to Strike, Motion to Compel, and Plea in Abatement |
| 04/09/15 | Both | Hearing on Motion to Enforce, Motion to Quash, and other Motions |

iDocket.com — Your gateway to court case information.

Search | **Case History** | Parties | Attorneys | Links | Services    Home | Site Map | Log Out

**All** | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
**iDocket.com**

View Case Track ™    Start Case Track™

Civil Docket; Case 2014CVF001048 D1; Accounts, Contracts, Notes
PENA, ALMA vs LANIER, BECKY et al
Filed 06/03/2014 - Disposition:
49th District Court, District Clerk, Webb County, Texas

Court Settings:
12/01/2015   13:30 PM
12/14/2015   8:00 AM

Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|----------------------|-----------|-----|--------|
| 06/03/2014 | Case Status entered as ACTV. | | TXT | |
| 06/03/2014 | Case Status ACTV: Active | | " | |
| 06/03/2014 | For STATE FARM LLOYDS | | " | |
| 06/03/2014 | *IMG*CONTRACT | | " | |
| 06/09/2014 | Court date/time: 9/04/2014 13:30 H earing Type: 17 Clndr Call | | " | |
| 06/09/2014 | Assignment of court date/time. | | " | |
| 06/09/2014 | Status entered as Open | | " | |
| 06/09/2014 | CALENDAR CALL FAXED TO ATTORNEY J. STE VE MOSTYN AND ATTACHED | | " | |
| 06/09/2014 | COPY TO CITATIONS. (LT) | | " | |
| 06/09/2014 | *IMG*(4) CITATIONS ISSUED TO STATE FAR M LLOYDS AND BECKY LANIER | | " | |
| 06/09/2014 | AND PLACED IN PRIVATE SERVER BOX. (LT) | | " | |
| 06/09/2014 | | | " | |
| 06/09/2014 | **** | | " | |
| 06/09/2014 | CIATIONS RELEASED AND RETURNED TO ATTO RNEY IN FED EX ENVELOPE | | " | |
| 06/09/2014 | PROVIDED BY ATTORNEY. 06/19/2014 (LT) | | " | |
| 06/09/2014 | JURY DEMAND PAID BY ATTORNEY J. STEVE MOSTYN. (LT) | | " | |
| 07/07/2014 | *IMG* CITATION RETURN SHOWING SERVICE AS TO STATE FARM LLOYDS BY | | " | |

| | | | " | |
|---|---|---|---|---|
| 07/07/2014 | SERVING ITS ATTORNEY FOR SERVICE RENDI BLACK. DOS 6/30/14. MG | | " | |
| 07/14/2014 | *IMG* DEFENDANT STATE FARM LLOYD'S SPE CIAL EXCEPTIONS AND ORIGINAL | | " | |
| 07/14/2014 | ANSWER. (ATTY. VAN HUSEMAN) MG | | " | |
| 07/14/2014 | *IMG* DEFENDANT, BECKY LANIER'S, ORIGI NAL ANSWER. (ATTY. VAN | | " | |
| 07/14/2014 | HUSEMAN). MG | | " | |
| 07/17/2014 | *IMG* CITATION RETURN SHOWING SERVICE AS TO BECKY LANIER. DOS 7/9/14. | | " | |
| 07/17/2014 | MG | | " | |
| 08/07/2014 | *IMG* DEFENDANTS', STATE FARM LLOYDS A ND BECKY LANIER, PLEA IN | | " | |
| 08/07/2014 | ABATEMENT. MG | | " | |
| 08/20/2014 | JURY PRE-TRIAL GUIDELINE ORDER (RECEIV ED) SENT TO COURT | | " | |
| 08/20/2014 | COORDINATOR (PF) | | " | |
| 08/25/2014 | *IMG* DEFENDANT'S DECLARATION INVOKING RULE 167 OF THE TEXAS RULES OF | | " | |
| 08/25/2014 | CIVIL PROCEDURE AND CHAPTER 42 OF THE CIVIL PRACTICE AND REMEDIES | | " | |
| 08/25/2014 | CODE (PF) | | " | |
| 08/26/2014 | Court date/time: 9/04/2014 13:30 H earing Type: 17 Clndr Call | | " | |
| 08/26/2014 | Status changed from Open to Canc e | | " | |
| 08/26/2014 | GUIDELINE ORDER RECEIVED | | " | |
| 09/08/2014 | Court date/time: 4/28/2015 13:30 H earing Type: 2 Pre-Trial | | " | |
| 09/08/2014 | Assignment of court date/time. | | " | |
| 09/08/2014 | Status entered as Open | | " | |
| 09/08/2014 | Court date/time: 5/18/2015 8:00 H earing Type: 4 Jury Trial | | " | |
| 09/08/2014 | Assignment of court date/time. | | " | |
| 09/08/2014 | Status entered as Open | | " | |
| 09/09/2014 | PTGO SIGNED BY JUDGE JOE LOPEZ AND COP IES SENT TO COUNSEL VIA FAX | | " | |
| 09/09/2014 | FSR | | " | |
| 09/09/2014 | *IMG* PRE-TRIAL GUIDELINE ORDER. PRE-T RIAL SET FOR 4/28/15 AT 1:30PM | | " | |
| 09/09/2014 | AND TRIAL SET FOR 5/18/14 AT 8AM. SIGN ED 8/28/14 BY JUDGE LOPEZ. | | " | |
| 09/09/2014 | FAXED TO TIFFANY DE BOTT AND J. STEVE MESTYN. MG | | " | |
| 01/22/2015 | *IMG* PLAINTIFF'S MOTION TO STRIKE AND /OR OVERRULE DEFENDANTS' | | " | |
| 01/22/2015 | OBJECTIONS TO WRITTEN DISCOVERY AND MO TION TO COMPEL SUPPLEMENTAL | | " | |

| | | | | |
|---|---|---|---|---|
| 01/22/2015 | DISCOVERY RESPONSES AND DOCUMENTS (PF) | | " | |
| 01/22/2015 | *IMG* PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER (PF) | | " | |
| 01/22/2015 | ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE | | " | |
| 01/22/2015 | ORDER (RECEIVED) (PF) | | " | |
| 01/22/2015 | ORDER ON PLAINTIFF'S MOTION TO STRIKE AND/OR OVERRULE DEFENDANTS | | " | |
| 01/22/2015 | OBJECTIONS TO WRITTEN DISCOVERY AND MO TION TO COMPEL SUPPLEMENTAL | | " | |
| 01/22/2015 | DISCOVERY RESPONSES AND DOCUMENTS (REC EIVED) (PF) | | " | |
| 01/23/2015 | ORDER SETTING HEARING ON PLAINTIFF'S M OTIONS SENT TO COUNSEL VIA | | " | |
| 01/23/2015 | FAX FSR | | " | |
| 01/23/2015 | Court date/time: 2/17/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 01/23/2015 | Assignment of court date/time. | | " | |
| 01/23/2015 | Status entered as Open | | " | |
| 01/26/2015 | *IMG* ORDER SETTING HEARING ON PLAINTI FF'S MOTION FOR ENTRY OF | | " | |
| 01/26/2015 | PROTECTIVE ORDER AND PLAINTIFF'S MOTIO N TO STRIKE AND/OR OVERRULE | | " | |
| 01/26/2015 | DEFENDANTS' OBJECTIONS TO WRITTEN DISC OVERY AND MOTION TO COMPEL | | " | |
| 01/26/2015 | SUPPLEMENTAL DISCOVERY RESPONSES SET F OR FEB. 17, 2015 AT 9:00 A.M. | | " | |
| 01/26/2015 | FAXED TO J. STEVEN MOSTYN AND VAN HUSE MAN BY COURT COORDINATOR (PF) | | " | |
| 01/27/2015 | *IMG* DEFENDANTS', STATE FARM LLOYDS A ND BECKY LANIER, PLEA IN | | " | |
| 01/27/2015 | ABATEMENT. MG | | " | |
| 02/02/2015 | ORDER SETTING HEARING. RECEIVED/SENT T O COURT COORDINATOR. MG | | " | |
| 02/02/2015 | *IMG* DEFENDANTS' DESIGNATION OF EXPER TS. MG | | " | |
| 02/05/2015 | *IMG* MOTION FOR CONTINUANCE (PF) | | " | |
| 02/05/2015 | ORDER GRANTING CONTINUANCE (RECEIVED) (PF) | | " | |
| 02/05/2015 | ORDER SETTING HEARING (RECEIVED) SENT TO COURT COORDINATOR (PF) | | " | |
| 02/06/2015 | ORDER DENYING DEFENDANTS' PLEA IN ABAT EMENT. MG | | " | |
| 02/06/2015 | *IMG* PLAINTIFF'S RESPONSE TO DEFENDAN TS' PLEA IN ABATEMENT. MG | | " | |
| 02/09/2015 | Court date/time: 2/12/2015 9:00 H earing Type: 67 Mnt/Contin | | " | |
| 02/09/2015 | Assignment of court date/time. | | " | |

| | | | | |
|---|---|---|---|---|
| 02/09/2015 | Status entered as Open | | " | |
| 02/09/2015 | *IMG* FIAT. MOTION FOR CONTINUANCE SET FOR 2/12/15 AT 9AM. FAXED TO J. | | " | |
| 02/09/2015 | STEVE MOSTYN, TIFFANY DEBOLT, AND BRUC E J. WERSTAK III. MG | | " | |
| 02/10/2015 | ORDER DENYING DEFENDANTS' MOTION FOR C ONTINUANCE. RECEIVED. MG | | " | |
| 02/10/2015 | *IMG* PLAINTIFF'S RESPONSE TO DEFENDAN TS' MOTION FOR CONTINUANCE. MG | | " | |
| 02/10/2015 | *IMG* DEFENDANTS' RESPONSE AND OBJECTI ONS TO PLAINTIFF'S MOTION FOR | | " | |
| 02/10/2015 | PROTECTIVE ORDER AND MOTION FOR ENTRY OF STATE FARM'S PROPOSED | | " | |
| 02/10/2015 | PROTECTIVE ORDER. MG | | " | |
| 02/10/2015 | *IMG* DEFENDANTS' RESPONSE TO PLAINTIF F, ALMA PENA'S, MOTION TO | | " | |
| 02/10/2015 | STRIKE AND/OR OVERRULE DEFENDANTS' OBJ ECTIONS TO WRITTEN DISCOVERY | | " | |
| 02/10/2015 | AND MOTION TO COMPEL SUPPLEMENTAL DISC OVERY RESPONSES AND DOCUMENTS. | | " | |
| 02/10/2015 | MG | | " | |
| 02/11/2015 | *IMG* VERIFIED MOTION TO ADMIT COUNSEL PRO HAC VICE | | " | |
| 02/11/2015 | (NO ORDER/FIAT ATTACHED) (PF) | | " | |
| 02/12/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 02/12/2015 | CINDY LENZ. HEARING:MOTION FOR CONTINU ANCE. ATTY. ANDREW TAYLOR WAS | | " | |
| 02/12/2015 | PRESENT FOR PLAINTIFF. ATTY. BRUCE WER STAK WAS PRESENT FOR DEFENDANT. | | " | |
| 02/12/2015 | CONTINUANCE GRANTED. CASE WAS RESET TO 3/5/15 AT 9AM FOR MOTION TO | | " | |
| 02/12/2015 | STRIKE. MG | | " | |
| 02/12/2015 | *IMG* ORDER GRANTING CONTINUANCE. SIGN ED 2/12/14 BY JUDGE LOPEZ. | | " | |
| 02/12/2015 | COPIES MAILED OUT TO VAN HUSEMAN AND J . STEVE MOSTYN. MG | | " | |
| 02/13/2015 | Court date/time: 2/12/2015 9:00 H earing Type: 67 Mnt/Contin | | " | |
| 02/13/2015 | Status changed from Open to Held | | " | |
| 02/13/2015 | Court date/time: 2/17/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 02/13/2015 | Status changed from Open to Post / | | " | |
| 02/13/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 02/13/2015 | Assignment of court date/time. | | " | |

| | | | " | |
|---|---|---|---|---|
| 02/13/2015 | Status entered as Open | | " | |
| 02/13/2015 | *IMG* REQUEST FOR PERMISSION TO ENTER PROPERTY AND TO INSPECT, | | " | |
| 02/13/2015 | MEASURE, AND PHOTOGRAPH. MG | | " | |
| 02/16/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 02/16/2015 | *IMG* DEFENDANTS', STATE FARM LLOYDS A ND BECKY LANIER, FIRST | | " | |
| 02/16/2015 | SUPPLEMENTAL PLEA IN ABATEMENT. MG | | " | |
| 02/18/2015 | FIAT. DEFENDANTS'S MOTION TO COMPEL PL AINTIFF'S DISCOVERY RESPONSES | | " | |
| 02/18/2015 | TO STATE FARM LLOYDS FIRST OF INTERROG ATORIES AND REQUESTS FOR | | " | |
| 02/18/2015 | PRODUCTION FILED BY DEFENDANT, STATE F ARM LLOYDS. RECEIVED/SENT TO | | " | |
| 02/18/2015 | COURT COORDINATOR. MG | | " | |
| 02/18/2015 | *IMG* DEFENDANT'S MOTION TO COMPEL PLA INTIFF'S DISCOVERY RESPONSES TO | | " | |
| 02/18/2015 | STATE FARM LLOYDS FIRST SET OF INTERRO GATORIES AND REQUESTS FOR | | " | |
| 02/18/2015 | PRODUCTION. MG | | " | |
| 02/18/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 02/18/2015 | Assignment of court date/time. | | " | |
| 02/18/2015 | Status entered as Open | | " | |
| 02/18/2015 | ORDER GRANTING CONTINUANCE SIGNED BY J UDGE JOE LOPEZ AND COPIES SENT | | " | |
| 02/18/2015 | TO COUNSEL VIA FAX TOGETHER WITH ORDE R SETTING HEARING FSR | | " | |
| 02/23/2015 | *IMG* ORDER GRANTING CONTINUANCE. SIGN ED 2/17/15 BY JUDGE LOPEZ. | | " | |
| 02/23/2015 | FAXED TO J. STEVE MOSTYN AND TIFFANY D EBOLT. MG | | " | |
| 02/23/2015 | *IMG* ORDER SETTING HEARING. MOTION SE T FOR 3/5/15 AT 9AM. FAXED TO | | " | |
| 02/23/2015 | J. STEVE MOSTYN AND TIFFANY DEBOLT. MG | | " | |
| 02/24/2015 | ORDER GRANTING APPLICATION FOR ADMISSI ON OF COUNSEL PRO HAC VICE | | " | |
| 02/24/2015 | (RECEIVED) SENT TO COURT COORDINATOR ( PF) | | " | |
| 02/25/2015 | ORDER SETTING HEARING ON MOTION TO COM PEL SENT TO COUNSEL | | " | |
| 02/25/2015 | VIA FAX FSR | | " | |
| 02/25/2015 | FIAT SETTING PLEA IN ABATEMENT HEARING SENT TO COUNSEL VIA FAX | | " | |
| 02/25/2015 | FSR | | " | |

| | | | " | |
|---|---|---|---|---|
| 02/25/2015 | AGREED ORDER GRANTING APPLICATION FOR ADMISSION OF COUNSEL | | " | |
| 02/25/2015 | PRO HAC VICE (RECEIVED) SENT TO COURT COORDINATOR (PF) | | " | |
| 02/26/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 66 Mtn/Compel | | " | |
| 02/26/2015 | Assignment of court date/time. | | " | |
| 02/26/2015 | Status entered as Open | | " | |
| 02/26/2015 | *IMG* FIAT. DEFENDANT'S MOTION TO COMP EL PLAINTIFF'S DISCOVERY | | " | |
| 02/26/2015 | RESPONSES TO STATE FARM LLOYDS OF INTE RROGATORIES AND REQUESTS FOR | | " | |
| 02/26/2015 | PRODUCTION SET FOR 3/5/15 AT 9AM. FAXE D TO J. STEVE MOSTYN, TIFFANY | | " | |
| 02/26/2015 | DEBOLT, AND BRUCE J. WERSTAK III. MG | | " | |
| 02/26/2015 | *IMG* FIAT. FIRST SUPPLEMENTAL PLEA IN ABATEMENT SET FOR 3/5/15 AT | | " | |
| 02/26/2015 | 9AM. FAXED TO J. STEVE MOSTYN, TIFFANY DEBOLT, AND BRUCE J. WERSTAK | | " | |
| 02/26/2015 | III. MG | | " | |
| 02/26/2015 | ORDER ON ADMISSION OF COUNSEL PRO HAC VICE SIGNED | | " | |
| 02/27/2015 | *IMG* AGREED ORDER GRANTING APPLICATIO N FOR ADMISSION OF COUNSEL | | " | |
| 02/27/2015 | PRO HAC VICE SIGNED, FAXED TO J. STEVE N MOSTYN, TIFFANY DEBOLT, | | " | |
| 02/27/2015 | BRUCE J. WERSTAK, III AND JONATHAN M. REDGRAVE BY COURT COORDINATOR | | " | |
| 02/27/2015 | (PF) | | " | |
| 02/27/2015 | *IMG* DEFENDANTS' REPLY BRIEF IN SUPPO RT OF THEIR VERIFIED PLEA IN | | " | |
| 02/27/2015 | ABATEMENT. MG | | " | |
| 03/03/2015 | *IMG* PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION | | " | |
| 03/03/2015 | TO COMPEL DEFENDANTS TO PRODUCE SUPPLE MENTAL DISCOVERY RESPONSES AND | | " | |
| 03/03/2015 | DOCUMENTS AND MOTION TO STRIKE/OVERRUL E OBJECTIONS. MG | | " | |
| 03/03/2015 | *IMG* PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND OBJECTIONS TO | | " | |
| 03/03/2015 | PLAINTIFF'S MOTION FOR ENTRY OF PROTEC TIVE ORDER AND PLAINTIFF'S | | " | |
| 03/03/2015 | RESPONSE TO DEFENDANTS' MOTION FOR ENT RY OF STATE FARM'S | | " | |
| 03/03/2015 | PROPOSED PROTECTIVE ORDER. (SL) | | " | |

| 03/03/2015 | ORDER DENYING...REC'D AND SENT TO COUR T COORDINATOR. (SL) | | " | |
|---|---|---|---|---|
| 03/03/2015 | *IMG* PLAINTIFF'S RESPONSE TO DEFENDAN T'S MOTION TO COMPEL | | " | |
| 03/03/2015 | PLAINTIFF'S DISCOVERY RESPONSES TO STA TE FARM LLOYDS' FIRST SET OF | | " | |
| 03/03/2015 | INTERROGATORIES AND REQUESTS FOR PRODU CTION. (SL) ORDER | | " | |
| 03/03/2015 | DENYING....REC'D AND SENT TO COURT COO RDINATOR.(SL) | | " | |
| 03/05/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 03/05/2015 | CINDY LENZ. HEARING:MOTION TO STRIKE/M OTION TO COMPEL/PLEA IN | | " | |
| 03/05/2015 | ABATEMENT. ATTYS. ANDREW TAYLOR AND GI LBERTO HINOJOSA WERE PRESENT | | " | |
| 03/05/2015 | FOR PLAINTIFFS. ATTYS. BRUCE WERSTAK, VAN HUSEMAN, TIFFANY DEBOLT, | | " | |
| 03/05/2015 | JONATHAN REDGRANE, AND FELIX ARAMBULA WERE PRESENT FOR DEFENDANTS. | | " | |
| 03/05/2015 | PLAINTIFF'S MOTION TO COMPEL, REQUEST FOR PRODUCTION 5:OBJECTIONS | | " | |
| 03/05/2015 | OVERRULED. COUNSEL FOR PLAINTIFFS TO D ESTROY ALL DISCOVERY EXCHANGED | | " | |
| 03/05/2015 | AFTER ONE YEAR THE CASE IS RESOLVED OR RETURN IT TO DEFENDANTS | | " | |
| 03/05/2015 | COUNSEL. ORDER TO BE SUBMITTED. MG | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 66 Mtn/Compel | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/13/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL/VIDEO DEPOSITION OF ALMA | | " | |
| 03/13/2015 | PENA. ATTACHED WITH ORDER. MG | | " | |
| 03/16/2015 | Court date/time: 3/26/2015 9:00 H earing Type: 118 MTN/QUASH | | " | |
| 03/16/2015 | Assignment of court date/time. | | " | |
| 03/16/2015 | Status entered as Open | | " | |
| 03/16/2015 | *IMG* FIAT PLAINTIFFS MOTION TO QUASH THE ORAL/VIDEO DEPOSITION OF | | " | |
| 03/16/2015 | ALMA PENA SET FOR MARCH 26, 2015 AT 9: 00 A.M. FAXED TO J. STEVEN | | " | |

| | | | | |
|---|---|---|---|---|
| 03/16/2015 | MOSTYN, TIFFANY DEBOLT AND BRUCE WERST AK, III BY COURT COORDINATOR | | " | |
| 03/16/2015 | (PF) | | " | |
| 03/19/2015 | *IMG* DEFENDANTS' MOTION TO EXCLUDE PL AINTIFF'S EXPERTS' OPINIONS. | | " | |
| 03/19/2015 | ATTACHED WITH FIAT. RECEIVED/SENT TO C OURT COORDINATOR. MG | | " | |
| 03/23/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL /VIDEO DEPOSITION OF GENE RILEY | | " | |
| 03/23/2015 | OF VALLEY WIDE RESTORATION SERVICES, I NC. MG | | " | |
| 03/23/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL /VIDEO DEPOSITION OF PHILIP N. | | " | |
| 03/23/2015 | SPOTTS OF THE MISSION GROUP. MG | | " | |
| 03/23/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL /VIDEO DEPOSITION OF RANDAL G. | | " | |
| 03/23/2015 | CASHIOLA OF THE CASHIOLA LAW FIRM. MG | | " | |
| 03/23/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL /VIDEO DEPOSITION OF GILBERTO | | " | |
| 03/23/2015 | HINOJOSA. MG | | " | |
| 03/23/2015 | *IMG* RULE 11 AGREEMENT. MG | | " | |
| 03/24/2015 | *IMG* MOTION TO QUASH DEPOSITIONS OF S TATE FARM LLOYDS CORPORATE | | " | |
| 03/24/2015 | REPRESENTATIVE AND OBJECTIONS TO DEPOS ITION TOPICS, NO ORDER ATTACHED | | " | |
| 03/24/2015 | (PF) | | " | |
| 03/24/2015 | AMENDED PROTECTIVE ORDER (RECEIVED) SE NT TO COURT COORDINATOR (PF) | | " | |
| 03/25/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 157 MotExclu | | " | |
| 03/25/2015 | Assignment of court date/time. | | " | |
| 03/25/2015 | Status entered as Open | | " | |
| 03/25/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 2 Pre-Trial | | " | |
| 03/25/2015 | Assignment of court date/time. | | " | |
| 03/25/2015 | Status entered as Open | | " | |
| 03/25/2015 | Court date/time: 4/28/2015 13:30 H earing Type: 2 Pre-Trial | | " | |
| 03/25/2015 | Status changed from Open to Canc e | | " | |
| 03/25/2015 | FIAT SETTING MOTION TO EXCLUDE PLAINTI FF'S EXPERTS' OPINION SENT TO | | " | |
| 03/25/2015 | COUNSEL VIA FAX FSR | | " | |
| 03/25/2015 | PRE-TRIAL CONFERENCE NOTICE OF COURT S ETTING RESET SENT TO COUNSEL | | " | |
| 03/25/2015 | VIA FAX FSR | | " | |
| 03/25/2015 | FIAT-MOTION TO STRIKE OR RECONSIDER PL AINTIFFS AMENDED | | " | |

| 03/25/2015 | PROTECTIVE ORDER REGARDING CONFIDENTIA L INFORMATION AND MOTION FOR | | " | |
|---|---|---|---|---|
| 03/25/2015 | ENTRY OF PROTECTIVE ORDER (RECEIVED) S ENT TO COURT COORDINATOR (PF) | | " | |
| 03/25/2015 | *IMG* DEFENDANT STATE FARM'S MOTION TO STRIKE OR RECONSIDER | | " | |
| 03/25/2015 | PLAINTIFFS AMENDED PROTECTIVE ORDER RE GARDING CONFIDENTIAL | | " | |
| 03/25/2015 | INFORMATION AND MOTION FOR ENTRY OF PR OTECTIVE ORDER (NO ORDER) (PF) | | " | |
| 03/26/2015 | | | " | |
| 03/26/2015 | | | " | |
| 03/26/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 03/26/2015 | Assignment of court date/time. | | " | |
| 03/26/2015 | Status entered as Open | | " | |
| 03/26/2015 | *IMG* NOTICE OF COURT SETTING-RE-SET T O APRIL 28, 2015 AT 9:00 A.M. | | " | |
| 03/26/2015 | FOR PRE-TRIAL CONFERENCE FAXED TO J. S TEVEN MOSTYN, TIFFANY DEBOLT | | " | |
| 03/26/2015 | AND BRUCE J. WERSTAK, III BY COURT COO RDINATOR (PF) | | " | |
| 03/26/2015 | *IMG* FIAT MOTION TO EXCLUDE PLAINTIFF 'S EXPERTS OPINIONS FILED BY | | " | |
| 03/26/2015 | DEFENDANTS STATE FARM LLOYDS AND BECKY LANIER SET FOR APRIL 28, 2015 | | " | |
| 03/26/2015 | AT 9:00 A.M. FAXED TO J. STEVE MOSTYN, TIFFANY DEBOLT AND BRUCE | | " | |
| 03/26/2015 | WERSTAK, III BY COURT COORDINATOR (PF) | | " | |
| 03/26/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL/VIDEO DEPOSITIONS OF GENE | | " | |
| 03/26/2015 | RILEY, PHILIP SPOTTS, RANDY CASHIOLA, AND GILBERTO HINJOSOSA | | " | |
| 03/26/2015 | (PF) | | " | |
| 03/26/2015 | ORDER GRANTING PLAINTIFFS' MOTION TO Q UASH DEFENDANT'S NOTICES | | " | |
| 03/26/2015 | OF INTENTION TO TAKE DEPOSITIONS OF GE NE RILEY, PHILIP SPOTTS, RANDY | | " | |
| 03/26/2015 | CASHIOLA, AND GILBERTO HINOJOSA (RECEI VED) (PF) | | " | |
| 03/27/2015 | FIAT SETTING HEARING ON MOTION TO STRI KE OR RECONSIDER PLAINTIFF'S | | " | |
| 03/27/2015 | AMENDED PROTECTIVE ORDER SENT TO COUNS EL VIA FAX FSR | | " | |
| 03/27/2015 | *IMG* PLAINTIFF'S MOTION TO ENFORCE CO URT ORDER REGARDING PLAINTIFFS | | " | |
| 03/27/2015 | MOTION TO COMPEL DISCOVERY (PF) | | " | |

| | | | " | |
|---|---|---|---|---|
| 03/27/2015 | ORDER GRANTING PLAINTIFF'S MOTION TO E NFORCE COURT ORDER | | " | |
| 03/27/2015 | REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (RECEIVED) (PF) | | " | |
| 03/27/2015 | FIAT-MOTION TO QUASH THE ORAL/VIDEO DE POSITION OF GENE RILEY | | " | |
| 03/27/2015 | PHILIP SPOTTS, RANDY CASHIOLA AND GILB ERTO HINOJOSA (RECEIVED) SENT | | " | |
| 03/27/2015 | TO COURT COORDINATOR (PF) | | " | |
| 03/27/2015 | FIAT-PLAINTIFF'S MOTION TO ENFORCE COU RT ORDER REGARDING | | " | |
| 03/27/2015 | PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION TO | | " | |
| 03/27/2015 | QUASH DEPOSITIONS OF STATE FARM LLOYDS CORPORATE REPRESENTATIVE AND | | " | |
| 03/27/2015 | OBJECTIONS TO DEPOSITION TOPIC (RECEIV ED) SENT TO COURT COORDINATOR | | " | |
| 03/27/2015 | (PF) | | " | |
| 03/27/2015 | *IMG* FIAT. MOTION TO STRIKE OR RECONS IDER PLAINTIFF'S AMENDED | | " | |
| 03/27/2015 | PROTECTIVE ORDER REGARDING CONFIDENTIA L INFORMATION AND MOTION FOR | | " | |
| 03/27/2015 | ENTRY OF PROTECTIVE ORDER FILED BY DEF ENDANT, STATE FARM LLOYDS SET | | " | |
| 03/27/2015 | FOR 4/28/15 AT 9AM. FAXED TO J. STEVE MOSTYN, TIFFANY DEBOLT, AND | | " | |
| 03/27/2015 | BRUCE J. WERSTAK III. MG | | " | |
| 03/27/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 03/27/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 03/27/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 03/27/2015 | *IMG* DEFENDANT STATE FARM LLOYDS' OPP OSITION TO PLAINTIFF'S MOTION | | " | |
| 03/27/2015 | TO ENFORCE COURT ORDER AND MOTION FOR CLARIFICATION AND | | " | |
| 03/27/2015 | RECONSIDERATION OF PLAINTIFFS' MOTIONS TO COMPEL AND STRIKE. MG | | " | |
| 03/30/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 03/30/2015 | Assignment of court date/time. | | " | |
| 03/30/2015 | Status entered as Open | | " | |
| 03/30/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 118 MTN/QUASH | | " | |
| 03/30/2015 | Assignment of court date/time. | | " | |
| 03/30/2015 | Status entered as Open | | " | |
| 03/31/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 37 Motions | | " | |

| | | | | |
|---|---|---|---|---|
| 03/31/2015 | Assignment of court date/time. | | " | |
| 03/31/2015 | Status entered as Open | | " | |
| 03/31/2015 | *IMG* FIAT. PLAINTIFF'S MOTION TO ENFO RCE COURT ORDER REGARDING | | " | |
| 03/31/2015 | PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION TO | | " | |
| 03/31/2015 | QUASH DEPOSITIONS OF STATE FARM LLOYDS CORPORATE REPRESENTATIVE AND | | " | |
| 03/31/2015 | OBJECTIONS TO DEPOSITION TOPICS SET FO R 4/9/15 AT 9AM. FAXED TO J. | | " | |
| 03/31/2015 | STEVE MOSTYN, VAN HUSEMAN AND BRUCE J. WERSTAK III. MG | | " | |
| 03/31/2015 | *IMG* FIAT. OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER | | " | |
| 03/31/2015 | AND MOTION FOR CLARIFICATION AND RECON SIDERATION OF PLAINTIFFS' | | " | |
| 03/31/2015 | MOTION TO COMPEL AND STRIKE FILED BY D EFENDANT STATE FARM LLOYDS SET | | " | |
| 03/31/2015 | FOR 4/9/15 AT 9AM. FAXED TO J. STEVE M OSTYN, TIFFANY DEBOLT, AND | | " | |
| 03/31/2015 | BRUCE J. WERSTAK III. MG | | " | |
| 03/31/2015 | *IMG* FIAT. MOTION TO QUASH THE ORAL/V IDEO DEPOSITIONS OF GENE RILEY, | | " | |
| 03/31/2015 | PHILIP SPOTTS, RANDY CASHIOLA AND GILB ERTO HINOJOSA FILED BY | | " | |
| 03/31/2015 | PLAINTIFF, ALMA PENA SET FOR 4/28/15 A T 9AM. FAXED TO J. STEVE | | " | |
| 03/31/2015 | MOSTYN, TIFFANY DEBOLT, AND BRUCE J. W ERSTAK III. MG | | " | |
| 04/02/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF MR. | | " | |
| 04/02/2015 | PENA. MG | | " | |
| 04/06/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL AND VIDEOTAPED DEPOSITION | | " | |
| 04/06/2015 | OF MR. PENA. ATTACHED WITH ORDER. MG | | " | |
| 04/06/2015 | ORDER GRANTING PLAINTIFF'S MOTION TO Q UASH DEFENDANT'S NOTICES | | " | |
| 04/06/2015 | OF INTENTION TO TAKE DEPOSITION OF MR PENA (RECEIVED) (PF) | | " | |
| 04/06/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL AND VIDEOTAPED DEPOSITION | | " | |
| 04/06/2015 | OF MR. PENA (PF) | | " | |
| 04/07/2015 | *IMG* PLAINTIFF'S REPLY TO DEFENDANT S TATE FARM LLOYD'S OPPOSITION TO | | " | |

| | | | | |
|---|---|---|---|---|
| 04/07/2015 | PLAINTIFF'S MOTION TO ENFORCE COURT OR DER AND RESPONSE TO DEFENDANT | | " | |
| 04/07/2015 | STATE FARM LLOYD'S MOTION FOR CLARIFIC ATION AND RECONSIDERATION OF | | " | |
| 04/07/2015 | PLAINTIFFS' MOTIONS TO COMPEL AND STRI KE. MG | | " | |
| 04/07/2015 | FIAT-MOTION TO QUASH THE ORAL AND VIDE OTAPED DEPOSITION OF MR | | " | |
| 04/07/2015 | PENA (RECEIVED) (PF) | | " | |
| 04/08/2015 | *IMG* NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF ALMA | | " | |
| 04/08/2015 | TORRES (PF) | | " | |
| 04/09/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 04/09/2015 | CINDY LENZ. HEARING:MOTION TO ENFORCE/ MOTION TO QUASH/MOTIONS. ATTYS. | | " | |
| 04/09/2015 | ANDREW TAYLOR AND GILBERTO HINOJOSA WE RE PRESENT FOR PLAINTIFFS. | | " | |
| 04/09/2015 | ATTYS. FELIX ARAMBULA, TIFFANY DEBOLT, AND BRIAN CHANDLER WERE | | " | |
| 04/09/2015 | PRESENT FOR DEFENDANTS. DEFENDANTS TO PRODUCE TRAINING MATERIALS FOR | | " | |
| 04/09/2015 | 100 ADJUSTERS FOR AMARILLO AND DALLAS COUNTY AND ALL FOR WEBB COUNTY. | | " | |
| 04/09/2015 | *IMG* MOTION FOR TRIAL CONTINUANCE (PF ) | | " | |
| 04/09/2015 | ORDER FOR CONTINUANCE OF TRIAL (RECEIV ED) SENT TO COURT COORDINATOR | | " | |
| 04/09/2015 | (PF) | | " | |
| 04/10/2015 | *IMG* SUBPOENA RETURN SHOWING SERVICE AS TO ALMA TORRES. DOS 4/10/15. | | " | |
| 04/10/2015 | MG | | " | |
| 04/10/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 118 MTN/QUASH | | " | |
| 04/10/2015 | Status changed from Open to Held | | " | |
| 04/10/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 37 Motions | | " | |
| 04/10/2015 | Status changed from Open to Held | | " | |
| 04/10/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 04/10/2015 | Status changed from Open to Held | | " | |
| 04/10/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL AND VIDEOTAPED DEPOSITION | | " | |
| 04/10/2015 | OF MR. PENA. ATTACHED WITH ORDER. MG | | " | |
| 04/13/2015 | *IMG* RULE 11 AGREEMENT (RESCHEDULE HE ARING FROM APRIL 28, 2015) | | " | |
| 04/13/2015 | (PF) | | " | |

| | | | " | |
|---|---|---|---|---|
| 04/13/2015 | *IMG* PLAINTIFF'S MOTION TO QUASH THE ORAL AND VIDEOTAPED DEPOSITION | | " | |
| 04/13/2015 | OF ALMA TORRES AND MOTION FOR PROTECTI VE ORDER (PF) | | " | |
| 04/13/2015 | ORDER GRANTING MOTION TO QUASH THE ORA L AND VIDEOTAPED | | " | |
| 04/13/2015 | DEPOSITION OF ALMA TORRES AND MTOION F OR PROTECTIVE ORDER (RECEIVED) | | " | |
| 04/13/2015 | (PF) | | " | |
| 04/15/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 04/15/2015 | Status changed from Open to Canc e | | " | |
| 04/15/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 157 MotExclu | | " | |
| 04/15/2015 | Status changed from Open to Canc e | | " | |
| 04/16/2015 | PRE-TRIAL GUIDELINE ORDER. RECEIVED/SE NT TO COURT COORDINATOR. MG | | " | |
| 04/24/2015 | Court date/time: 4/28/2015 9:00 H earing Type: 2 Pre-Trial | | " | |
| 04/24/2015 | Status changed from Open to Canc e | | " | |
| 04/24/2015 | Court date/time: 5/18/2015 8:00 H earing Type: 4 Jury Trial | | " | |
| 04/24/2015 | Status changed from Open to Canc e | | " | |
| 04/24/2015 | Court date/time: 12/01/2015 13:30 H earing Type: 2 Pre-Trial | | " | |
| 04/24/2015 | Assignment of court date/time. | | " | |
| 04/24/2015 | Status entered as Open | | " | |
| 04/24/2015 | Court date/time: 12/14/2015 8:00 H earing Type: 4 Jury Trial | | " | |
| 04/24/2015 | Assignment of court date/time. | | " | |
| 04/24/2015 | Status entered as Open | | " | |
| 04/24/2015 | PTGO SIGNED BYJUDGE JOE LOPEZ AND COPI ES SENT TO COUNSEL VIA FAX | | " | |
| 04/24/2015 | FSR | | " | |
| 04/27/2015 | *IMG* PRE-TRIAL GUIDELINE ORDER. PRE-T RIAL SET FOR 12/1/15 AT 1:30PM. | | " | |
| 04/27/2015 | AND TRIAL SET FOR 12/14/15 AT 8AM. SIG NED 4/23/15 BY JUDGE LOPEZ. | | " | |
| 04/27/2015 | FAXED TO J. STEVE MOSTYN AND TIFFANY D EBOLT. MG | | " | |
| 05/06/2015 | *IMG* NOTICE OF APPEARANCE | | " | |
| 05/14/2015 | AGREED ORDER. RECEIVED/SENT TO COURT C OORDINATOR. MG | | " | |
| 05/15/2015 | *IMG* LETTER DATED MAY 15, 2015 FROM T IFFANY DEBOLT IN RE TO ORDERS. | | " | |
| 05/15/2015 | MG | | " | |
| 05/18/2015 | *IMG* REPORTER'S CERTIFICATION OF ORAL DEPOSITION OF ALMA JUVENTINA | | " | |
| 05/18/2015 | ON APRIL 7, 2015. | | " | |

| | | | " | |
|---|---|---|---|---|
| 05/18/2015 | *IMG* UNOPPOSED MOTION OF ATTORNEYS HU SEMAN & STEWART P.L.L.C. TO | | " | |
| 05/18/2015 | WITHDRAW AND FOR SUBSTITUTION OF COUNS EL FOR DEFENDANTS (W/ ORDER | | " | |
| 05/18/2015 | ATTACHED) SENT TO COURT COORDINATOR. < CMG> | | " | |
| 05/27/2015 | ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS | | " | |
| 05/27/2015 | SIGNED BY JUDGE JOE LOPEZ AND COPIES S ENT TO COUNSEL VIA FAX FSR | | " | |
| 05/29/2015 | *IMG* UNOPPOSED ORDER GRANTING MOTION OF ATTORNEYS HUSEMAN & STEWART | | " | |
| 05/29/2015 | P.L.L.C. TO WITHDRAW AND FOR SUBSTITUT ION OF COUNSEL FOR DEFENDANTS. | | " | |
| 05/29/2015 | SIGNED 5/22/15 BY JUDGE LOPEZ. FAXED T O J. STEVE MOSTYN, VAN HUSEMAN, | | " | |
| 05/29/2015 | AND SOFIA A. RAMON. MG | | " | |
| 06/11/2015 | *IMG* PLAINTIFFS' MOTION TO ENFORCE CO URT ORDER REGARDING PLAINTIFFS' | | " | |
| 06/11/2015 | MOTION COMPEL DISOVERY (WITH ORDER ATT ACHED) SENT TO COURT | | " | |
| 06/11/2015 | COORDINATOR. | | " | |
| 06/15/2015 | Court date/time: 7/02/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 06/15/2015 | Assignment of court date/time. | | " | |
| 06/15/2015 | Status entered as Open | | " | |
| 06/16/2015 | *IMG* NOTICE OF COURT SETTING (PLAINTI FFS' MOTION TO ENFORCE COURT | | " | |
| 06/16/2015 | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY- SET FOR JULY | | " | |
| 06/16/2015 | 2, 2015 AT 9:00 A.M. | | " | |
| 06/16/2015 | | | " | |
| 06/16/2015 | COPY OF NOTICE EMAILED TO ATTORNEYS J. STEVE MOSTYN/ANDREW TAYLOR AND | | " | |
| 06/16/2015 | VAN HUSEMAN/TIFFANY L. DEBOLT BY COURT COORDINATOR. | | " | |
| 06/16/2015 | *IMG* PLAINTIFF'S FIRST AMENDED PETITI ON. CMG | | " | |
| 06/17/2015 | *IMG* (2) CITATIONS ISSUED AS TO RAY P ADILLA. CMG | | " | |
| 06/17/2015 | | | " | |
| 06/17/2015 | **WAITING ON COPIES AND SELF ADDRESSED STAMPED ENVELOPE.** | | " | |
| 06/17/2015 | | | " | |
| 06/17/2015 | CITATIONS RELEASE IN FED EX ENVELOPE 6 /19/15 | | " | |
| 06/19/2015 | *IMG* DEFENDANT STATE FARM LLOYDS' OPP OSITION TO MOTION TO ENFORCE, | | " | |

| | | | | |
|---|---|---|---|---|
| 06/19/2015 | MOTION FOR ENTRY, AND MOTION TO STAY P ENDING MANDAMUS | | " | |
| 06/19/2015 | Court date/time: 7/02/2015 9:00 H earing Type: 164 MotStayPro | | " | |
| 06/19/2015 | Assignment of court date/time. | | " | |
| 06/19/2015 | Status entered as Open | | " | |
| 06/19/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 06/19/2015 | Assignment of court date/time. | | " | |
| 06/19/2015 | Status entered as Open | | " | |
| 06/22/2015 | *IMG* ORDER SETTING HEARING ON DEFENDA NT'S STATE FARM LLOYD'S MOTION | | " | |
| 06/22/2015 | FOR ENTRY AND MOTION TO STAY PENDING M ANDAMUS SIGNED. HEARING SET FOR | | " | |
| 06/22/2015 | 7/2/15 AT 9:00 A.M. COPY FAXED TO ATTO RNEY OF RECORD BY COURT | | " | |
| 06/22/2015 | COORDINATOR. JER | | " | |
| 06/22/2015 | *IMG* FIAT (MOTIONS SET FOR 7/16/15 AT 9:00 A.M.) COPY FAXED TO | | " | |
| 06/22/2015 | ATTORNEY OF RECORD BY COURT COORDINATO R. JER | | " | |
| 07/01/2015 | *IMG* RULE 11 AGREEMENT | | " | |
| 07/01/2015 | *IMG* RULE 11 AGREEMENT | | " | |
| 07/02/2015 | Court date/time: 7/02/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 07/02/2015 | Status changed from Open to Canc e | | " | |
| 07/02/2015 | Court date/time: 7/02/2015 9:00 H earing Type: 164 MotStayPro | | " | |
| 07/02/2015 | Status changed from Open to Canc e | | " | |
| 07/02/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 07/02/2015 | CINDY LENZ. HEARING:MOTION TO ENFORCE. NO ATTORNEYS PRESENT. CASE | | " | |
| 07/02/2015 | RESET TO 7/16/15 AT 9AM FOR MOTION TO ENFORCE. MG | | " | |
| 07/02/2015 | *IMG* LETTER FROM ATLAS, HALL & RODRIG UEZ LLP DATED 7/2/15 | | " | |
| 07/02/2015 | IN RE: HEARING FOR JULY 16, 2015 | | " | |
| 07/02/2015 | *IMG* PROTECTIVE ORDER RCVD & SENT TO COURT COORDINATOR JLA | | " | |
| 07/02/2015 | *IMG* REPORTER'S CERTIFICATION OF ORAL DEPOSITION OF MARIA DEL CARMEN | | " | |
| 07/02/2015 | VIERA-PENA MAY 12, 2015 J LA | | " | |
| 07/06/2015 | AGREED PROTECTIVE ORDER RECEIVED | | " | |
| 07/07/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 164 MotStayPro | | " | |
| 07/07/2015 | Assignment of court date/time. | | " | |
| 07/07/2015 | Status entered as Open | | " | |
| 07/07/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 111 Mot/Strike | | " | |

| 07/07/2015 | Assignment of court date/time. | | " | |
|---|---|---|---|---|
| 07/07/2015 | Status entered as Open | | " | |
| 07/08/2015 | *IMG* CITATION RETURN SHOWING SERVICE AS TO RAY PADILLA. DOS 6/26/15. | | " | |
| 07/08/2015 | MG | | " | |
| 07/10/2015 | *IMG* DEFENDANT RAY PADILLA'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST | | " | |
| 07/10/2015 | AMENDED PETITION. MG | | " | |
| 07/13/2015 | PROTECTIVE ORDER SIGNED | | " | |
| 07/14/2015 | *IMG* PROTECTIVE ORDER- SIGNED ON 7/13 /15 | | " | |
| 07/14/2015 | | | " | |
| 07/14/2015 | COPY FAXED TO ATTORNEYS J. STEVE MOSTY N AND SOFIA RAMON BY COURT | | " | |
| 07/14/2015 | COORDINATOR. | | " | |
| 07/15/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 07/15/2015 | Status changed from Open to Canc e | | " | |
| 07/15/2015 | *IMG* PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO ENFORCE COURT | | " | |
| 07/15/2015 | ORDER REGARDING HER MOTION TO COMPEL D ISCOVERY AND RESPONSE TO | | " | |
| 07/15/2015 | DEFENDANT STATE FARM LLOYDS' MOTION FO R ENTRY AND MOTION TO STAY. | | " | |
| 07/15/2015 | ATTACHED WITH ORDER. MG | | " | |
| 07/16/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 07/16/2015 | CINDY LENZ. HEARING:MOTION TO ENFORCE/ MOTION TO STAY. ATTY. ANDREW | | " | |
| 07/16/2015 | TAYLOR WAS PRESENT FOR PLAINTIFF. ATTY S. SOFIA RAMON AND ELIZABETH | | " | |
| 07/16/2015 | CANTU WERE PRESENT FOR DEFENDANTS. DEF ENDANTS STATE FARM'S MOTION FOR | | " | |
| 07/16/2015 | ENTRY & MOTION TO STAY 30 DAYS GRANTED . MG | | " | |
| 07/16/2015 | agreed order signed | | " | |
| 07/17/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 07/17/2015 | Status changed from Open to Held | | " | |
| 07/17/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 164 MotStayPro | | " | |
| 07/17/2015 | Status changed from Open to Held | | " | |
| 07/17/2015 | *IMG* AGREED ORDER. SIGNED 7/16/15 BY JUDGE LOPEZ. EMAILED TO J. | | " | |
| 07/17/2015 | STEVE MOSTYN AND VAN HUSEMAN. MG | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |

| | | | | |
|---|---|---|---|---|
| 07/21/2015 | TO RELATOR'S PETITION FOR WRIT OF MAND AMUS HAS BEEN FILED. MG | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |
| 07/21/2015 | TO RELATOR'S MANDAMUS RECORD HAS BEEN FILED. MG | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |
| 07/21/2015 | TO RELATOR'S OPPOSED MOTION FOR TEMPOR ARY RELIEF STAYING ORDER | | " | |
| 07/21/2015 | COMPELLING DISCOVERY HAS BEEN FILED. M G | | " | |

Search | Case History | Parties | Attorneys | Links | Services          [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: atlas&hall
Viewed as of: **July 24, 2015, time: 11:39:54**

iDocket.com — Your gateway to court case information.

| Search | Case History | Parties | Attorneys | Links | Services | | Home | Site Map | Log Out |

**All** | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at iDocket.com

View Case Track ™       Start Case Track ™

Civil Docket; Case 2014CVF001162 D1; Accounts, Contracts, Notes
RODRIGUEZ, RAUL vs FARIAS, FELIPE et al
Filed 06/13/2014 - Disposition:
49th District Court, District Clerk, Webb County, Texas

Court Settings:
12/01/2015  13:30 PM
12/14/2015  8:00 AM

Help

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 04/09/2014 | ORDER FOR TRIAL CONTINUANCE (RECEIVED) SENT TO COURT COORDINATOR | | TXT | |
| 04/09/2014 | (PF) | | " | |
| 06/13/2014 | Case Status entered as ACTV. | | " | |
| 06/13/2014 | Case Status ACTV: Active | | " | |
| 06/13/2014 | For STATE FARM LLOYDS | | " | |
| 06/13/2014 | *IMG* CONTRACT | | " | |
| 06/19/2014 | Court date/time: 9/04/2014 13:30 H earing Type: 17 Clndr Call | | " | |
| 06/19/2014 | Assignment of court date/time. | | " | |
| 06/19/2014 | Status entered as Open | | " | |
| 06/19/2014 | CALENDAR CALL FAXED TO ATTORNEY AND AT TACHED TO CITATION. MR | | " | |
| 06/20/2014 | *IMG* (2) CITATIONS ISSUED TO STATE FA RM LLOYDS BY SERVING ATTORNEY | | " | |
| 06/20/2014 | FOR SERVICE RENDI BLACK, (2) CITATIONS ISSUED TO FELIPE FARIAS. | | " | |
| 06/20/2014 | PLACED IN FILE, PENDING COPIES OF PETI TION AND FED EX ENVELOPE TO | | " | |
| 06/20/2014 | MAIL BACK TO ATTORNEY. MR | | " | |
| 06/23/2014 | *IMG* LETTER FROM ATTY. MOSTYN LAW FIR M ATTACHED COPIES OF PETITION | | " | |
| 06/23/2014 | AND FED EX ENVELOPE | | " | |

| | | | |
|---|---|---|---|
| 06/23/2014 | CITATION MAILED TO ATTY. J. STEVE MOST YN (PF) | | " |
| 07/07/2014 | *IMG* CITATION RETURN SHOWING SERVICE AS TO STATE FARM LLOYDS BY | | " |
| 07/07/2014 | SERVING ITS ATTORNEY FOR SERVICE RENDI BLACK. DOS 6/30/14. MG | | " |
| 07/07/2014 | *IMG* CITATION RETURN SHOWING SERVICE AS TO FELIPE FARIAS. DOS | | " |
| 07/07/2014 | 6/30/14. MG | | " |
| 07/14/2014 | *IMG* DEFENDANT STATE FARM LLOYD'S SPE CIAL EXCEPTIONS AND ORIGINAL | | " |
| 07/14/2014 | ANSWER. (ATTY. VAN HUSEMAN). MG | | " |
| 07/29/2014 | *IMG* DEFENDANT, FELIPE FARIAS', ORIGI NAL ANSWER. (ATTY. VAN | | " |
| 07/29/2014 | HUSEMAN). MG | | " |
| 08/01/2014 | *IMG* LETTER DATED AUGUST 1, 2014 IN R E TO COPIES. MG | | " |
| 08/07/2014 | *IMG* DEFENDANTS, STATE FARM LLOYDS AN D FELIPE FARIAS', PLEA IN | | " |
| 08/07/2014 | ABATEMENT. MG | | " |
| 08/25/2014 | *IMG* DEFENDANT'S DECLARATION INVOKING RULE 167 OF THE TEXAS RULE OF | | " |
| 08/25/2014 | CIVIL PROCEDURE AND CHAPTER 42 OF THE CIVIL PRACTICE AND REMEDIES | | " |
| 08/25/2014 | CODE (PF) | | " |
| 08/26/2014 | JURY PRE-TRIAL GUIDELINE ORDER (RECEIV ED) SENT TO COURT | | " |
| 08/26/2014 | COORDINATOR (PF) | | " |
| 08/26/2014 | Court date/time: 9/04/2014 13:30 H earing Type: 17 Clndr Call | | " |
| 08/26/2014 | Status changed from Open to Canc e | | " |
| 08/26/2014 | GUIDELINE ORDER RECEIVED | | " |
| 09/08/2014 | Court date/time: 6/02/2015 13:30 H earing Type: 2 Pre-Trial | | " |
| 09/08/2014 | Assignment of court date/time. | | " |
| 09/08/2014 | Status entered as Open | | " |
| 09/08/2014 | Court date/time: 6/22/2015 8:00 H earing Type: 4 Jury Trial | | " |
| 09/08/2014 | Assignment of court date/time. | | " |
| 09/08/2014 | Status entered as Open | | " |
| 09/09/2014 | PTGO SIGNED BY JUDGE JOE LOPEZ AND COP IES SENT TO COUNSEL VIA FAX | | " |
| 09/09/2014 | FSR | | " |
| 09/09/2014 | *IMG* PRE-TRIAL GUIDELINE ORDER. PRE-T RIAL SET FOR 6/2/15 AT 1:30PM | | " |
| 09/09/2014 | AND TRIAL SET FOR 6/22/15 AT 8AM. SIGN ED 8/28/15 BY JUDGE LOPEZ. | | " |

| | | | " | |
|---|---|---|---|---|
| 09/09/2014 | FAXED TO J. STEVE MOSTYN AND TIFFANY D E BOIT. MG | | " | |
| 10/08/2014 | ORDER. RECEIVED. MG | | " | |
| 10/08/2014 | *IMG* DEFENDANTS, STATE FARM LLOYDS AN D FELIPE FARIAS', MOTION TO | | " | |
| 10/08/2014 | CONFIRM ABATEMENT. MG | | " | |
| 10/08/2014 | ORDER SETTING HEARING. RECEIVED/SENT T O COURT COORDINATOR. MG | | " | |
| 10/28/2014 | ORDER SETTING HEARING. RECEIVED/SENT T O COURT COORDINATOR. MG | | " | |
| 10/28/2014 | *IMG* STATE FARM'S MOTION FOR ENTRY OF PROTECTIVE ORDER. MG | | " | |
| 10/29/2014 | ORDER SETTING HEARING ON STATE FARM'S MOTION FOR PROTECTIVE ORDER | | " | |
| 10/29/2014 | SENT BACK TO DISTRICT CLERK'S OFFICE - A CERTIFICATE OF CONFERENCE | | " | |
| 10/29/2014 | NEEDS TO BE SUBMITTED IN ORDER TO SET THE MOTION FOR HEARING | | " | |
| 01/22/2015 | *IMG* PLAINTIFFS' MOTION TO COMPEL DEF ENDANTS TO PRODUCE SUPPLEMENTAL | | " | |
| 01/22/2015 | DISCOVERY RESPONSE AND DOCUMENTS AND M OTION TO STRIKE/OVERRULE | | " | |
| 01/22/2015 | OBJECTIONS (NO FIAT ATTACHED) (PF) | | " | |
| 01/22/2015 | *IMG* PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER (PF) | | " | |
| 01/22/2015 | (NO FIAT ATTACHED) | | " | |
| 01/22/2015 | ORDER GRANTING PLAINTIFFS' MOTION TO C OMPEL DEFENDANTS TO | | " | |
| 01/22/2015 | PRODUCE SUPPLEMENTAL DISCOVERY RESPONS E AND DOCUMENTS AND MOTION | | " | |
| 01/22/2015 | TO STRIKE/OVERRULE OBJECTIONS (RECEIVE D) (PF) | | " | |
| 01/22/2015 | ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE | | " | |
| 01/22/2015 | (RECEIVED) (PF) | | " | |
| 01/27/2015 | *IMG* DEFENDANTS, STATE FARM LLOYDS AN D FELIPE FARIAS', PLEA IN | | " | |
| 01/27/2015 | ABATEMENT. MG | | " | |
| 02/02/2015 | ORDER SETTING HEARING. RECEIVED/SENT T O COURT COORDINATOR. MG | | " | |
| 02/06/2015 | *IMG* PLAINTIFF'S RESPONSE TO DEFENDAN TS' PLEA IN ABATEMENT. MG | | " | |
| 02/06/2015 | ORDER DENYING DEFENDANTS' PLEA IN ABAT EMENT. RECEIVED. MG | | " | |
| 02/10/2015 | Court date/time: 3/03/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 02/10/2015 | Assignment of court date/time. | | " | |

| | | | " | |
|---|---|---|---|---|
| 02/10/2015 | Status entered as Open | | " | |
| 02/10/2015 | Court date/time: 3/03/2015 9:00 H earing Type: 37 Motions | | " | |
| 02/10/2015 | Assignment of court date/time. | | " | |
| 02/10/2015 | Status entered as Open | | " | |
| 02/11/2015 | ORDER SETTING HEARING ON MOTION TO COM PEL AND ENTRY OF PROTECTIVE | | " | |
| 02/11/2015 | ORDER SENT TO COUNSEL VIA FAX FSR | | " | |
| 02/11/2015 | ORDER SETTING HEARING ON PLEA IN ABATE MENT SENT TO COUNSEL VIA FAX | | " | |
| 02/11/2015 | FSR | | " | |
| 02/12/2015 | *IMG* ORDER SETTING HEARING PLAINTIFFS ' MOTION FOR ENTRY OF | | " | |
| 02/12/2015 | PROTECTIVE ORDER AND PLAINTIFFS' MOTIO N TO COMPEL DEFENDANTS' TO | | " | |
| 02/12/2015 | PRODUCE SUPPLEMENTAL DISCOVERY RESPONS ES AND DOCUMENTS AND MOTION TO | | " | |
| 02/12/2015 | STRIKE/OVERRULE OBJECTIONS SET FOR MAR CH 3, 2015 AT 9:00 A.M. FAXED | | " | |
| 02/12/2015 | TO VAN HUSEMAN AND J STEVE MOSTYN BY C OURT COORDINATOR (PF) | | " | |
| 02/12/2015 | *IMG* ORDER SETTING HEARING DEFTS. STA TE FARM LLOYDS AND FELIPE | | " | |
| 02/12/2015 | ARIAS PLEA IN ABATEMENT SET FOR MARCH 3, 2015 AT 9:00 A.M. FAXED TO | | " | |
| 02/12/2015 | STEVE MOSTYN AND TIFFANY DEBOLT BY COU RT COORDINATOR (PF) | | " | |
| 02/19/2015 | *IMG* RULE 11 AGREEMENT (PF) | | " | |
| 02/20/2015 | *IMG* DEFENDANT'S MOTION TO COMPEL PLA INTIFFS' DISCOVERY RESPONSES TO | | " | |
| 02/20/2015 | STATE FARM LLOYDS FIRST SET OF INTERRO GATORIES AND REQUESTS FOR | | " | |
| 02/20/2015 | PRODUCTION. MG | | " | |
| 02/20/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 02/23/2015 | *IMG* DEFENDANTS' RESPONSE AND OBJECTI ONS TO PLAINTIFFS' MOTION FOR | | " | |
| 02/23/2015 | PROTECTIVE ORDER AND MOTION FOR ENTRY OF STATE FARM'S PROPOSED | | " | |
| 02/23/2015 | PROTECTIVE ORDER. MG | | " | |
| 02/24/2015 | Court date/time: 3/03/2015 9:00 H earing Type: 37 Motions | | " | |
| 02/24/2015 | Status changed from Open to Canc e | | " | |
| 02/24/2015 | Court date/time: 3/03/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 02/24/2015 | Status changed from Open to Canc e | | " | |
| 02/24/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 37 Motions | | " | |

| | | | " | |
|---|---|---|---|---|
| 02/24/2015 | Assignment of court date/time. | | " | |
| 02/24/2015 | Status entered as Open | | " | |
| 02/24/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 66 Mtn/Compel | | " | |
| 02/24/2015 | Assignment of court date/time. | | " | |
| 02/24/2015 | Status entered as Open | | " | |
| 02/24/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 02/24/2015 | Assignment of court date/time. | | " | |
| 02/24/2015 | Status entered as Open | | " | |
| 02/25/2015 | FIAT SETTING MOTION TO COMPEL HEARING SENT TO COUNSEL VIA FAX | | " | |
| 02/25/2015 | FSR | | " | |
| 02/26/2015 | *IMG* DEFENDANTS' RESPONSE TO PLAINTIF FS' MOTION TO COMPEL DEFENDANTS | | " | |
| 02/26/2015 | TO PRODUCE SUPPLEMENTAL DISCOVERY RESP ONSE AND DOCUMENTS AND MOTION | | " | |
| 02/26/2015 | TO STRIKE/OVERRULE OBJECTIONS (PF) | | " | |
| 02/26/2015 | *IMG* FIAT. DEFENDANT'S MOTION TO COMP EL PLAINTIFF'S DISCOVERY | | " | |
| 02/26/2015 | RESPONSES TO STATE FARM LLOYDS FIRST O F INTERROGATORIES AND REQUESTS | | " | |
| 02/26/2015 | FOR PRODUCTION FILED BY DEFENDANT, STA TE FARM LLOYDS SET FOR 3/5/15 | | " | |
| 02/26/2015 | AT 9AM. FAXED TO J. STEVE MOSTYN, TIFF ANY DEBOLT, AND BRUCE J. | | " | |
| 02/26/2015 | WERSTAK III. MG | | " | |
| 02/27/2015 | *IMG* DEFENDANTS' REPLY BRIEF IN SUPPO RT OF THEIR PLEA IN ABATEMENT. | | " | |
| 02/27/2015 | MG | | " | |
| 03/04/2015 | ORDER DENYING DEFENDANT'S MOTION TO CO MPEL PLAINTIFFS' DISCOVERY | | " | |
| 03/04/2015 | RESPONSES TO STATE FARM LLOYDS' FIRST SET OF INTERROGATORIES AND | | " | |
| 03/04/2015 | REQUESTS FOR PRODUCTION. RECEIVED. MG | | " | |
| 03/04/2015 | *IMG* PLAINTIFF'S RESPONSE TO DEFENDAN T'S MOTION TO COMPEL | | " | |
| 03/04/2015 | PLAINTIFFS' DISCOVERY RESPONSES TO STA TE FARM LLOYDS' FIRST SET OF | | " | |
| 03/04/2015 | INTERROGATORIES AND REQUESTS FOR PRODU CTION. MG | | " | |
| 03/04/2015 | *IMG* VERIFIED MOTION TO ADMIT COUNSEL PRO HAC VICE. MG | | " | |
| 03/04/2015 | ORDER GRANTING APPLICATION FOR ADMISSI ON OF COUNSEL PRO HAC VICE. MG | | " | |

| | | | " | |
|---|---|---|---|---|
| 03/05/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 03/05/2015 | CINDY LENZ. HEARING:MOTION TO STRIKE/M OTION TO COMPEL/PLEA IN | | " | |
| 03/05/2015 | ABATEMENT. ATTYS. ANDREW TAYLOR AND GI LBERTO HINOJOSA WERE PRESENT | | " | |
| 03/05/2015 | FOR PLAINTIFFS. ATTYS. BRUCE WERSTAK, VAN HUSEMAN, TIFFANY DEBOLT, | | " | |
| 03/05/2015 | JONATHAN REDGRANE, AND FELIX ARAMBULA WERE PRESENT FOR DEFENDANTS. | | " | |
| 03/05/2015 | PLAINTIFF'S MOTION TO COMPEL, REQUESTS FOR PRODUCTION 2 AND | | " | |
| 03/05/2015 | 6:OBJECTIONS OVERRULED. COUNSEL FOR PL AINTIFFS TO DESTROY ALL | | " | |
| 03/05/2015 | DISCOVERY EXCHANGED AFTER ONE YEAR TH E CASE IS RESOLVED OR RETURN IT | | " | |
| 03/05/2015 | TO DEFENDANTS COUNSEL. ORDER TO BE SUB MITTED. MG | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 91 PLE/ABATE | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 66 Mtn/Compel | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/06/2015 | Court date/time: 3/05/2015 9:00 H earing Type: 37 Motions | | " | |
| 03/06/2015 | Status changed from Open to Held | | " | |
| 03/09/2015 | *IMG* DEFENDANTS' DESIGNATION OF EXPER TS. MG | | " | |
| 03/18/2015 | *IMG* ORDER GRANTING APPLICATION FOR A DMISSION OF COUNSEL PRO HAC | | " | |
| 03/18/2015 | VICE, SIGNED | | " | |
| 03/18/2015 | COPY OF ORDER GRANTING APPLICATION FOR ADMISSION OF COUNSEL PRO HAC | | " | |
| 03/18/2015 | VICE FAXED TO J. STEVE MOSTYN, TIFFANY DEBOLT, BRUCE J. WERSTAK, III | | " | |
| 03/18/2015 | AND EMAILED TO JONATHAN M. REDGRAVE BY COURT COORDINATOR (PF) | | " | |
| 03/24/2015 | *IMG* MOTION TO QUASH DEPOSITIONS OF S TATE FARM LLOYDS CORPORATE | | " | |
| 03/24/2015 | REPRESENTATIVE AND OBJECTIONS TO DEPOS ITION TOPIC, NO ORDER ATTACHED | | " | |
| 03/24/2015 | (PF) | | " | |
| 03/27/2015 | FIAT. RECEIVED/SENT TO COURT COORDINAT OR. MG | | " | |
| 03/27/2015 | *IMG* DEFENDANT STATE FARM LLOYDS' OPP OSITION TO PLAINTIFF'S MOTION | | " | |
| 03/27/2015 | TO ENFORCE COURT ORDER AND MOTION FOR CLARIFICATION AND | | " | |

| | | | " | |
|---|---|---|---|---|
| 03/27/2015 | RECONSIDERATION OF PLAINTIFFS' MOTIONS TO COMPEL AND STRIKE. MG | | " | |
| 04/02/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 04/02/2015 | Assignment of court date/time. | | " | |
| 04/02/2015 | Status entered as Open | | " | |
| 04/02/2015 | *IMG* FIAT. OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER | | " | |
| 04/02/2015 | AND MOTION FOR CLARIFICATION AND RECON SIDERATION OF PLAINTIFFS' | | " | |
| 04/02/2015 | MOTION TO COMPEL AND STRIKE FILED BY D EFENDANT STATE FARM LLOYDS SET | | " | |
| 04/02/2015 | FOR 4/9/15 AT 9AM. FAXED TO J. STEVE M OSTYN, TIFFANY DEBOLT, AND | | " | |
| 04/02/2015 | BRUCE J. WERSTAK III. MG | | " | |
| 04/07/2015 | *IMG* PLAINTIFFS' REPLY TO DEFENDANT S TATE FARM LLOYDS'S OPPOSITION | | " | |
| 04/07/2015 | TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER AND RESPONSE TO | | " | |
| 04/07/2015 | DEFENDANT STATE FARM LLOYDS'S MOTION F OR CLARIFICATION AND | | " | |
| 04/07/2015 | RECONSIDERATION OF PLAINTIFFS' MOTIONS TO COMPEL AND STRIKE. MG | | " | |
| 04/09/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 04/09/2015 | CINDY LENZ. HEARING:MOTION TO ENFORCE. ATTYS. ANDREW TAYLOR AND | | " | |
| 04/09/2015 | GILBERTO HINOJOSA WERE PRESENT FOR PLA INTIFFS. ATTYS. FELIX ARAMBULA, | | " | |
| 04/09/2015 | TIFFANY DEBOLT, AND BRIAN CHANDLER WER E PRESENT FOR DEFENDANTS. | | " | |
| 04/09/2015 | DEFENDANTS TO PRODUCE TRAINING MATERIA LS FOR 100 ADJUSTERS FOR | | " | |
| 04/09/2015 | AMARILLO AND DALLAS COUNTY AND ALL FOR WEBB COUNTY. | | " | |
| 04/09/2015 | ORDER FOR TRIAL CONTINUANCE (RECEIVED) SENT TO COURT COORDINATOR | | " | |
| 04/09/2015 | (PF) | | " | |
| 04/09/2015 | *IMG* MOTION FOR TRIAL CONTINUANCE (PF ) | | " | |
| 04/10/2015 | Court date/time: 4/09/2015 9:00 H earing Type: 20 Mtn Enforc | | " | |
| 04/10/2015 | Status changed from Open to Held | | " | |
| 04/13/2015 | *IMG* RULE 11 AGREEMENT (CONTINUANCE O F TRIAL) (PF) | | " | |
| 04/16/2015 | PRE-TRIAL GUIDELINE ORDER. RECEIVED/SE NT TO COURT COORDINATOR. MG | | " | |

| | | | " | |
|---|---|---|---|---|
| 04/24/2015 | Court date/time: 6/22/2015 8:00 H earing Type: 4 Jury Trial | | " | |
| 04/24/2015 | Status changed from Open to Canc e | | " | |
| 04/24/2015 | Court date/time: 6/02/2015 13:30 H earing Type: 2 Pre-Trial | | " | |
| 04/24/2015 | Status changed from Open to Canc e | | " | |
| 04/24/2015 | Court date/time: 12/01/2015 13:30 H earing Type: 2 Pre-Trial | | " | |
| 04/24/2015 | Assignment of court date/time. | | " | |
| 04/24/2015 | Status entered as Open | | " | |
| 04/24/2015 | Court date/time: 12/14/2015 8:00 H earing Type: 4 Jury Trial | | " | |
| 04/24/2015 | Assignment of court date/time. | | " | |
| 04/24/2015 | Status entered as Open | | " | |
| 04/27/2015 | *IMG* PRE-TRIAL GUIDELINE ORDER. PRE-T RIAL SET FOR 12/1/15 AT 1:30PM | | " | |
| 04/27/2015 | AND TRIAL SET FOR 12/14/15 AT 8AM. SIG NED 4/23/15 BY JUDGE LOPEZ. | | " | |
| 04/27/2015 | FAXED TO J. STEVE MOSTYN AND TIFFANY D EBOLT. MG | | " | |
| 05/06/2015 | *IMG* NOTICE OF APPEARANCE | | " | |
| 05/14/2015 | AGREED ORDER. RECEIVED/SENT TO COURT C OORDINATOR. MG | | " | |
| 05/15/2015 | *IMG* LETTER DATED MAY 15, 2015 FROM T IFFANY DEBOLT IN RE TO ORDERS. | | " | |
| 05/15/2015 | MG | | " | |
| 05/18/2015 | *IMG* UNOPPOSED MOTION OF ATTORNEYS HU SEMAN & STEWART P.L.L.C. TO | | " | |
| 05/18/2015 | WITHDRAW AND FOR SUBSTITUTION OF COUNS EL FOR DEFENDANTS (W/ ORDER | | " | |
| 05/18/2015 | ATTACHED) SENT TO COURT COORDINATOR. < CMG> | | " | |
| 05/27/2015 | ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS | | " | |
| 05/27/2015 | SIGNED BY JUDGE JOE LOPEZ AND COPIES S ENT TO COUNSEL VIA FAX FSR | | " | |
| 05/29/2015 | *IMG* ORDER GRANTING UNOPPOSED MOTION OF ATTORNEYS HUSEMAN & STEWART | | " | |
| 05/29/2015 | P.L.L.C. TO WITHDRAW AND FOR SUBSTITUT ION OF COUNSEL FOR DEFENDANTS. | | " | |
| 05/29/2015 | SIGNED 5/22/15 BY JUDGE LOPEZ. FAXED T O J. STEVE MOSTYN, VAN HUSEMAN, | | " | |
| 05/29/2015 | AND SOFIA A. RAMON. MG | | " | |
| 06/11/2015 | *IMG* PLAINTIFFS' MOTION TO ENFORCE CO URT ORDER REGARDING PLAINTIFFS' | | " | |
| 06/11/2015 | MOTION TO COMPEL DISCOVERY (WITH ORDER ATTACHED) SENT TO COURT | | " | |
| 06/11/2015 | COORDINATOR. | | " | |

| | | | " | |
|---|---|---|---|---|
| 06/11/2015 | *IMG* PLAINTIFFS' SUPPLEMENTAL MOTION TO STRIKE AND/OR OVERRULE | | " | |
| 06/11/2015 | DEFENDANT STATE FARM'S OBJECTIONS TO W RITTEN DISCOVERY AND MOTION TO | | " | |
| 06/11/2015 | COMPEL SUPPLEMENTAL DISCOVERY RESPONSE S | | " | |
| 06/16/2015 | *IMG* PLAINTIFF'S FIRST AMENDED PETITI ON. CMG | | " | |
| 06/17/2015 | *IMG* (2) CITATIONS ISSUED AS TO RAY P ADILLA. CMG | | " | |
| 06/17/2015 | | | " | |
| 06/17/2015 | **WAITING ON COPIES FOR CITATIONS AND SELF ADDRESSED STAMPED | | " | |
| 06/17/2015 | ENVELOPE.** | | " | |
| 06/17/2015 | | | " | |
| 06/17/2015 | CITATIONS RELEASE IN FED EX ENVELOPE 6 /19/15 | | " | |
| 06/19/2015 | *IMG* DEFENDANT STATE FARM LLOYDS' OPP OSITION TO MOTION TO ENFORCE, | | " | |
| 06/19/2015 | MOTION FOR ENTRY, AND MOTION TO STAY P ENDING MANDAMUS | | " | |
| 06/22/2015 | *IMG* FIAT (MOTIONS SET FOR 7/16/15 AT 9:00 A.M.) COPY FAXED TO | | " | |
| 06/22/2015 | ATTORNEY OF RECORD BY COURT COORDINATO R. JER | | " | |
| 06/22/2015 | *IMG* ORDER SETTING HEARING ON DEFENDA NT STATE FARM LLOYD'S MOTION | | " | |
| 06/22/2015 | FOR ENTRY AND MOTION TO STAY PENDING M ANDAMUS SET FOR 7/2/15 AT 9:00 | | " | |
| 06/22/2015 | A.M. COPY FAXED TO ATTORNEY OF RECORD BY COURT COORDINATOR. JER | | " | |
| 07/01/2015 | *IMG* RULE 11 AGREEMENT | | " | |
| 07/01/2015 | *IMG* RULE 11 AGREEMENT | | " | |
| 07/02/2015 | *IMG* LETTER FROM ATLAS, HALL & RODRIG UEZ DATED 7/2/15 | | " | |
| 07/02/2015 | IN RE: HEARING FOR JULY 16, 2015 | | " | |
| 07/02/2015 | *IMG* PROTECTIVE ORDER RCVD & SENT TO COURT COORDINATOR JLA | | " | |
| 07/06/2015 | AGREED PROTECTIVE ORDER RECEIVED | | " | |
| 07/08/2015 | *IMG* CITATION RETURN SHOWING SERVICE AS TO RAY PADILLA. DOS 6/29/15. | | " | |
| 07/08/2015 | MG | | " | |
| 07/08/2015 | *IMG* STATE FARM'S OPPOSITION TO PLAIN TIFFS' SUPPLEMENTAL MOTION TO | | " | |
| 07/08/2015 | STRIKE AND/OR OVERRULE DEFENDANT STATE FARMS' OBJECTIONS TO WRITTEN | | " | |
| 07/08/2015 | DISCOVERY AND MOTION TO COMPEL SUPPLEM ENTAL DISCOVERY RESPONSES. MG | | " | |

| 07/10/2015 | *IMG* DEFENDANT RAY PADILLA'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST | | " | |
| 07/10/2015 | AMENDED PETITION. ATTY. CHARLES W. DOW NING. MG | | " | |
| 07/13/2015 | PROTECTIVE ORDER SIGNED | | " | |
| 07/14/2015 | *IMG* PROTECTIVE ORDER- SIGNED ON 7/13 /15 | | " | |
| 07/14/2015 | | | " | |
| 07/14/2015 | COPY FAXED TO ATTORNEYS J. STEVE MOSTY N AND SOFIA RAMON BY COURT | | " | |
| 07/14/2015 | COORDINATOR. | | " | |
| 07/15/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 07/15/2015 | Assignment of court date/time. | | " | |
| 07/15/2015 | Status entered as Open | | " | |
| 07/15/2015 | *IMG* PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION | | " | |
| 07/15/2015 | TO STRIKE AND/OR OVERRULE DEFENDANT ST ATE FARM'S OBJECTIONS TO | | " | |
| 07/15/2015 | WRITTEN DISCOVERY AND MOTION TO COMPEL SUPPLEMENTAL DISCOVERY | | " | |
| 07/15/2015 | RESPONSES. MG | | " | |
| 07/16/2015 | CASE CALLED. HONORABLE JUDGE JOSE LOPE Z PRESIDING. COURT REPORTER | | " | |
| 07/16/2015 | CINDY LENZ. HEARING:MOTION TO STRIKE. ATTY. ANDREW TAYLOR WAS PRESENT | | " | |
| 07/16/2015 | FOR PLAINTIFF. ATTYS. SOFIA RAMON AND ELIZABETH CANTU WERE PRESENT | | " | |
| 07/16/2015 | FOR DEFENDANTS. PARTIES PASSING HEARIN G. MG | | " | |
| 07/17/2015 | Court date/time: 7/16/2015 9:00 H earing Type: 111 Mot/Strike | | " | |
| 07/17/2015 | Status changed from Open to Canc e | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |
| 07/21/2015 | TO RELATOR'S PETITION FOR WRIT OF MAND AMUS HAS BEEN FILED. MG | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |
| 07/21/2015 | TO RELATOR'S MANDAMUS RECORD HAS BEEN FILED. MG | | " | |
| 07/21/2015 | *IMG* LETTER DATED JULY 20, 2015 FROM FOURTH COURT OF APPEALS IN RE | | " | |
| 07/21/2015 | TO RELATOR'S OPPOSED MOTION FOR TEMPOR ARY RELIEF STAYING ORDER | | " | |
| 07/21/2015 | COMPELLING DISCOVERY HAS BEEN FILED. M G | | " | |

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: atlas&hall
Viewed as of: **July 24, 2015, time: 11:38:36**



TAB 1

OF THE RECORD

Filed
6/3/2014 4:02:29 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048D1

CAUSE NO. 2014CVF001048D1

| | | |
|---|---|---|
| ALMA PENA,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND<br>BECKY LANIER,<br>Defendants. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alma Pena ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and Becky Lanier ("Lanier") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Alma Pena is an individual residing in Webb County, Texas.

3. Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process

server, by serving its Attorney for Service: Rendi Black, 17301 Preston Road, Dallas, Texas 75252.

4. Defendant Becky Lanier is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at her place of residence at 11755 Sunset Woods, Helotes, Texas 78023.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Lanier because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiff owns the insured property, which is specifically located at 1014 Reagan Dr., Laredo, Texas 78046, in Webb County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiff.

12. On or about June 7, 2013, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the Storm, as well as damage to the play set. After the Storm, Plaintiff filed a claim with her insurance company, State Farm, for the damages to her home caused by the Storm.

13. Plaintiff submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and play set and repair of the and interior water damages, pursuant to the Policy.

15. Defendant State Farm assigned Defendant Lanier as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a

thorough investigation of Plaintiff's claim. On or about December 3, 2013, Lanier conducted a substandard inspection of Plaintiff's Property. For example, Lanier spent a mere fifteen (15) minutes inspecting Plaintiff's entire Property for Storm damages. Furthermore, Lanier was uncooperative and quick to discount any damages that Plaintiff pointed out. The inadequacy of Lanier's inspection is further evidenced by her report, which failed to include all of Plaintiff's Storm damages noted upon inspection. For example, Lanier failed to include many of the damages to the home's roof and interior, as well as the damages to Plaintiff's play set. Moreover, the damages that Lanier actually included in her report were grossly undervalued, in part because she both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. Ultimately, Lanier's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Lanier's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16. Together, Defendants State Farm and Lanier set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair her home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

17. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18. To date, State Farm continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to her home.

19. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

20. Defendants State Farm and Lanier misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Lanier's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants State Farm and Lanier failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's and Lanier's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants State Farm and Lanier failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Lanier failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Lanier did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants State Farm's and Lanier's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendants State Farm and Lanier failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Lanier. Defendants State Farm's and Lanier's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24. Defendants State Farm and Lanier refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Lanier failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Lanier performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants State Farm's and Lanier's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants State Farm and Lanier knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30. As a result of Defendants State Farm's and Lanier's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

31. Plaintiff's experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST LANIER

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant State Farm assigned Defendant Lanier to adjust the claim. Defendant Lanier was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's Storm damages. The adjuster also omitted covered damages from her reports, including many of Plaintiff's roof and interior damages, as well as the damage to Plaintiff's play set. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33. Defendant Lanier's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Lanier is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of State Farm, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); see also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Lanier's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Lanier's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Lanier failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Lanier failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Lanier as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Lanier's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant Lanier did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendant Lanier's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40. Plaintiff is not making any claims for relief under federal law.

## FRAUD

41. Defendants State Farm and Lanier are liable to Plaintiff for common law fraud.

42. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants State Farm and Lanier knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

44. Defendants State Farm and Lanier are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Lanier were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm and Lanier committed an unlawful, overt

Page 11

act to further the object or course of action. Plaintiff suffered injury as a proximate result.

45.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

47.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

Page 12

even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that

Page 13

it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.     Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57.     Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

58.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Lanier is an agent of State Farm based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Lanier including the completion of her duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.     Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

63. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Lanier's mishandling of Plaintiff's claim in violation of the laws set forth above.

65. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

66. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on

Page 15

the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

71. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

72.     *Plaintiff's Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant Becky Lanier* is attached as "Exhibit A-1."

### REQUESTS FOR PRODUCTION

73.     *Plaintiff's Request for Production to Defendant State Farm Lloyds* is attached as "Exhibit B." *Plaintiff's Request for Production to Defendant Becky Lanier* is attached as "Exhibit B-1."

### INTERROGATORIES

74.     *Plaintiff's First Set of Interrogatories to Defendant State Farm Lloyds* is attached as "Exhibit C." *Plaintiff's First Set of Interrogatories to Defendant Becky Lanier* is attached as "Exhibit C-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM


 /s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmefiledocket@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

## ATTORNEY FOR PLAINTIFF

A True Copy of the original I certify
the _____ day of _____ 20 __
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

June 9, 2014

# NOTICE OF CALENDAR CALL

### CAUSE NO. 2014CVF001048 D1

ALMA PENA
VS
STATE FARM LLOYDS

Please take notice that this case is set for Calendar Call on ___09/04/2014___
at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138618084 | Fine | 09,12:46pm | 0'43" | 1 | \* O K | |



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

June 9, 2014

## NOTICE OF CALENDAR CALL

### CAUSE NO. 2014CVF001048 D1

**ALMA PENA**
VS
**STATE FARM LLOYDS**

Please take notice that this case is set for Calendar Call on ___09/04/2014___
at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 665 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC



TAB 2

OF THE RECORD

Filed
6/13/2014 4:09:20 PM
Esther Degollado
District Clerk
Webb District
2014CVF001162D1

CAUSE NO. 2014CVF001162D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, Defendants. | § § § § | 49th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Raul Rodriguez and Noemi Rodriguez ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("State Farm") and Felipe Farias ("Farias") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiffs Raul Rodriguez and Noemi Rodriguez are individuals residing in Webb County, Texas.

3. Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service: Rendi Black, 17301 Preston Road, Dallas, Texas 75252.

4. Defendant Felipe Farias is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 18623 Rogers Gln., San Antonio, Texas 78258.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Farias because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiffs own the insured property, which is specifically located at 3120 Zacatecas St., Laredo, Texas 78043, in Webb County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiffs.

12. On or about June 7, 2013 and/or June 14, 2013, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence (collectively "the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the Storm including, but not limited to, the stucco siding. Shortly after the Storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

13. Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14. Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages, pursuant to the Policy.

15. Defendant State Farm assigned Defendant Farias as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about June 26, 2013, Farias conducted

a substandard inspection of Plaintiffs' Property. For example, Farias spent a mere hour inspecting Plaintiffs' entire Property for Storm damages. The inadequacy of Farias' inspection is further evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection. For example, Farias failed to include the damages to the home's roof and siding in his report. Moreover, the damages that Farias actually included in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs and incorrectly applied material sales tax. Ultimately, Farias' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Farias' inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16. Together, Defendants State Farm and Farias set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

17. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by

not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18. To date, State Farm continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

19. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

20. Defendants State Farm and Farias misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Farias' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants State Farm and Farias failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Farias' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants State Farm and Farias failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Farias failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Farias did not communicate

that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's and Farias' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendants State Farm and Farias failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Farias. Defendants State Farm's and Farias' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24. Defendants State Farm and Farias refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Farias failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Farias performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's and Farias' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs'

claim.. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants State Farm and Farias knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants State Farm's and Farias' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiffs' experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT FARIAS NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant State Farm assigned Defendant Farias to adjust the claim. Defendant Farias was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to properly assess Plaintiffs' Storm damages. The adjuster also omitted covered damages from his report, including the damages to the home's roof and siding. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33. Defendant Farias' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Farias is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.

CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Farias' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Farias' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Farias failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Specifically, Defendant Farias failed to offer Plaintiffs adequate

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Farias as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Farias' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant Farias did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendant Farias' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

40. Plaintiffs are not making any claims for relief under federal law.

## FRAUD

41. Defendants State Farm and Farias are liable to Plaintiffs for common law fraud.

42. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Farias knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

44. Defendants State Farm and Farias are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Farias were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Farias committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

45. Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46. Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

47. Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

Page 12

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55. Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56. Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57. Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

58. As referenced and described above, and further conduct throughout this litigation and lawsuit, Farias is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Farias including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

63. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's and Farias' mishandling of Plaintiffs' claim in violation of the laws set forth above.

65. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

66. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

72. *Plaintiffs' Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant Felipe Farias* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

ATTORNEY FOR PLAINTIFFS

A True copy of the original I certify
the 28th day of May 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law, Webb County, Texas
By _____ Deputy



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

June 19, 2014

## NOTICE OF CALENDAR CALL

CAUSE NO. 2014CVF001162 D1

RAUL RODRIGUEZ AND NOEMI RODRIGUEZ
VS
STATE FARM LLOYDS AND FELIPE FARIAS

Please take notice that this case is set for Calendar Call on ___09/04/2014___
at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC NR

## ** Transmit Confirmation Report **

P.1                                                          Jun 19 2014 05:07pm
WEBB CO DISTRICT CLERK Fax:956-523-5063

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138618084 | Fine | 19,05:06pm | 0'50" | 1 | * O K | |



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

June 19, 2014

## NOTICE OF CALENDAR CALL

CAUSE NO. 2014CVF001162 D1

RAUL RODRIGUEZ AND NOEMI RODRIGUEZ
VS
STATE FARM LLOYDS' AND FELIPE FARIAS

Please take notice that this case is set for Calendar Call on ___09/04/2014___ at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez



TAB 3

OF THE RECORD

Filed
7/14/2014 3:49:31 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PENA, Plaintiff | § § § | IN THE DISTRICT COURT |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY LANIER, Defendants | § § § § | 49TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

State Farm Lloyds ("Defendant"), in the above-entitled and numbered cause and, reserving its right to file other and further pleadings, exceptions and denials, files this Special Exception and Original Answer as follows:

## SPECIAL EXCEPTIONS

1. Defendant specially excepts to paragraphs 19, 45 to 47, and 65 of Plaintiff's Original Petition in that they do not give fair notice to Defendant as to the manner in which Defendant allegedly breached any contract with Plaintiff. Defendant further specially excepts to paragraphs 19, 45 to 47, and 65 in that they fail to identify the statute under which Plaintiff seeks statutory damages.

2. Defendant specially excepts to paragraphs 28, 45, 60 to 61, and 68 of Plaintiff's Original Petition in that they do not give fair notice to Defendant as to the manner in which Defendant breached its duty of good faith and fair dealing. Defendant further specially excepts to paragraphs 28, 45, 60 to 61, and 68 in that they fail to identify the statute under which Plaintiff seeks statutory damages.

3. Defendant specially excepts to paragraphs 15 to 18 and 63 to 70 of Plaintiff's Original Petition regarding damages, and asks the Court to require Plaintiff to specify the maximum amount of each element of damages Plaintiff seeks to recover from Defendant.

# ORIGINAL ANSWER

Defendant files its original answer as follows:

4.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies Plaintiff's allegations.

5.      Furthermore, Plaintiff's claim is barred in whole or in part by these insurance policy exclusions and conditions:

"Losses Not Insured" contains this exclusionary language:

1. We do not insure for any loss to the property . . . which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: \*\*\*

     g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

     h.      corrosion, electrolysis or rust;

     i.      mold, fungus or wet or dry rot;

     l.      settling, cracking, shrinking bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

## SECTION I-CONDITIONS

2.      **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

     e.      submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

         (5)      specification of any damaged building and detailed estimates for repair of the damage;

         (6)      an inventory of damaged or stolen personal property described in 2.c.;

2

(7) receipts for additional supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

6. Plaintiff also failed to mitigate her alleged damages.

7. The claim for punitive damages is subject to statutory and constitutional limitations, including, without limitation, Texas Civil Practices and Remedies Code § 41.008.

8. Furthermore, Plaintiff's claims for punitive damages assert a liability which is criminal in nature, entitling State Farm Lloyds to protection of the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States of America. Specifically, for State Farm Lloyds to receive due process in such claims, Plaintiff's proof must be beyond a reasonable doubt, and State Farm Lloyd's liability must be tried by a unanimous jury.

9. Plaintiff cannot recover punitive damages because present Texas law under which such damages are sought is impermissibly vague, imprecise and inconsistent, and is in violation of the due process clause of the United State Constitution, and therefore the Fifth and Fourteenth Amendments.

10. Plaintiff cannot recover punitive damages because present Texas law violates State Farm Lloyd's right to freedom of speech in that the vagueness and uncertainty of the standards has a chilling effect on speech and tends to make impossible the private and proper consideration of claims.

For these reasons, Defendant, State Farm Lloyds, requests that after hearing, the Court sustain Defendant's special exceptions and order Plaintiff to replead and cure her pleading defects and, if Plaintiff does not cure her defects, strike the excepted portions of Plaintiff's Original Petition, and render judgment that Plaintiff take nothing by reason of her alleged cause of action; that Defendant have judgment for its costs incurred herein; and such other and further relief, both at law and in equity, general and special, to which Defendant may show itself justly entitled.

3

Respectfully submitted,

Van Huseman
SBN: 10323500
Tiffany L. DeBolt
SBN: 24074118
HUSEMAN & STEWART
615 N. Upper Broadway, Ste. 2000
Corpus Christi, TX 78401-0781
Tel:    (361) 883-3563
Fax:    (361) 883-0210
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July 2014, a true and correct copy of the foregoing was served in the manner described below to:

**VIA FAX** (713) 861-8084
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, TX 77027
**Counsel for Plaintiff**

Tiffany L. DeBolt

A True copy of the original I certify
the 31st day of July 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy

4



TAB 4

OF THE RECORD

Filed
7/14/2014 3:33:32 PM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

NO. 2014CVF001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, Plaintiffs | § § § § | IN THE DISTRICT COURT |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, Defendants | § § § § | 49ᵀᴴ JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

State Farm Lloyds ("Defendant"), in the above-entitled and numbered cause and, reserving its right to file other and further pleadings, exceptions and denials, files this Special Exception and Original Answer as follows:

### SPECIAL EXCEPTIONS

1.      Defendant specially excepts to paragraphs 19, 45 to 47, and 65 of Plaintiffs' Original Petition in that they do not give fair notice to Defendant as to the manner in which Defendant allegedly breached any contract with Plaintiffs. Defendant further specially excepts to paragraphs 19, 45 to 47, and 65 in that they fail to identify the statute under which Plaintiffs seek statutory damages.

2.      Defendant specially excepts to paragraphs 28, 45, 60 to 61, and 68 of Plaintiffs' Original Petition in that they do not give fair notice to Defendant as to the manner in which Defendant breached its duty of good faith and fair dealing. Defendant further specially excepts to paragraphs 28, 45, 60 to 61, and 68 in that they fail to identify the statute under which Plaintiffs seek statutory damages.

3. Defendant specially excepts to paragraphs 15 to 18 and 63 to 70 of Plaintiffs' Original Petition regarding damages, and asks the Court to require Plaintiffs to specify the maximum amount of each element of damages Plaintiffs seek to recover from Defendant.

## ORIGINAL ANSWER

Defendant files its original answer as follows:

4. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies Plaintiffs' allegations.

5. Furthermore, Plaintiffs' claim is barred in whole or in part by these insurance policy exclusions and conditions:

"Losses Not Insured" contains this exclusionary language:

1. We do not insure for any loss to the property . . . which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: \*\*\*

   g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

   h. corrosion, electrolysis or rust;

   i. mold, fungus or wet or dry rot;

   l. settling, cracking, shrinking bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

## SECTION I-CONDITIONS

2. **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

   e. submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(5)     specification of any damaged building and detailed estimates for repair of the damage;

(6)     an inventory of damaged or stolen personal property described in 2.c.;

(7)     receipts for additional supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

6.     Plaintiffs also failed to mitigate their alleged damages.

7.     The claim for punitive damages is subject to statutory and constitutional limitations, including, without limitation, Texas Civil Practices and Remedies Code § 41.008.

8.     Furthermore, Plaintiffs' claims for punitive damages assert a liability which is criminal in nature, entitling State Farm Lloyds to protection of the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States of America. Specifically, for State Farm Lloyds to receive due process in such claims, Plaintiffs' proof must be beyond a reasonable doubt, and State Farm Lloyd's liability must be tried by a unanimous jury.

9.     Plaintiffs cannot recover punitive damages because present Texas law under which such damages are sought is impermissibly vague, imprecise and inconsistent, and is in violation of the due process clause of the United State Constitution, and therefore the Fifth and Fourteenth Amendments.

10.     Plaintiffs cannot recover punitive damages because present Texas law violates State Farm Lloyd's right to freedom of speech in that the vagueness and uncertainty of the standards has a chilling effect on speech and tends to make impossible the private and proper consideration of claims.

For these reasons, Defendant, State Farm Lloyds, requests that after hearing, the Court sustain Defendant's special exceptions and order Plaintiffs to replead and cure their pleading defects

3

and, if Plaintiffs do not cure their defects, strike the excepted portions of Plaintiffs' Original Petition, and render judgment that Plaintiffs take nothing by reason of their alleged cause of action; that Defendant have judgment for its costs incurred herein; and such other and further relief, both at law and in equity, general and special, to which Defendant may show itself justly entitled.

Respectfully submitted,

Van Huseman
SBN: 10323500
Tiffany L. DeBolt
SBN: 24074118
HUSEMAN & STEWART
615 N. Upper Broadway, Ste. 2000
Corpus Christi, TX 78401-0781
Tel:     (361) 883-3563
Fax:     (361) 883-0210
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of July 2014, a true and correct copy of the foregoing was served in the manner described below to:

**VIA FAX** (713) 861-8084
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, TX 77027
**Counsel for Plaintiffs**

Tiffany L. DeBolt

A True copy of the original I certify
the 21st day of July 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy



TAB 5

OF THE RECORD

Filed
1/22/2015 11:46:49 AM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048-D1

**CAUSE NO. 2014-CVF-001048-D1**

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| **Defendants.** | § | 49TH JUDICIAL DISTRICT |

---

## PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

---

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Alma Pena ("Plaintiff") and files this, *Plaintiff's Motion for Entry of Protective Order,* and respectfully asks this Honorable Court to enter Plaintiff's proposed "Protective Order" attached hereto as Plaintiff's "Exhibit A." In support thereof, pursuant to the Texas Rules of Civil Procedure, Plaintiff would show the Court as follows:

## I.
## INTRODUCTION

1.  Plaintiff files this motion to address State Farm Lloyds's ("State Farm") and Becky Lanier's ("Lanier") (collectively "Defendants") objections to several of Plaintiff's written discovery requests on the grounds that Plaintiff's requests seek production of confidential and/or privileged trade secrets or proprietary business information.[1] The Court should grant Plaintiff's Motion for Entry of Protective Order and enter Plaintiff's proposed Protective Order, which adequately addresses Defendants' concerns regarding the disclosure of its purported proprietary

---

[1] *See* Plaintiff's "Exhibit A" and "Exhibit B" attached to *Plaintiff's Motion to Strike and/or Overrule Defendants' Objections to Written Discovery and Motion to Compel Supplemental Discovery Responses,* filed contemporaneously with this Motion for Entry of Protective Order.

information and/or trade secrets and which will allow Plaintiff to obtain previously withheld discovery that Plaintiff is otherwise rightfully entitled to obtain from Defendants in this case.

2.     More specifically, Plaintiff's proposed Protective Order is appropriate and should be entered in this case because:

(A) Plaintiff's Proposed Protective Order provides all parties, including State Farm Lloyds and Becky Lanier adequate protection from disclosure of trade secret and proprietary information;

(B) Plaintiff's Proposed Protective Order is consistent with protective orders previously entered and used for substantially similar litigation involving Plaintiff's counsel and State Farm; and

(C) Plaintiff's Proposed Protective Order contains a "Shared Discovery" provision which will provide for more efficient discovery.

## II.
## ARGUMENTS & AUTHORITIES

### A. Plaintiff's Proposed Protective Order Provides All Parties Protection for Confidential Information.

2.     Defendant State Farm has objected to the production of documents on the ground that the documents contain confidential, proprietary business information, and trade secrets.[2] Plaintiff's Proposed Protective Order provides protection for all the parties' confidential and/or proprietary information.[3] Plaintiff's Proposed Protective Order will operate to provide security to State Farm and other Defendants in this case with regard to the production of any documents deemed to be sensitive and/or confidential as well as protect the confidentiality of Plaintiff, if any. Accordingly, Plaintiff respectfully moves this Court to enter Plaintiff's Proposed Protective Order and order the parties to execute agreements to be bound by this protective order.

---

[2] *Id.*
[3] *See* Plaintiff's "Exhibit A."

**B. Plaintiff's Protective Order is Consistent with Previously Authorized and Effective Protective Orders Blessed by Other Courts of this State.**

3.      In *In re State Farm Lloyds,* Defendant State Farm Lloyds sought a writ of mandamus commanding the trial court to vacate a protective order that allowed documents obtained in the case to be used in "related litigation against Defendants in which Plaintiff's counsel is an attorney of record."[4] State Farm wanted a different protective order issued that restricted the use and disclosure of certain privileged documents to the specific case before the trial court. The Court of Appeals concluded that the trial court's order adequately protected the Defendants from the involuntary disclosure of its trade secrets, and therefore, the Court denied the petition for writ of mandamus.[5]

4.      Plaintiff's proposed protective order here is substantially similar to the protective order blessed by higher Texas courts. Further, the language of Plaintiff's Proposed Protective Order is nearly identical to a protective order recently entered in a similar first party case involving State Farm and Plaintiff's counsel,[6] and State Farm was actively involved in crafting the language contained in that protective order, and thus, has already conceded that the provisions in Plaintiff's proposed Protective Order will adequately protect it in this substantially similar litigation. For these reasons and more, the Court should grant Plaintiff's Motion for Entry of Protective Order.

---

[4] *In re State Farm Lloyds,* 2003 Tex. App. LEXIS 8115 (Tex. App.—Beaumont Sept. 18, 2003); *see also* Plaintiffs' "Exhibit B," attached hereto and incorporated herein.
[5] *Id.*
[6] *See Alejos Ramirez and Ofelia Ramirez v. State Farm Lloyds and Sylvia Garza,* Cause No. C-3828-13-D; In the 206th District Court of Hidalgo County, Texas.

## C. Plaintiff's Proposed Protective Order Contains a Shared Discovery Provision, Which Will Provide for Efficient Discovery.

5. Shared discovery makes the judicial system more efficient.[7] Under the doctrine of shared discovery, the products of discovery may be disseminated to other litigants and persons who are potential litigants.[8] Plaintiff's attorneys are involved in litigation against insurance companies in several counties throughout Texas. Sharing discovery is appropriate in this circumstance to ensure efficiency in the discovery process, and will benefit all parties.

6. In addition to making discovery more efficient, the shared discovery provision should make discovery more truthful and lead to full disclosure. "Shared discovery is an effective means to insure full and fair disclosure."[9] It has been the experience of Plaintiff's counsel, in other litigation against insurance companies that the product of discovery varies greatly in both completeness and scope. Shared discovery is designed to remedy that discovery practice, and ensure that all litigants have access to the discoverable information.

## III.
## CONCLUSION

7. Plaintiff's Motion for Entry of Protective Order should be granted, and Plaintiff's proposed Protective Order attached hereto as Exhibit A entered in this case. Plaintiff's Proposed Protective Order is not overly burdensome to Defendants or in any way novel or unusual. It is nearly identical to the protective orders entered by other courts of this state for substantially similar first-party insurance litigation involving State Farm and arising out of property damage claims arising out of hurricane, hail, or windstorm. Moreover, Plaintiff's Proposed Protective Order has proven effective in protecting the "confidential" nature of the discovery products for

---

[7] *See Garcia v. Peeples*, 734 S.W.2d 343, 348-49 (Tex. 1987).
[8] [T]he fruits of discovery are available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants. *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993).
[9] *See Garcia*, 734 S.W.2d at 348-49.

all parties, including those documents that insurance company defendants regularly seek to protect as trade secrets and/or proprietary material. The Court should enter Plaintiff's Proposed Protective Order, which will adequately protect Defendants from disclosure of their purported confidential and/or privileged trade secrets and proprietary information during discovery, as well as streamline the discovery process through the shared discovery provision.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant *Plaintiff's Motion for Entry of Protective Order* and sign and enter in this case Plaintiff's Proposed Protective Order attached hereto as "Exhibit A." Plaintiff also requests any other and further relief, either at equity or in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts, and
County Court at Law Webb County Texas
By _____ Deputy

Page 5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 22nd day of January, 2015, in accordance with the Texas Rules of Civil Procedure.

/s/ J. Steve Mostyn
J. Steve Mostyn


## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of each item presented to the Court in the foregoing motion and despite best efforts, counsel for the parties have not been able to resolve such matters. Thus, the Court's intervention is needed at this time.

Certified to on the 20th day of January 2015, by:

/s/ Andrew P. Taylor
Andrew P. Taylor

Filed
1/22/2015 11:46:49 AM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048-D1

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
|     Defendants. | § | 49TH JUDICIAL DISTRICT |

### PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced by the parties and non-parties in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

2. "Confidential Information," as used herein, means any information of any type which is

A True copy of the original I certify

the _____ day of_____ 20___

ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas

By _____ Deputy


EXHIBIT
A

designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas a date of loss in 2013; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the party designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a

Qualified Person under this Order.

5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. Lead counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to counsel for the party designating the information as confidential within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade

Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas." When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas," if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected

in the transcript of the proceedings.

    d.  At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

8. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

    a.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the

designating party all undesignated copies of such information in their custody and possession, in exchange for the production of properly designated information, or alternatively (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes the acknowledgement attached as Exhibit "A."

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of the interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the

Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. depending on the format of the materials introduced.

13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does

not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

15. Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their stratus as Confidential Information.

16. Pursuant to the agreement of the parties, no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

17. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

a. Any party's right to object to any discovery request on any ground.

b. Any party's right to seek an order compelling discovery with respect to any discovery request.

c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

d. The status of any material as a trade secret.

18. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to Rule 11 of the Texas Rules of Civil Procedure.

IT IS SO ORDERED on this _____ day of_____, 2015.

_____
JUDGE PRESIDING

# EXHIBIT "A"

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA,<br>**Plaintiff,** | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND<br>BECKY LANIER,<br>**Defendants.** | §<br>§<br>§ | 49TH JUDICIAL DISTRICT |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____, in order to be provided access to information designated as "Confidential" under the *Protective Order* entered in the 49th Judicial District Court of Webb County, Texas (the "Court") in Cause No. 2014-CVF-001048-D1, *Alma Pena v. State Farm Lloyds and Becky Lanier* (the "Lawsuit"), represent and agree as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the Lawsuit, I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all "Confidential" information to which I am given access in connection with the Lawsuit, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the Lawsuit.

DATED: _____     SIGNATURE: _____

Filed
1/22/2015 11:46:49 AM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048-D1

EXHIBIT
B



Cited
As of: Jun 19, 2014

In re State Farm Lloyds

NO. 09-03-311 CV

COURT OF APPEALS OF TEXAS, NINTH DISTRICT, BEAUMONT

2003 Tex. App. LEXIS 8115

September 18, 2003, Opinion Delivered

**DISPOSITION:** [*1] WRIT OF MANDAMUS DENIED.

**COUNSEL:** Clint W. Lewis, Lewis & Associates, Beaumont. Christopher W. Martin, Martin, Disiere, Jefferson & Wisdom, Houston, for relator.

Michael Ramsey, Provost, Umphrey Beaumont. John Cowan, Provost, Umphrey, Beaumont. J. Steve Mostyn, Houston, for real party in interest.

**JUDGES:** Before McKeithen, C.J., Burgess and Gaultney, JJ.

**OPINION**

Original Proceeding

MEMORANDUM OPINION [1]

1 TEX. R. APP. P. 47.4.

State Farm Lloyds seeks a writ of mandamus commanding the Honorable Donald Floyd, Judge for the 172nd District Court of Jefferson County, to vacate a protective order and to issue a different protective order that restricts the use and disclosure of certain privileged documents to the specific case before the trial court. For the reasons stated below, we deny relief.

During the course of discovery in the underlying litigation, Cause No. E-166, 963, *Grace Tabernacle United Pentecostal Church International v. State Farm Insurance Companies, et al.*, the plaintiff sought production of certain documents. Because the documents comprised trade secrets or proprietary information, the trial court issued a protective order that restricted disclosure of [*2] the "classified information" to "the currently named parties, their respective counsel, and expert witnesses the parties anticipate calling at trial in this litigation or any related litigation against Defendants in which Plaintiff's counsel is an attorney of record." Objecting to the "related litigation" clause in the protective order, State Farm filed this petition for writ of Mandamus. Because we conclude the trial court's order adequately protected State Farm from the involuntary disclosure of its trade secrets, we hold that the trial court did not abuse its discretion in this matter. *See In re Eli Lilly Co. v. Marshall, 850 S.W.2d 155, 36 Tex. Sup. Ct. J. 507 (Tex. 1993); Garcia v. Peeples, 734 S.W.2d 343, 30 Tex. Sup. Ct. J. 591 (Tex. 1987).* We deny the petition for writ of mandamus.

WRIT DENIED.

PER CURIAM

A True Copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law, Webb County, Texas
By _____ Deputy



TAB 6

OF THE RECORD

Filed
1/22/2015 3:57:34 PM
Esther Degollado
District Clerk
Webb District
2014-CVF-001162-D1

CAUSE NO. 2014-CVF-001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| Defendants. | § § | 49TH JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Noemi Rodriguez and Raul Rodriguez ("Plaintiffs") and file this *Plaintiffs' Motion for Entry of Protective Order.* Plaintiffs respectfully move this Honorable Court to enter Plaintiffs' proposed "Protective Order" attached hereto and incorporated herein as Plaintiffs' "Exhibit A." In support thereof, in accordance with the Texas Rules of Civil Procedure, Plaintiffs would show this Honorable Court the following:

## I.
## INTRODUCTION

1.      Plaintiffs file this motion to address State Farm Lloyds' ("State Farm") objections to several of Plaintiffs' discovery requests on the grounds that the requests seek production of confidential and/or privileged trade secrets or proprietary business information.[1] The Court should grant Plaintiffs' Motion for Entry of Protective Order and enter Plaintiffs' proposed

---

[1] *See* Plaintiffs' "Exhibit B," attached hereto and incorporated herein, including, but not limited to, State Farm's Objections/Responses to Plaintiffs' First Request for Production Nos. 3, 7, 11, 12, 15, 16, and 18.

Protective Order, which adequately addresses Defendant State Farm's concerns regarding the disclosure of its purported proprietary information and/or trade secrets and which will allow Plaintiffs to obtain previously withheld discovery that Plaintiffs are otherwise rightfully entitled to seek and obtain from State Farm in this case. More specifically, Plaintiffs' proposed Protective Order is appropriate and should be entered in this case because:

(A) Plaintiffs' Proposed Protective Order provides all parties, including State Farm Lloyds, adequate protection from disclosure of trade secret and proprietary information;

(B) Plaintiffs' Proposed Protective Order is consistent with protective orders previously entered and used for substantially similar litigation involving Plaintiffs' counsel and State Farm; and

(C) Plaintiffs' Proposed Protective Order contains a "Shared Discovery" provision which will provide for more efficient discovery.

## II.
## ARGUMENTS & AUTHORITIES

### A. Plaintiffs' Proposed Protective Order Provides All Parties Protection for Confidential Information.

2.     State Farm has objected to the production of documents on the ground that the documents contain confidential, proprietary business information, and trade secrets.[2] Plaintiffs' Proposed Protective Order provides protection for all the parties' confidential and/or proprietary information.[3] Plaintiffs' Proposed Protective Order will operate to provide security to State Farm and other Defendants in this case with regard to the production of any documents deemed to be sensitive and/or confidential as well as protect the confidentiality of Plaintiffs, if any. Accordingly, Plaintiffs respectfully moves this Court to enter Plaintiffs' Proposed Protective Order and order the parties to execute agreements to be bound by this protective order.

### B. Plaintiffs' Protective Order is Consistent With Previously Authorized and Effective Protective Orders Blessed by Other Courts of this State.

---

[2] *See* Plaintiffs' "Exhibit B."
[3] *See* Plaintiffs' "Exhibit A."

3. In *In re State Farm Lloyds,* Defendant State Farm Lloyds sought a writ of mandamus commanding the trial court to vacate a protective order that allowed documents obtained in the case to be used in "related litigation against Defendants in which Plaintiffs' counsel is an attorney of record."[4] State Farm wanted a different protective order issued that restricted the use and disclosure of certain privileged documents to the specific case before the trial court. The Court of Appeals concluded that the trial court's order adequately protected the Defendants from the involuntary disclosure of its trade secrets, and therefore, the Court denied the petition for writ of mandamus.[5]

4. Plaintiffs' proposed protective order here is substantially similar to the protective order blessed by higher Texas courts. Further, the language of Plaintiffs' Proposed Protective Order is nearly identical to a protective order recently entered in a similar first party case involving State Farm and Plaintiffs' counsel,[6] and State Farm was actively involved in crafting the language contained in that protective order, and thus, has already conceded that the provisions in Plaintiffs' proposed Protective Order will adequately protect it in this substantially similar litigation. For these reasons and more, the Court should grant Plaintiffs' Motion for Entry of Protective Order.

## C. Plaintiffs' Proposed Protective Order Contains A Shared Discovery Provision Which Will Provide For Efficient Discovery.

5. Shared discovery makes the judicial system more efficient.[7] Under the doctrine of shared discovery, the products of discovery may be disseminated to other litigants and persons who are

---

[4] *In re State Farm Lloyds,* 2003 Tex. App. LEXIS 8115 (Tex. App.—Beaumont Sept. 18, 2003); *see also* Plaintiffs' "Exhibit C," attached hereto and incorporated herein.
[5] *Id.*
[6] *See Alejos Ramirez and Ofelia Ramirez v. State Farm Lloyds and Sylvia Garza,* Cause No. C-3828-13-D; In the 206th District Court of Hidalgo County, Texas.
[7] *See Garcia v. Peeples,* 734 S.W.2d 343, 348-49 (Tex. 1987).

potential litigants.[8] Plaintiffs' attorneys are involved in litigation against insurance companies in several counties throughout Texas. Sharing discovery is appropriate in this circumstance to ensure efficiency in the discovery process, and will benefit all parties.

6. In addition to making discovery more efficient, the shared discovery provision should make discovery more truthful and lead to full disclosure. "Shared discovery is an effective means to insure full and fair disclosure."[9] It has been the experience of Plaintiffs' counsel, in other litigation against insurance companies that the product of discovery varies greatly in both completeness and scope. Shared discovery is designed to remedy that discovery practice, and ensure that all litigants have access to the discoverable information.

## III.
## CONCLUSION

7. Plaintiffs' Motion for Entry of Protective Order should be granted, and Plaintiffs' proposed Protective Order attached hereto as Exhibit A entered in this case. Plaintiffs' Proposed Protective Order is not overly burdensome to Defendant or in any way novel or unusual. It is nearly identical to the protective orders entered by other courts of this state for substantially similar first-party insurance litigation involving State Farm and arising out of property damage claims arising out of hurricane, hail, or windstorm. Moreover, Plaintiffs' Proposed Protective Order has proven effective in protecting the "confidential" nature of the discovery products for all parties, including those documents that insurance company defendants regularly seek to protect as trade secrets and/or proprietary material. The Court should enter Plaintiffs' Proposed Protective Order, which will adequately protect Defendant State Farm from disclosure of its

---

[8] [T]he fruits of discovery are available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants. *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993).
[9] *See Garcia*, 734 S.W.2d at 348-49.

purported confidential and/or privileged trade secrets and proprietary information during discovery, as well as streamline the discovery process through the shared discovery provision.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court grant *Plaintiffs' Motion for Entry of Protective Order* and enter Plaintiffs' Proposed Protective Order attached hereto as Exhibit "A." Plaintiffs also request any other and further relief, either at equity or in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 22nd day of January, 2015 in accordance with the Texas Rules of Civil Procedure.

/s/ J. Steve Mostyn
J. Steve Mostyn

Page 5

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs' counsel conferred with defense counsel about the issues raised in this motion. However, the parties cannot agree. Therefore, the Court's intervention is necessary at this time.

*/s/ J. Steve Mostyn*
J. Steve Mostyn

Filed
1/22/2015 3:57:34 PM
Esther Degollado
District Clerk
Webb District
2014-CVF-001162-D1

CAUSE NO. 2014-CVF-001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| Defendants. | § § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced by the parties and non-parties in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1.  All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2012, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2012. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

EXHIBIT
**A**

2. "Confidential Information," as used herein, means any information of any type which is designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas a date of loss in 2012; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the party designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the

designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. Lead counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to counsel for the party designating the information as confidential within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

    a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

    b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced

Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District" When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District" if such legend

does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

    d.   At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7.   Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

8.   Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody and possession, in exchange for the production of properly designated information, or alternatively (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected

absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes the acknowledgement attached as Exhibit "A."

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of the interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in

informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. depending on the format of the materials introduced.

13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's

right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

15. Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their stratus as Confidential Information.

16. Pursuant to the agreement of the parties, no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or

work product protected information.

17. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

    a. Any party's right to object to any discovery request on any ground.

    b. Any party's right to seek an order compelling discovery with respect to any discovery request.

    c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

    d. The status of any material as a trade secret.

18. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to Rule 11 of the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING



A True copy of the original I certify
the _____ day of _____ 20___
(ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

# EXHIBIT "A"

## CAUSE NO. 2014-CVF-001969-D4

| | | |
|---|---|---|
| LUIS MACHADO AND ROSA A. MACHADO, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND GILBERT SANTOS, | § § § | |
| Defendants. | § § | 406TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____, in order to be provided access to information designated as "Confidential" under the *Protective Order* entered in the 49th Judicial District Court of Webb County, Texas (the "Court") in *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District (the "Lawsuit"), represent and agree as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the Lawsuit, I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all "Confidential" information to which I am given access in connection with the Lawsuit, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the Lawsuit.

DATED: _____          SIGNATURE: _____

A True copy of the original I certify the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and County Court at Law Webb County Texas
By _____ Deputy



filed
1/22/2015 3:57:34 PM
Esther Degollado
District Clerk
Webb District

2014-CVF-001162-D1



# H&S
### LAW FIRM

VAN HUSEMAN † *
ERIC STEWART
TIFFANY L. DEBOLT
ELISE DELLINGER MARTI

**HUSEMAN & STEWART**
A Professional Limited Liability Company
615 N. Upper Broadway, Suite 2000
Corpus Christi, Texas 78401-0781
Telephone (361) 883-3563 · Fax (361) 883-0210

†Board Certified-Civil Trial Law
*Board Certified-Personal Injury Trial Law
Texas Board of Legal Specialization

August 19, 2014

VIA CM/RRR
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

RE:     No. 2014CVF001162-D1; Raul Rodriguez and Noemi Rodriguez v. State Farm
        Lloyds and Felipe Farias; In the 49th Judicial District Court, Webb County, Texas
        File No. 120093-7939-TD

Dear Mr. Mostyn:

Enclosed please find a CD containing the following:

1.  Defendant's, State Farm Lloyds, Responses and Objections to Plaintiffs' First Set of
    Interrogatories;
2.  Defendant's, State Farm Lloyds, Responses and Objections to Plaintiffs' Requests for
    Production;
3.  Defendant's, State Farm Lloyds, Responses to Plaintiffs' Requests for Disclosure;
4.  Defendant's, Felipe Farias, Responses and Objections to Plaintiffs' First Set of
    Interrogatories;
5.  Defendant's, Felipe Farias, Responses and Objections to Plaintiffs' Requests for
    Production;
6.  Defendant's, Felipe Farias, Responses to Plaintiffs' Requests for Disclosure;
7.  Redacted Claim File;
8.  Business Records Affidavit; and,
9.  Privilege Log.

Very truly yours,

Tiffany DeBolt

TD:sam
Enclosure

NO. 2014CVF001162-D1

| RAUL RODRIGUEZ AND NOEMI | § | IN THE DISTRICT COURT |
| RODRIGUEZ, | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND FELIPE | § | |
| FARIAS, | § | |
|     Defendants | § | 49TH JUDICIAL DISTRICT |

### DEFENDANT'S, FELIPE FARIAS, RESPONSES TO
### PLAINTIFF'S REQUESTS FOR DISCLOSURE

TO:   RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, by and through their attorneys of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now FELIPE FARIAS, Defendant herein, and files this its Responses to Plaintiff's Requests for Disclosure.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)

_____
VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant Felipe Farias



A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this _19th_ day of _August_, 2014, served on the following:

VIA CM/RRR
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

TIFFANY DeBOLT

# DEFENDANT'S, FELIPE FARIAS, RESPONSES TO
# PLAINTIFF'S REQUESTS FOR DISCLOSURE

(a)    The correct names of the parties to the lawsuit.

**RESPONSE**: **Defendant believes that Plaintiff's petition properly sets forth the correct names of the parties.**

(b)    The name, address, and telephone number of any potential parties.

**RESPONSE**: **Defendant is unaware of any possible responsible third parties at this time, but reserves the right to supplement this response.**

(c)    The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

**RESPONSE**: **Defendant generally denies Plaintiff's allegations. Please also see Defendant's live pleadings.**

(d)    The amount and any method of calculating economic damages.

**RESPONSE**: **Defendant is not seeking economic damages. Plaintiff's recovery, if any, is limited by the terms of the insurance contract.**

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE**: **See attached Exhibit "A". Defendant will supplement as more information becomes available.**

(f)    For any testifying expert:

    (1)    the expert's name, address, and telephone number;
    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography.

**RESPONSE**: **None at this time; Defendant will supplement.**
**Defendant reserves the right to call any and all experts designed by Plaintiff herein.**

(g) Any discoverable indemnity and insuring agreements.

**RESPONSE**: **None.**

(h) Any discoverable settlement agreements.

**RESPONSE**: **None.**

(i) Any discoverable witness statements.

**RESPONSE**: **None in Defendant's possession.**

(j) All medical records and bills that are reasonably related to the injuries and damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE**: **Not applicable.**

(k) All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE**: **Not applicable.**

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE**: **Defendant is unaware of any possible third parties at this time, but reserves the right to supplement this response.**

**EXHIBIT A**
**WITNESS LIST**

| Name | Address | Telephone | Connection to the Case |
|------|---------|-----------|------------------------|
| Raul Rodriguez | c/o J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff |
| Noemi Rodriguez | c/o J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff |
| State Farm Lloyds<br><br>Felipe Farias | c/o Van Huseman and Tiffany DeBolt, Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401 | 361-883-3563 | Defendant |
| Felipe Farias | c/o Van Huseman and Tiffany DeBolt, Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401 | 361-883-3563 | Defendant |
| J. Steve Mostyn | 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff's counsel |
| Van Huseman<br>Tiffany DeBolt | Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, | 361-883-3563 | Defendant's counsel |

A True copy of the original I certify
the ____ day of ____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

| | | TX 78401 | | |
|---|---|---|---|---|

| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § | |
| | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## DEFENDANT'S, FELIPE FARIAS, RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

TO:  Raul and Noemi Rodriguez, by and through their attorney of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now FELIPE FARIAS, Defendant herein, and files this its Responses and Objections to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)

VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant Felipe Farias

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this /9th day of August 2014, served on the following:

**Via CM-RRR**
The Mostyn Law Firm
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

TIFFANY DEBOLT

# FELIPE FARIAS' OBJECTIONS TO ESI PRODUCTION PROTOCOL

1. Defendant objects to the request for production in native format to the extent responsive documents are not reasonably available in native format to Defendant in the ordinary course of business. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, Defendant agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business. Documents that contain redactions will not be produced in native format. Please also refer to objection number 6.

2. Defendant objects to Plaintiffs' description of near native file types on the grounds that it does not offer an alternative to native format. Defendant therefore incorporates by reference the objection to protocol provision number 2 regarding the production of native format above. (See paragraph 2.) Defendant further objects pursuant to Tex. R. Civ. P. 196.4, it is not required to produce ESI in near-native formats if it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

3. Defendant objects to Plaintiffs' examples of near-native forms on the grounds they do not represent an alternative to a native format. For those examples that represent native forms sought, Defendant objects to the extent responsive documents are not reasonably available in native format to Defendant in the ordinary course of business. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, on that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, Defendant agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business.

4. Defendant objects to this request because it is overboard and unduly burdensome. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding these objections, Defendant will produce database reports generated in the ordinary course of business in the form they are normally used. Defendant agrees to meet and confer prior to producing from databases as necessary.

5. Defendant objects to the production of information items in color to the extent it cannot, through reasonable efforts, produce such items in the requested format pursuant to Tex. R. Civ. P. 196.4. Defendant objects to the production request to the extent it requests full extraction and OCR for redacted documents on the grounds it seeks attorney-client or work product privileged materials. Notwithstanding these objections, Defendant notes that any documents produced natively will retain any color existing in the original document. Defendant agrees to extract the non-redacted content of each document by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file. Defendant further objects to Plaintiffs' production request insofar as it directs Defendant to undertake efforts that exceed the requirements of Tex. R. Civ. P. 193.3. Defendant will withhold privileged material or information and describe the same in accordance with the Texas Rules of Civil Procedure.

6. Defendant objects to Plaintiffs' demand that Adobe Acrobat be used for redactions on the grounds that using Adobe Acrobat will require unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

7. Defendant objects to Plaintiffs' demand for deduplication by MD5 hash value on the grounds that it requires Defendant to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. Defendant will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, Defendant will produce such information to the extent the field values are available.

8. Defendant objects to Plaintiffs' demand Defendant produce ESI on the medium requiring the least number of deliverables in that it purports to impose obligations greater than those set forth in the Texas Rule of Civil Procedure. Defendant further objects to Plaintiffs' request that Defendant organize productions by custodian because it would require Defendant to undertake unreasonable and extraordinary efforts insofar as ESI is not organized by custodian in Defendant's ordinary course of business. Additionally, Defendant objects to Plaintiffs' request that all documents from an individual custodian be delivered in a single load file on the grounds it is unduly burdensome and will cause unnecessary delay in the production of documents in contravention of Tex. R. Civ. P. 1.

9. Defendant objects to this request with respect to claim information on the grounds that it requires Defendant to undertake unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

10. Defendant objects to Plaintiffs' demand that the load file provide MD5 hash values on the grounds that it requires Defendant to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. Defendant will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, Defendant will produce such information to the extent the field values are available.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to Plaintiffs' definition of the term "Document" in that the following terms or phrases are vague and ambiguous: "visual" and "information items." Defendant notes that all "textual" documents are also "visual" inasmuch as they can be seen and therefore it is unclear what is meant by the separate category of "visual" items. In responding to this discovery, Defendant assumes the term "visual" is meant to refer to graphic images. Similarly, the term "information items" is vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery under the Tex. R. Civ. P. because many items of information may be shared by oral communication, and therefore are not "things" subject to discovery under Tex. R. Civ. P. 192.3(b); or may be ephemeral information, such as temporary computer files, and therefore preservation and production of such information would be disproportionate to the scope of the matter pursuant to Tex. R. Civ. P. 192.4. In responding to discovery, Defendant assumes that "information items" is meant to refer to the documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1. Defendant further objects to Plaintiffs' use of the term "Document" to the extent it seeks to require Defendant to record and/or produce records and information that are not ordinarily captured, and/or are overwritten in the ordinary course of operating State Farm's computing systems making the definition overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. Defendant further objects to the extent the definition implies there is an obligation to produce information subject to discovery under Tex. R. Civ. P. 196 in more than one form or in a manner that is different than the forms in which Defendant has already agreed to produce, or that the

same must be produced in native format. Native format may not be reasonably available to Defendant in the ordinary course of business. Finally, Defendant objects to the definition of "Document" to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege and/or work product doctrine. Defendant will produce responsive, non-privileged documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1.

2. Defendant objects to Plaintiffs' definition of the term "Person" and consequently "Handle," "handled," "handling" and/or "worked on" by "any person" to the extent that it purports to impose obligations greater than those set forth in Tex. R. Civ. P. 192.3. Defendant further objects to the extent the definitions include its attorneys or to the extent Plaintiffs seek information protected from discovery by the attorney-client privilege and/or work product protection.

3. Defendant objects to Plaintiffs' definition of the term "Describe" in that it is ambiguous whether the term "document" therein is meant to be a general term, or if it is referring to "Document" as defined herein. Assuming that the term "document" is meant to include electronically stored information discoverable under Tex. R. Civ. P. 196, Defendant objects to the definition of "Describe" because parts a. through e. are vague and ambiguous and it is not clear what specific information plaintiffs are seeking (e.g., a Word document may be titled "ABC.docx" in the Windows file title and have a different title or heading in the document's text). Defendant further objects to the definition of "Describe" to the extent that it seeks information about "Documents" that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

# DEFENDANT FELIPE FARIAS' RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents related to Plaintiffs, the Property, the Policy and/or the claim made the basis of this Lawsuit.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

State Farm does not maintain a physical file folder with respect to each claim. Information regarding the claim is stored primarily in the Enterprise Claim System ("ECS"), a proprietary web-based system used by State Farm claims associates to record electronic claim information. Notwithstanding any objections, this Defendant has no such documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2.** All licenses or certifications that are identified in response to Interrogatory Number 3.

**RESPONSE:**

This adjuster's Texas licensing status and number is publically available without charge and can be found on the TDI website at www.tdi.texas.gov; this adjuster's CE information may be found on www.sircon.com.

**REQUEST FOR PRODUCTION NO. 3.** All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

**RESPONSE:**

Materials on which individuals were trained prior to the date of loss, and that were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. This request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

This Defendant objects in that the request may cover materials that are confidential, proprietary business information and/or trade secret. In addition, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client or work product privileges.

**REQUEST FOR PRODUCTION NO. 4.** All applications you submitted (or that were submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the Webb County hail claims occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

To the extent that such documents are in Defendant care, custody, control, he will supplement.

**REQUEST FOR PRODUCTION NO. 5.** All resumes for the last five (5) years.

**RESPONSE:**

This question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, and to the extent Defendant has a current resume, it will be produced.

**REQUEST FOR PRODUCTION NO. 6.** All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to the question as it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The question calls for personal and confidential information and invades the privacy of this Defendant. The question calls for information that surpasses the issues in this case.

**REQUEST FOR PRODUCTION NO. 7.** All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

**RESPONSE:**

Defendant objects to the Request to the extent that it seeks confidential, proprietary business information and trade secrets that are the sole and exclusive property of the insurance company that this Defendant has no legal authority to produce. Further, due to the overly broad nature of this Request, it is also a potential invasion of the attorney-client privilege and the work product privilege. Moreover, the Request is unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, this Defendant relied on the contract of insurance,

electronic information regarding the claim, and relevant claims handling procedures for claims alleged to have arisen from the weather event that occurred on the date of loss.

Additionally, subject to and without waiving the foregoing objections, for information reflecting the application of claims procedures to Plaintiffs' claim, see the records produced by State Farm from State Farm's Enterprise Claim System relative to Plaintiffs' claim.

**REQUEST FOR PRODUCTION NO. 8.** To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant. Defendant further objects to this request to the extent it purports to require Defendant to marshal all of his evidence or state all his legal or factual assertions in answering it.

Notwithstanding any objections, this Defendant has no such documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9.** To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant. Defendant further objects to this request to the extent it purports to require Defendant to marshal all of his evidence or state all his legal or factual assertions in answering it.

Notwithstanding any objections, this Defendant has no such information or documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 10.** All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

**RESPONSE:**

This Defendant has no such documents in his possession, custody or control. Will supplement if responsive documents become available.

**REQUEST FOR PRODUCTION NO. 11.** All documents meant to instruct, advise, or guide the handling or adjusting [sic] hail and/or windstorm claims in the State of Texas for the last 2 years.

**RESPONSE:**

Materials on which individuals were trained prior to the date of loss, and that were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. This request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

This Defendant objects in that the request may cover materials that are confidential, proprietary business information and/or trade secret. In addition, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client or work product privileges.

**REQUEST FOR PRODUCTION NO. 12.** All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this Lawsuit.

**RESPONSE:**

Materials on which individuals were trained prior to the date of loss, and that were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. This request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects in that the request may cover materials that are confidential, proprietary business information and/or trade secret. In addition, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client or work product privileges.

**REQUEST FOR PRODUCTION NO. 13.** All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to this request as irrelevant, multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

The question calls for confidential and proprietary information belonging to State Farm and invades the privacy of this Defendant. The question is overly broad in scope and calls for information that surpasses the issues in this case.

**REQUEST FOR PRODUCTION NO. 14.** All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overly broad and harassing, constituting nothing more than a "fishing expedition," in violation of the letter and spirit of discovery law in the State of Texas. What may or may not have occurred with respect to another claim will neither prove nor disprove the existence of any alleged mishandling of this claim. Further, information responsive to this request may contain confidential non-public personal information of insureds not party to this suit, and is equally and publicly available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 15.** All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

This Defendant objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request calls for confidential, proprietary and/or trade secret information.

**REQUEST FOR PRODUCTION NO. 16.** All price lists used by you in handling claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

This Defendant objects to this Request, as it is vague, overly broad in scope and time. As the Defendant can understand this Request, it appears to be seeking confidential, proprietary business information and trade secrets that are the sole and exclusive property of State Farm that this Defendant has no legal authority to produce. As presently worded, the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17.** All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

**REQUEST FOR PRODUCTION NO. 18.** All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

This Defendant objects to this Request, as it is vague, overly broad in scope and time. As the Defendant can understand this Request, it appears to be seeking confidential, proprietary business information and trade secrets that are the sole and exclusive property of State Farm that this Defendant has no legal authority to produce. As presently worded, the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, <br> Plaintiffs | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| VS. | § <br> § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, <br> Defendants | § <br> § <br> § <br> § | 49TH JUDICIAL DISTRICT |

## DEFENDANT'S, FELIPE FARIAS, RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Raul and Noemi Rodriguez, by and through their attorney of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now FELIPE FARIAS, Defendant herein, and files this its Responses and Objections to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)


VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant Felipe Farias

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy



## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this *19th* day of *August* 2014, served on the following:

**Via CM-RRR**
The Mostyn Law Firm
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

TIFFANY DEBOLT

# FELIPE FARIAS' OBJECTIONS TO ESI PRODUCTION PROTOCOL

1. Defendant objects to the request for production in native format to the extent responsive documents are not reasonably available in native format to Defendant in the ordinary course of business. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, Defendant agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business. Documents that contain redactions will not be produced in native format. Please also refer to objection number 6.

2. Defendant objects to Plaintiffs' description of near native file types on the grounds that it does not offer an alternative to native format. Defendant therefore incorporates by reference the objection to protocol provision number 2 regarding the production of native format above. (See paragraph 2.) Defendant further objects pursuant to Tex. R. Civ. P. 196.4, it is not required to produce ESI in near-native formats if it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

3. Defendant objects to Plaintiffs' examples of near-native forms on the grounds they do not represent an alternative to a native format. For those examples that represent native forms sought, Defendant objects to the extent responsive documents are not reasonably available in native format to Defendant in the ordinary course of business. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, on that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, Defendant agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business.

4. Defendant objects to this request because it is overboard and unduly burdensome. Defendant further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding these objections, Defendant will produce database reports generated in the ordinary course of business in the form they are normally used. Defendant agrees to meet and confer prior to producing from databases as necessary.

5. Defendant objects to the production of information items in color to the extent it cannot, through reasonable efforts, produce such items in the requested format pursuant to Tex. R. Civ. P. 196.4. Defendant objects to the production request to the extent it requests full extraction and OCR for redacted documents on the grounds it seeks attorney-client or work product privileged materials. Notwithstanding these objections, Defendant notes that any documents produced natively will retain any color existing in the original document. Defendant agrees to extract the non-redacted content of each document by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file. Defendant further objects to Plaintiffs' production request insofar as it directs Defendant to undertake efforts that exceed the requirements of Tex. R. Civ. P. 193.3. Defendant will withhold privileged material or information and describe the same in accordance with the Texas Rules of Civil Procedure.

6. Defendant objects to Plaintiffs' demand that Adobe Acrobat be used for redactions on the grounds that using Adobe Acrobat will require unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

7. Defendant objects to Plaintiffs' demand for deduplication by MD5 hash value on the grounds that it requires Defendant to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. Defendant will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, Defendant will produce such information to the extent the field values are available.

8. Defendant objects to Plaintiffs' demand Defendant produce ESI on the medium requiring the least number of deliverables in that it purports to impose obligations greater than those set forth in the Texas Rule of Civil Procedure. Defendant further objects to Plaintiffs' request that Defendant organize productions by custodian because it would require Defendant to undertake unreasonable and extraordinary efforts insofar as ESI is not organized by custodian in Defendant's ordinary course of business. Additionally, Defendant objects to Plaintiffs' request that all documents from an individual custodian be delivered in a single load file on the grounds it is unduly burdensome and will cause unnecessary delay in the production of documents in contravention of Tex. R. Civ. P. 1.

9. Defendant objects to this request with respect to claim information on the grounds that it requires Defendant to undertake unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

10. Defendant objects to Plaintiffs' demand that the load file provide MD5 hash values on the grounds that it requires Defendant to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. Defendant will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, Defendant will produce such information to the extent the field values are available.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to Plaintiffs' definition of the term "Document" in that the following terms or phrases are vague and ambiguous: "visual" and "information items." Defendant notes that all "textual" documents are also "visual" inasmuch as they can be seen and therefore it is unclear what is meant by the separate category of "visual" items. In responding to this discovery, Defendant assumes the term "visual" is meant to refer to graphic images. Similarly, the term "information items" is vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery under the Tex. R. Civ. P. because many items of information may be shared by oral communication, and therefore are not "things" subject to discovery under Tex. R. Civ. P. 192.3(b); or may be ephemeral information, such as temporary computer files, and therefore preservation and production of such information would be disproportionate to the scope of the matter pursuant to Tex. R. Civ. P. 192.4. In responding to discovery, Defendant assumes that "information items" is meant to refer to the documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1. Defendant further objects to Plaintiffs' use of the term "Document" to the extent it seeks to require Defendant to record and/or produce records and information that are not ordinarily captured, and/or are overwritten in the ordinary course of operating State Farm's computing systems making the definition overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. Defendant further objects to the extent the definition implies there is an obligation to produce information subject to discovery under Tex. R. Civ. P. 196 in more than one form or in a manner that is different than the forms in which Defendant has already agreed to produce, or that the

same must be produced in native format. Native format may not be reasonably available to Defendant in the ordinary course of business. Finally, Defendant objects to the definition of "Document" to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege and/or work product doctrine. Defendant will produce responsive, non-privileged documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1.

2. Defendant objects to Plaintiffs' definition of the term "Person" and consequently "Handle," "handled," "handling" and/or "worked on" by "any person" to the extent that it purports to impose obligations greater than those set forth in Tex. R. Civ. P. 192.3. Defendant further objects to the extent the definitions include its attorneys or to the extent Plaintiffs seek information protected from discovery by the attorney-client privilege and/or work product protection.

3. Defendant objects to Plaintiffs' definition of the term "Describe" in that it is ambiguous whether the term "document" therein is meant to be a general term, or if it is referring to "Document" as defined herein. Assuming that the term "document" is meant to include electronically stored information discoverable under Tex. R. Civ. P. 196, Defendant objects to the definition of "Describe" because parts a. through e. are vague and ambiguous and it is not clear what specific information plaintiffs are seeking (e.g., a Word document may be titled "ABC.docx" in the Windows file title and have a different title or heading in the document's text). Defendant further objects to the definition of "Describe" to the extent that it seeks information about "Documents" that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

## DEFENDANT FELIPE FARIAS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling hail and/or windstorm claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

**RESPONSE:**

This Defendant's State Farm email address is **felipe.farias.gbpx@statefarm.com.**

**INTERROGATORY NO. 2.** Identify generally the training or experience you had in adjusting hail and/or windstorm damage any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

**RESPONSE:**

Defendant objects that materials on which individuals were trained prior to the date of loss, and that were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. This request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

As to State Farm training materials, this Defendant objects in that the request may cover materials that are confidential, proprietary business information and/or trade secret. In addition, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client or work product privileges.

**INTERROGATORY NO. 3.** Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

**RESPONSE:**

This adjuster's Texas licensing status and number is publically available without charge and can be found on the TDI website at www.tdi.texas.gov; this adjuster's CE information may be found on www.sircon.com.

**INTERROGATORY NO. 4.** Explain how you were compensated and by whom for your work on claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 7, 2013, stating the amount you were compensated per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

**RESPONSE:**

Defendant objects to this request as multifarious, overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request as being improperly directed to this Defendant.

As to State Farm employee and/or managerial compensation/bonus plans, the question calls for confidential and proprietary information belonging to State Farm and invades the privacy of this Defendant. The question is overly broad in scope and calls for information that surpasses the issues in this case.

**INTERROGATORY NO. 5.** State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

**RESPONSE:**

Defendant objects to this request is it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant speaks fluent Spanish.

**INTERROGATORY NO. 6.** Identify the following dates:
   a.    The date you first obtained an adjuster license in the State of Texas;
   b.    The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
   c.    The date you were first assigned to handle Webb county hail claims occurring on or about June 7, 2013 and/or June 14, 2013;
   d.    The date you closed your file on the claim made the basis of this Lawsuit; and
   e.    The last date you worked on any Webb County hail claim occurring on or about June 7, 2013 and/or June 14, 2103.

**RESPONSE:**

Defendant objects that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant has had two licenses. The first license was issued in 1993, but lapsed in 2001. The current license was issued on July 16, 2012. Defendant handled claims in Laredo for one year starting in July 2012 until July 2013. Defendant continues to help as needed.

**INTERROGATORY NO. 7.** Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit identifying:

 a. The name and job title of any person who inspected the Property with you;
 b. The date of each inspection;
 c. The purpose of each inspection;
 d. The length of time of each inspection;
 e. The equipment or tools used during each inspection;
 f. The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
 g. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

**RESPONSE:**

Defendant inspected Plaintiffs' property on June 26, 2013, in response to Plaintiffs' claim that they suffered from a leak in the bedroom and kitchen as well as wind damage to their roof. Complete information from Defendant's inspection can be found in the documents produced in State Farm Lloyds' Response to Plaintiffs' Requests for Production.

**INTERROGATORY NO. 8.** Following the inspection(s), did you engage in any additional communications (e.g. telephone, in person, written communication) with Plaintiffs? If yes, provide the following information:

 a. the date of such communication(s);
 b. the manner of such communication(s);
 c. the person with whom You communicated;
 d. the reason for the communication(s);
 e. for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
 f. the general substance of the communication.

**RESPONSE:**

On June 27, 2013, Defendant sent Plaintiff Raul Rodriguez a letter informing him that his loss did not exceed the deductible.

**INTERROGATORY NO. 9.** Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

**RESPONSE:**

Defendant found wind damage to Plaintiffs' roof as well as interior damage to several rooms. Complete information from Defendant's inspection can be found in the documents produced in State Farm Lloyds' Response to Plaintiffs' Requests for Production.

**INTERROGATORY NO. 10.** For all damage observed at the Property or reflected in your scope notes and/or photographs, state what you believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(s) that provided information or participated in that determination.

**RESPONSE:**

Objection, this request is overly broad and unduly burdensome. Subject to these objections, Defendant found wind damage to Plaintiffs' roof as well as interior damage to several rooms. Complete information from Defendant's inspection can be found in the documents produced in State Farm Lloyds' Response to Plaintiffs' Requests for Production.

**INTERROGATORY NO. 11.** To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to that claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

**RESPONSE:**

Defendant objects to this Interrogatory as it is overly broad, unduly burdensome, and Defendant is not required to marshal his evidence. Defendant further objects as Plaintiff is impermissibly attempting to shift the burden of proof onto State Farm. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 12.** Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

**RESPONSE:**

Defendant objects to this interrogatory to the extent it purports to require Defendant to marshal all of his evidence or state all its legal or factual assertions in answering it. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 13.** How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

**RESPONSE:**

Defendant objects to this interrogatory to the extent it purports to require Defendant to marshal all of his evidence or state all its legal or factual assertions in answering it. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 14.** Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

**RESPONSE:**

Defendant objects to the Request to the extent that it seeks confidential, proprietary business information and trade secrets that are the sole and exclusive property of the insurance company that this Defendant has no legal authority to produce. Further, due to the overly broad nature of this Request, it is also a potential invasion of the attorney-client privilege and the work product privilege. Moreover, the Request is unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, this Defendant relied on the contract of insurance, electronic information regarding the claim, and relevant claims handling procedures for claims alleged to have arisen from the weather event that occurred on the date of loss.

Additionally, subject to and without waiving the foregoing objections, for information reflecting the application of claims procedures to Plaintiff's claim, see the records produced by State Farm from State Farm's Enterprise Claim System relative to Plaintiff's claim.

**INTERROGATORY NO. 15.** Identify all documents or information you requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiffs who received the request.

**RESPONSE:**

Defendant objects that this information is equally accessible to Plaintiffs. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 16.** Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

**RESPONSE:**

Defendant has no such documents in his possession, custody or control.

**INTERROGATORY NO. 17.** To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

**RESPONSE:**

Defendant objects to this Request as vague, ambiguous, and overly broad, rendering it nothing more than a fishing expedition, in violation of the letter and spirit of Texas Discovery law. Further, there has been no showing that any of the documents in the underlying documents previously produced by State Farm have been lost, destroyed, or otherwise made unavailable. Therefore the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18.** Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

Materials on which individuals were trained prior to the date of loss, and that were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. This request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

As to State Farm training materials, this Defendant objects in that the request may cover materials that are confidential, proprietary business information and/or trade secret. In addition, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client or work product privileges.

By _____
FELIPE FARIAS

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared, FELIPE FARIAS, Defendant in the above entitled and numbered cause, being by me duly sworn, upon oath deposed and said that he has read the Objections and Responses to Plaintiffs' Interrogatories, and they are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME by the said FELIPE FARIAS on this the 18th day of August, 2014.

_____
Notary Public, State of Texas



PATRICIA L BENSON
My Commission Expires
September 19, 2016

NO. 2014CVF001162-D1

| RAUL RODRIGUEZ AND | § | IN THE DISTRICT COURT OF |
| NOEMI RODRIGUEZ | § | |
| | § | |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| FELIPE FARIAS | § | 49TH JUDICIAL DISTRICT |

## PRIVILEGE LOG

Comes now STATE FARM LLOYDS, Defendant herein, and files the following

Privilege Log:

| BATES NO. | DESCRIPTION OF ITEMS WITHHELD | PRIVILEGE |
|---|---|---|
| SF000001 | State Farm Financial Summary contains confidential claims handling information and was prepared after the anticipated date of litigation | Work product |
| SF000005 THRU SF000007 | State Farm Claim Owner Office, Claim Handler Office, Alerts and Participant Details - Named Insured contains confidential claims handling and insured information and was prepared after the anticipated date of litigation | Work product |
| SF000010 | State Farm View Performers contains confidential claims handling information and prepared after the anticipated date of litigation | Work product |
| SF000015 | State Farm File History - Tasks prepared after the anticipated date of litigation | Work product |
| SF000016 THRU SF000017 | State Farm File History - File Changes prepared after the anticipated date of litigation | Work product |
| SF000021 THRU SF000022 | State Farm File History - Financial Changes and File History - Performer Changes prepared after the anticipated date of litigation | Work product |
| SF000025 | State Farm Document List Details Report prepared after the anticipated date of litigation | Work product |
| SF000036 | State Farm email prepared after the anticipated date of litigation | Work product |
| SF000037 | State Farm correspondence prepared after the anticipated date of litigation | Work product |
| SF000120 | State Farm Claim Rep Draft contains confidential insured information | Work product |
| SF000136 | State Farm Labor Report contains | Work product |

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

| | confidential insured information | |
|---|---|---|
| SF000138 | State Farm Materials Report contains confidential insured information | Work product |
| SF000139 | State Farm Summary Report contains confidential insured information | Work product |
| SF000146 THRU SF000148 | State Farm ISO ClaimSearch Replacement Claim Details contains confidential insured information | Work product |

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)


VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this *19th* day of *August*, 2014, served on the following via the method referenced below:

VIA CM/RRR
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, TX 77027


TIFFANY DEBOLT

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## DEFENDANT'S, STATE FARM LLOYDS, RESPONSES TO PLAINTIFF'S REQUESTS FOR DISCLOSURE

TO:   RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, by and through their attorneys of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now STATE FARM LLOYDS, Defendant herein, and files this its Responses to

Plaintiff's Requests for Disclosure.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)

_____
VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law, Webb County, Texas
By _____ Deputy



## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this _19th_ day of _August_, 2014, served on the following:

VIA CM/RRR
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

_____
TIFFANY DeBOLT

## DEFENDANT'S, STATE FARM LLOYDS, RESPONSES TO
## PLAINTIFF'S REQUESTS FOR DISCLOSURE

(a)  The correct names of the parties to the lawsuit.

**RESPONSE: Defendant believes that Plaintiff's petition properly sets forth the correct names of the parties.**

(b)  The name, address, and telephone number of any potential parties.

**RESPONSE: Defendant is unaware of any possible responsible third parties at this time, but reserves the right to supplement this response.**

(c)  The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

**RESPONSE: Defendant generally denies Plaintiff's allegations. Please also see Defendant's live pleadings.**

(d)  The amount and any method of calculating economic damages.

**RESPONSE: Defendant is not seeking economic damages. Plaintiff's recovery, if any, is limited by the terms of the insurance contract.**

(e)  The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE: See attached Exhibit "A". Defendant will supplement as more information becomes available.**

(f)  For any testifying expert:

   (1)  the expert's name, address, and telephone number;
   (2)  the subject matter on which the expert will testify;

   (3)  the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

   (4)  if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

       (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

       (B)    the expert's current resume and bibliography.

**RESPONSE**: **None at this time; Defendant will supplement.**
**Defendant reserves the right to call any and all experts designed by Plaintiff herein.**

(g)    Any discoverable indemnity and insuring agreements.

**RESPONSE**: **See attached Exhibit "B".**

(h)    Any discoverable settlement agreements.

**RESPONSE**: **None.**

(i)    Any discoverable witness statements.

**RESPONSE**: **None in Defendant's possession.**

(j)    All medical records and bills that are reasonably related to the injuries and damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE**: **Not applicable.**

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE**: **Not applicable.**

(l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:** **Defendant is unaware of any possible third parties at this time, but reserves the right to supplement this response.**

**EXHIBIT A**
**WITNESS LIST**

| Name | Address | Telephone | Connection to the Case |
|---|---|---|---|
| Raul Rodriguez | c/o J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff |
| Noemi Rodriguez | c/o J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff |
| State Farm Lloyds<br><br>Felipe Farias | c/o Van Huseman and Tiffany DeBolt, Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401 | 361-883-3563 | Defendant |
| Felipe Farias | c/o Van Huseman and Tiffany DeBolt, Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401 | 361-883-3563 | Defendant |
| J. Steve Mostyn | 3810 West Alabama Street, Houston, Texas 77027 | 713-861-6616 | Plaintiff's counsel |
| Van Huseman Tiffany DeBolt | Huseman & Stewart, PLLC, 615 N. Upper Broadway, Suite 2000, Corpus Christi, | 361-883-3563 | Defendant's counsel |


A True copy of the original I certify
the _____ day of _____ 20____
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

| | TX 78401 | | |
|---|---|---|---|

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, Plaintiffs | § § § § | IN THE DISTRICT COURT |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, Defendants | § § § § | 49TH JUDICIAL DISTRICT |

## DEFENDANT'S, STATE FARM LLOYDS, RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

TO:     Raul and Noemi Rodriguez, by and through their attorney of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now STATE FARM LLOYDS, Defendant herein, and files this its Responses and Objections to Plaintiffs' Requests for Production.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)


VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this 19ᵗʰ day of August 2014, served on the following:

**Via CM-RRR**
The Mostyn Law Firm
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

TIFFANY DEBOLT

# DEFENDANT'S, STATE FARM LLOYDS, OBJECTIONS TO DEFINITIONS

1. State Farm objects to Plaintiffs' definition of the term "Document" in that the following terms or phrases are vague and ambiguous: "visual" and "information items." State Farm notes that all "textual" documents are also "visual" inasmuch as they can be seen and therefore it is unclear what is meant by the separate category of "visual" items. In responding to this discovery, State Farm assumes the term "visual" is meant to refer to graphic images. Similarly, the term "information items" is vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery under the Tex. R. Civ. P. because many items of information may be shared by oral communication, and therefore are not "things" subject to discovery under Tex. R. Civ. P. 192.3(b); or may be ephemeral information, such as temporary computer files, and therefore preservation and production of such information would be disproportionate to the scope of the matter pursuant to Tex. R. Civ. P. 192.4. In responding to discovery, State Farm assumes that "information items" is meant to refer to the documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1. State Farm further objects to Plaintiffs' use of the term "Document" to the extent it seeks to require State Farm to record and/or produce records and information that are not ordinarily captured, and/or are overwritten in the ordinary course of operating State Farm's computing systems making the definition overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. State Farm further objects to the extent the definition implies there is an obligation to produce information subject to discovery under Tex. R. Civ. P. 196 in more than one form or in a manner that is different than the forms in which State Farm has already agreed to produce, or that the same must be produced in native format. Native format may not be reasonably available to State Farm in the ordinary course of business. Finally, State Farm objects to the definition of "Document" to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege and/or work product doctrine. State Farm will produce responsive, non-privileged documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1.

2. State Farm objects to Plaintiffs' definition of the term "Person" and consequently "Handle," "handled," "handling" and/or "worked on" by "any person" to the extent that it purports to impose obligations greater than those set forth in Tex. R. Civ. P. 192.3. State Farm further objects to the extent the definitions include its attorneys or to the extent Plaintiffs seek information protected from discovery by the attorney-client privilege and/or work product protection.

3. State Farm objects to Plaintiffs' definition of the term "Describe" in that it is ambiguous whether the term "document" therein is meant to be a general term, or if it is referring to "Document" as defined herein. Assuming that the term "document" is meant to include

electronically stored information discoverable under Tex. R. Civ. P. 196, State Farm objects to the definition of "Describe" because parts a. through e. are vague and ambiguous and it is not clear what specific information plaintiffs are seeking (e.g., a Word document may be titled "ABC.docx" in the Windows file title and have a different title or heading in the document's text). State Farm further objects to the definition of "Describe" to the extent that it seeks information about "Documents" that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

## OBJECTIONS TO PRODUCTION PROTOCOL RELATING TO ELECTRONICALLY STORE INFORMATION (ESI) ATTENDANT TO PLAINTIFFS' DISCOVERY TO DEFENDANT STATE FARM LLOYDS

1. State Farm objects to the request for production in native format to the extent responsive documents are not reasonably available in native format to State Farm in the ordinary course of business. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, State Farm agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business. Documents that contain redactions will not be produced in native format. Please also refer to objection number 6.

2. State Farm objects to Plaintiffs' description of near native file types on the grounds that it does not offer an alternative to native format. State Farm therefore incorporates by reference the objection to protocol provision number 2 regarding the production of native format above. (See paragraph 2.) State Farm further objects pursuant to Tex. R. Civ. P. 196.4, it is not required to produce ESI in near-native formats if it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

3. State Farm objects to Plaintiffs' examples of near-native forms on the grounds they do not represent an alternative to a native format. For those examples that represent native forms sought, State Farm objects to the extent responsive documents are not reasonably available in native format to State Farm in the ordinary course of business. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, on that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, State Farm agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business.

4. State Farm objects to this request because it is overboard and unduly burdensome. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

Notwithstanding these objections, State Farm will produce database reports generated in the ordinary course of business in the form they are normally used. State Farm agrees to meet and confer prior to producing from databases as necessary.

5. State Farm objects to the production of information items in color to the extent it cannot, through reasonable efforts, produce such items in the requested format pursuant to Tex. R. Civ. P. 196.4. State Farm objects to the production request to the extent it requests full extraction and OCR for redacted documents on the grounds it seeks attorney-client or work product privileged materials. Notwithstanding these objections, State Farm notes that any documents produced natively will retain any color existing in the original document. State Farm agrees to extract the non-redacted content of each document by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file. State Farm further objects to Plaintiffs' production request insofar as it directs State Farm to undertake efforts that exceed the requirements of Tex. R. Civ. P. 193.3. State Farm will withhold privileged material or information and describe the same in accordance with the Texas Rules of Civil Procedure.

6. State Farm objects to Plaintiffs' demand that Adobe Acrobat be used for redactions on the grounds that using Adobe Acrobat will require unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

7. State Farm objects to Plaintiffs' demand for deduplication by MD5 hash value on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, State Farm will produce such information to the extent the field values are available.

8. State Farm objects to Plaintiffs' demand State Farm produce ESI on the medium requiring the least number of deliverables in that it purports to impose obligations greater than those set forth in the Texas Rule of Civil Procedure. State Farm further objects to Plaintiffs' request that State Farm organize productions by custodian because it would require State Farm to undertake unreasonable and extraordinary efforts insofar as ESI is not organized by custodian in State Farm's ordinary course of business. Additionally, State Farm objects to Plaintiffs' request that all documents from an individual custodian be delivered in a single load file on the grounds it is unduly burdensome and will cause unnecessary delay in the production of documents in contravention of Tex. R. Civ. P. 1.

9. State Farm objects to the request to the extent it requires use of a dash (-) in the bates numbering format on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm also objects to this request with

respect to claim information on the grounds that it requires State Farm to undertake unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

10. State Farm objects to Plaintiffs' demand that the load file provide MD5 hash values on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, State Farm will produce such information to the extent the field values are available.

**REQUEST FOR PRODUCTION NO. 1.** The following insurance documents issued for the Property as identified in the Petition:

    a.     the policy at issue for the date of loss as identified in the Petition; and

    b.     the policy declarations page for the 3 years preceding the storm.

**RESPONSE:**

Please see attached document Bates Numbered BRA000001-BRA000053.

**REQUEST FOR PRODUCTION NO. 2.** Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

**RESPONSE:**

State Farm objects to this request because it seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to the term "underwriting file" because it is vague, ambiguous and overbroad to the extent it assumes a physical file exists. State Farm does not maintain a physical file folder with respect to each insured. Underwriting information regarding each policy is stored electronically. State Farm further objects to this request as overly broad in scope and time.

**REQUEST FOR PRODUCTION NO. 3.** All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

**RESPONSE:**

Objection this request is overly broad, unduly burdensome, vague, and not limited in time and scope.

Notwithstanding the foregoing, please see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation, Bates Numbered SF000001-SF000150.

**REQUEST FOR PRODUCTION NO. 4.** All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

**RESPONSE:**

State Farm objects to this Request because it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, included in the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation, is information reflecting Plaintiffs' prior claims (if any) on the subject policy of insurance. State Farm handles each claim according to its individual merits and unique set of circumstances.

**REQUEST FOR PRODUCTION NO. 5.** All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

**RESPONSE:**

Objection this request is overly broad, unduly burdensome, vague, and not limited in time and scope. Furthermore, the information in this request is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, please see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation, Bates Numbered SF000001-SF000150.

**REQUEST FOR PRODUCTION NO. 6.** All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

**RESPONSE:**

State Farm objects to the Request as vague, ambiguous, overly broad, and unduly burdensome. State Farm objects to the Request because it appears to be seeking confidential, proprietary business information and trade secrets. Further, due to the overly broad nature of this Request, the question is also a potential invasion of the attorney-client privilege and the attorney work product doctrine. Moreover, the Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, are neither material nor relevant to the matters at issue in this case. Subject to and without waiving these objections, State Farm agrees to produce relevant claims handling procedures that may have been used to adjust claims alleged to have arisen from the weather event that occurred on the date of loss, some of which will require an agreed upon Confidentiality/Protective Order before production. Additionally, subject to and without waiving the foregoing objections, for information reflecting the application of claims procedures to Plaintiffs' claim, see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim. Operational and procedural guides provide instructions as to what is to be printed from the ECS in order to generate a Claim File for production outside of the ECS environment. In addition to what is printed from the ECS to generate a Claim File, any associated paper or other physical file materials are also considered part of the Claim File. State Farm has produced its Claim File.

State Farm is withholding portions of its Claim File that contain information protected by the attorney client privilege and/or is work product.

**REQUEST FOR PRODUCTION NO. 7.** All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

**RESPONSE:**

Objection this request is overly broad, unduly burdensome, vague, and not limited in time and scope. Furthermore, the information in this request is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, please see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation, Bates Numbered SF000001-SF000150.

**REQUEST FOR PRODUCTION NO. 8.** All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

**RESPONSE:**

Objection this request is overly broad, unduly burdensome, vague, and not limited in time and scope. Furthermore, the information in this request is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, please see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation, Bates Numbered SF000001-SF000150.

**REQUEST FOR PRODUCTION NO. 9.** Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

State Farm objects to this Request, as it is vague and overly broad in scope. State Farm objects to this Request because it appears to seek confidential, proprietary business information and

trade secrets. As presently worded, the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, a copy of the Xactimate estimate(s) pertaining to the claim at issue was included in the records previously produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation. Price list(s) was/were used to prepare that/those estimate(s). As applicable to Plaintiffs' claim, any modifications to the prices on the specified price list(s) will be reflected in the estimate and/or the Price Variation Usage, or Audit reports included in the records provided from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 10.** To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

**RESPONSE:**

State Farm objects to this Request, as it is vague and overly broad in scope. State Farm objects to this Request because it appears to seek confidential, proprietary business information and trade secrets. As presently worded, the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, a copy of the Xactimate estimate(s) pertaining to the claim at issue was included in the records previously produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation. Price list(s) was/were used to prepare that/those estimate(s). As applicable to Plaintiffs' claim, any modifications to the prices on the specified price list(s) will be reflected in the estimate and/or the Price Variation Usage, or Audit reports included in the records provided from State Farm's Enterprise Claim System relative to Plaintiffs' claim that is the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 11.** A complete copy [of] the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

**RESPONSE:**

State Farm objects to this Request because it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The Request calls for confidential and proprietary business information belonging to the State Farm and invades the privacy of defendant's

employees. The Request is overly broad in scope and calls for information that surpasses the issues in this case.

**REQUEST FOR PRODUCTION NO. 12.** All organizational charts, diagrams, lists, and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

State Farm objects to the Request on the grounds that it is vague and ambiguous, and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. It seeks information that would be more properly obtained through a deposition. Further, it seeks confidential and proprietary business information. It is overly broad and does not confine itself to the individuals involved in the handling of this claim.

**REQUEST FOR PRODUCTION NO. 13.** All Texas insurance licenses and/or certifications in effect that (sic) the time of the claims arising out of the Webb County hail storm which occurred on or about June 7, 2013 and/or June 14, 2013 for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

**RESPONSE:**

State Farm objects to the Request as seeking information equally available to all parties. Specifically, this information is publicly available without charge at www.tdi.texas.gov and/or www.sircon.com. The adjuster's licensing status and number can be found on the TDI site and his or her CE information may be found on Sircon. In addition, State Farm objects to this Request as overly broad in time, insofar as it seeks licensing information prior to the date of loss, and overly broad in scope, insofar as it seeks licensing information not relevant to an adjuster's status in Texas.

**REQUEST FOR PRODUCTION NO. 14.** If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

State Farm objects to this Request because it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The existence of other claims will neither prove nor disprove that any wrongdoing occurred in the handling of this claim. The Request may also

violate the privacy rights of other policyholders or consumers, as well as invade the attorney/client and or work product privileges. Responding to this Request has the potential to be onerous and burdensome. State Farm objects to the request to the extent it seeks information related to a testifying expert witness in violation of Texas Rule of Civil Procedure 195.1 or a consulting-only expert, in violation of Texas Rule of Civil Procedure 192.3(e).

Notwithstanding its objections, for information reflecting the engineer, if any, involved in handling Plaintiffs' claim at issue in this lawsuit, see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim.

**REQUEST FOR PRODUCTION NO. 15.** Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 17 above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

**RESPONSE:**

State Farm objects to this Request because it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The existence of other claims will neither prove nor disprove that any wrongdoing occurred in the handling of this claim. The Request is also overly broad in terms of geographic area and may also violate the privacy rights of other policyholders or consumers, as well as invade the attorney/client and or work product privileges. Responding to this Request has the potential to be onerous and burdensome. State Farm objects to the request to the extent it seeks information related to a testifying expert witness in violation of Texas Rule of Civil Procedure 195.1 or a consulting-only expert, in violation of Texas Rule of Civil Procedure 192.3(e).

Notwithstanding its objections, for information reflecting the engineer, if any, involved in handling Plaintiffs' claim at issue in this lawsuit, see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim.

**REQUEST FOR PRODUCTION NO. 16.** All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

State Farm objects to this Request as it is overbroad and is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17.** All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who

handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

**RESPONSE:**

State Farm objects to the Request because it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The Request calls for confidential and proprietary business information belonging to the State Farm and invades the privacy of defendant's employees. The Request is overly broad in scope and calls for information that surpasses the issues in this case.

**REQUEST FOR PRODUCTION NO. 18.** All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

**RESPONSE:**

State Farm objects to the Request because it is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. The Request calls for confidential and proprietary business information belonging to the State Farm and invades the privacy of defendant's employees. The Request is overly broad in scope and calls for information that surpasses the issues in this case.

**REQUEST FOR PRODUCTION NO. 19.** All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

State Farm objects to this request as vague, ambiguous, and unduly burdensome. Further, the request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request seeks confidential, proprietary, business information and trade secrets. State Farm further objects to this request because Plaintiffs have not established that production of State Farm's confidential, proprietary or trade secret information is necessary for a fair adjudication of Plaintiffs' claims as required by the Texas Supreme Court and Rule of Evidence 507. State Farm further objects that this request is overly broad and invades the privacy of persons who are not parties to this lawsuit.

Notwithstanding the foregoing, for a copy of the Xactimate® estimate, to which certain XactAnalysis® reports are attached, any payments made on the claim at issue in this lawsuit, and the claims persons who handled the claim at issue in this lawsuit, see the records previously produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim. Operational and procedural guides provide instructions as to what is to be printed from the ECS in order to

generate a Claim File for production outside of the ECS environment. In addition to what is printed from the ECS to generate a Claim File, any associated paper or other physical file materials are also considered part of the Claim File. State Farm has produced its Claim File. State Farm is withholding portions of its Claim File that contain information protected by the attorney client privilege and/or is work product.

**REQUEST FOR PRODUCTION NO. 20.** Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

**RESPONSE:**

State Farm objects to this request as vague ambiguous, and unduly burdensome. The Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. This request seeks confidential, proprietary business information and trade secrets. Further, State Farm objects to this request to the extent it seeks communications protected by the attorney-client or work product privileges. State Farm further objects to this request because Plaintiffs have not established that production of State Farm's confidential, proprietary or trade secret information is necessary for a fair adjudication of Plaintiffs' claims as required by the Texas Supreme Court and Rule of Evidence 507. State Farm further objects that this request is overly broad and invades the privacy of persons who are not parties to this lawsuit.

Notwithstanding the foregoing, see the records produced from State Farm's Enterprise Claim System relative to Plaintiffs' claim. Operational and procedural guides provide instructions as to what is to be printed from the ECS in order to generate a Claim File for production outside of the ECS environment. In addition to what is printed from the ECS to generate a Claim File, any associated paper or other physical file materials are also considered part of the Claim File. State Farm has produced its Claim File. State Farm is withholding portions of its Claim File that contain information protected by the attorney client privilege and/or is work product.

**REQUEST FOR PRODUCTION NO. 21.** All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Webb County hail storm occurring on or about June 7, 2013 and/or June 14, 2013.

**RESPONSE:**

State Farm does not utilize any report called "Simsol Management."

**REQUEST FOR PRODUCTION NO. 22.** Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 21 above.

**RESPONSE:**

State Farm does not utilize any report called "Simsol Management."

**REQUEST FOR PRODUCTION NO. 23.** For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

**RESPONSE:**

State Farm will supplement if and when such information becomes available.

**REQUEST FOR PRODUCTION NO. 24.** Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

State Farm will supplement if and when such information becomes available.

**REQUEST FOR PRODUCTION NO. 25.** All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

**RESPONSE:**

State Farm objects to this Request as overly broad, vague, and ambiguous as stated. State Farm further objects to this Request as it calls for information and documents that are considered confidential, propriety, trade secret business information. State Farm also objects to this Request on grounds that it seeks information that is not relevant to any issue in this claim.

**REQUEST FOR PRODUCTION NO. 26.** All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

**RESPONSE:**

State Farm objects to this Request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request calls for confidential, proprietary and/or trade secret information.

**REQUEST FOR PRODUCTION NO. 27.** All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

**RESPONSE:**

State Farm objects to this Request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this Request as it is vague, ambiguous, and overly broad in scope, time, and geography. Further, this request calls for confidential, proprietary and/or trade secret information. In addition, State Farm objects to this request to the extent it seeks communications protected by the attorney-client or work product privileges.

Notwithstanding its objections, no independent adjuster was primarily involved in the handling of the claim at issue. State Farm will produce the Code of Conduct applicable to employee adjuster(s) who had primary involvement in handling Plaintiffs' claim.

**REQUEST FOR PRODUCTION NO. 28.** All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

**RESPONSE:**

State Farm objects to this Request as overly broad in time and scope, rendering it nothing more than a fishing expedition, in violation of the letter and spirit of Texas Discovery law. Further, there has been no showing that any of the documents in the underlying documents/information in ECS have been lost, destroyed, or otherwise made unavailable. Therefore the Request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29.** To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

**RESPONSE:**

Upon information and belief, the Plaintiffs' claim at issue in this lawsuit does not involve a rescinded policy. State Farm reserves the right to supplement this response if rescission becomes an issue in the litigation.

NO. 2014CVF001162-D1

| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## DEFENDANT'S, STATE FARM LLOYDS, RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO: Raul and Noemi Rodriguez, by and through their attorney of record, Mr. J. Steve Mostyn, 3810 West Alabama Street, Houston, Texas 77027.

Comes now STATE FARM LLOYDS, Defendant herein, and files this its Responses and Objections to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)


VAN HUSEMAN
State Bar No. 1032350
ERIC STEWART
State Bar No. 24058133
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this _19th_ day of _August_ 2014, served on the following:

**Via CM-RRR**
The Mostyn Law Firm
Mr. J. Steve Mostyn
3810 West Alabama Street
Houston, TX 77027

TIFFANY DEBOLT

## DEFENDANT'S, STATE FARM LLOYDS, OBJECTIONS TO DEFINITIONS

1. State Farm objects to Plaintiffs' definition of the term "Document" in that the following terms or phrases are vague and ambiguous: "visual" and "information items." State Farm notes that all "textual" documents are also "visual" inasmuch as they can be seen and therefore it is unclear what is meant by the separate category of "visual" items. In responding to this discovery, State Farm assumes the term "visual" is meant to refer to graphic images. Similarly, the term "information items" is vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery under the Tex. R. Civ. P. because many items of information may be shared by oral communication, and therefore are not "things" subject to discovery under Tex. R. Civ. P. 192.3(b); or may be ephemeral information, such as temporary computer files, and therefore preservation and production of such information would be disproportionate to the scope of the matter pursuant to Tex. R. Civ. P. 192.4. In responding to discovery, State Farm assumes that "information items" is meant to refer to the documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1. State Farm further objects to Plaintiffs' use of the term "Document" to the extent it seeks to require State Farm to record and/or produce records and information that are not ordinarily captured, and/or are overwritten in the ordinary course of operating State Farm's computing systems making the definition overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. State Farm further objects to the extent the definition implies there is an obligation to produce information subject to discovery under Tex. R. Civ. P. 196 in more than one form or in a manner that is different than the forms in which State Farm has already agreed to produce, or that the same must be produced in native format. Native format may not be reasonably available to State Farm in the ordinary course of business. Finally, State Farm objects to the definition of "Document" to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege and/or work product doctrine. State Farm will produce responsive, non-privileged documents and electronic information discoverable pursuant to Tex. R. Civ. P. 192.3(b) and 196.1.

2. State Farm objects to Plaintiffs' definition of the term "Person" and consequently "Handle," "handled," "handling" and/or "worked on" by "any person" to the extent that it purports to impose obligations greater than those set forth in Tex. R. Civ. P. 192.3. State Farm further objects to the extent the definitions include its attorneys or to the extent Plaintiffs seek information protected from discovery by the attorney-client privilege and/or work product protection.

3. State Farm objects to Plaintiffs' definition of the term "Describe" in that it is ambiguous whether the term "document" therein is meant to be a general term, or if it is referring to "Document" as defined herein. Assuming that the term "document" is meant to include

electronically stored information discoverable under Tex. R. Civ. P. 196, State Farm objects to the definition of "Describe" because parts a. through e. are vague and ambiguous and it is not clear what specific information plaintiffs are seeking (e.g., a Word document may be titled "ABC.docx" in the Windows file title and have a different title or heading in the document's text). State Farm further objects to the definition of "Describe" to the extent that it seeks information about "Documents" that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

## OBJECTIONS TO PRODUCTION PROTOCOL RELATING TO ELECTRONICALLY STORE INFORMATION (ESI) ATTENDANT TO PLAINTIFF'S DISCOVERY TO DEFENDANT STATE FARM LLOYDS

1. State Farm objects to the request for production in native format to the extent responsive documents are not reasonably available in native format to State Farm in the ordinary course of business. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, State Farm agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business. Documents that contain redactions will not be produced in native format. Please also refer to objection number 6.

2. State Farm objects to Plaintiffs' description of near native file types on the grounds that it does not offer an alternative to native format. State Farm therefore incorporates by reference the objection to protocol provision number 2 regarding the production of native format above. (See paragraph 2.) State Farm further objects pursuant to Tex. R. Civ. P. 196.4, it is not required to produce ESI in near-native formats if it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

3. State Farm objects to Plaintiffs' examples of near-native forms on the grounds they do not represent an alternative to a native format. For those examples that represent native forms sought, State Farm objects to the extent responsive documents are not reasonably available in native format to State Farm in the ordinary course of business. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, on that it would take unreasonable and extraordinary efforts to produce such documents in the form requested. Notwithstanding this objection, State Farm agrees to produce in native format pursuant to Tex. R. Civ. P. 196.4 to the extent responsive documents are reasonably available in native format in the ordinary course of business.

4. State Farm objects to this request because it is overboard and unduly burdensome. State Farm further objects pursuant to Tex. R. Civ. P. 196.4, in that it would take unreasonable and extraordinary efforts to produce such documents in the form requested.

Notwithstanding these objections, State Farm will produce database reports generated in the ordinary course of business in the form they are normally used. State Farm agrees to meet and confer prior to producing from databases as necessary.

5. State Farm objects to the production of information items in color to the extent it cannot, through reasonable efforts, produce such items in the requested format pursuant to Tex. R. Civ. P. 196.4. State Farm objects to the production request to the extent it requests full extraction and OCR for redacted documents on the grounds it seeks attorney-client or work product privileged materials. Notwithstanding these objections, State Farm notes that any documents produced natively will retain any color existing in the original document. State Farm agrees to extract the non-redacted content of each document by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file. State Farm further objects to Plaintiffs' production request insofar as it directs State Farm to undertake efforts that exceed the requirements of Tex. R. Civ. P. 193.3. State Farm will withhold privileged material or information and describe the same in accordance with the Texas Rules of Civil Procedure.

6. State Farm objects to Plaintiffs' demand that Adobe Acrobat be used for redactions on the grounds that using Adobe Acrobat will require unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

7. State Farm objects to Plaintiffs' demand for deduplication by MD5 hash value on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, State Farm will produce such information to the extent the field values are available.

8. State Farm objects to Plaintiffs' demand State Farm produce ESI on the medium requiring the least number of deliverables in that it purports to impose obligations greater than those set forth in the Texas Rule of Civil Procedure. State Farm further objects to Plaintiffs' request that State Farm organize productions by custodian because it would require State Farm to undertake unreasonable and extraordinary efforts insofar as ESI is not organized by custodian in State Farm's ordinary course of business. Additionally, State Farm objects to Plaintiffs' request that all documents from an individual custodian be delivered in a single load file on the grounds it is unduly burdensome and will cause unnecessary delay in the production of documents in contravention of Tex. R. Civ. P. 1.

9. State Farm objects to the request to the extent it requires use of a dash (-) in the bates numbering format on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm also objects to this request with

respect to claim information on the grounds that it requires State Farm to undertake unreasonable and extraordinary efforts pursuant to Tex. R. Civ. P. 196.4.

10. State Farm objects to Plaintiffs' demand that the load file provide MD5 hash values on the grounds that it requires State Farm to undertake unreasonable efforts pursuant to Tex. R. Civ. P. 196.4. State Farm will provide hash values but reserves the right to use an alternative to MD5. With respect to the categories of information requested in the load file, State Farm will produce such information to the extent the field values are available.

## DEFENDANT STATE FARM LLOYDS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers [sic] these interrogatories.

**RESPONSE:**

State Farm objects to this discovery as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. State Farm further objects to this question as it is vague, ambiguous and overly broad in scope. Notwithstanding its objections, State Farm states that this discovery is being answered by the signatory below, with the assistance of counsel.

**INTERROGATORY NO. 2.** Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

**RESPONSE:**

State Farm objects to the term "handled" as it is overly broad, vague, and unduly burdensome. Notwithstanding any objections, the persons and/or entities who worked on this claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 3.** State the following concerning notice of claim and timing of payment:

a. The date and manner in which Defendant received notice of the claim;
b. The date and manner in which Defendant acknowledged receipt of the claim;
c. The date and manner in which Defendant commenced investigation of the claim;
d. The date and manner in which Defendant requested from the Plaintiffs all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiffs; and
e. The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim;
f. To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
g. The date and manner in which you notified Plaintiffs of acceptance or rejection of coverage for all or any portion of Plaintiffs' claim; and
h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

**RESPONSE:**

State Farm received notice of this claim on or around June 19, 2013. Adjuster Felipe Farias contacted Plaintiffs on or around June 20, 2013, and inspected their property on or around June 26, 2013. Adjuster Farias advised the insured that the covered damage was below the deductible at the inspection, and mailed the estimate and explanation of coverage to Plaintiffs on June 27, 2013.

**INTERROGATORY NO. 4.** Identify each inspection of the Property made the basis of this Lawsuit by:

a.  The name and job title of each person who inspected the Property;
b.  The date of each inspection;
c.  The purpose of each inspection; and
d.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and not limited in time and scope.

Subject to these objections, Plaintiffs' property was inspected by adjuster Felipe Farias on or about June 26, 2013, after Plaintiffs made a claim with State Farm Lloyds. Documents generated from the inspection may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 5.** If Defendant is aware of documents that are not in Defendant's possession that are related the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

**RESPONSE:**

State Farm is not aware of any such documents. If and when such documents become available, State Farm will supplement this response.

**INTERROGATORY NO. 6.** State all dates on which Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s).

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, the file was closed on June 27, 2013.

**INTERROGATORY NO. 7.** Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and State Farm is not required to marshal its evidence. Subject to these objections, Plaintiffs failed to provide notice in accordance with Texas Insurance Code Section 541.

**INTERROGATORY NO. 8.** At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., roof, interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, ALE, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, Plaintiffs claimed that they suffered from a leak in the bedroom and kitchen, as well as wind damage to the roof. Further information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 9.** Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiffs failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, discovery in this matter is ongoing, and State Farm will supplement this answer as more information becomes available. Further information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 10.** At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), state whether the Plaintiff(s) failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, discovery in this matter is ongoing, and State Farm will supplement this answer as more information becomes available. Further information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 11.** At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiffs. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiffs did not respond and if Defendant denied any portion of the claim based on Plaintiffs' failure to respond.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. State Farm further objects that this information is equally accessible to Plaintiffs. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 12.** At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiffs failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiffs' claim.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. State Farm further objects that this information is equally accessible to Plaintiffs and duplicative of Plaintiffs' Requests for Disclosure. Subject to these

objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 13.** At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 14.** If you contend Plaintiffs' damages claimed in this lawsuit are the result of a prior insurance claim or prior unrepaired damage, please list all such prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any, and identify which prior claim or claims you contend pertain to such damage.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 15.** Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

**RESPONSE:**

State Farm objects to this Interrogatory as it is overly broad, unduly burdensome, and State Farm is not required to marshal its evidence. State Farm further objects as Plaintiff is impermissibly attempting to shift the burden of proof onto State Farm. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 16.** Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it.

**INTERROGATORY NO. 17.**     State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation. To the extent this information is reflected on an estimate, Defendant can refer Plaintiff(s) to such estimate.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it.

**INTERROGATORY NO. 18.**     Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it.

**INTERROGATORY NO. 19.** To the extent Defendant utilized an estimating software and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

**RESPONSE:**

State Farm objects to this interrogatory because it is vague and overly broad in scope. State Farm objects to his interrogatory because it appears to be seeking confidential, proprietary business information and trade secrets. As presently worded, the interrogatory is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20.**     State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it.

**INTERROGATORY NO. 21.**    Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area. For any price list developed by a third party vendor, identify any additions, deletions, alterations or modifications made by Defendant, describing the change and purpose of the change for preparing an estimate on the claim made the basis this Lawsuit.

**RESPONSE:**

State Farm objects to this interrogatory, as it is overly broad in scope, not relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks information that is confidential, proprietary and trade secret. Further, the information sought is not the property of State Farm but is owned by Xactware®.

**INTERROGATORY NO. 22.**    State whether of any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for the Webb County hail storms occurring on or about June 7, 2013 and/or June 14, 2013 in regards to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. State Farm also objects to this interrogatory as it is argumentative and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

**INTERROGATORY NO. 23.**    To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis this Lawsuit failed to identify, note, or document any storm related damage at the Property. If so, identify each item of damage that was not properly identified, noted, or documented.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 24.** To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. Subject to these objections, information regarding Plaintiffs' claim may be found within the records produced from the Enterprise Claim System relative to Plaintiffs' claim.

**INTERROGATORY NO. 25.** To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

**RESPONSE:**

State Farm objects to this interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. State Farm also objects to this interrogatory as it is argumentative and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

**INTERROGATORY NO. 26.** To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded. State Farm further objects to this Interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. State Farm also objects to this interrogatory as it is argumentative and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

**INTERROGATORY NO. 27.** To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded. State Farm further objects to this interrogatory because it seeks factual conclusions that are within the province of the jury and is an attempt by Plaintiff to shift the burden of proof. State Farm objects to this interrogatory as it is argumentative, vague and ambiguous, and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

**INTERROGATORY NO. 28.**     State the date Defendant first anticipated litigation.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded.

**INTERROGATORY NO. 29.**     Identify all evidence that may be used to impeach, by proof of final conviction of any felony or crime of moral turpitude, of any witness, including any party witness, by stating the following identifying information, pursuant to Tex. R. Evid. 609:

    a.    the name of the accused;
    b.    the charged offense;
    c.    whether the crime was a felony or involved moral turpitude;
    d.    the date of final conviction; and
    e.    the style, case number, and county of the proceeding.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded.

**INTERROGATORY NO. 30.**     Identify any and all witnesses who may be called to testify at trial pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded. State Farm further objects as this request is premature. State Farm will produce such information in accordance with the Court's scheduling order.

**INTERROGATORY NO. 31.**     Pursuant to Rule 192.3(e) of the Texas Rules of Civil Procedure, for each consulting expert, or expert who is not expected to be called as a witness but whose work product 1) forms the basis either in whole or in part of the opinions of an expert who

is to be called as a witness and/or 2) has been reviewed or relied upon by a testifying expert witness, please state:

      a.      The name, address, and telephone of such expert;

      b.      The number of times that expert has been retained by a defendant in any case;

      c.      The number of times that expert has been retained by a plaintiff in any case;

      d.      The number of times that expert has been retained by the attorney representing any Defendants in this suit;

      e.      The number of times that expert has been retained by the law firm representing any Defendants in this suit; and

      f.      The amount of compensation received or to be received in this case.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded.

**INTERROGATORY NO. 32.**     If you contend that the Policy is void for any reason, state the specific factual bases for that contention, identifying any and all investigations, the factors considered and the conclusion reached and the evidence that is the basis for that conclusion.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded. State Farm further objects to this Interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. State Farm also objects to this interrogatory as it is argumentative and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

**INTERROGATORY NO. 33.**     If you contend that the Plaintiffs made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

**RESPONSE:**

State Farm objects to this Interrogatory as it exceeds the permissible number of Interrogatories that may be propounded. State Farm further objects to this Interrogatory to the extent it purports to require State Farm to marshal all of its evidence or state all its legal or factual assertions in answering it. State Farm also objects to this interrogatory as it is argumentative and seeks legal conclusions. Additionally, State Farm objects to this interrogatory to the extent it violates the attorney-client or work product privileges.

STATE FARM LLOYDS

By ___*Ray Padilla*_____
RAY PADILLA

## VERIFICATION

THE STATE OF TEXAS          §
                           §
COUNTY OF BEXAR            §

BEFORE ME, the undersigned authority, on this day personally appeared, RAY PADILLA for State Farm Lloyds, Defendant in the above-entitled and numbered cause, being by me duly sworn, upon oath deposed and said that he has read the Objections and Responses to Plaintiff's Interrogatories, and they are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME by the said RAY PADILLA on this the 19th day of August, 2014.

_____
Notary Public, State of Texas

PATRICIA L. BENSON
My Commission Expires
September 19, 2016

CAUSE NO. 2014CVF001162-D1

| RAUL RODRIGUEZ AND NOEMI | § | IN THE DISTRICT COURT OF |
| RODRIGUEZ, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| AND FELIPE FARIAS | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## AFFIDAVIT OF TERRI BURGER
### BUSINESS RECORDS

Personally, appeared before the undersigned officer, duly authorized by law to administer oaths, came Terri Burger, who, upon being duly sworn, states and deposes of her own personal knowledge as follows:

1.

My name is Terri Burger. I am an Underwriting Team Manager and my office is located at 8900 Amberglen Boulevard, Austin, Williamson County, Texas, 78729. I am of sound mind, over the age of 18 years, have never been convicted of a felony or crime of moral turpitude and am competent to make this affidavit. Further, this affidavit is true and correct based upon my personal knowledge of the matters set forth herein.

2.

I am a custodian of records for State Farm Lloyds. The attached are records from policy number 83-BA-F091-1 issued by State Farm Lloyds to Raul Rodriguez, for the policy period of October 19, 2012 to October 19, 2013. The 51 pages of records which are attached to this affidavit were kept under my care, supervision, direction, and/or control and were kept by State Farm Lloyds in the regular course of its business. The memoranda, reports, notations and entries contained in these records were made at or near the time of the event reflected in these records or reasonably soon thereafter. It was in the regular course of business of State Farm Lloyds to have employees or representatives acting for or on behalf of State Farm Lloyds with knowledge of the act or event to make the memoranda, reports, notations, and entries contained in these records, or to transmit information concerning these matters to other employees or representatives of State Farm Lloyds designated to receive the information for the purpose of including it in the records of

A True copy of the original I certify
the _____ day of _____ 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

BRA000001

State Farm Lloyds. The records attached hereto are a reproduction of the original or exact duplicates of the original.

3.

The 51 pages of records attached are true and correct reproductions of the business records as described in this affidavit.

Further Affiant Sayeth Naught.

Signed this _____ 6th _____ day of __ August __ , 2014.

Terri Burger
Terri Burger

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this __ 6th __ day of _____ August _____ , 2014, by *Terri Burger*, who is personally known to me to be the person whose name is subscribed to this document.

_____
NOTARY PUBLIC

COMMISSION EXPIRES: __ August 5, 2015 __

BELINDA VEGA-RAMIREZ
MY COMMISSION EXPIRES
August 5, 2015

BRA000002



EXHIBIT
C

Filed
1/22/2015 3:57:34 PM
Esther Degollado
District Clerk
Webb District
2014-CVF-001162-D1



Cited
As of: Jun 19, 2014

**In re State Farm Lloyds**

**NO. 09-03-311 CV**

**COURT OF APPEALS OF TEXAS, NINTH DISTRICT, BEAUMONT**

*2003 Tex. App. LEXIS 8115*

**September 18, 2003, Opinion Delivered**

**DISPOSITION:** [*1] WRIT OF MANDAMUS DENIED.

**COUNSEL:** Clint W. Lewis, Lewis & Associates, Beaumont. Christopher W. Martin, Martin, Disiere, Jefferson & Wisdom, Houston, for relator.

Michael Ramsey, Provost, Umphrey Beaumont. John Cowan, Provost, Umphrey, Beaumont. J. Steve Mostyn, Houston, for real party in interest.

**JUDGES:** Before McKeithen, C.J., Burgess and Gaultney, JJ.

**OPINION**

Original Proceeding

MEMORANDUM OPINION [1]

   [1] *TEX. R. APP. P. 47.4.*

State Farm Lloyds seeks a writ of mandamus commanding the Honorable Donald Floyd, Judge for the 172nd District Court of Jefferson County, to vacate a protective order and to issue a different protective order that restricts the use and disclosure of certain privileged documents to the specific case before the trial court. For the reasons stated below, we deny relief.

During the course of discovery in the underlying litigation, Cause No. E-166, 963, *Grace Tabernacle United Pentecostal Church International v. State Farm Insurance Companies, et al.,* the plaintiff sought production of certain documents. Because the documents comprised trade secrets or proprietary information, the trial court issued a protective order that restricted disclosure of [*2] the "classified information" to "the currently named parties, their respective counsel, and expert witnesses the parties anticipate calling at trial in this litigation or any related litigation against Defendants in which Plaintiff's counsel is an attorney of record." Objecting to the "related litigation" clause in the protective order, State Farm filed this petition for writ of Mandamus. Because we conclude the trial court's order adequately protected State Farm from the involuntary disclosure of its trade secrets, we hold that the trial court did not abuse its discretion in this matter. *See In re Eli Lilly Co. v. Marshall, 850 S.W.2d 155, 36 Tex. Sup. Ct. J. 507 (Tex. 1993); Garcia v. Peeples, 734 S.W.2d 343, 30 Tex. Sup. Ct. J. 591 (Tex. 1987).* We deny the petition for writ of mandamus.

WRIT DENIED.

PER CURIAM

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy



TAB 7

OF THE RECORD

Filed
2/10/2015 2:32:57 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PENA,<br>　　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY<br>LANIER,<br>　　　Defendants | §<br>§<br>§<br>§ | 49TH JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION FOR ENTRY OF STATE FARM'S PROPOSED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants State Farm Lloyds ("State Farm"), Becky Lanier (collectively, "Defendants") file their Response and Objections to Plaintiff's Motion for Protective Order and Motion for Entry of State Farm's Proposed Protective Order. In support thereof, and pursuant to the Texas Rules of Civil Procedure, Defendants show as follows:

## I.
## INTRODUCTION

1.	The case presently before the Court is a suit arising out of a wind/hail insurance claim Plaintiff filed with State Farm. Defendants object to the entry of Plaintiff's Proposed Protective Order because it is inadequate. By insisting that State Farm produce or disclose Confidential Information without an appropriate and standard agreement that such information is confidential and should be handled accordingly, Plaintiff has put State Farm in an impossible position: State Farm can either disclose its protected materials without the basic protections that they warrant, and risk losing the confidential or trade secret status of the materials, *or* State Farm must withhold relevant discovery and risk sanctions from the Court.

2. The three-part argument Plaintiff offer in support of their proposed order is conclusory, and ultimately the Protective Order proposed by Plaintiff does not meet the criterions Plaintiff proffered.

3. First, Plaintiff argues that "Plaintiff's Proposed Protective Order provides all parties, including State Farm Lloyds, with adequate protection from disclosure of trade secret or proprietary information." (*See* Plaintiff's Motion, at ¶ 2.A.) However, Plaintiff's Proposed Protective Order is deficient in its protections of Confidential Information, while State Farm's Proposed Protective Order provides more complete protections, particularly with regard to electronically stored information ("ESI"), and better overall procedures. Specifically, Plaintiff's Proposed Protective Order does not provide adequate procedures because:

   i. It does not contain terms related to the designation and handling of electronically stored information ("ESI") that is confidential, proprietary, or trade secret.

   ii. It fails to recognize all persons whom will ordinarily handle Confidential Information during the course of this litigation.

   iii. It overlooks important procedures regarding the handling of Confidential Information and the duties of the parties that clearly should be preserved.

4. Second, Plaintiff argues that "Plaintiff's Proposed Protective Order is consistent with the protective order entered and used for substantially similar litigating involving Plaintiff's counsel and State Farm." (*See* Plaintiff's Motion, at ¶ 2.B.) However, Plaintiff fails to advise the court that **State Farm has consistently objected to the sharing provisions put forward by Plaintiff, and the lack of safeguards for their Confidential Information following the resolution of each matter.**

5. Third, Plaintiff argues that "Plaintiff's Proposed Protective Order contains a 'Shared Discovery' provision which will provide for more efficient discovery." (*See* Plaintiff's Motion, at ¶ 2.C.) However, the wide-spread sharing of Confidential Information greatly

increases the risk that such information will be improperly disclosed, dilutes the Court's ability to monitor and enforce the protections of a protective order, and poses an unreasonable risk to State Farm's property rights. State Farm is entitled to a confidentiality order that will reasonably limit the dissemination of its confidential information.

6. With few exceptions, State Farm's Proposed Protective Order (*see* Exhibit A) includes the terms proposed by Plaintiff but also adds much needed procedures that will ensure all forms of State Farm's Confidential Information are protected, regardless of the mode of production, without any adverse impact to the Plaintiff.[1] For these reasons, Defendants respectfully request this Court to deny Plaintiff's Motion for Entry of a Protective Order and move the Court to enter State Farm's Proposed Protective Order in this case.

## II.
## ARGUMENT & AUTHORITIES

7. Texas law encourages courts to grant protective orders to "protect [a] movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." Tex. R. Civ. P. § 192.6(b). Under the Texas discovery rules, privileged information is not discoverable. *See* Tex. R. Civ. P. 192.3(a) (defining general scope of discovery as "any matter *that is not privileged* and is relevant to the subject matter of the pending action ....") (emphasis added). Before a court can permit discovery of any confidential, trade secret, or proprietary information, a plaintiff must first establish the threshold requirements of relevance and a particularized need to discover the information and documents. *In re Continental Gen'l Tire*, 979 S.W.2d 609, 610-11 (Tex. 1998); *In re Union Pacific*, 249 S.W.3d 589, 592 (Tex. 2009) (a plaintiff must demonstrate the information sought is "material and

---

[1] *See* Exhibit B attached hereto for a paragraph-by-paragraph comparison of Plaintiff's Proposed Protective Order and State Farm's Proposed Protective Order.

necessary" to presentation of the case in which it is sought). This is a case-specific inquiry. *See In re Allstate County Mut. Ins. Co.* 227 S.W.3d 667, 668 (Tex. 2007) (granting mandamus in case involving overbroad requests for insurer personnel files and emphasizing that trial courts "must make an effort to impose reasonable discovery limits"); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (holding party requesting discovery has burden of demonstrating that the discovery is "tailored to include only matters relevant to the case"). Once the necessary thresholds are established, a trial court's duty is to protect confidential and trade secret documents through an appropriate protective order. *Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987).

8.     The Texas Supreme Court has explicitly recognized that confidential information can and should be the subject of an appropriately tailored protective order. *See In re George*, 28 S.W.3d 511, 514 (Tex. 2000) ("We recognize that the possibility exists that the disqualified attorneys could conceivably have revealed confidential information in discovery, correspondence, or other documents. *If this has happened, the former client can protect against this disclosure ... by seeking a protective order under Texas Rule of Civil Procedure 192.6.*") (emphasis added). Other courts from around the state and nation also routinely provide protection over the exchange of confidential materials during discovery. (*See, e.g.*, Exhibit C, Southern District of Texas form Protective Order, at p. 1 (protecting confidential information); *see also* Exhibit D, Western District of Texas form Confidentiality and Protective Order, at pp. 2-3, protecting "information that the party in good faith believes in fact is confidential.") As discussed below, the information Plaintiff seeks from State Farm is confidential, proprietary, and deserving of protection.

9. In addition, Texas law defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 776 (1958); *accord In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003) (orig. proceeding); *see also* Tex. Civ. Rem. & Prac. Code § 134A.002(6) (the recently enacted Texas Uniform Trade Secrets Act defines a trade secret as any "information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers that (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). As discussed below, the information Plaintiff seeks from State Farm is not only confidential and proprietary, but also contains trade secret information, deserving of protection.

10. The Texas Supreme Court described an "appropriate" protective order as one that "limits access to the information to the parties in [the instant] litigation, their lawyers, consultants, investigators, experts and other necessary persons employed by counsel to assist in the preparation of *this* case." *In re Continental Gen'l Tire*, 979 S.W.2d at 613, n. 3 (emphasis added); *see also Zappe v. Medtronic USA, Inc.*, No. C-08-369, 2009 U.S. Dist. LEXIS 23727 (S.D. Tex. March 23, 2009) (noting the Texas Supreme Court's move away from *Garcia* and entering a protective order that restricted the sharing of information). Moreover, an "appropriate" protective order requires return of the documents at the end of the case and requires that each person given access to the trade secret information agree in writing to maintain the information as confidential. *In re Continental Gen'l Tire*, 979 S.W.2d at 613, n.3; *see also In*

*re Remington Arms Co.*, 952 F.2d 1029, 1033 (8th Cir. 1991) (describing "appropriate" protective order for trade secrets as one that limits use to the case at hand, limits persons to whom trade secrets are disclosed and forbids reproduction of documents containing trade secret information).

**A. State Farm's business information warrants confidential treatment.**

11. State Farm has produced non-privileged claim-specific documents from its Enterprise Claim System and the relevant insurance policy. State Farm disagrees that the scope of all of Plaintiff's discovery requests are proper; however, State Farm is willing to produce additional responsive documents that are potentially relevant to the issues in this litigation, including policies, procedures, and training materials applicable to the adjustment of claims arising out of the weather event at issue *after* a proper protective order is entered in this case.

12. State Farm's Confidential Information warrants trade secret status because (1) the information is not known outside of State Farm or by others who compete with State Farm (i.e., other insurance carriers); (2) State Farm takes reasonable efforts to guard the secrecy of this information (such as not sharing it with others absent an appropriate confidentiality agreement or protective order, as is the case here); (3) this information is valuable to State Farm because it is vital to the efficient analysis and processing of claims; (4) State Farm has invested significant amounts of time, human resources, and money developing and implementing the systems described above; and (5) the information described above would not easily be acquired or duplicated by others. *In re Bass*, 113 S.W.3d at 737.

13. Indeed, under Texas law, a trade secret is at risk of losing its trade secret status if its owners are not diligent in their efforts to protect its secrecy or otherwise treat it as confidential. *Id.* (factors relevant to determining whether a trade secret exists include, among

other things, the extent of the measures taken by the party to guard the secrecy of the information). In recognition of an owner's responsibility to protect its trade secrets, and in addition to Tex. R. Civ. P. § 192.6(b) discussed above, the Texas Rules of Evidence specifically provide that a litigant may claim a privilege to refuse to disclose a trade secret so long as the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. *See* Tex. R. Evid. 507. "When disclosure is directed, *the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require.*" *Id.* (emphasis added); *see also* Tex. Civ. Rem. & Prac. Code § 134A.006 (the recently enacted Texas Uniform Trade Secrets Act providing that *"[t]here is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets. Protective orders may include provisions limiting access to confidential information* to only the attorneys and their experts, holding *in camera* hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.") (emphasis added).

14. To be clear, State Farm is not refusing to share its responsive confidential and proprietary information outright; it is merely requesting an appropriate confidentiality order that would allow it to do so without sacrificing the protections Texas law plainly affords. With few exceptions,[2] State Farm's Proposed Protective Order (*see* Exhibit A) includes the terms proposed by Plaintiff and simply adds much needed procedures that will ensure the protection of all forms of State Farm's Confidential Information regardless of the mode of production, without any adverse impact to the Plaintiff. Thus, there is no principled basis for Plaintiff's opposition.

---

[2] For the reasons stated in Section II. E. *infra*, State Farm does not agree to the broad sharing provisions included in Plaintiff's Proposed Protective Order.

**B. State Farm's Proposed Protective Order addresses the designation and handling of ESI that contains Confidential Information.**

15. Plaintiff has requested that State Farm produce ESI responsive to the discovery requests, but Plaintiff's Proposed Protective Order does not fully protect the confidential ESI State Farm will produce. Critically, Plaintiff's Proposed Protective Order is inadequate with respect to the handling of ESI for five reasons.

16. First, the general protections for Confidential Information should be met by limiting the unnecessary duplication of Confidential Information. ESI can be duplicated and circulated with ease, which increases the risk that confidential, propriety, or trade secret information will be disclosed in violation of the protective order. The last sentence of paragraph 1 of State Farm's Proposed Protective Order strengthens the general protections afforded by the order by expressly limiting unnecessary duplication and limiting the receiving party's right to use other parties' Confidential Information to the current litigation. This is ever more important in light of the increased volumes of ESI in litigation. As such, the provisions are in line with the protections contemplated by Rule 507[3] and should be adopted by the Court.

17. Second, Plaintiff's definition of Confidential Information does not specifically include ESI. ESI is distinct from hard copy documents or other information. For this reason, the Court should find that Plaintiff's Proposed Protective Order, which fails to account for the need to protect ESI, is deficient, and instead adopt paragraph 2 of State Farm's Proposed Protective Order.

18. Third, the protective legend that Plaintiff proposes the parties append to the file name (*see* Exhibit E, at ¶ 6) is so lengthy that it is unmanageable, and there is a risk the Windows operating system will cut it short. The Windows operating system has a 255 character limit for

---

[3] *See* paragraph 8 *supra.*

the combined file name and file path information. When Plaintiff's proposed legend in subparagraph 6.c is combined with standard path, file name, and Bates identifier information, it is very likely the combined information will exceed 255 characters. State Farm has proposed that the protective legend stop after the cause number. State Farm's proposed protective legend will allow the parties to accurately identify electronic files and the matter in which the file was produced, and is not likely to exceed the Windows 255 character limit. Consequently, State Farm requests the Court reject Plaintiff's proposed paragraph 6 and accept the paragraph 6 proposed by State Farm.

19. Fourth, Plaintiff's Proposed Protective Order fails to require the destruction of confidential ESI if it is improperly disclosed to a non-Qualified Person. (*See* Exhibit E, at ¶ 7.) Since it would be impractical to return copies of confidential ESI once it is placed on new media[4], it is essential that all non-authorized copies of confidential ESI be destroyed in order to ensure the confidentiality of the information contained on the unauthorized media. Paragraph 8 of State Farm's Proposed Protective Order specifically requires a party that improperly discloses Confidential Information to a non-Qualified Person to request the destruction of any such ESI. This procedure enhances the safeguards for Confidential Information, without impacting the rights of the parties to use such information during the course of this litigation. This type of language is typical and non-controversial in other cases. For that reason, the Court should adopt the terms of paragraph 8 of State Farm's Proposed Protective Order that provide for the destruction of ESI that contains Confidential Information.

20. Fifth, Plaintiff's Proposed Protective Order is impractical because it omits clear procedures for the destruction or return of State Farm's Confidential Information after the

---

[4] In order to return confidential ESI, the receiving party would have to turn over the actual media, such as the computer hard drive, that contains the copy of the confidential ESI.

resolution of the matter. Plaintiff's proposal effectively grants an unlimited use license to each plaintiff or their counsel to retain and use all State Farm Confidential Information received for an unlimited period of time. Such unlimited use is clearly beyond the scope of use necessary for the fair adjudication of this matter and should not be allowed. *See generally In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730 (Tex. 2003, orig. proceeding). The causes of action asserted in this litigation require proof of State Farm's alleged misconduct with regard to this particular Plaintiff only and return of confidential materials at the end of this litigation will not hamper Plaintiff's ability to examine witnesses or prove the elements of their case. Paragraph 20 in State Farm's Proposed Protective Order reasonably provides that within forty-five days of the final adjudication of the matter, all the confidential, proprietary and trade secret material produced or disclosed by State Farm in the course of this litigation must be returned or destroyed. Because Plaintiff's Proposed Protective Order is not reasonably tailored to protect State Farm's Confidential Information after this litigation concludes, the Court should deny Plaintiff's request for entry of Plaintiff's Proposed Protective Order and adopt paragraph 20 from State Farm's Proposed Protective Order.

**C.    The confidentiality order should address all persons to whom it will be provided.**

21.    A protective order is easily vitiated without specific procedures to enforce the handling of protected information. The protective order entered by this Court should recognize all persons who reasonably will be required to handle Confidential Information in this matter, and designate only those persons as "Qualified Persons." Plaintiff's definition of "Qualified Person" is both unreasonably under-inclusive and improperly over-inclusive in light of the facts of this case.

22.    Plaintiff's definition of Qualified Persons is under-inclusive because it omits counsel's staff; outside service-providers and consultants providing services related to document

and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); and the trier of fact pursuant to a sealing order. Persons in all of these categories naturally will receive Confidential Information during the course of this litigation. Thus, it is unreasonably under-inclusive to omit them from the protective order from the outset. For these reasons, the Court should accept paragraph 3 in State Farm's Proposed Protective Order.

23. For the reasons stated in section E. below, Plaintiff's inclusion of parties to other litigation (including State Farm's competitors) within the definition of Qualified Persons is improperly over-inclusive and should be rejected by the Court.

**D. The Protective Order should clearly preserve the general rights and duties of the parties.**

24. State Farm's Proposed Protective Order includes additional terms that provide clear and consistent procedures regarding the handling of Confidential Information throughout the litigation.

25. First, State Farm's Proposed Protective Order adds paragraph 9 which acknowledges that information in its possession, custody, or control may be the confidential information of non-parties. State Farm's proposed paragraph 9 acknowledges the general duties that a party may owe to a non-party to protect the confidentiality of the non-party's Confidential Information provided. Such practical duties do not impinge on the interest of justice in this case. Therefore, State Farm requests that the Court adopt paragraph 9 of State Farm's Proposed Protective Order.

26. Second, State Farm modified paragraph 10 to ensure that all Qualified Persons may remain during testimony regarding Confidential Information provided they are otherwise entitled to attend the deposition. Plaintiff's proposed paragraph 10 impractically limits the

persons that can attend a deposition during testimony regarding Confidential Information. Under Plaintiff's proposal, all persons other than "the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend," must leave the room, even if they are a Qualified Person who is otherwise entitled to attend the deposition. For example, it is common practice to have a party representative attend depositions and party representatives are Qualified Persons under the terms of Plaintiff's Proposed Protective Order. There is no reason to exclude Qualified Persons from a deposition if they are otherwise entitled to attend the deposition. The simplified procedure provided in State Farm's proposal clarifies the standard procedures and rights related to depositions. For these reasons, the Court should adopt the terms of paragraph 10 of State Farm's Proposed Protective Order.

27. Third, State Farm proposed paragraph 13 expands upon paragraph 9 of Plaintiff's Proposed Protective Order and provides that a receiving party must have a good-faith basis to request that Confidential Information be re-designated. This requirement is clearly contemplated under the rules and therefore State Farm requests that the Court adopt its paragraph 13.

28. Fourth, State Farm amended paragraph 14 of Plaintiff's Proposed Protective Order (c.f. Exhibit A, at ¶ 15) regarding the procedure for the Court to hear objections to any designation. These amended provisions extend the deadline to thirty days so that it is consistent with other time requirements in the protective order. The paragraph otherwise parallels the Plaintiff's proposal, and State Farm requests that the Court adopt its paragraph 15 in order to simplify the administration of this case.

29. None of State Farm's proposed additions and changes impinge upon the rights of Plaintiff. Rather, they help protect the rights of all parties and streamline procedures in this case.

Because Plaintiff has no practical or legal basis to object to these terms, Plaintiff's objections merely obstruct the unbiased adjudication of this matter.

**E.     Plaintiff's Proposed Protective Order provides for improper sharing of confidential, proprietary, or trade secret information outside of this litigation.**

30.     State Farm will be prejudiced, and its property interests in its Confidential Information are likely to be compromised, if Plaintiff's counsel is allowed to share State Farm's Confidential Information outside of this litigation. The wording in paragraph 1 of Plaintiff's Proposed Protective Order allows Plaintiff's counsel to share State Farm's confidential and proprietary information directly with any party, attorney, or expert witness *"arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose."*

The Protective Order specifically states:

> "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

(*See* Exhibit E, at ¶ 1.) The wide-spread sharing of Confidential Information greatly increases the risk that such information will be improperly disclosed, dilutes the Court's ability to monitor and enforce the protections of a protective order, and poses an unreasonable risk to State Farm's property rights. State Farm is entitled to a protective order that will reasonably limit the dissemination of its confidential information.

31.     Plaintiff cites *In re State Farm Lloyds*, No. 09-03-311-CV, 2003 Tex. App. LEXIS 8115 at *1-2 (Tex. App.—Beaumont Sept. 18, 2003, orig. proceeding), to justify their proposed provisions for sharing discovery. However, in that case the Court of Appeals merely made a conclusory holding, without providing any substantive analysis that shared discovery was

permissible in that case. That holding was never reviewed by Texas Supreme Court. When a similar issue was brought before the Texas Supreme Court in, *In re Fire Insurance Exchange*, No. 09-04-301-CV, 2004 Tex. App. LEXIS 8494 at *2 (Tex. App.—Beaumont Sept. 23, 2004, orig. proceeding), the Plaintiff's counsel – the same as Plaintiff's counsel as in this case – withdrew the protective order and made the issue moot. Consequently, there is no support in Texas law for the overbroad sharing provisions that Plaintiff seeks in this case.

32. Plaintiff's reliance on the shared discovery doctrine is also misplaced because the doctrine arose out of a products liability case, *Garcia v. Peeples*, and relates to the unique nature of such litigation, the nature of the discovery documents requested, and the public health and safety concerns implicated by the defendant's discovery objections in that case. 734 S.W.2d 343; *see also, Steenbergen v. Ford Motor Co.*, 814 S.W.2d 755 (Tex. App.—Dallas 1991, writ denied) (automobile products liability case); *American Honda Motor Co. v. Dibrell*, 736 S.W.2d 257 (Tex. App.—Austin 1987, no writ) (all-terrain vehicle product liability case). The public health concerns at play in a product liability matter, where every potential consumer is equally impacted by the same design specification and manufacture process, are not present in the individual insurance claims that arose out of the June 7, 2013 weather event. Moreover, each State Farm insurance policy at issue will be unique to the claimants and each insurance claim was independently adjusted. In fact, in most cases, the commonality between Plaintiffs will not reach beyond the fact that they each purchased a policy from State Farm and allege they suffered property damage in the weather events. Plaintiff cannot meet the burden to establish that a public benefit accrues from sharing discovery related to the specific insurance claims that have arisen regarding property damage from 2013.

33. Crucially, *Garcia* was decided nearly thirty years ago. Since that time, the ability to transmit vast quantities of information electronically has increased exponentially. Indeed, a single violation of the Protective Order could send State Farm's trade secrets around the country in a matter of minutes. Once that happens, retrieval would be impossible. The ease with which information can now be spread substantially undermines any argument that trade secrets will be protected under a protective order that allows sharing. *See, e.g., Gil v. Ford Motor Co.*, Civ. Action No. 1:06CV122, 2007 U.S. Dist. LEXIS 65269 (N.D.W. Va. 2007) (questioning Plaintiff's assertion that sharing provisions in a protective order would adequately protect trade secrets).

34. *Garcia v. Peeples* was also decided more than a decade before the Texas Supreme Court directly addressed the scope and application of the trade-secret privilege under Texas Rule of Evidence 507. *See In re Continental Gen'l Tire, Inc.*, 979 S.W.2d 609 (Tex. 1998). Underlying the holding and reasoning of *In re Continental* is the Court's recognition that "trade secrets are an important property interest, worthy of protection." *Id.* at 612. It is axiomatic that "once a trade secret is made public all ownership is lost." *Computer Assocs., Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 457 (Tex. 1996). This is true regardless of whether the production is requested in a case involving two business competitors or involving non-competitors. *In re Continental Gen'l Tire*, 979 S.W.2d at 613.

35. While extolling the general values of the civil litigation system, Plaintiff fails to explain how a sharing provision in the protective order is necessary for discovery in *her* case. Nor can she explain it because giving State Farm's trade secrets to other litigants has nothing to do with the prosecution of the case at hand. In contrast, the risk that State Farm's trade secrets

will be improperly disclosed is drastically increased once sharing outside the confines of this litigation has occurred.

36. The language of Plaintiff's proposed order condones the widespread distribution of every confidential and proprietary document, confidential deposition transcript, or discovery response produced in this case to all lawyers who file a lawsuit against State Farm on a wind/hail claim in Texas with a date of loss in 2013 without regard to the causes of action and factual allegations contained therein, the relationship to the present litigation, and without any obligation to return or destroy the information after a definite period of time. This allows Plaintiff's counsel to become a repository for such information for years to come, and will encourage associations and collusion with other counsel bringing claims against State Farm. Even under *Garcia*, the Plaintiff's Proposed Protective Order is deficient because it is not limited to similarly-situated litigants.

37. State Farm's concerns about any protective order that allows a Plaintiff's counsel to become a repository are not unfounded. The litigation marketplace contains websites and exchanges devoted to dissemination of confidential and proprietary information, with few controls and no access to information about who has the trade secret information, or where it may be used. Allowing use of confidential documents without limitation is problematic not just because of the risk that Confidential Information will fall into the hands of State Farm's competitors, but because the documents applying to or used in the handling of the claim at issue in this case may not be the same documents used or seen by adjusters in other cases; Plaintiff's are thus allowed to falsely impeach parties and witnesses in other cases.

38. The protective order State Farm has proposed does not deny Plaintiff any relevant Confidential Information that may be necessary for her to prove her case. But, unlike Plaintiff's

Proposed Protective Order, it also does not jeopardize the confidentiality of those materials by permitting an essentially ungoverned distribution to an overly broad class of persons into the indefinite future. Plaintiff's Proposed Protective Order is overly broad and Plaintiff has not presented sufficient justification for allowing a sharing provision.

39. For these reasons, the expansive sharing language in paragraphs 1 and 3 of Plaintiff's Proposed Protective Order should be rejected by the Court.

## III.
## CONCLUSION

40. In light of the foregoing, Plaintiff's Motion for Entry of Protective Order should be denied and State Farm's Proposed Protective Order, attached as Exhibit A, should be entered as a full confidentiality order in this case. Adoption of State Farm's Proposed Protective Order will allow State Farm to continue producing responsive material to Plaintiff while mitigating any risk that State Farm's Confidential Information will be disclosed without sufficient protection or otherwise lose its trade secret status.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Honorable Court deny Plaintiff's Motion for Protective Order, enter State Farm's Proposed Protective Order attached hereto, and for any other and further relief, at law or in equity, to which they show themselves justly entitled.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)

_Tiffany Debolt w/ permission_
_by E. Matti_
VAN HUSEMAN
State Bar No. 1032350
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds
& Becky Lanier

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this 10th day of February 2015, served on the following:

VIA E-SERVICE
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

_Tiffany Debolt w/ permission_
_by E. Matti_
TIFFANY DEBOLT

A True Copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts At Law Webb County Texas
By _____ Deputy

Filed
2/10/2015 2:32:57 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PENA,<br>　　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY<br>LANIER,<br>　　　Defendants | §<br>§<br>§<br>§ | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Lloyds (including its employees) and Becky Lanier ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material information contained in a document, ESI,



A True copy of the original I certify
the _____ day of _____ 20 __
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy



EXHIBIT

A

or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation arising out of a weather event on or about June 7, 2013 in Webb County, Texas; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other

2

than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential &

Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c.  For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert        #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert   #]"   if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in

4

the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a.

5

above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such

7

designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.   The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10.   Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a.   The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b.   The room is first cleared of all persons who are not Qualified Persons.

11.   In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that

8

the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific

protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client

10

privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

    a. Any party's right to object to any discovery requests on any ground.

    b. Any party's right to seek an order compelling discovery with respect to any discovery request.

    c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

    d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within forty-five (45) business days after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during

11

this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.


_____
JUDGE PRESIDING



12

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND BECKY | § | |
| LANIER, | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014CVF001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

DATED: _____     SIGNATURE _____

## EXHIBIT A



A True copy of the original I certify the _____ day of _____ 20 __ ESTHER DEGOLLADO Clerk of the District Court and County Court at Law Webb County, Texas By _____ Deputy

Filed
2/10/2015 2:32:57 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

*Alma Pena v. State Farm Lloyds et al.* **(2014-CVF-001048-D1)**
**Comparison of Protective Orders**

Text without highlights is identical
Yellow highlighted text indicates differences
Gray highlighted text denotes substantially similar text

| Plaintiffs' Protective Order | State Farm's Protective Order |
| --- | --- |
| **Scope** | |
| 1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out [sic] hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order. | 1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Lloyds (including its employees) and/or any third party adjusting firm (including its employees) ("Defendants") that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal is not narrowly tailored to limit the use of Confidential Information to the present litigation with State Farm and does not limit the reproduction of such information. ESI can be duplicated and circulated with ease, and unnecessary duplication increases the risk that confidential, proprietary, or trade secret information will be disclosed in violation of a protective order. The sharing of discovery in "related litigation" is not necessary in order to achieve fairness in the adjudication of this litigation, nor would it serve any public policy purpose. Moreover, Plaintiffs' definition of related litigation is not reasonably limited to a time and place.

Finally, Plaintiffs' proposal is inadequate because it fails to limit a receiving party's right to disclose information extracted from the hard-copy documents or electronically stored information produced.

**EXHIBIT**
**B**

A True Copy of the original I certify the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and County Court at Law Webb County Texas
By _____ Deputy

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Scope** | |

| | |
|---|---|
| **Why State Farm's Proposal is Better:** <br><br> Defendants have tailored the introductory paragraph to reflect that Confidential Information is being disclosed for use in the case at bar, and for no other purpose. In addition, Defendants have added language to reasonably protect any producing party from the unnecessary duplication of Confidential Information. | |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Definition – Confidential Information** | |
| 2. "Confidential Information," as used herein, means any information of any type which is designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark. | 2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery. |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Definition – Confidential Information** | |

| Why Plaintiffs' Proposal is Not Acceptable: |
|---|
| Plaintiffs' proposal does not specifically address the disclosure of trade secret information, electronically stored information, or the disclosure of information in the context of a meet and confer, all of which are relevant to this case. The second sentence of Plaintiffs' paragraph two deals with marking Confidential Information, which is the subject of paragraph 6, and should be addressed in that paragraph. |

| Why State Farm's Proposal is Better: |
|---|
| Under Texas law, all confidential, proprietary, and trade secret information is entitled to protection from the court when such information is relevant to the litigation and must be disclosed in the course of discovery. Specific protections for ESI and trade secret information are imperative to the protection of State Farm's property interests in its Confidential Information. State Farm's paragraph 2 expands the definition of Confidential Information to include all types of information (i.e., ESI), and all means through which such information is obtained. |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Qualified Person** | |
| 3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas [sic] a date of loss in 2013; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, | 3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation arising out of a weather event on or about [date], in [County] County, Texas; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Qualified Person** | |
| after notice to all parties and a hearing. | this Court, after notice to all parties and a hearing. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal provides the overbroad definition of the litigation as "hailstorms and/or windstorms in Texas [with] a date of loss in 2013.'" The Motion to Compel discovery filed with the Motion for Protective Order, however, identifies a "hail storm and/or windstorms damage that occurred on or about June 13, 2012." More importantly, Plaintiffs proposed paragraph three puts Defendants' Confidential Information at risk because it allows information produced to be shared with parties in unrelated litigation. In addition, the handling of a weather related claim in Dallas County is not necessarily related to the handling of an unrelated claim in another county.

**Why State Farm's Proposal is Better:**

State Farm's proposed paragraph 3 simply identifies the weather event that precipitated Plaintiffs to make an insurance claim regarding wind and hail damage.

4.  The parties generally agree regarding the language of paragraph 4 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 4 of State Farm's Proposed Protective Order. Plaintiffs' proposed language, however, contains a typographical error. The word "or" in the first sentence should be changed to "on" so that the sentence reads:

> Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person _on_ counsel for the designating party, and consent shall not be unreasonably withheld.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Disclosing Confidential Information** | |
| 5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this | 5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact— who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Disclosing Confidential Information** | |
| Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, **lead** counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. **Lead** counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to **counsel for the party designating the information as confidential** within ten (10) business days. | the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the **designating party's counsel** within ten (10) business days. |

**Why Plaintiffs' Proposal is Not Acceptable**:

State Farm will be prejudiced, and its property interests in its Confidential Information are likely to be compromised, if Plaintiffs' counsel is allowed to share State Farm's Confidential Information with "each party such counsel represents" or others outside of this litigation. Moreover, Plaintiffs' proposal does not exempt the Court, court officials, and the trier of fact from the requirement of the paragraph.

**Why State Farm's Proposal is Better**:

State Farm's paragraph 5 exempts the Court, court officials, and the trier of fact from the requirement that Qualified Persons execute an acknowledgement of the protective order (Exhibit A). This is merely a practical addition to the paragraph. If similar language is not included, under the terms of the protective order, the Court would be unnecessarily required to execute an acknowledgement of its own order.

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| **Designating Productions** | |

| | |
|---|---|
| 6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced: | 6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced: |
| a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document. | a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document. |
| b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image. | b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image. |
| c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a | c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a |

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| **Designating Productions** | |
| Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:<br><br>"CONFIDENTIAL-SUBJ_ TO_PROTECTIVE_ORDER_IN_ *Cause No. 2014-CVF-001048; Alma Pena vs. State Farm Lloyds, and Becky Lanier;* in the 49th District Court, Webb County, Texas." When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend:<br>"CONFIDENTIALSUBJ_ TO_PROTECTIVE_ORDER_IN_ *Cause No. 2014-CVF-001048; Alma Pena vs. State Farm Lloyds, and Becky Lanier;* in the 49th District Court, Webb County, Texas" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, | Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:<br><br>"CONFIDENTIAL- SUBJ_TO_PROTECTIVE_ORDER_IN _CAUSE_[insert #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:<br><br>"CONFIDENTIAL- SUBJ_TO_PROTECTIVE_ORDER_IN _CAUSE_[insert #]" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the |

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| **Designating Productions** | |
| hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.<br><br>d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number. | proceedings.<br><br>d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number. |

**Why Plaintiffs' Proposal is Not Acceptable:**

When Plaintiffs' proposed legend in subparagraph 6.c is combined with standard path, file name, and Bates identifier information, it is very likely the combined information will exceed 255 characters. Since the Windows operating system has a 255 character limit for the combined file name and file path information it will not be possible to use this file naming convention.

**Why Defendants' Proposal is Better:**

State Farm's proposed protective legend will allow the parties to accurately identify electronic files and the matter in which the file was produced, and is not likely to exceed the Windows 255 character limit when combined with standard path, file name, and Bates identifier information.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Inadvertent Disclosure** | |
| 7. Any party who inadvertently discloses Confidential Information during the | 8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Inadvertent Disclosure** | |
| discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents. | Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:<br><br>a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.<br><br>b. The date of the disclosure.<br><br>c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information. |

**Why Plaintiffs' Proposal is Not Acceptable:**

The parties generally agree that this protective order should provide procedures to be followed in the event that Confidential Information is disclosed to a non-Qualified Person. Plaintiffs' procedure does not contain the detail necessary to ensure that any inadvertent disclosure of Confidential Information is fully remedied. First, the paragraph limits the duties to remedy to "any party." Confidential Information may be inadvertently disclosed by any Qualified Person, not just a party to the litigation, and not just during discovery. Second, Plaintiffs' proposal merely provides procedures for disclosure of hard-copy documents or other physically tangible items that can be returned, and does not provide procedures to cover the destruction of ESI. If a non-Qualified Person receives Confidential Information through electronic transmission or copied or reproduced ESI that is Confidential Information, then the copies could not be returned, but would need to be destroyed.

In addition, the second sentence of Plaintiffs' proposed paragraph 7 appears to address a separate

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Inadvertent Disclosure** | |
| procedure for the parties to follow if Confidential Information is disclosed to a Qualified Person, but that information is not properly designated as confidential. That issue is separate from the issue of inadvertent disclosure of Confidential Information to a non-Qualified Person, and should be addressed in a separate paragraph. | |

| **Why State Farm's Proposal is Better:** |
|---|
| State Farm's proposed paragraph 8 ensures that in the event that Confidential Information is inadvertently disclosed to a non-Qualified Person, there are proper procedures for the destruction of ESI. Defendants also address the issue of disclosure of Confidential Information without a proper designation in a separate paragraph (see State Farm's ¶ 7). |

8. The parties generally agree regarding the language of paragraph 8 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 7 of State Farm's Proposed Protective Order. The internal reference to subparagraph "7.a." in Plaintiffs' proposed subparagraph 8.b., however, should be changed to "8.a." if Plaintiffs' paragraph 8 is adopted.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Non-parties** | |
| | 9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order. |
| | a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Non-parties** | |
| | parties. |
| | b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information. |
| | c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Non-parties** | |
| | any subsequent designation. |
| | d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party. |

**Why Plaintiffs' Proposal is Not Acceptable**:

Plaintiffs' proposed protective order fails to address the issue of information produced or disclosed by non-parties.

**Why State Farm's Proposal is Better:**

To the extent any party will need to produce Confidential Information provided to it by non-parties or use Confidential Information produced by non-parties in discovery, its duties to that third party should be recognized by the protective order. State Farm's proposal includes these terms to provide that information from third-parties that may be produced will be protected by the order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Re-designation** | |
| 9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection. | 13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection. |

**Why Plaintiffs' Proposal is Not Acceptable**:

Plaintiffs' proposal imposes a good-faith standard on the designating party but not on the receiving party.

**Why State Farm's Proposal is Better:**

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Re-designation** | |
| State Farm's proposal includes the requirement that the receiving party can only request that the designating party rescind a Confidential Information designation if that request is made in good-faith. | |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Deposition Testimony** | |
| 10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes | 10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided: <br><br> a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A. <br><br> b. The room is first cleared of all persons |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Deposition Testimony** | |
| the acknowledgement attached as Exhibit "A." | who are not Qualified Persons. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposed paragraph 10 does not allow all Qualified Persons in attendance at a deposition to remain in the room while a deponent testifies regarding Confidential Information. Rather, the attendees are limited to "the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend." It is common practice to have a party representative present at depositions and party representatives are Qualified Persons under the terms of Plaintiffs' Proposed Protective Order. There is no reason to exclude Qualified Persons from a deposition if they are otherwise entitled to attend the deposition.

**Why State Farm's Proposal is Better:**

State Farm's proposal provides all Qualified Persons may stay in the room if Confidential Information is discussed during a deposition if they are otherwise entitled to attend the deposition. The simplified procedure provided in State Farm's proposal clarifies the standard procedures and rights related to depositions.

11. The parties agree regarding the language of paragraph 11 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 11 of State Farm's Proposed Protective Order.

12. The parties agree regarding the language of paragraph 12 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 12 of State Farm's Proposed Protective Order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Challenge Designation** | |
| 13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential | 14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Challenge Designation** | |
| designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. | the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. |

**Why Plaintiffs' Proposal is Not Acceptable:**

In State Farm's experience, twenty days is too short a time to complete and file a motion for protective order. Additionally the term "Confidential Documents" is not defined in Plaintiffs' proposal.

**Why State Farm's Proposal is Better:**

State Farm's proposal provides a designating party thirty days to respond to a written challenge in order to create consistency and provide a reasonable amount of time for a designating party respond to a challenge. In addition it uses the term "Confidential Information," which is consistent with the other paragraphs in State Farm's proposed protective order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Hearing to Resolve Dispute** | |
| 14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is | 15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Hearing to Resolve Dispute** | |
| made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing. | contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal does not address electronically stored information.

**Why State Farm's Proposal is Better:**

Defendants add electronically stored information to the list of relevant information. The parties are in general agreement regarding this paragraph.

15. The parties agree regarding the language of paragraph 15 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 16 of State Farm's Proposed Protective Order.

16. The parties agree regarding the language of paragraph 16 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 17 of State Farm's Proposed Protective Order.

17. The parties agree regarding the language of paragraph 17 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 18 of State Farm's Proposed Protective Order.

18. The parties agree regarding the language of paragraph 18 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 19 of State Farm's Proposed Protective Order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Case Closing/Destruction** | |
| | 20. Within forty-five (45) business days after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Case Closing/Destruction** | |
| | (45) business days after the final resolution of this litigation. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' Proposed Protective Order omits clear procedures for the destruction or return of State Farm's Confidential Information after the resolution of the matter. This unreasonably enlarges the likelihood that Confidential Information could be improperly or inadvertently disclosed to a non-Qualified Person. Plaintiffs' proposed order effectively grants an unlimited use license to each plaintiff or their counsel to retain and use all State Farm's Confidential Information received for an unlimited period of time. That unlimited use is clearly beyond the scope of use necessary for the fair adjudication of this claim.

**Why State Farm's Proposal is Better:**

State Farm's proposal reasonably limits the use of Confidential Information by requiring that State Farm's Confidential Information will be destroyed following the resolution of the matter.

Filed
2/10/2015 2:32:57 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| _____, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-_____ |
| | § | |
| | § | |
| | § | |
| _____, | § | |
| Defendant. | § | |

## PROTECTIVE ORDER

1.    **Proceedings and Information Governed**. This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2.    **Designation and Maintenance of Documents and Information**.

A.    "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

B.    The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing,

Patent Protective Order 12/1/09



A True copy of the original I certify the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy



**EXHIBIT**

**C**

any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

C.    "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    **Documents Produced in Discovery and Depositions**.

A.    **Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(A) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

B.    **Depositions**

(i)    For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii)    If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii)     During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv)     Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)     If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

## 4.     Inadvertent Failure to Designate.

A.     The inadvertent failure to designate a documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

B.     In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

## 5.     Challenges to Designations.

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

A.     A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

**B.** If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

**C.** Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

6. **Disclosure and Use of Confidential Information.**

**A.** Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; **(b)** two in-house counsel who are identified by the receiving party; **(c)** outside counsel of record for the receiving party; **(d)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(e)** experts or consultants; and **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**C.** Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** outside counsel of record for the receiving party; **(b)** supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(c)** experts or consultants; and **(d)** those individuals designated in paragraph 6(F)(c) below.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant,

the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

E.  Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

F.  "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

7.  **Non-Party Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## 8. Filing Documents With the Court.

Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

### CONFIDENTIAL INFORMATION

[ case caption]

**This envelope, which is being filed under seal,
contains documents that are subject to a <u>Protective Order</u>
governing the use of confidential discovery material.**

## 9. No Prejudice.

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## 10. Conclusion of Litigation.

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## 11. Other Proceedings.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 12. Remedies.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

## 13. Relief from Protective Order.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed at Houston, Texas, this _____ day of _____, 20__.

_____
[Judge's Name]
United States District Judge

<u>**Exhibit A**</u>

[CAPTION]

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.  Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.  I have been given a copy of and have read the Protective Order.

3.  I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.  I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.  I agree not to use any "Confidential Information" or "Highly Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7.  I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20___.

_____
Signature

A True copy of the original I certify the _____ day of _____ 20___ ESTHER DEGOLLADO Clerk of the District Court and County Court at Law Webb County Texas By _____ Deputy

DISTRICT COURT OF WEBB COUNTY TEXAS

Patent Protective Order 12/1/09

## Exhibit B

[CAPTION]

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.      Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.      I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20__.


_____
Signature

A True copy of the original I certify
the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

Patent Protective Order 12/1/09                    9

Filed
2/10/2015 2:32:57 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|                | §  |                   |
|----------------|----|-------------------|
|                | §  |                   |
| Plaintiff      | §  |                   |
|                | §  |                   |
| v.             | §  | CIVIL ACTION NO.  |
|                | §  |                   |
|                | §  |                   |
| Defendant      | §  |                   |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

### 1. Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2. Qualified Persons

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

   i. retained counsel for the parties in this litigation and their respective staff;

   ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Court and
County Court at Law Webb County, Texas
By _____ Deputy



EXHIBIT
D

designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

a.    *Nonclassified Information.* Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.    *Classified Information.* A party shall designate as Classified Information only

[ 2 ]

such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.    *For Counsel or Attorneys Only.*    The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

4.    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this

litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5. Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions

[ 4 ]

any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

## 7. Disclosure to Qualified Persons

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however,* that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

## 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or

[ 5 ]

For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

## 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

## 11. Challenging the Designation

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the

[ 6 ]

court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

## 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

## 13. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

## 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any

[ 7 ]

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

[ 8 ]

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE



Filed
2/10/2015 3:32:57 PM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048 D1

Filed
1/22/2015 11:46:49 AM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048-D1

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced by the parties and non-parties in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

2. "Confidential Information," as used herein, means any information of any type which is



A True copy of the original I certify
the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Court and
County Court at Law Webb County, Texas
By _____ Deputy



EXHIBIT
E

designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas a date of loss in 2013; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the party designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a



Qualified Person under this Order.

5.  Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. Lead counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to counsel for the party designating the information as confidential within ten (10) business days.

6.  Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

    a.  For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

    b.  For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade

Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas." When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas," if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected

Page 4

in the transcript of the proceedings.

    d.  At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

8. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

    a.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the

designating party all undesignated copies of such information in their custody and possession, in exchange for the production of properly designated information, or alternatively (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.  Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

9.  Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes the acknowledgement attached as Exhibit "A."

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of the interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the

Page 7

Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. depending on the format of the materials introduced.

13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does

Page 8

not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

15. Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their stratus as Confidential Information.

16. Pursuant to the agreement of the parties, no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

17. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

Page 9

a. Any party's right to object to any discovery request on any ground.

b. Any party's right to seek an order compelling discovery with respect to any discovery request.

c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

d. The status of any material as a trade secret.

18. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to Rule 11 of the Texas Rules of Civil Procedure.

IT IS SO ORDERED on this _____ day of _____, 2015.

_____
JUDGE PRESIDING



EXHIBIT "A"

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
|     Defendants. | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____, in order to be provided access to information designated as "Confidential" under the *Protective Order* entered in the 49th Judicial District Court of Webb County, Texas (the "Court") in Cause No. 2014-CVF-001048-D1, *Alma Pena v. State Farm Lloyds and Becky Lanier* (the "Lawsuit"), represent and agree as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the Lawsuit. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all "Confidential" information to which I am given access in connection with the Lawsuit, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the Lawsuit.

DATED: _____        SIGNATURE: _____

A True copy of the original I certify the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Courts and County Courts at Law Webb County Texas
By _____ Deputy

TAB 8

OF THE RECORD

Filed
2/23/2015 11:18:35 AM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

NO. 2014CVF001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, Plaintiffs | § § § § | IN THE DISTRICT COURT |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, Defendants | § § § § | 49TH JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION FOR ENTRY OF STATE FARM'S PROPOSED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants State Farm Lloyds ("State Farm"), Felipe Farias (collectively, "Defendants") file their Response and Objections to Plaintiffs' Motion for Protective Order and Motion for Entry of State Farm's Proposed Protective Order. In support thereof, and pursuant to the Texas Rules of Civil Procedure, Defendants show as follows:

## I.
## INTRODUCTION

1. The case presently before the Court is a suit arising out of a wind/hail insurance claim Plaintiffs filed with State Farm. Defendants object to the entry of Plaintiffs' Proposed Protective Order because it is inadequate. By insisting that State Farm produce or disclose Confidential Information without an appropriate and standard agreement that such information is confidential and should be handled accordingly, Plaintiffs have put State Farm in an impossible position: State Farm can either disclose its protected materials without the basic protections that they warrant, and risk losing the confidential or trade secret status of the materials, *or* State Farm must withhold relevant discovery and risk sanctions from the Court.

2.     The three-part argument Plaintiffs offer in support of their proposed order is conclusory, and ultimately the Protective Order proposed by Plaintiffs does not meet the criterions Plaintiffs proffered.

3.     First, Plaintiffs argue that "Plaintiffs' Proposed Protective Order provides all parties, including State Farm Lloyds, adequate protection from disclosure of trade secret and proprietary information." (*See* Plaintiffs' Motion, at ¶ 1.A.)  However, Plaintiffs' Proposed Protective Order is deficient in its protections of Confidential Information, while State Farm's Proposed Protective Order provides more complete protections, particularly with regard to electronically stored information ("ESI"), and better overall procedures.  Specifically, Plaintiffs' Proposed Protective Order does not provide adequate procedures because:

i.     It does not contain terms related to the designation and handling of electronically stored information ("ESI") that is confidential, proprietary, or trade secret.

ii.    It fails to recognize all persons whom will ordinarily handle Confidential Information during the course of this litigation.

iii.   It overlooks important procedures regarding the handling of Confidential Information and the duties of the parties that clearly should be preserved.

4.     Second, Plaintiffs argue that "Plaintiffs' Proposed Protective Order is consistent with protective orders previously entered and used for substantially similar litigation involving Plaintiffs' counsel and State Farm." (*See* Plaintiffs' Motion, at ¶ 1.B.)  However, Plaintiffs fail to advise the court that **State Farm has consistently objected to the sharing provisions put forward by Plaintiffs, and the lack of safeguards for their Confidential Information following the resolution of each matter.**

5.     Third, Plaintiffs argue that "Plaintiffs' Proposed Protective Order contains a 'Shared Discovery' provision which will provide for more efficient discovery." (*See* Plaintiffs' Motion, at ¶ 1.C.)  However, the wide-spread sharing of Confidential Information greatly

2

increases the risk that such information will be improperly disclosed, dilutes the Court's ability to monitor and enforce the protections of a protective order, and poses an unreasonable risk to State Farm's property rights. State Farm is entitled to a confidentiality order that will reasonably limit the dissemination of its confidential information.

6. With few exceptions, State Farm's Proposed Protective Order (*see* Exhibit A) includes the terms proposed by Plaintiffs but also adds much needed procedures that will ensure all forms of State Farm's Confidential Information are protected, regardless of the mode of production, without any adverse impact to the Plaintiffs.[1] For these reasons, Defendants respectfully request this Court to deny Plaintiffs' Motion for Entry of a Protective Order and move the Court to enter State Farm's Proposed Protective Order in this case.

## II.
## ARGUMENT & AUTHORITIES

7. Texas law encourages courts to grant protective orders to "protect [a] movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." Tex. R. Civ. P. § 192.6(b). Under the Texas discovery rules, privileged information is not discoverable. *See* Tex. R. Civ. P. 192.3(a) (defining general scope of discovery as "any matter *that is not privileged* and is relevant to the subject matter of the pending action ....") (emphasis added). Before a court can permit discovery of any confidential, trade secret, or proprietary information, a plaintiff must first establish the threshold requirements of relevance and a particularized need to discover the information and documents. *In re Continental Gen'l Tire*, 979 S.W.2d 609, 610-11 (Tex. 1998); *In re Union Pacific*, 249 S.W.3d 589, 592 (Tex. 2009) (a plaintiff must demonstrate the information sought is "material and

---

[1] *See* Exhibit B attached hereto for a paragraph-by-paragraph comparison of Plaintiffs' Proposed Protective Order and State Farm's Proposed Protective Order.

3

necessary" to presentation of the case in which it is sought). This is a case-specific inquiry. *See In re Allstate County Mut. Ins. Co.* 227 S.W.3d 667, 668 (Tex. 2007) (granting mandamus in case involving overbroad requests for insurer personnel files and emphasizing that trial courts "must make an effort to impose reasonable discovery limits"); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (holding party requesting discovery has burden of demonstrating that the discovery is "tailored to include only matters relevant to the case"). Once the necessary thresholds are established, a trial court's duty is to protect confidential and trade secret documents through an appropriate protective order. *Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987).

8.      The Texas Supreme Court has explicitly recognized that confidential information can and should be the subject of an appropriately tailored protective order. *See In re George*, 28 S.W.3d 511, 514 (Tex. 2000) ("We recognize that the possibility exists that the disqualified attorneys could conceivably have revealed confidential information in discovery, correspondence, or other documents. *If this has happened, the former client can protect against this disclosure ... by seeking a protective order under Texas Rule of Civil Procedure 192.6.*") (emphasis added). Other courts from around the state and nation also routinely provide protection over the exchange of confidential materials during discovery. (*See, e.g.*, Exhibit C, Southern District of Texas form Protective Order, at p. 1 (protecting confidential information); *see also* Exhibit D, Western District of Texas form Confidentiality and Protective Order, at pp. 2-3, protecting "information that the party in good faith believes in fact is confidential.") As discussed below, the information Plaintiffs seek from State Farm is confidential, proprietary, and deserving of protection.

4

9.     In addition, Texas law defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 776 (1958); *accord In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003) (orig. proceeding); *see also* Tex. Civ. Rem. & Prac. Code § 134A.002(6) (the recently enacted Texas Uniform Trade Secrets Act defines a trade secret as any "information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers that (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). As discussed below, the information Plaintiffs seek from State Farm is not only confidential and proprietary, but also contains trade secret information, deserving of protection.

10.     The Texas Supreme Court described an "appropriate" protective order as one that "limits access to the information to the parties in [the instant] litigation, their lawyers, consultants, investigators, experts and other necessary persons employed by counsel to assist in the preparation of *this* case." *In re Continental Gen'l Tire*, 979 S.W.2d at 613, n. 3 (emphasis added); *see also Zappe v. Medtronic USA, Inc.*, No. C-08-369, 2009 U.S. Dist. LEXIS 23727 (S.D. Tex. March 23, 2009) (noting the Texas Supreme Court's move away from *Garcia* and entering a protective order that restricted the sharing of information). Moreover, an "appropriate" protective order requires return of the documents at the end of the case and requires that each person given access to the trade secret information agree in writing to maintain the information as confidential. *In re Continental Gen'l Tire*, 979 S.W.2d at 613, n.3; *see also In*

5

*re Remington Arms Co.*, 952 F.2d 1029, 1033 (8th Cir. 1991) (describing "appropriate" protective order for trade secrets as one that limits use to the case at hand, limits persons to whom trade secrets are disclosed and forbids reproduction of documents containing trade secret information).

**A.      State Farm's business information warrants confidential treatment.**

11.      State Farm has produced non-privileged claim-specific documents from its Enterprise Claim System and the relevant insurance policy. State Farm disagrees that the scope of all of Plaintiffs' discovery requests are proper; however, State Farm is willing to produce additional responsive documents that are potentially relevant to the issues in this litigation, including policies, procedures, and training materials applicable to the adjustment of claims arising out of the weather event at issue *after* a proper protective order is entered in this case.

12.      State Farm's Confidential Information warrants trade secret status because (1) the information is not known outside of State Farm or by others who compete with State Farm (i.e., other insurance carriers); (2) State Farm takes reasonable efforts to guard the secrecy of this information (such as not sharing it with others absent an appropriate confidentiality agreement or protective order, as is the case here); (3) this information is valuable to State Farm because it is vital to the efficient analysis and processing of claims; (4) State Farm has invested significant amounts of time, human resources, and money developing and implementing the systems described above; and (5) the information described above would not easily be acquired or duplicated by others. *In re Bass*, 113 S.W.3d at 737.

13.      Indeed, under Texas law, a trade secret is at risk of losing its trade secret status if its owners are not diligent in their efforts to protect its secrecy or otherwise treat it as confidential. *Id.* (factors relevant to determining whether a trade secret exists include, among

6

other things, the extent of the measures taken by the party to guard the secrecy of the information). In recognition of an owner's responsibility to protect its trade secrets, and in addition to Tex. R. Civ. P. § 192.6(b) discussed above, the Texas Rules of Evidence specifically provide that a litigant may claim a privilege to refuse to disclose a trade secret so long as the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. *See* Tex. R. Evid. 507. "When disclosure is directed, *the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require*." *Id.* (emphasis added); *see also* Tex. Civ. Rem. & Prac. Code § 134A.006 (the recently enacted Texas Uniform Trade Secrets Act providing that *"[t]here is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets. Protective orders may include provisions limiting access to confidential information* to only the attorneys and their experts, holding *in camera* hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.") (emphasis added).

14.    To be clear, State Farm is not refusing to share its responsive confidential and proprietary information outright; it is merely requesting an appropriate confidentiality order that would allow it to do so without sacrificing the protections Texas law plainly affords. With few exceptions,[2] State Farm's Proposed Protective Order (*see* Exhibit A) includes the terms proposed by Plaintiffs and simply adds much needed procedures that will ensure the protection of all forms of State Farm's Confidential Information regardless of the mode of production, without any adverse impact to the plaintiffs. Thus, there is no principled basis for Plaintiffs' opposition.

---

[2] For the reasons stated in Section II. E. *infra*, State Farm does not agree to the broad sharing provisions included in Plaintiffs' Proposed Protective Order.

**B.    State Farm's Proposed Protective Order addresses the designation and handling of ESI that contains Confidential Information.**

15.    Plaintiffs have requested that State Farm produce ESI responsive to the discovery requests, but Plaintiffs' Proposed Protective Order does not fully protect the confidential ESI State Farm will produce.    Critically, Plaintiffs' Proposed Protective Order is inadequate with respect to the handling of ESI for five reasons.

16.    First, the general protections for Confidential Information should be met by limiting the unnecessary duplication of Confidential Information.    ESI can be duplicated and circulated with ease, which increases the risk that confidential, propriety, or trade secret information will be disclosed in violation of the protective order.    The last sentence of paragraph 1 of State Farm's Proposed Protective Order strengthens the general protections afforded by the order by expressly limiting unnecessary duplication and limiting the receiving party's right to use other parties' Confidential Information to the current litigation.    This is ever more important in light of the increased volumes of ESI in litigation.    As such, the provisions are in line with the protections contemplated by Rule 507[3] and should be adopted by the Court.

17.    Second, Plaintiffs' definition of Confidential Information does not specifically include ESI.    ESI is distinct from hard copy documents or other information.    For this reason, the Court should find that Plaintiffs' Proposed Protective Order, which fails to account for the need to protect ESI, is deficient, and instead adopt paragraph 2 of State Farm's Proposed Protective Order.

18.    Third, the protective legend that Plaintiffs propose the parties append to the file name (*see* Exhibit E, at ¶ 6) is so lengthy that it is unmanageable, and there is a risk the Windows operating system will cut it short.    The Windows operating system has a 255 character limit for

---

[3] *See* paragraph 8 *supra.*

8

the combined file name and file path information. When Plaintiffs' proposed legend in subparagraph 6.c is combined with standard path, file name, and Bates identifier information, it is very likely the combined information will exceed 255 characters. State Farm has proposed that the protective legend stop after the cause number. State Farm's proposed protective legend will allow the parties to accurately identify electronic files and the matter in which the file was produced, and is not likely to exceed the Windows 255 character limit. Consequently, State Farm requests the Court reject Plaintiffs' proposed paragraph 6 and accept the paragraph 6 proposed by State Farm.

19. Fourth, Plaintiffs' Proposed Protective Order fails to require the destruction of confidential ESI if it is improperly disclosed to a non-Qualified Person. (*See* Exhibit E, at ¶ 7.) Since it would be impractical to return copies of confidential ESI once it is placed on new media[4], it is essential that all non-authorized copies of confidential ESI be destroyed in order to ensure the confidentiality of the information contained on the unauthorized media. Paragraph 8 of State Farm's Proposed Protective Order specifically requires a party that improperly discloses Confidential Information to a non-Qualified Person to request the destruction of any such ESI. This procedure enhances the safeguards for Confidential Information, without impacting the rights of the parties to use such information during the course of this litigation. This type of language is typical and non-controversial in other cases. For that reason, the Court should adopt the terms of paragraph 8 of State Farm's Proposed Protective Order that provide for the destruction of ESI that contains Confidential Information.

20. Fifth, Plaintiffs' Proposed Protective Order is impractical because it omits clear procedures for the destruction or return of State Farm's Confidential Information after the

---

[4] In order to return confidential ESI, the receiving party would have to turn over the actual media, such as the computer hard drive, that contains the copy of the confidential ESI.

9

resolution of the matter. Plaintiffs' proposal effectively grants an unlimited use license to each plaintiff or their counsel to retain and use all State Farm Confidential Information received for an unlimited period of time. Such unlimited use is clearly beyond the scope of use necessary for the fair adjudication of this matter and should not be allowed. *See generally In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730 (Tex. 2003, orig. proceeding). The causes of action asserted in this litigation require proof of State Farm's alleged misconduct with regard to these particular plaintiffs only and return of confidential materials at the end of this litigation will not hamper Plaintiffs' ability to examine witnesses or prove the elements of their case. Paragraph 20 in State Farm's Proposed Protective Order reasonably provides that within forty-five days of the final adjudication of the matter, all the confidential, proprietary and trade secret material produced or disclosed by State Farm in the course of this litigation must be returned or destroyed. Because Plaintiffs' Proposed Protective Order is not reasonably tailored to protect State Farm's Confidential Information after this litigation concludes, the Court should deny Plaintiffs' request for entry of Plaintiffs' Proposed Protective Order and adopt paragraph 20 from State Farm's Proposed Protective Order.

**C.    The confidentiality order should address all persons to whom it will be provided.**

21.    A protective order is easily vitiated without specific procedures to enforce the handling of protected information. The protective order entered by this Court should recognize all persons who reasonably will be required to handle Confidential Information in this matter, and designate only those persons as "Qualified Persons." Plaintiffs' definition of "Qualified Person" is both unreasonably under-inclusive and improperly over-inclusive in light of the facts of this case.

22.    Plaintiffs' definition of Qualified Persons is under-inclusive because it omits counsel's staff; outside service-providers and consultants providing services related to document

10

and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); and the trier of fact pursuant to a sealing order. Persons in all of these categories naturally will receive Confidential Information during the course of this litigation. Thus, it is unreasonably under-inclusive to omit them from the protective order from the outset. For these reasons, the Court should accept paragraph 3 in State Farm's Proposed Protective Order.

23. For the reasons stated in section E. below, Plaintiffs' inclusion of parties to other litigation (including State Farm's competitors) within the definition of Qualified Persons is improperly over-inclusive and should be rejected by the Court.

**D. The Protective Order should clearly preserve the general rights and duties of the parties.**

24. State Farm's Proposed Protective Order includes additional terms that provide clear and consistent procedures regarding the handling of Confidential Information throughout the litigation.

25. First, State Farm's Proposed Protective Order adds paragraph 9 which acknowledges that information in its possession, custody, or control may be the confidential information of non-parties. State Farm's proposed paragraph 9 acknowledges the general duties that a party may owe to a non-party to protect the confidentiality of the non-party's Confidential Information provided. Such practical duties do not impinge on the interest of justice in this case. Therefore, State Farm requests that the Court adopt paragraph 9 of State Farm's Proposed Protective Order.

26. Second, State Farm modified paragraph 10 to ensure that all Qualified Persons may remain during testimony regarding Confidential Information provided they are otherwise entitled to attend the deposition. Plaintiffs' proposed paragraph 10 impractically limits the

11

persons that can attend a deposition during testimony regarding Confidential Information. Under Plaintiffs' proposal, all persons other than "the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend," must leave the room, even if they are a Qualified Person who is otherwise entitled to attend the deposition. For example, it is common practice to have a party representative attend depositions and party representatives are Qualified Persons under the terms of Plaintiffs' Proposed Protective Order. There is no reason to exclude Qualified Persons from a deposition if they are otherwise entitled to attend the deposition. The simplified procedure provided in State Farm's proposal clarifies the standard procedures and rights related to depositions. For these reasons, the Court should adopt the terms of paragraph 10 of State Farm's Proposed Protective Order.

27. Third, State Farm proposed paragraph 13 expands upon paragraph 9 of Plaintiffs' Proposed Protective Order and provides that a receiving party must have a good-faith basis to request that Confidential Information be re-designated. This requirement is clearly contemplated under the rules and therefore State Farm requests that the Court adopt its paragraph 13.

28. Fourth, State Farm amended paragraph 14 of Plaintiffs' Proposed Protective Order (c.f. Exhibit A, at ¶ 15) regarding the procedure for the Court to hear objections to any designation. These amended provisions extend the deadline to thirty days so that it is consistent with other time requirements in the protective order. The paragraph otherwise parallels the Plaintiffs' proposal, and State Farm requests that the Court adopt its paragraph 15 in order to simplify the administration of this case.

29. None of State Farm's proposed additions and changes impinge upon the rights of Plaintiffs. Rather, they help protect the rights of all parties and streamline procedures in this

case. Because Plaintiffs have no practical or legal basis to object to these terms, Plaintiffs' objections merely obstruct the unbiased adjudication of this matter.

**E.    Plaintiffs' Proposed Protective Order provides for improper sharing of confidential, proprietary, or trade secret information outside of this litigation.**

30.    State Farm will be prejudiced, and its property interests in its Confidential Information are likely to be compromised, if Plaintiffs' counsel is allowed to share State Farm's Confidential Information outside of this litigation. The wording in paragraph 1 of Plaintiffs' Proposed Protective Order allows Plaintiffs' counsel to share State Farm's confidential and proprietary information directly with any party, attorney, or expert witness *"arising out of hailstorms and/or windstorms in Texas with a date of loss in 2012, and for no other purpose."*

The Protective Order specifically states:

> "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2012. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

(*See* Exhibit E, at ¶ 1.) The wide-spread sharing of Confidential Information greatly increases the risk that such information will be improperly disclosed, dilutes the Court's ability to monitor and enforce the protections of a protective order, and poses an unreasonable risk to State Farm's property rights. State Farm is entitled to a protective order that will reasonably limit the dissemination of its confidential information.

31.    Plaintiffs cite *In re State Farm Lloyds*, No. 09-03-311-CV, 2003 Tex. App. LEXIS 8115 at *1-2 (Tex. App.—Beaumont Sept. 18, 2003, orig. proceeding), to justify their proposed provisions for sharing discovery. However, in that case the Court of Appeals merely made a conclusory holding, without providing any substantive analysis that shared discovery was

13

permissible in that case. That holding was never reviewed by Texas Supreme Court. When a similar issue was brought before the Texas Supreme Court in, *In re Fire Insurance Exchange,* No. 09-04-301-CV, 2004 Tex. App. LEXIS 8494 at *2 (Tex. App.—Beaumont Sept. 23, 2004, orig. proceeding), the plaintiffs' counsel – the same as Plaintiffs' counsel as in this case – withdrew the protective order and made the issue moot. Consequently, there is no support in Texas law for the overbroad sharing provisions that Plaintiffs seek in this case.

32. Plaintiffs' reliance on the shared discovery doctrine is also misplaced because the doctrine arose out of a products liability case, *Garcia v. Peeples*, and relates to the unique nature of such litigation, the nature of the discovery documents requested, and the public health and safety concerns implicated by the defendant's discovery objections in that case. 734 S.W.2d 343; *see also, Steenbergen v. Ford Motor Co.,* 814 S.W.2d 755 (Tex. App.—Dallas 1991, writ denied) (automobile products liability case); *American Honda Motor Co. v. Dibrell*, 736 S.W.2d 257 (Tex. App.—Austin 1987, no writ) (all-terrain vehicle product liability case). The public health concerns at play in a product liability matter, where every potential consumer is equally impacted by the same design specification and manufacture process, are not present in the individual insurance claims that arose out of June 14, 2013, weather event. Moreover, each State Farm insurance policy at issue will be unique to the claimants and each insurance claim was independently adjusted. In fact, in most cases, the commonality between plaintiffs will not reach beyond the fact that they each purchased a policy from State Farm and allege they suffered property damage in the weather events. Plaintiffs cannot meet the burden to establish that a public benefit accrues from sharing discovery related to the specific insurance claims that have arisen regarding property damage from 2013.

14

33.     Crucially, *Garcia* was decided nearly thirty years ago. Since that time, the ability to transmit vast quantities of information electronically has increased exponentially. Indeed, a single violation of the Protective Order could send State Farm's trade secrets around the country in a matter of minutes. Once that happens, retrieval would be impossible. The ease with which information can now be spread substantially undermines any argument that trade secrets will be protected under a protective order that allows sharing. *See, e.g., Gil v. Ford Motor Co.*, Civ. Action No. 1:06CV122, 2007 U.S. Dist. LEXIS 65269 (N.D.W. Va. 2007) (questioning plaintiff's assertion that sharing provisions in a protective order would adequately protect trade secrets).

34.     *Garcia v. Peeples* was also decided more than a decade before the Texas Supreme Court directly addressed the scope and application of the trade-secret privilege under Texas Rule of Evidence 507. *See In re Continental Gen'l Tire, Inc.*, 979 S.W.2d 609 (Tex. 1998). Underlying the holding and reasoning of *In re Continental* is the Court's recognition that "trade secrets are an important property interest, worthy of protection." *Id.* at 612. It is axiomatic that "once a trade secret is made public all ownership is lost." *Computer Assocs., Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 457 (Tex. 1996). This is true regardless of whether the production is requested in a case involving two business competitors or involving non-competitors. *In re Continental Gen'l Tire*, 979 S.W.2d at 613.

35.     While extolling the general values of the civil litigation system, Plaintiffs fail to explain how a sharing provision in the protective order is necessary for discovery in *their* case. Nor can they explain it because giving State Farm's trade secrets to other litigants has nothing to do with the prosecution of the case at hand. In contrast, the risk that State Farm's trade secrets

15

will be improperly disclosed is drastically increased once sharing outside the confines of this litigation has occurred.

36. The language of Plaintiffs' proposed order condones the widespread distribution of every confidential and proprietary document, confidential deposition transcript, or discovery response produced in this case to all lawyers who file a lawsuit against State Farm on a wind/hail claim in Texas with a date of loss of 2012 without regard to the causes of action and factual allegations contained therein, the relationship to the present litigation, and without any obligation to return or destroy the information after a definite period of time. This allows Plaintiffs' counsel to become a repository for such information for years to come, and will encourage associations and collusion with other counsel bringing claims against State Farm. Even under *Garcia*, the Plaintiffs' Proposed Protective Order is deficient because it is not limited to similarly-situated litigants.

37. State Farm's concerns about any protective order that allows a plaintiff's counsel to become a repository are not unfounded. The litigation marketplace contains websites and exchanges devoted to dissemination of confidential and proprietary information, with few controls and no access to information about who has the trade secret information, or where it may be used. Allowing use of confidential documents without limitation is problematic not just because of the risk that Confidential Information will fall into the hands of State Farm's competitors, but because the documents applying to or used in the handling of the claim at issue in this case may not be the same documents used or seen by adjusters in other cases; plaintiffs are thus allowed to falsely impeach parties and witnesses in other cases.

38. The protective order State Farm has proposed does not deny Plaintiffs any relevant Confidential Information that may be necessary for them to prove their case. But,

16

unlike Plaintiffs' Proposed Protective Order, it also does not jeopardize the confidentiality of those materials by permitting an essentially ungoverned distribution to an overly broad class of persons into the indefinite future. Plaintiffs' Proposed Protective Order is overly broad and Plaintiffs have not presented sufficient justification for allowing a sharing provision.

39.     For these reasons, the expansive sharing language in paragraphs 1 and 3 of Plaintiffs' Proposed Protective Order should be rejected by the Court.

## III.
## CONCLUSION

40.     In light of the foregoing, Plaintiffs' Motion for Entry of Protective Order should be denied and State Farm's Proposed Protective Order, attached as Exhibit A, should be entered as a full confidentiality order in this case.  Adoption of State Farm's Proposed Protective Order will allow State Farm to continue producing responsive material to Plaintiffs while mitigating any risk that State Farm's Confidential Information will be disclosed without sufficient protection or otherwise lose its trade secret status.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Honorable Court deny Plaintiffs' Motion for Protective Order, enter State Farm's Proposed Protective Order attached hereto, and for any other and further relief, at law or in equity, to which they show themselves justly entitled.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)


_____
VAN HUSEMAN
State Bar No. 1032350
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendants State Farm Lloyds
And Felipe Farias


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this 23rd day of February 2015, served on the following via e-service:

VIA E-SERVICE
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027


_____
TIFFANY DEBOLT

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

18

Filed
2/23/2015 11:18:35 AM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

NO. 2014CVF001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Lloyds (including its employees) and Felipe Farias ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored


EXHIBIT
A

information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3.  The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation arising out of a weather event on or about June 14, 2013, in Webb County, Texas; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4.  Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

2

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing

3

Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert #]" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or

4

at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively

designated by the producing party in the manner describe in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that

6

inadvertently received the Confidential Information.

9.  To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a.  With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

b.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c.  Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the

7

terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

    d.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10.    Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

    a.    The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

    b.    The room is first cleared of all persons who are not Qualified Persons.

11.    In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information

will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days

from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of

10

information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a. Any party's right to object to any discovery requests on any ground.

   b. Any party's right to seek an order compelling discovery with respect to any discovery request.

   c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within forty-five (45) business days after the final resolution of this litigation, the

11

plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2014.

_____
JUDGE PRESIDING



NO. 2014CVF001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014CVF001162-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

DATED: _____    SIGNATURE _____

**EXHIBIT A**

Filed
2/23/2015 11:18:35 AM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

*Raul Rodriguez, et al. v. State Farm Lloyds et al.* **(2014-CVF-001162-D1)**
**Comparison of Protective Orders**

Text without highlights is identical
Yellow highlighted text indicates differences
Gray highlighted text denotes substantially similar text

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| 1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out [sic] hailstorms and/or windstorms in Texas with a date of loss in 2012, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2012. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order. | 1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Lloyds (including its employees) and/or any third party adjusting firm (including its employees) ("Defendants") that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal is not narrowly tailored to limit the use of Confidential Information to the present litigation with State Farm and does not limit the reproduction of such information. ESI can be duplicated and circulated with ease, and unnecessary duplication increases the risk that confidential, proprietary, or trade secret information will be disclosed in violation of a protective order. The sharing of discovery in "related litigation" is not necessary in order to achieve fairness in the adjudication of this litigation, nor would it serve any public policy purpose. Moreover, Plaintiffs' definition of related litigation is not reasonably limited to a time and place.

Finally, Plaintiffs' proposal is inadequate because it fails to limit a receiving party's right to disclose information extracted from the hard-copy documents or electronically stored information produced.

**EXHIBIT B**

Page 1 of 18

A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|

**Why State Farm's Proposal is Better:**

Defendants have tailored the introductory paragraph to reflect that Confidential Information is being disclosed for use in the case at bar, and for no other purpose. In addition, Defendants have added language to reasonably protect any producing party from the unnecessary duplication of Confidential Information.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| 2. "Confidential Information," as used herein, means any information of any type which is designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark. | 2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery. |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal does not specifically address the disclosure of trade secret information, electronically stored information, or the disclosure of information in the context of a meet and confer, all of which are relevant to this case. The second sentence of Plaintiffs' paragraph two deals with marking Confidential Information, which is the subject of paragraph 6, and should be addressed in that paragraph.

**Why State Farm's Proposal is Better:**

Under Texas law, all confidential, proprietary, and trade secret information is entitled to protection from the court when such information is relevant to the litigation and must be disclosed in the course of discovery. Specific protections for ESI and trade secret information are imperative to the protection of State Farm's property interests in its Confidential Information. State Farm's paragraph 2 expands the definition of Confidential Information to include all types of information (i.e., ESI), and all means through which such information is obtained.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| 3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas [sic] a date of loss in 2012; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, | 3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation arising out of a weather event on or about [date], in [County] County, Texas; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| after notice to all parties and a hearing. | this Court, after notice to all parties and a hearing. |

| **Why Plaintiffs' Proposal is Not Acceptable:** |
|---|
| Plaintiffs' proposal provides the overbroad definition of the litigation as "hailstorms and/or windstorms in Texas [with] a date of loss in 2013.'" The Motion to Compel discovery filed with the Motion for Protective Order, however, identifies a "hail storm and/or windstorms damage that occurred on or about June 13, 2012." More importantly, Plaintiffs proposed paragraph three puts Defendants' Confidential Information at risk because it allows information produced to be shared with parties in unrelated litigation. In addition, the handling of a weather related claim in Dallas County is not necessarily related to the handling of an unrelated claim in another county. |

| **Why State Farm's Proposal is Better:** |
|---|
| State Farm's proposed paragraph 3 simply identifies the weather event that precipitated Plaintiffs to make an insurance claim regarding wind and hail damage. |

4. The parties generally agree regarding the language of paragraph 4 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 4 of State Farm's Proposed Protective Order. Plaintiffs' proposed language, however, contains a typographical error. The word "or" in the first sentence should be changed to "on" so that the sentence reads:

> Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person <u>on</u> counsel for the designating party, and consent shall not be unreasonably withheld.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| 5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this | 5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, **lead** counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of **Exhibit A** attached hereto. **Lead** counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to **counsel for the party designating the information as confidential** within ten (10) business days. | the **provisions** of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person **other than the Court, court officials, or the trier of fact**, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment **to the designating party's counsel** within ten (10) business days. |

**Why Plaintiffs' Proposal is Not Acceptable:**

State Farm will be prejudiced, and its property interests in its Confidential Information are likely to be compromised, if Plaintiffs' counsel is allowed to share State Farm's Confidential Information with "each party such counsel represents" or others outside of this litigation. Moreover, Plaintiffs' proposal does not exempt the Court, court officials, and the trier of fact from the requirement of the paragraph.

**Why State Farm's Proposal is Better:**

State Farm's paragraph 5 exempts the Court, court officials, and the trier of fact from the requirement that Qualified Persons execute an acknowledgement of the protective order (Exhibit A). This is merely a practical addition to the paragraph. If similar language is not included, under the terms of the protective order, the Court would be unnecessarily required to execute an acknowledgement of its own order.

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| 6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced: | 6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced: |
| a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document. | a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document. |
| b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image. | b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image. |
| c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a | c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a |

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:<br><br>"CONFIDENTIAL-SUBJ_ TO_PROTECTIVE_ORDER_IN_ *Cause No. 2014-CVF-001162-D1*; *Noemi Rodriguez and Paul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District" [sic] When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the [sic] file's name (immediately following its Bates identifier) the following protective legend:<br>"CONFIDENTIAL-SUBJ_ TO_PROTECTIVE_ORDER_IN_ *Cause No. 2014-CVF-001162-D1*; *Noemi Rodriguez and Paul Rodriguez vs. State Farm Lloyds and Felipe Farias* | Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:<br><br>"CONFIDENTIAL- SUBJ_TO_PROTECTIVE_ORDER_IN _CAUSE_[insert #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:<br><br>"CONFIDENTIAL- SUBJ_TO_PROTECTIVE_ORDER_IN _CAUSE_[insert #]" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the |

| Plaintiffs' Protective Order | Defendants' Protective Order |
|---|---|
| In the District Court of Webb County, Texas, 49th Judicial District" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.<br><br>d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number. | proceedings.<br><br>d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number. |

**Why Plaintiffs' Proposal is Not Acceptable:**

When Plaintiffs' proposed legend in subparagraph 6.c is combined with standard path, file name, and Bates identifier information, it is very likely the combined information will exceed 255 characters. Since the Windows operating system has a 255 character limit for the combined file name and file path information it will not be possible to use this file naming convention.

**Why Defendants' Proposal is Better:**

State Farm's proposed protective legend will allow the parties to accurately identify electronic files and the matter in which the file was produced, and is not likely to exceed the Windows 255 character limit when combined with standard path, file name, and Bates identifier information.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| 7. Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents. | 8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:<br><br>a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.<br><br>b. The date of the disclosure.<br><br>c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information. |

**Why Plaintiffs' Proposal is Not Acceptable:**

The parties generally agree that this protective order should provide procedures to be followed in the event that Confidential Information is disclosed to a non-Qualified Person. Plaintiffs' procedure does not contain the detail necessary to ensure that any inadvertent disclosure of Confidential Information is fully remedied. First, the paragraph limits the duties to remedy to "any party." Confidential Information may be inadvertently disclosed by any Qualified Person, not just a party to the litigation, and not just during discovery. Second, Plaintiffs' proposal merely provides procedures for disclosure of hard-copy documents or other physically tangible items that can be returned, and does not provide procedures to cover the destruction of ESI. If a non-Qualified Person receives Confidential Information through electronic transmission or copied or reproduced ESI that

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| | |

is Confidential Information, then the copies could not be returned, but would need to be destroyed.

In addition, the second sentence of Plaintiffs' proposed paragraph 7 appears to address a separate procedure for the parties to follow if Confidential Information is disclosed to a Qualified Person, but that information is not properly designated as confidential. That issue is separate from the issue of inadvertent disclosure of Confidential Information to a non-Qualified Person, and should be addressed in a separate paragraph.

**Why State Farm's Proposal is Better:**

State Farm's proposed paragraph 8 ensures that in the event that Confidential Information is inadvertently disclosed to a non-Qualified Person, there are proper procedures for the destruction of ESI. Defendants also address the issue of disclosure of Confidential Information without a proper designation in a separate paragraph (see State Farm's ¶ 7).

8. The parties generally agree regarding the language of paragraph 8 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 7 of State Farm's Proposed Protective Order. The internal reference to subparagraph "7.a." in Plaintiffs' proposed subparagraph 8.b., however, should be changed to "8.a." if Plaintiffs' paragraph 8 is adopted.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| | |
| | 9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order. |
| | a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| | production or disclosure, or such other time as may be agreed upon by the parties. |
| | b.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information. |
| | c.  Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order.  No person shall be deemed to |



| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| *Non-parties* | |
|  | have violated this Order for any disclosures made prior to notification of any subsequent designation. <br> d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposed protective order fails to address the issue of information produced or disclosed by non-parties.

**Why State Farm's Proposal is Better:**

To the extent any party will need to produce Confidential Information provided to it by non-parties or use Confidential Information produced by non-parties in discovery, its duties to that third party should be recognized by the protective order. State Farm's proposal includes these terms to provide that information from third-parties that may be produced will be protected by the order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| *Confidential* | |
| 9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection. | 13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal imposes a good-faith standard on the designating party but not on the receiving party.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| Redesignation | |

**Why State Farm's Proposal is Better:**

State Farm's proposal includes the requirement that the receiving party can only request that the designating party rescind a Confidential Information designation if that request is made in good-faith.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| Deposition Testimony | |
| 10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. **The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as** "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled | 10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. **In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as** "Confidential Information." The parties may use Confidential Information during any deposition, provided:<br><br>a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A. |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| Deposition Testimony | |
| to attend, and only if said witness executes the acknowledgement attached as Exhibit "A." | b. The room is first cleared of all persons who are not Qualified Persons. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposed paragraph 10 does not allow all Qualified Persons in attendance at a deposition to remain in the room while a deponent testifies regarding Confidential Information. Rather, the attendees are limited to "the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend." It is common practice to have a party representative present at depositions and party representatives are Qualified Persons under the terms of Plaintiffs' Proposed Protective Order. There is no reason to exclude Qualified Persons from a deposition if they are otherwise entitled to attend the deposition.

**Why State Farm's Proposal is Better:**

State Farm's proposal provides all Qualified Persons may stay in the room if Confidential Information is discussed during a deposition if they are otherwise entitled to attend the deposition. The simplified procedure provided in State Farm's proposal clarifies the standard procedures and rights related to depositions.

11. The parties agree regarding the language of paragraph 11 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 11 of State Farm's Proposed Protective Order.

12. The parties agree regarding the language of paragraph 12 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 12 of State Farm's Proposed Protective Order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| Challenge Designation | |
| 13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential | 14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any |

| Plaintiffs' Protective Order | State Farm's Protective Order |
| --- | --- |
| **Challenge Designation** | |
| Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. | portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. |

**Why Plaintiffs' Proposal is Not Acceptable:**

In State Farm's experience, twenty days is too short a time to complete and file a motion for protective order. Additionally the term "Confidential Documents" is not defined in Plaintiffs' proposal.

**Why State Farm's Proposal is Better:**

State Farm's proposal provides a designating party thirty days to respond to a written challenge in order to create consistency and provide a reasonable amount of time for a designating party respond to a challenge. In addition it uses the term "Confidential Information," which is consistent with the other paragraphs in State Farm's proposed protective order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
| --- | --- |
| **Hearing to Resolve Dispute** | |
| 14. If a timely motion for specific protection is filed, any disputed document will remain | 15. If a timely motion for specific protection is filed, any disputed Confidential Information |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Hearing to Resolve Disputes** | |
| **confidential** until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing **to resolve a challenge of a Confidential designation**, the party designating the information as "Confidential" shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing. | will remain **subject to this Order** until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' proposal does not address electronically stored information.

**Why State Farm's Proposal is Better:**

Defendants add electronically stored information to the list of relevant information. The parties are in general agreement regarding this paragraph.

15. The parties agree regarding the language of paragraph 15 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 16 of State Farm's Proposed Protective Order.

16. The parties agree regarding the language of paragraph 16 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 17 of State Farm's Proposed Protective Order.

17. The parties agree regarding the language of paragraph 17 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 18 of State Farm's Proposed Protective Order.

18. The parties agree regarding the language of paragraph 18 of Plaintiffs' Proposed Protective Order, which corresponds with paragraph 19 of State Farm's Proposed Protective Order.

| Plaintiffs' Protective Order | State Farm's Protective Order |
| --- | --- |
| Case Closing/Designation | |
| | 20. Within forty-five (45) business days after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions |

| Plaintiffs' Protective Order | State Farm's Protective Order |
|---|---|
| **Case Closing/Destruction** | |
| | of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation. |

**Why Plaintiffs' Proposal is Not Acceptable:**

Plaintiffs' Proposed Protective Order omits clear procedures for the destruction or return of State Farm's Confidential Information after the resolution of the matter. This unreasonably enlarges the likelihood that Confidential Information could be improperly or inadvertently disclosed to a non-Qualified Person. Plaintiffs' proposed order effectively grants an unlimited use license to each plaintiff or their counsel to retain and use all State Farm's Confidential Information received for an unlimited period of time. That unlimited use is clearly beyond the scope of use necessary for the fair adjudication of this claim.

**Why State Farm's Proposal is Better:**

State Farm's proposal reasonably limits the use of Confidential Information by requiring that State Farm's Confidential Information will be destroyed following the resolution of the matter.

Filed
2/23/2015 11:18:35 AM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| _____, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-_____ |
| | § | |
| | § | |
| _____, | § | |
| Defendant. | § | |

## PROTECTIVE ORDER

1. **Proceedings and Information Governed.** This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. **Designation and Maintenance of Documents and Information.**

   A. "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

   B. The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing,

Patent Protective Order 12/1/09



any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

C. "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. **Documents Produced in Discovery and Depositions.**

A. **Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(A) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

B. **Depositions**

(i) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii) If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii)     During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv)     Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)     If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

4.     **Inadvertent Failure to Designate.**

A.     The inadvertent failure to designate a documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

B.     In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

5.     **Challenges to Designations.**

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

A.     A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

**B.** If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

**C.** Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

6. **Disclosure and Use of Confidential Information.**

**A.** Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; **(b)** two in-house counsel who are identified by the receiving party; **(c)** outside counsel of record for the receiving party; **(d)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(e)** experts or consultants; and **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**C.** Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** outside counsel of record for the receiving party; **(b)** supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(c)** experts or consultants; and **(d)** those individuals designated in paragraph 6(F)(c) below.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant,

the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

E.      Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

F.      "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

7.      **Non-Party Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## 8. Filing Documents With the Court.

Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

**CONFIDENTIAL INFORMATION**

**[ case caption]**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

## 9. No Prejudice.

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## 10. Conclusion of Litigation.

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## 11. Other Proceedings.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 12. Remedies.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

## 13. Relief from Protective Order.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed at Houston, Texas, this _____ day of _____, 20__.

_____
[Judge's Name]
United States District Judge

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

Patent Protective Order 12/1/09

7

<u>**Exhibit A**</u>

[CAPTION]

<u>**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**</u>

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.      Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.      I agree not to use any "Confidential Information" or "Highly Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6.      I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7.      I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature

Patent Protective Order 12/1/00

[CAPTION]

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

     1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

     2.    I have been given a copy of and have read the Protective Order.

     3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

     4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

     5.    I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature

Patent Protective Order 2/11/09      9

A True copy of the original, I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Court and
County Courts at Law Webb County, Texas
By _____ Deputy

Filed
2/23/2015 11:18:35 AM
Esther Degollado
District Clerk
Webb District
2014CVF001162 D1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Plaintiff | § § § § | |
| v. | § | CIVIL ACTION NO. |
| | § § § | |
| Defendant | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

### 1. Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2. Qualified Persons

"Qualified Persons" means:

a.    For Counsel or Attorneys Only information:

   i.    retained counsel for the parties in this litigation and their respective staff;

   ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been

[1]



EXHIBIT

designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

a.    *Nonclassified Information.* Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.    *Classified Information.* A party shall designate as Classified Information only

[ 2 ]

such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.     *For Counsel or Attorneys Only.*   The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.     *Ultrasensitive Information.*   At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

4.     **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this

[ 3 ]

litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

## 5.    Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only".    In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.    Originals shall be preserved for inspection.

## 6.    Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.    Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.    All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript.    The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions

[ 4 ]

any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however,* that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

8. **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or

[ 5 ]

For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

**10.    Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.    Challenging the Designation**

a.    *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the

[ 6 ]

court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

## 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

## 13. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

## 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any

[ 7 ]

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

## 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

## 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

## 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

[ 8 ]

### 18. Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

### 19. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE



A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

Filed
2/23/2015 11:18:35 AM
Esther Degollado
1/22/2015 3:57:34 PM Clerk
Esther Degollado District
2014-CVF-001162 D1
Webb District
2014-CVF-001162-D1

## CAUSE NO. 2014-CVF-001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| Defendants. | § § | 49TH JUDICIAL DISTRICT |

RAUL RODRIGUEZ AND NOEMI RODRIGUEZ,

Plaintiffs,

v.

STATE FARM LLOYDS AND FELIPE FARIAS,

Defendants.

IN THE DISTRICT COURT OF

WEBB COUNTY, TEXAS

49TH JUDICIAL DISTRICT

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced by the parties and non-parties in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2012, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2012. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.



EXHIBIT

E

EXHIBIT

A

2. "Confidential Information," as used herein, means any information of any type which is designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas a date of loss in 2012; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the party designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the

designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. Lead counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to counsel for the party designating the information as confidential within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced

Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District" When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District" if such legend

does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

8. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody and possession, in exchange for the production of properly designated information, or alternatively (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected

absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes the acknowledgement attached as Exhibit "A."

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of the interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in

informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. depending on the format of the materials introduced.

13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's

right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

15. Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their stratus as Confidential Information.

16. Pursuant to the agreement of the parties, no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or

work product protected information.

17. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

    a. Any party's right to object to any discovery request on any ground.

    b. Any party's right to seek an order compelling discovery with respect to any discovery request.

    c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

    d. The status of any material as a trade secret.

18. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to Rule 11 of the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of_____, 2015.

_____
JUDGE PRESIDING



A True copy of the Original I certify the ____ day of _____ 20 ___ ESTHER DEGOLLADO Clerk of the District Courts and County Court at Law, Webb County, Texas By_____ Deputy

Page 10

## CAUSE NO. 2014-CVF-001969-D4

| | | |
|---|---|---|
| LUIS MACHADO AND ROSA A. MACHADO, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND GILBERT SANTOS, | § § § | |
| Defendants. | § | 406TH JUDICIAL DISTRICT |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____, in order to be provided access to information designated as "Confidential" under the *Protective Order* entered in the 49th Judicial District Court of Webb County, Texas (the "Court") in *CAUSE NO. 2014-CVF-001162-D1; Noemi Rodriguez and Raul Rodriguez vs. State Farm Lloyds and Felipe Farias* In the District Court of Webb County, Texas, 49th Judicial District (the "Lawsuit"), represent and agree as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the Lawsuit, I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all "Confidential" information to which I am given access in connection with the Lawsuit, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the Lawsuit.

DATED: _____        SIGNATURE: _____

A True copy of the original I certify the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and County Courts at Law Webb County, Texas
By _____ Deputy



TAB 9

OF THE RECORD

Filed
3/3/2015 1:09:14 PM
Esther Degollado
District Clerk
Webb District
2014-CVF-001048-D1

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

---

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER
AND
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF STATE
FARM'S PROPOSED PROTECTIVE ORDER**

---

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Alma Pena ("Plaintiff"), and files this *Plaintiff's Reply to Defendants' Response and Objections to Plaintiff's Motion for Entry of Protective Order and Plaintiff's Response to Defendants' Motion for Entry of State Farm's Proposed Protective Order.* Plaintiff respectfully asks the Court: (1) to deny the *Defendants' Motion for Entry of State Farm's Proposed Protective Order* filed by State Farm Lloyds ("State Farm" or "Defendant"); (2) to grant *Plaintiff's Motion for Entry of Protective Order*, and order Defendants to fully respond to Plaintiff's discovery requests and enter Plaintiff's proposed Protective Order, attached hereto as Exhibit A. In support thereof and pursuant to the Texas Rules of Civil Procedure, Plaintiff would respectfully show this Honorable Court the following:

# I.
## SUMMARY OF ARGUMENT

1.  State Farm has filed a *Response to Plaintiff's Motion for Protective Order* and its own *Motion for Protective Order*, wrongly contending that the Court should enter State Farm's Protective Order to effectively protect it from Plaintiff's discovery that seeks the production of confidential and privileged information, including the production of trade secrets. All of Defendant's arguments and justifications for its proposed Protective Order are without merit because they have already been adequately addressed by Plaintiff's Proposed Protective Order. **State Farm has previously agreed to and litigated cases under the limitations, disclosures, and protections contained in Plaintiff's Proposed Protective Order in substantially similar litigation across this state; therefore, there is no valid reason for Defendants' opposition to Plaintiff's proposed protective order, or for the Court to invest time, resources, and efforts in the litigation of the previously agreed-on issues raised now by Defendant in its own Motion and disputed in State Farm's Response to Plaintiff's Proposed Protective Order.** Accordingly, State Farm's Motion should be denied and Plaintiff's Protective Order should be entered in this case.

# II.
## INTRODUCTION & BACKGROUND

2.  The causes of action made the basis of this lawsuit arise out of an insurance claim made by Plaintiff for hail storm and/or windstorm damages to her real property located in Webb County, Texas ("the Property") sustained on or about June 7, 2013. Defendant failed to conduct a reasonable investigation and failed to pay the full proceeds of the Policy. As a result, Plaintiff brought suit against all Defendants for damages resulting from the mishandling of Plaintiff's claims for coverage and asserted causes of action against Defendant State Farm for breach of

contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, common law fraud and conspiracy to commit fraud.

3. Plaintiff filed a *Motion to Strike Defendants' Objections to Plaintiff's Written Discovery Requests and Motion to Compel Discovery*, ("Motion to Compel"), on January 22, 2015, requesting an Order from the Court compelling State Farm to fully respond to Plaintiff's discovery requests.

4. Plaintiff contemporaneously filed *Plaintiff's Motion for Entry of Protective Order*, ("Motion for Protective Order") requesting that the Court enter Plaintiff's Proposed Protective Order, which is consistent with protective orders previously entered and used for substantially similar litigation involving Plaintiff's counsel and State Farm. Plaintiff has attached hereto as Exhibit A the Proposed Protective Order, originally filed with Plaintiff's Motion for Protective Order.

5. Plaintiff hereby incorporates by reference, as if fully asserted herein, the arguments and authorities, including all attached exhibits, asserted in Plaintiff's Motion to Compel and Plaintiff's Motion for Protective Order.

6. Plaintiff would show that Defendant's Motion for Protection Order should be denied, as Plaintiff's proposed protective order provides all parties, including State Farm Lloyds, adequate protection from disclosure of trade secret and proprietary information. Further, Plaintiff's Motion to Compel should be granted accordingly and Defendants ordered to fully respond to Plaintiff's discovery requests and to produce all responsive documents and information in their possession, custody, or control, including responsive materials previously withheld subject to such claims of privilege.

# III.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Proposed Protective Order Will Adequately Protect Defendants.

7.     Plaintiff asserts that her Proposed Protective Order will adequately address Defendant's concerns as to trade secrets and adequately protect Defendant.[1] Plaintiff's Proposed Protective Order is consistent with protective orders previously entered and used for substantially similar litigation involving Plaintiff's counsel and State Farm, and will protect State Farm, with respect to disclosure—in the course of discovery in this case—of documents and information that Defendant claims constitute trade secrets or proprietary material.

8.     State Farm argues that it needs the Court to enter its Protective Order to provide a shield from parties seeking the discovery of confidential information and documents.  However, Plaintiff's Proposed Protective Order contains numerous protections for the same type of information Defendant refuses to produce because of its confidentiality.  For example, Plaintiff's proposed Protective Order provides the following, among other protections:

> All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.[2]

> . . .

The disclosure of Confidential Information is restricted to Qualified Persons.[3]

---

[1] *See* Plaintiffs' "Exhibit A."
[2] *See* Exhibit A, ¶1.
[3] *See* Exhibit A, ¶3.

. . .

Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order.[4]

. . .

Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court.[5]

. . .

Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.[6]

9.      Plaintiff's protective order, as written, provides adequate protection of Defendants' trade secret and/or confidential information. As shown above, many of the issues raised in Defendant's motion are covered by provisions included in Plaintiff's proposed protective order. As such, Defendant's Motion for Protective Order provides basically nothing new and should be denied.

---

[4] *See* Exhibit A, ¶5.
[5] *See* Exhibit A, ¶7.
[6] See Exhibit A, ¶15.

## B. Texas Law Authorizes Shared Discovery

10. Defendant complains that Plaintiff's Proposed Protective Order does not adequately address handling of confidential information because it omits clear procedures for the destruction or return of State Farm's confidential information after the resolution of the matter. This argument fails because Plaintiff's Proposed Protective Order not only effectively addresses the handling of confidential information, as shown above, but also is adequate in light of Plaintiff's need for shared discovery, which Defendants oppose. Plaintiff's Proposed Protective Order defines "Confidential Information" as *any information* of *any type* which is designated as "Confidential" by any of the supplying or receiving parties.[7] This would include all Confidential Information.

11. Defendant also complains that Plaintiff's Proposed Protective Order does not limit the use of State Farm's trade secret material to this litigation. However, Texas law is clear that public policy favors shared discovery, which permits litigants to share otherwise confidential documents produced in discovery by a common adversary. Shared discovery is not only allowed and appropriate where there are several suits concerning the same subject matter, but also should be used in those situations because it is an effective means to insure full and fair disclosure and make the discovery process more efficient.[8]

12. In considering shared discovery, the trial court should balance the competing interests of the parties and approve an order that protects true trade secrets and confidential information from State Farm's competitors yet allows for proper use by other litigants involved in actions against this repeat defendant. Under the doctrine of shared discovery, the products of discovery may be

---

[7] *See* Exhibit A, ¶2
[8] *See Garcia v. Peeples*, 734 S.W.2d 343, 348-49 (Tex. 1987).

disseminated to other litigants and persons who are potential litigants.[9] Here, Plaintiff's attorneys are involved in litigation against insurance companies in several counties throughout Texas. Sharing discovery is appropriate in this circumstance to ensure efficiency in the discovery process, and it will benefit all parties.

13. Despite the cases' clear endorsement of streamlined discovery, insurance companies, including State Farm, nevertheless often vehemently protest and attempt to deny the applicability of this doctrine. Acceptance of Defendants' position would significantly limit the ability of policyholders to efficiently and effectively prepare claims based on widespread misconduct such as Defendants'. The danger posed by such widespread and largely uniform misconduct defeats State Farm's contention that the Court should ignore *Garcia* because it was a product liability case.

14. The premise of shared discovery is fundamental to the efficient and honest functioning of the judicial process. A presumption of openness applies to all court proceedings in this county, criminal and civil, because "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption."[10] In addition to making discovery more efficient, the shared discovery provision should make discovery more truthful and lead to full disclosure. "Shared discovery is an effective means to insure full and fair disclosure."[11] It has been the experience of Plaintiff's counsel, in other litigation against insurance companies, that the product of discovery varies greatly in both completeness and scope. Shared discovery is designed to remedy that variance and ensure that all litigants have access to the discoverable information.

---

[9] *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993) ("[U]nder the doctrine of shared discovery, the fruits of discovery are available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants.").

[10] *See Brown v. Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).

[11] *Garcia*, 734 S.W.2d at 347.

15.     *In re State Farm Lloyds* illustrates that the above-described shared discovery propositions are permissible. There, Defendant State Farm Lloyds sought a writ of mandamus commanding the trial court to vacate a protective order that allowed documents obtained in the case to be used in "related litigation against Defendants in which Plaintiffs' counsel is an attorney of record."[12] State Farm wanted a different protective order issued, just like here, which restricted the use and disclosure of certain privileged documents to the specific case before that specific trial court. The Court of Appeals concluded that the trial court's order adequately protected the Defendants from the involuntary disclosure of its trade secrets, and therefore, the Court denied the petition for writ of mandamus.[13]

16.     Defendants deride the Beaumont Court's analysis in *State Farm Lloyds* as "conclusory" and imply that the opinion carries no precedential weight because the Texas Supreme Court did not review it, but that attack is simply a smoke screen designed to conceal the fact that Defendants have no contrary cases to cite.

17.     Plaintiff's proposed protective order here is substantially similar to the protective order blessed by higher Texas courts. Further, the language of Plaintiff's Proposed Protective Order is nearly identical to a protective order recently entered in a similar first party case involving State Farm and Plaintiff's counsel,[14] and State Farm was actively involved in crafting the language contained in that protective order. In moving for entry of its own protective order before this Court, State Farm protests that it lodged objections before other courts to the language about which it now complains, but those objections have consistently been overruled because they are

---

[12] *In re State Farm Lloyds*, 2003 Tex. App. LEXIS 8115 (Tex. App.—Beaumont Sept. 18, 2003).
[13] *Id.*
[14] *See Alejos Ramirez and Ofelia Ramirez v. State Farm Lloyds and Sylvia Garza*, Cause No. C-3828-13-D; In the 206th District Court of Hidalgo County, Texas.

unfounded. For these reasons and more, the Court should grant Plaintiff's Motion for Entry of Protective Order.

18. Plaintiff's Proposed Protective Order allows the use of shared discovery, with proper limits and protections that should appease Defendants' concern about the disclosure of confidential information outside the 2013 hailstorm litigation.[15] The Court should enter Plaintiff's Proposed Protective Order, attached as Exhibit A, and, subject thereto, order Defendants to produce all documents and information responsive to Plaintiff's discovery requests that Defendants previously withheld from discovery based on the aforementioned claims of confidentiality.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court deny *Defendant's Motion for Entry of State Farm's Proposed Protective Order* and grant *Plaintiff's Motion for Entry of Protective Order*. Plaintiff further requests that the Court grant and enter Plaintiff's Proposed Protective Order, attached as Exhibit A, and grant Plaintiff any other and further relief, either at law or in equity, to which Plaintiff may show herself justly entitled.

---

[15] *See* Exhibit A, ¶1.

Respectfully submitted,

MOSTYN LAW

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111(Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 3rd day of March, 2015 in accordance with the Rules of Civil Procedure.

/s/ J. Steve Mostyn
J. Steve Mostyn

A True Copy of the original I certify
the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Court and
County Courts at Law Webb County Texas
By _____ Deputy

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| **Defendants.** | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced by the parties and non-parties in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation and other related litigation against State Farm Lloyds (including its employees) or any third party adjusting firm (including its employees) that adjusted claims arising out hailstorms and/or windstorms in Texas with a date of loss in 2013, and for no other purpose. "Related Litigation" means a first-party lawsuit in Texas by an insured against State Farm Lloyds and its adjusters or adjusting companies that produced the Confidential Information for damages to insured property arising out of hailstorms and/or windstorms in Texas with a date of loss in 2013. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Order.

2. "Confidential Information," as used herein, means any information of any type which is





designated as "Confidential" by any of the supplying or receiving parties, including information received from non-parties, whether it is a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. At the sole discretion of the producing party, the producing party may place on any documents that are subject to this Protective Order, bates numbers and/or a legend to indicate the document is "Confidential," subject to a Protective Order and is produced under the specific cause number; however, the producing party shall not label designated documents with a watermark.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to pending litigation arising out of hailstorms and/or windstorms in Texas a date of loss in 2013; their respective counsel; counsel's staff; expert witnesses; outside service providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person or counsel for the party designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a

Qualified Person under this Order.

5. Lead counsel for each party shall provide a copy of this Order to any person to whom Confidential Information is to be disclosed, including each party such counsel represents, and shall advise such person of the scope and effect of the confidentiality provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person, lead counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of "Exhibit A" attached hereto. Lead counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to counsel for the party designating the information as confidential within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   b. For static image productions by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade

Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas." When any file so designated is converted to a hard copy or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append the the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN *Cause No. 2014-CVF-001048-D1; Alma Pena v. State Farm Lloyds and Becky Lanier;* in the 49th District Court, Webb County, Texas," if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected

in the transcript of the proceedings.

    d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such information that the information is designated as "Confidential" and shall request its immediate return. After receipt of such notice, the parties shall treat the information so designated as Confidential Information under the terms of this Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Confidential Information during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party which produced and provided this information, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

8. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

    a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the

designating party all undesignated copies of such information in their custody and possession, in exchange for the production of properly designated information, or alternatively (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

9. Any party may request the party designating information as "Confidential" to consent to re-designate confidential information as not confidential, which request shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered confidential until thirty (30) days following the receipt of the deposition transcript. The court reporter shall note on the record the designation of said information as Confidential and shall separately transcribe those portions of the testimony and mark the face of such portion of the transcript as "Confidential." The parties may use Confidential Information during any deposition, provided the witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit "A." The parties may use Confidential Information during a deposition only if the room is first cleared of all persons except the court reporter, the witness being deposed, counsel for the parties and any expert entitled to attend, and only if said witness executes the acknowledgement attached as Exhibit "A."

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of the interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the

Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. depending on the format of the materials introduced.

13. At any time after the delivery of Confidential Documents, and after making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice of the challenge to counsel for the party disclosing or producing the Confidential Documents. The party or parties disclosing or producing the Confidential Documents shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Documents in dispute. If the party or parties producing the Confidential Documents does not timely file a motion for specific protection, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

14. If a timely motion for specific protection is filed, any disputed document will remain confidential until a contrary determination is made by the Court and all such documents, information or testimony shall continue to be treated as Confidential Information until this Court makes a contrary decision regarding the status of the documents, information or testimony. At any hearing to resolve a challenge of a Confidential designation, the party designating the information as "Confidential" shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the designation of documents, information, or testimony as "Confidential" information does

not constitute an admission that the document, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

15. Any papers filed with the Court in this action that make reference to Confidential Information, or contain information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

16. Pursuant to the agreement of the parties, no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

17. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

a. Any party's right to object to any discovery request on any ground.

b. Any party's right to seek an order compelling discovery with respect to any discovery request.

c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

d. The status of any material as a trade secret.

18. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to Rule 11 of the Texas Rules of Civil Procedure.

IT IS SO ORDERED on this _____ day of_____, 2015.

_____
JUDGE PRESIDING



A True copy of the original I certify the _____ day of _____ 20 __ ESTHER DEGOLLADO Clerk of the District Courts and County Courts of Law Webb County, Texas By _____ Deputy

# EXHIBIT "A"

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA,<br>    **Plaintiff,** | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND<br>BECKY LANIER,<br>    **Defendants.** | § <br> § <br> § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____, in order to be provided access to information designated as "Confidential" under the *Protective Order* entered in the 49th Judicial District Court of Webb County, Texas (the "Court") in Cause No. 2014-CVF-001048-D1, *Alma Pena v. State Farm Lloyds and Becky Lanier* (the "Lawsuit"), represent and agree as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the Lawsuit, I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all "Confidential" information to which I am given access in connection with the Lawsuit, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the Lawsuit.

DATED: _____

SIGNATURE: _____

A True copy of the Original I certify
the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Court and
County Court of Law, Webb County, Texas
By _____ Deputy

CAUSE NO. 2014-CVF-001048-D1

| ALMA PENA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

---

## ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

---

Having considered *Defendants' Motion for Entry of State Farm's Proposed Protective Order*, the response(s) thereto, and the arguments of counsel as allowed, the Court is of the opinion that said Motion should be DENIED; it is therefore,

ORDERED that *Defendants' Motion for Entry of State Farm's Proposed Protective Order* is hereby DENIED.


SIGNED this _____ day of _____, 2015.


_____
JUDGE PRESIDING

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy



TAB 10

OF THE RECORD

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PENA,<br>     Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY<br>LANIER,<br>     Defendants | §<br>§<br>§<br>§ | 49TH JUDICIAL DISTRICT |

## *Amended* PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation *and other related litigation* against State Farm Lloyds (including its employees) ~~and Becky Lanier~~ ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

*Related Litigation shall mean: a first party lawsuit in TX, against State Farm, by an insured of State Farm, for damages to Insured property arising out of wind/hail storms in Texas*

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI,

1

or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation ~~arising out of a weather event on or about June 7, 2013 in Webb County, Texas;~~ *and "Related Litigation" as defined in paragraph 1 of this order.* their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other

2

than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6.  Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

    a.  For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

    b.  For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential &

3

Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c.    For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert   #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert  #]" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in

4

the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a.

above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

6

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

   a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

   b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

   c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such

7

designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10.    Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a.    The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b.    The room is first cleared of all persons who are not Qualified Persons.

11.    In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that

8

the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific

9

protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client

10

privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

a. Any party's right to object to any discovery requests on any ground.

b. Any party's right to seek an order compelling discovery with respect to any discovery request.

c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within ~~forty-five (45) business days~~ one (1) year AFT after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during

11

this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.

_____

JUDGE PRESIDING



A true copy of the original I certify
the _____ day of _____ 20 ___
ESTHER DEGOLLADO
Clerk of the District Court and
County Clerk at Law Webb County
By _____ Deputy

| | | |
|---|---|---|
| ALMA PENA,<br>　　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY<br>LANIER,<br>　　　Defendants | §<br>§<br>§<br>§ | 49TH JUDICIAL DISTRICT |

*Amended*

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

*Andrew Taylor*　　　　　　　　, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014CVF001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

*3/23/2015*

DATED:

SIGNATURE

*counsel for Plaintiff*

## EXHIBIT A

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy



TAB 11

OF THE RECORD

Filed
3/25/2015 5:17:12 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

CAUSE NO. 2014-CVF-001048-D1

| ALMA PENA, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY LANIER, | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

**DEFENDANT STATE FARM'S MOTION TO STRIKE OR RECONSIDER PLAINTIFF'S AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND MOTION FOR ENTRY OF PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF THIS COURT:

The "Amended Protective Order" filed by Plaintiff on March 24, 2015 complies with neither the agreement the parties made before the Court at the hearing on March 5, 2015 regarding sharing, nor the Court's order regarding the same. Plaintiff's "amendments" do not limit the sharing of institutional State Farm discovery to "Related Litigation" as the Court instructed, nor limit the sharing to claims arising from hail storms in June 2013 in Webb County, Texas, handled by the Mostyn Firm. Defendant State Farm Lloyds ("State Farm") respectfully requests that the Court strike or reconsider[1] the "Amended Protective Order" Plaintiff filed, and enter State Farm's Protective Order attached hereto as Exhibit A.

---

[1] State Farm does not know at the time of preparing this motion whether at the time of filing the appropriate procedural vehicle should be a motion to strike or a motion for reconsideration as the Court's response to Plaintiff's actions are unknown at this time. State Farm therefore prepared the motion in the alternative to address the different actions available to the Court.

**STATE FARM'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND MOTION TO COMPEL – PAGE 1**

# I.
## INTRODUCTION

1.     At the hearing held before the Court on March 5, 2015, Plaintiff's counsel, Andrew Taylor, represented that he was interested in sharing discovery in cases handled by the Mostyn Firm. (Ex. B, March 5, 2015 Hearing Transcript, at 54:22 – 55:13.) In the discussion regarding sharing, Gilberto Hinojosa, who also attended the hearing as counsel for Plaintiff, specifically requested sharing within the Mostyn Firm for the cases in Laredo. (Ex. B, at 42:23-44:11.) The Court reminded counsel that discovery in one case would not be official discovery in another case, (Ex. B, at 62:2-6), and ruled that sharing would be limited to the Mostyn Firm "not being able to share with even co-counsel in other cases." (Ex. B, at 65:10-15.) Nonetheless, Plaintiff's "Amended Protective Order" does not reflect these limitations. Instead, Plaintiff broadly defines "Related Litigation" as: "a first party lawsuit in TX, against State Farm, by an insured of State Farm, for damages to insured property arising out of wind/hail storms in Texas." (Ex. C, Plaintiff's Amended Protective Order.)

2.     Plaintiff's "Amended Protective Order" does not limit the sharing of institutional State Farm discovery to "Related Litigation" as the Court instructed or provide reasonable limits to time and geography. The materials produced in this case will not be relevant to all wind/hail claims in Texas for all time. In order to protect State Farm's Confidential Information, it is necessary to limit sharing to wind/hail claims that arose in Webb County in June 2013. In addition, note that it appears that Plaintiff's counsel inadvertently failed to change the time limit in the last sentence in paragraph 20 of the Amended Protective Order from 45 business days to one year.

## II.
## ARGUMENT & AUTHORITIES

3. Plaintiff's "Amended Protective Order" allows for the improper and widespread distribution of every confidential and proprietary document in this case to all lawyers who file a lawsuit against State Farm on a wind/hail claim in Texas with any date of loss, without regard to the causes of action and factual allegations contained therein and the relationship to the present litigation. Critically, paragraph 1 of State Farm's Protective Order attached hereto (*See* Exhibit A) limits the sharing to Institutional Materials that may have some relevance from case to case, and appropriately carves out the case-specific materials that have no relevance across claims. *See In re National Lloyds Ins. Co.*, 2014 Tex. LEXIS 1108, 58 Tex. Sup. J. 64 (Oct. 31, 2014, orig. proceeding) (holding discovery of claims information of unrelated third parties that is not probative to other matters).

4. The Court's March 5th Ruling reflected that Plaintiff has no right or need to use State Farm's proprietary and trade secret information for any purpose other than the fair adjudication of this case. (*See* Ex. B., 62:2-6 and 65:10-15.) A protective order is easily vitiated without specific procedures to enforce the handling of protected information. *See In re Bass*, 113 S.W.3d 735, 737 (Tex. 2003) (orig. proceeding) (factors relevant to determining whether a trade secret exists include, among other things, the extent of the measures taken by the party to guard the secrecy of the information). For these reasons, in accordance with the discussion of counsel and ruling of the Court, the sharing of Confidential Information from this case in "Related Litigation" should be limited to institutional materials relevant to wind/hail claims in

Webb County, Texas in June 2013, and conditioned upon the return or destruction of confidential materials at the end of this litigation.

## III.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Honorable Court strike or reconsider the entry of Plaintiff's Amended Protective Order and grant Defendants' Motion for Entry of Protective Order regarding Confidential Information, enter the Order attached hereto, and for any other and further relief, at law or in equity, to which they show themselves justly entitled.

Respectfully submitted,

HUSEMAN & STEWART
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
(361) 883-3563; (361) 883-0210 (Fax)

VAN HUSEMAN
State Bar No. 1032350
TIFFANY DEBOLT
State Bar No. 24074118
Attorneys for Defendant State Farm Lloyds
& Becky Lanier

**STATE FARM'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND MOTION TO COMPEL – PAGE 4**

A True copy of the original I certify the _____ day of _____ 20 ___

ESTHER DEGOLLADO
Clerk of the District Courts and County Courts at Law Webb County Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was this 25th day of March 2015, served on the following:

VIA E-SERVICE
Mr. J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

TIFFANY DEBOLT

Filed
3/25/2015 5:17:12 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation or Related Litigation against State Farm Lloyds (including its employees) and Becky Lanier ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim, and for no other purpose. Subject to paragraphs 1.a. and 1.b. below, "Related Litigation," as used herein means a first-party lawsuit filed in Texas by The Mostyn Law Firm arising out of a claim for damages to residential, commercial, or personal property as a result of a hailstorm that occurred in Webb County, Texas in June 2013. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may be copied or reproduced as reasonably necessary for use solely in this litigation or Related Litigation,



A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy

**EXHIBIT A**

subject to the limitations contained herein.

a. State Farm's institutional materials that are not claim-specific or adjuster-specific will be Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD. Documents Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD may be shared among Qualified Persons in Related Litigation so long as The Mostyn Law Firm is representing the Plaintiff(s) in the Related Litigation. If The Mostyn Law Firm withdraws from any case qualifying as Related Litigation or later associates another lawyer or law firm in the Related Litigation, State Farm's consent to the use of the documents Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD in that Related Litigation is automatically revoked. Documents Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD shall not be considered to have been produced in and for Related Litigation as "official discovery" unless they are responsive to a written discovery request to which State Farm has not objected in that Related Litigation or the Court has overruled State Farm's objections and ordered production in that Related Litigation. Documents Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD that are not official discovery in a Related Litigation may not be used at depositions, hearings or at trial in that Related Litigation unless ordered by the Court or agreed to by State Farm.

b. Claim-specific, adjuster-specific, or other materials produced in this

2

litigation that are not Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD may not be shared in Related Litigation, but may only be shared among Qualified Persons in the lawsuit in which the materials were produced. If a receiving party intends to use any document Bates-labeled MLFINST0613WEBB00000001PROD - MLFINST0613WEBB00000756PROD in Related Litigation, that party must first obtain written consent of the producing party or leave of court.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation arising out of a weather event in June 2013 in Webb County, Texas; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other

3

person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning

4

of this Protective Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-DI". When any file so designated is converted to a hard-copy

5

document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-D1", if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information

6

in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.  Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8.  If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person

7

demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties)

8

shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the

9

designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b. The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials

designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged

11

or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

12

a. Any party's right to object to any discovery requests on any ground.

b. Any party's right to seek an order compelling discovery with respect to any discovery request.

c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within one (1) year after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after one (1) year after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated

13

by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

| ALMA PENA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014-CVF-001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.


_____    _____

DATED:                      SIGNATURE
bb


**EXHIBIT A**



Filed
3/25/2015 5:17:12 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
CAUSE NO. 2014-CVF-001048-D1

ALMA PENA,                          )    IN THE DISTRICT COURT
    Plaintiff,                  )
                                )
v.                                  )    WEBB COUNTY, TEXAS
                                )
STATE FARM LLOYDS AND BECKY         )
LANIER,                             )
    Defendants.                 )    49TH JUDICIAL DISTRICT


CAUSE NO. 2014-CVF-001162-D1

RAUL RODRIGUEZ AND NOEMI            )    IN THE DISTRICT COURT
RODRIGUEZ,                          )
    Plaintiffs,                 )
                                )    WEBB COUNTY, TEXAS
v.                                  )
                                )
STATE FARM LLOYDS AND FELIPE        )
FARIAS,                             )    49TH JUDICIAL DISTRICT
    Defendants.                 )

-----------------------------------------------------------------

PROCEEDINGS

-----------------------------------------------------------------

On the 5th day of March, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Jose A. Lopez, Judge presiding, held in Laredo, Webb County, Texas;

Proceedings reported by machine shorthand

"A True copy of the original I certify
the _____ day of _____ 20___
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

EXHIBIT
B

APPEARANCES

FOR PLAINTIFFS:
    SBOT NO. 09701100
    JUDGE GILBERTO HINOJOSA
    LAW OFFICE OF GILBERTO HINOJOSA & ASSOCIATES, P.C.
    622 E. Saint Charles St.
    Brownsville, Texas  78520-5218
    Phone:  (956) 544-4218

    SBOT NO. 24070723
    MR. ANDREW TAYLOR
    THE MOSTYN LAW FIRM
    3810 West Alabama Street
    Houston, Texas 77027
    Phone: (713) 714-0000
    Fax: (713) 714-1111

FOR DEFENDANT, STATE FARM:
    SBOT NO. 10323500
    MR. F. VAN HUSEMAN
    SBOT NO. 24074118
    MS. TIFFANY DEBOLT
    HUSEMAN & STEWART, PLLC
    615 N. Upper Broadway, Suite 2000
    Corpus Christi, Texas 78401
    Phone:  (361) 883-3563
    Fax:  (361) 883-0210

FOR DEFENDANT, STATE FARM:
    SBOT NO. 21190600
    MR. BRUCE J. WERSTAK, III
    SAMES & WERSTAK, L.L.P.
    TCB Financial Center
    6721 McPherson Road, Suite 360
    Laredo, Texas 78041
    Phone: (956) 728-0011
    Fax: (956) 727-3085

FOR DEFENDANT, STATE FARM:
    SBOT NO. 24038746
    MR. FELIX ARAMBULA, III
    JONES, ANDREWS & ORTIZ, P.C.
    10100 Reunion Place, Ste. 600
    San Antonio, Texas  78216
    Phone: (210) 344-3900
    Fax:  (210) 366-4301

A P P E A R A N C E S (continued)

FOR STATE FARM: (Pro Hac Vice)
        MR. JONATHAN M. REDGRAVE
        REDGRAVE, LLP
        14555 Avion Parkway, Suite 275
        Chantilly, Virginia  20151
        Phone:  (703) 592-1155

CHRONOLOGICAL INDEX
VOLUME 1 OF 1
PROCEEDINGS

MARCH 5, 2015

|  | Page | Vol |
|---|---|---|
| Case called........................................ | 5 | 1 |
| Proceedings concluded........................... | 78 | 1 |
| Court Reporter's Certificate.................... | 79 | 1 |

P R O C E E D I N G S

THE COURT: Alma Pena versus State Farm Lloyds.

MR. HINOJOSA: Gilberto Hinojosa and Andrew Taylor for the plaintiffs, Your Honor.

THE COURT: Good morning. And you have several motions. It seems that -- let's see. I might miss something. But let's see if I did. A motion to compel by defendants; defendant's plea in abatement; plaintiff's motion for entry of protective order; plaintiff's motion to compel, and plaintiff's motion to strike. Anything else?

MR. HUSEMAN: Your Honor, if I might, I am Van Huseman. Van's my first name, sort of like the shirt, except Vans --

THE COURT: Vans --

MR. HUSEMAN: -- is my first name.

THE COURT: All right.

MR. HUSEMAN: And I am here with all sorts of able help here on behalf of State Farm, Your Honor.

THE COURT: Okay.

MR. HUSEMAN: And what we've got -- basically, we're not going to pursue the abatement. Enough time has passed where that's sort of a dead issue.

THE COURT: Okay.

MR. HUSEMAN: To getting the case resolved.

THE COURT: All right, very well.

MR. HUSEMAN: So I think what the Court has is basically countervailing opposing sort of symmetrical motions on discovery and motions for protection.

THE COURT: Okay. Have you all conferred on your discovery problems?

MR. HUSEMAN: We have, Your Honor.

THE COURT: All right.

MR. HUSEMAN: And not only that, but we can give you a two-for-one package. You notice on your docket you have another case involving basically the same cast of characters.

THE COURT: State Farm Lloyds, Raul Rodriguez --

MR. HUSEMAN: That's right.

MR. TAYLOR: Same motions, same issues.

MR. HUSEMAN: And these are parallel --

THE COURT: You were here on that last time, I think, on one of these.

MR. TAYLOR: It was on Pena, yes, Your Honor, a couple of weeks ago.

MR. HUSEMAN: And the motion is going back and forth. They're essentially the same between the cases.

MR. WERSTAK: I was here as well, Judge.

THE COURT: Yeah, you were here on that. I

think it was you all --

MR. WERSTAK: We asked for a little more time to set all the hearings on the same date so we could have --

THE COURT: Are these similar -- do you have -- are there more of these -- this isn't one of cases that was on the MDL --

MR. WERSTAK: You asked us that last time. And --

THE COURT: -- litigation. And you all had no idea about that.

MR. TAYLOR: I think those are Farmers.

THE COURT: Those are Farmers.

MR. TAYLOR: Yes, Your Honor.

THE COURT: Okay. So then aside from the -- the competing motions to compel, on your motion for protective order, I suspect that that deals with the discovery issue as well?

MR. HUSEMAN: It does.

THE COURT: Okay.

MR. HINOJOSA: It's just -- it's a simple issue as to language in the protective order.

THE COURT: Okay.

MR. HINOJOSA: An issue of shared discovery. I don't think the hearing should take that long.

MR. HUSEMAN: Not an hour.

THE COURT: You want to be before that hour people -- that hour folks. The motion to strike, it deals with the motion to abate, or what does that --

MR. TAYLOR: Compel.

THE COURT: Oh, the motion to compel.

MR. HUSEMAN: These are mainly discovery-based.

THE COURT: All right.

MR. HUSEMAN: The issues are about what has to be disclosed back and forth and the form in which it's done.

THE COURT: So do you -- well, give me an estimate. 20 minutes, 25 minutes?

MR. HINOJOSA: That will work.

MR. TAYLOR: I think that will handle -- I mean, once we --

THE COURT: 20 to 30 then. I'll put you down 20 to 30.

MR. HUSEMAN: With the representation, Judge, you know lawyers lie about that.

THE COURT: No, I -- and the worst -- see, that's why I bought this now. And actually I didn't buy it. I am going to tell you the truth. I didn't buy it. Somebody -- an anonymous person left it here. And I never told this story, but, about a year, year and a half ago somebody left it on the bench. And I suspect that it was either a staff member or a

lawyer that got tired of me saying, okay, I am going to give you 20 minutes, and an hour later we're still at the hearing. So, I -- I'd rather not know who left it here, but I use it a little bit more now to remind myself.

MR. HUSEMAN: At least they didn't give you an hourglass with sand in it.

THE COURT: Thank you all. I'll get back to you.

MR. ARAMBULA: Thank you, Your Honor.

THE COURT: So I'm going to -- that's going to be those two cases, right?

MR. TAYLOR: Yes, Your Honor.

MR. HINOJOSA: We can do them at the same time.

THE COURT: At the same time.

MR. HUSEMAN: They're the same issues, same parties, basically.

THE COURT: Thank you. All right.

(Case recessed while other unrelated matters were called.)

THE COURT: Okay. 20, 30 minutes.

Alma Pena, State Farm Lloyds. Raul Rodriguez, State Farm Lloyds. 2014-CVF-1048; 2014-CVF-1162.

MR. HINOJOSA: Gilberto Hinojosa and Andrew Taylor, on behalf of the plaintiffs.

THE COURT: Oh, wait a minute. I think I borrowed your book.

MR. ARAMBULA: Yes, Your Honor. May I approach, Your Honor?

THE COURT: Yes, of course.

MR. HINOJOSA: Your Honor, on this one, I think probably it would be more efficient for us if the Court would please -- if the Court could handle their motion to compel first, and then the protective order, because I think the motion to compel is relatively simple, I think. And then the -- the issue of the protective order is a little bit more complicated.

MR. HUSEMAN: For again -- perhaps, for us to introduce ourselves. Cyndy, my name is Van Huseman representing State Farm.

THE COURT: Let me do -- yeah, let's do that. Let's get everybody on the defense side, and then everybody on the plaintiff's side.

MR. REDGRAVE: Jonathan Redgrave. I am appearing Pro Hac Vice for State Farm.

THE COURT: Okay.

MR. WERSTAK: Bruce Werstak for State Farm as well, Judge.

MR. ARAMBULA: Felix Arambula, III also for State Farm, Your Honor.

THE COURT: Thank you.

MS. DEBOLT: Tiffany DeBolt for State Farm.

THE COURT: Thank you.

MR. HUSEMAN: May I explain. He knows all about computers and that type of stuff more than we do. She's the one that filed the answer.

THE COURT: Did you say DeBolt?

MS. DEBOLT: D-E-B-O-L-T.

THE COURT: Okay.

MR. HUSEMAN: She's done the redactions, done the physical discovery. And these guys over here are the ones who are supposed to advise me not to say anything stupid.

But, well, I think, Your Honor, that -- that --

THE COURT: And let me get those -- you already made your appearance earlier, but just --

MR. HINOJOSA: Gilberto Hinojosa and Andrew Taylor, Your Honor.

MR. HUSEMAN: Judge Hinojosa may be right on this. I think going straight into discovery, the extent of the discovery, the scope of it is probably a good place to start on it.

THE COURT: All right.

MR. HUSEMAN: And basically there is a case which Felix -- he still has my copies on this.

MR. ARAMBULA: May I approach, Your Honor?

THE COURT: Please. And approach liberally, please.

MR. ARAMBULA: Yes, sir.

MR. HUSEMAN: Which Felix was leading to, which gives you a good overall view of what you need to do on this case. And what this case, which is from the end of October of last year, Texas Supreme Court's per curiam opinion on the case very similar to this one. And the bottom line --

THE COURT: Before we start, tell me what -- what this case is.

MR. HUSEMAN: Okay.

THE COURT: And then you can -- that way I can --

MR. HUSEMAN: Sure.

THE COURT: -- determine whether it's similar or not.

MR. HUSEMAN: Both of these cases are what would be considered fairly small wind hail type claims, one of which State Farm figured did not have to examine; did not think it went over the deductible. And the other one, under 20, under the -- well, it's plaintiff's oriented -- so they're both very small wind --

THE COURT: So one of them -- they are both wind hail cases, or claims. One of them State Farm claims was

under deductible. And the other one was what?

MR. HUSEMAN: Well, we met several thousand dollars owed possibly in damages. And they had estimated their estimate was about 20,000.

THE COURT: So then there is a provision in your -- in your -- in the insurance provision that -- that whenever there is a distinction between what you all believe value is, that you're able to then file this lawsuit with regard to it, or is it just what --

MR. HUSEMAN: Well, you're getting into where the nut of this issue is. The issue, to put it simply, is they claim we didn't pay enough for the claim.

THE COURT: Oh, so you ended up paying for it?

MR. HUSEMAN: No. No, these are still in dispute.

THE COURT: All right.

MR. HUSEMAN: They're in dispute.

THE COURT: Didn't pay anything.

MR. HINOJOSA: If I may, Your Honor.

THE COURT: Hold on. I'll get -- I'll get -- I think. Let me -- I'll get to you in a minute. Let me just hear Mr. Vance [sic] -- Vance is not -- yeah, Vance is your first name.

MR. HUSEMAN: Van is my first name. Yeah.

THE COURT: Tell me your last name again.

MR. HUSEMAN: Huseman. Huseman.

THE COURT: Huseman. All right.

MR. HUSEMAN: Yeah. And what these are about --

THE COURT: I think there's a Huseman -- represented Huseman out of Houston. You're not -- but that's --

MR. HUSEMAN: That was a criminal.

THE COURT: I think that's Houseman, not Huseman. Go ahead.

MR. HUSEMAN: No, Judge. This is basically a question about how much is owed, if anything, on it.

THE COURT: That's it.

MR. HUSEMAN: And that's it. It's a contract claim --

THE COURT: So maybe it wasn't paid, but you all offered to pay a certain amount of money. They didn't take it because it wasn't enough.

MR. HUSEMAN: Some --

THE COURT: Their inspectors said it was going to take a lot more money.

MR. HUSEMAN: Should --

MR. HINOJOSA: It's a breach of contract and insurance, closed quote, claim, Your Honor.

MR. HUSEMAN: Yes, that's right.

MR. HINOJOSA: Under the policy. We're homeowners. And our homeowner's policy gives us the right to collect certain amounts of money based upon what the damage was. And --

THE COURT: Okay.

MR. HINOJOSA: -- they paid a certain amount, but it wasn't sufficient. So we filed a lawsuit under the insurance code and --

THE COURT: Did you say they paid, again, you said?

MR. HINOJOSA: On some of them. On one of them they denied the claim, you know.

THE COURT: All right. Thank you.

MR. HUSEMAN: Here -- to answer it in a graphic sense. These are the competing estimates on the two cases. As I was talking about, the deductible exceeds what the -- was owed under the policy on these. These are the plaintiff's gross claims. These are what their hired expert says might be owed. And the point on this is that these are not huge lawsuits, under anybody's estimation. And that is germane to what we're talking about here, because the purpose, at least in my perception, what the Court needs to do is to dispose of what the argument is, and the discovery --

THE COURT: That's a huge disparity between the values.

MR. HUSEMAN: There is. But in terms of absolute dollars, what they are asking for us to do, is basically to spend more and respond in discovery that is totally in issue. That's -- that's in a nutshell. And as I started to tell you a minute ago, there is a Texas Supreme Court case that addresses this.

THE COURT: All right, thank you.

MR. HUSEMAN: On this --

THE COURT: This is the one that you handed to me. National Lloyds.

MR. HUSEMAN: That's right. October 31 of last year, which basically -- and this is a per curiam opinion involving all -- claims very similar to these, in which they basically direct the trial court, in this case, by mandamus to focus it on the claims that are involved, the issues that are involved.

THE COURT: All right.

MR. HUSEMAN: There is another case which is contained in our response. And I believe this is in Alma Pena's case, which is an even more recent case out of federal court in McAllen involving the lawyers who are on the other side of this involving our client and this case. And it involves another wind hail case. It's about as close as you're going to get, in terms of it. And in that, Judge Alvarez does a 27, 28-page analysis of discovery that was being sought.

THE COURT: The Fourth Court?

MR. HUSEMAN: Pardon?

THE COURT: Did you say Judge Alvarez?

MR. HUSEMAN: In federal --

MR. HINOJOSA: Federal judge in McAllen.

THE COURT: I'm sorry.

MR. HUSEMAN: In McAllen. And she goes through these claims back and forth.

THE COURT: A district court judge, right?

MR. HUSEMAN: That's right, Your Honor. And she goes through and does an exhaustive analysis of what's discoverable and what isn't. And it involves --

THE COURT: Why -- why do you do the -- why do you give us the federal judge's opinion, and why not stick to what the state court said?

MR. HUSEMAN: All right. First of all, Your Honor, the Texas Supreme Court said that the standards for discovery between the federal and state rules are essentially the same. They are -- it is a case that says exactly that.

Secondly, Judge Alvarez went through the claims that are being made here, and were being made in --

THE COURT: But it's not a Fifth Circuit case?

MR. HUSEMAN: It's not.

THE COURT: It's just a district court judge's opinion.

MR. HUSEMAN: It's not. And bear with me just for a second. Let me sort of round out my thought on this. She goes through the exact issues that you're confronted with on these competing motions; discusses each one of them; talks about what the law is; what the relevancy is; the importance of it. So I'm not suggesting to you that you need to defer to a federal judge, or that they have any sort of a whip hand over you or anything like that. What I am suggesting is that the reasoning that she used, the analysis which is exhaustive on this, and be instructed in regard to the parties' positions here.

MR. HINOJOSA: If I may, Your Honor, the more relevant --

THE COURT: Give --

MR. HINOJOSA: Okay, I'm sorry.

THE COURT: I'd rather not go back and forth yet until I kind of finish my thought as to what their position is. And I'll --

MR. HINOJOSA: Sure.

THE COURT: I'll get back to you. Just, I know that it's kind of -- I know, sitting there before -- or standing there before as you all used to, I did used to get a little bit frustrated with that type of process. But now that I am sitting on this side, it kind of helps me finish my thought. And then I -- I definitely don't --

MR. HINOJOSA: I thought he was turning it over to me. That's why I --

THE COURT: All right, thank you.

MR. HUSEMAN: I will tell you.

THE COURT: But please don't forget your thought, you know.

MR. HUSEMAN: Hold that thought.

THE COURT: All right.

MR. HUSEMAN: Okay. And perhaps we can show what we have produced.

THE COURT: So, okay. So far -- so far we have the Supreme Court case that basically says that in -- in these uninsured -- I'm sorry, on these underpaid insurance claims --

MR. HUSEMAN: Right.

THE COURT: -- or non-payment of insurance claims --

MR. HUSEMAN: You need to stick to the facts in this case.

THE COURT: The holding -- well, there's three things that it says. And I am not sure they're -- they are conjunctive or disjunctive, because it doesn't really give you that here in the initial holding. And I haven't read the rest of the body of the case. But basically it says in the case involving underpayment of insurance claims, the appellate court

concludes that the trial court abused discretion in ordering defendants to produce evidence related to insurance claims other than plaintiff.

MR. HUSEMAN: Right.

THE COURT: And I don't even know what you all are complaining about. You're just giving me the rules first.

MR. HUSEMAN: Right.

THE COURT: You haven't given me the issue.

MR. HUSEMAN: I gave you the -- we will discuss the details.

THE COURT: So now I am going to assume that the issue deals with the fact that plaintiffs have requested information on other claims. And I am going to assume that that in fact is the case because you're giving me this case. But in any event, so that's one thing. And then it says -- and it has a semicolon and says, Two, defendant's overpayment, underpayment, or proper payment of claims and unrelated third parties was not probative. And then a semicolon. Three, because the information plaintiff sought was not reasonably calculated to lead to discovery of admissible evidence.

So, to me, I need to read this as what is it -- is it conjunctive or disjunctive? Is it if any one of these fit, you're out, or do all three of them have to fit to be out? So, what I'm -- I read it, and I think as well, I think all three of them have to be -- have to fit in order to be out.

MR. HUSEMAN: M'hum.

THE COURT: That's the way I sort of see it from here. I haven't read the rest of the case. You tell me what it means.

MR. HUSEMAN: Yeah. And the lesson that we learned from it is that you are directed, or the trial court is directed generally, to focus the discovery on the dispute that they have before them.

THE COURT: Right. That's one of them. But it also has three other, or two other --

MR. HUSEMAN: And none of those are inconsistent with that principle that I am aware of.

THE COURT: Well, number three says the information plaintiff sought was not reasonably calculated to lead to discovery of admissible evidence.

MR. HUSEMAN: That's right. That's right.

THE COURT: So was that the holding, or that's not really a rule that they are coming up with?

MR. HUSEMAN: It's certainly a ruling in that case, that, regard to the claim going out of the pasture beyond where the fight was to something that discovery should not --

THE COURT: And tell me where -- tell me in the body of the case where it actually discusses -- cause you said something about that they had actually addressed the issue that when there is a case of -- the value of the case actually

has a lot to do with this holding, and it does not.

MR. HUSEMAN: It does. It does. And in the context of the supreme court case, whether or not State Farm underpaid; overpaid; didn't pay somebody else is --

THE COURT: Do you know what type of case this was? Was it just a simple breach of contract case?

MR. HUSEMAN: No. I think it also had the extra contractual issues in it as well, the National Lloyds case with holding --

THE COURT: So the same issues they have here.

MR. HUSEMAN: Exactly. This is -- this is very close to Whitehorse (phonetic) case, the other one I referred to, being the same plaintiff's lawyers, the same exact defendant, is probably even more of a Whitehorse --

THE COURT: The one with the district court from McAllen?

MR. HUSEMAN: That's right. This is even closer to the facts to this one.

And if I might, Your Honor, something that might be useful to the Court, to see what, for example, what we have produced, to the other side. This was not a situation where we're saying, You don't get anything. The other side, except for the matters that are redacted, the other lawyers have gotten the same things that I've gotten on this. We have our -- have our production here. This might be something the

Court wants to see.

Your Honor, if I might --

THE COURT: Yes, sir.

MR. HUSEMAN: For your reference, in case you have some questions on this, this is what we have produced in each of these cases.

THE COURT: Oh.

MR. HUSEMAN: See what we've done.

And Jonathan, do you have your computer?

We can show you also --

THE COURT: Tell me what is it that -- first -- let's start with what --

MR. HINOJOSA: You need to hear --

THE COURT: What are they seeking?

MR. HUSEMAN: They want us to --

THE COURT: Hold on a second. Let me do this. Let me do this. Since you all are giving me what you think the rules apply, I am going to tell them -- I am going to give them a shot at that. And then I am going to come back to you all so you can tell me specifically -- well, actually, I am going to go to them now, so that they can tell me what exactly they are seeking and why, and then you will be able to tell me why you believe that you shouldn't have to produce it. Go ahead.

MR. HINOJOSA: Thank you, Your Honor. And I'll have Mr. Taylor jump in to clarify more.

The case -- the Supreme Court case that was handed to you by counsel for State Farm deals with this: In that case, someone had a claim. And they asked, through discovery, for claims by a whole bunch of other people that hadn't filed involving the same storm, right. And -- and the Supreme Court said, without more, you can't do that. There is no reason for you to get all these other claims that were filed. What does it have to do with your particular claim. That's all that case is about. So, and the Supreme Court made a decision that you have to have something else in order to show your entitlement to claim files of other individuals.

We're not anywhere near that on this case, in terms of what we're requesting. What we're requesting are -- are policies and procedures of State Farm that will help us analyze how they took a look at this claim; what they did to properly adjust the claim; whether or not there's inherently within their process a system that allows them to undervalue claims, and -- and allows us to show that this is not only a breach of a contract, but a violation of the insurance code and its intentional willful conduct as well. So we're not asking for other people's claims.

THE COURT: But you had -- that last part, you have that in your pleadings as a cause of action?

MR. HINOJOSA: That's part of our claim, Your Honor. That's part of our claim.

Now, so this case is absolutely totally irrelevant to the particular issue in this particular -- in this case.

Secondly, Your Honor --

THE COURT: But wait, before you move on, why is it completely irrelevant?

MR. HINOJOSA: Because we're not asking for -- the settlement --

THE COURT: This guy -- these people here on the Lloyds case, the supreme court case, ask for --

MR. HINOJOSA: Other claim files.

THE COURT: -- other claims filed by third parties against them, and then also asks for -- I want to find out what this particular adjustor -- these particular adjustors, what they have been doing on these type of cases over the last six years.

MR. HINOJOSA: Oh, no. We're not asking for that. We're asking for training materials, you know, policies and procedures and how they handle these claims and so forth.

And let me -- I mean, I didn't interrupt you.

MR. HUSEMAN: I haven't said a word.

MR. HINOJOSA: He's got that thing --

THE COURT: Can you put it down, please?

MR. HUSEMAN: Okay.

MR. HINOJOSA: Your Honor, and he cites to you

a case from federal district court Judge Alvarez that says that the stuff that we're asking for in this particular case is not stuff that we should get. The other side of that coin, Your Honor, is there is an MDL court in McAllen -- in Edinburg right now that's handling thousands and thousands of hailstorm cases.

THE COURT: The same thing that's going on here. That's why I said, "Is this the MDL case"?

MR. HINOJOSA: And that MDL judge said that the materials that we're requesting are relevant. And in fact, the court put together --

THE COURT: Is a three-judge panel there or four-judge panel?

MR. HINOJOSA: No, it's -- the supreme -- the MDL panel appointed Judge Rose Reyna to be the MDL judge for all the hailstorm cases in the Rio Grande valley. And what -- what happened in that particular case is that judge, that state district judge, determined that discovery of these issues was absolutely relevant to these hailstorm cases. Even though they're -- you have -- you're entitled to do discovery on individual claims, you can also do discovery on policies and procedures that will illuminate how they are handling these particular claims.

In fact, Your Honor, the court developed master discovery that included all the identical questions that are part of the issue in this motion to compel and the issue on

the protective order, and allowed the parties, both the plaintiffs and the defendants to propose -- propound discovery among -- along the lines of that master discovery. So, even though there is a state federal district judge that says you can't do it, there is a state district judge that says you can, and that state district judge's decision on whether or not you can proceed forward on this kind of discovery has not been appealed. That issue is not on appeal. There is issues on appeal with respect to whether or not the terms of the protective order are legal; but whether or not we can propound this discovery, that's not -- that's not -- not been questioned by anyone.

You know, we sat down -- I mean, I am involved in the Multi District Litigation since day one. In fact, I wrote the brief to the MDL panel on whether or not there should be an MDL created. And, in fact, we recommended that if there was going to be an MDL, that to avoid forum shopping, they should appoint a district judge from Hidalgo County, and in fact they did.

But -- but what -- what has happened here, Your Honor, is that that share -- that discovery that we have propounded in that particular case, has allowed us to resolve probably two-thirds of all the cases that are pending all -- in the multi-district litigation.

THE COURT: All right. Let's move on then.

So then you were saying -- so far you tell me that the things that you're requesting are -- are training materials, policy and procedures, things of that nature.

MR. TAYLOR: Let me chime in. There's actually a couple more. And I've actually -- I've had conversations with Ms. DeBolt. I've sent letters to Mr. Huseman's firm looking for training materials pertain to wind and hail claims in Texas for five years; looking for the personnel files for the adjustors who were involved in handling the claim, and I can explain why we think that's relevant.

THE COURT: The what files?

MR. TAYLOR: The personnel files for the adjustors.

THE COURT: Okay.

MR. TAYLOR: The underwriting files where the claims at issue. An example is one of the claims -- I think it's Pena -- there is a prior claim that was a lot of property -- I don't even have that prior claim file, even though I've asked for it. So the underwriting file for these two policies. And then any documents that are related to my client's -- non-privileged documents related to my clients, the property, the address, the policy, or the claim number. So I've narrowed it down to basically those five categories.

THE COURT: From all -- from all that I am hearing you say on these five categories, I don't see anything

in here that talks about third parties.

MR. HUSEMAN: Okay. May -- you want to hear from me on that, Your Honor?

THE COURT: Yes.

MR. HUSEMAN: Okay.

THE COURT: And I am not even sure why we wasted our time on that issue if in fact they are not requesting that from you.

MR. HUSEMAN: Well --

THE COURT: Cause you said that they were -- you seem to be alluding to the fact that they were requesting similar information that was requested on that particular case.

MR. HUSEMAN: I did, Your Honor. And if I may begin within this, and rather than characterize what they told you versus what I am telling you, let's just go to what --

THE COURT: You know what I usually start with? I usually just start with your discovery requests. And then, you know, we will just -- instead of doing what I -- and when I make the mistake of starting with what you all's rules or believe what the rule is on particular issues, it normally takes a lot longer. But in any event, I'll let you respond to that. And then I am going to get to the questions.

MR. HUSEMAN: All right. If you look, for example, having been told that they have nothing about other people besides themselves involving this, Interrogatory Number

Seven to my client says --

THE COURT: Wait a minute. Are you objecting to everything?

MR. HUSEMAN: No, sir.

THE COURT: Okay.

MR. HUSEMAN: No, sir. We've produced in our -- now we've also produced --

THE COURT: No, but with regard to the -- the motion to compel now.

MR. HUSEMAN: No, not everything, obviously. We're willing to, for example --

THE COURT: The motion to compel, I want to get to something that's a little bit more concise. Your motion to compel, what numbers are you compelling?

MS. DEBOLT: Your Honor, if I may, here's a copy of their motion to compel and our response.

THE COURT: Okay, good. Thank you.

MR. TAYLOR: Motion to compel, Request For Production Number Two, produce the underwriting files and documents relating to the underwriting of all insurance policies --

THE COURT: Let me follow along here.

Request for production, is that what it was?

MR. TAYLOR: Yes, Judge, to State Farm.

THE COURT: Number Two, right?

MR. TAYLOR: Right.

THE COURT: All license and certifications identified in response to Interrogatory Number 3, is that what it is? No.

MR. TAYLOR: No. That's the one of defendants. Keep -- it's probably -- here's State Farm.

THE COURT: Produce underwriter files?

MR. TAYLOR: Yeah, Number Two.

THE COURT: Number Two.

MR. TAYLOR: And I don't see --

THE COURT: So that one was one that they --

MR. HUSEMAN: We've done.

MR. TAYLOR: They objected to that as being overly broad, burdensome, vague --

THE COURT: Oh, but you may have produced it, but they set your objection on motion to compel. Are you sticking to your objection on that?

MR. HUSEMAN: As so far as what we have not produced, yes, sir.

THE COURT: So then we have to address it.

MR. HUSEMAN: We've produced --

THE COURT: You make it sound like if we don't have to address it when you say we've produced it. No, we have to address the objection unless you're withdrawing it.

MR. HUSEMAN: Maybe I didn't make myself

clear, Your Honor. We have responded with the bulk of what they wanted.

THE COURT: Okay. So you're not withdrawing your objection?

MR. HUSEMAN: No.

THE COURT: Okay. So we have to address Number Two.

MR. HUSEMAN: And --

THE COURT: Go ahead.

Wait, wait. I'm sorry.

MR. HUSEMAN: You had asked me a minute ago about what discovery they had to fit within the supreme court case. And I was getting ready to read some of their discovery to us about that, Your Honor.

THE COURT: Well, we're going to go down the numbers. We'll just go down the numbers.

MR. TAYLOR: We're not compelling that --

THE COURT: Let's go down the number. I think we're not making much progress. And we're 17 minutes into our conversation --

MS. DEBOLT: Your Honor, I think it's worth mentioning which case we're arguing, because the motions to compel are different for both cases. So I think we need to make clear. Are we talking about the Raul Rodriguez case?

MR. TAYLOR: Right. That's the one the judge

has in front of him.

MS. DEBOLT: Okay.

THE COURT: 2014-CVF-1162, sorry, for the record.

MR. HUSEMAN: M'hum.

THE COURT: That's Request For Production Number Two. Okay, so Request For Production Number Two. And their response is here. Is that correct, Ms. Dupont? Du- --

MR. HUSEMAN: DeBolt.

MS. DEBOLT: DeBolt.

THE COURT: DeBolt. Well, how hard is that? That's not hard at all. Okay. So, your response is here, right?

MS. DEBOLT: Yes.

MR. TAYLOR: Your objections.

MS. DEBOLT: They were in an exhibit to his motion, yes, Your Honor.

THE COURT: Here it is. Response. And then, let me see if there is an objection. There is an objection. Okay. So, let me read -- go ahead, Mr. Taylor.

MR. TAYLOR: So, you know, I need the underwriting file because I'd like to -- at least before I put my clients up for deposition know about the condition of the property, at least what's the information State Farm has on the condition of the property. They have produced some documents,

which apparently they say could be the underwriting file. But as long as they're standing behind these objections, I don't feel comfortable with that.

THE COURT: Okay. Let's talk about your objections. You're saying it's not relevant?

MS. DEBOLT: It's not relevant. They haven't explained why they need it; what the relevance is of --

THE COURT: Isn't it the other way around? You have to explain why it's not relevant.

MS. DEBOLT: It's irrelevant to their case; it's not relevant to the correct claim.

THE COURT: The underwriting file?

MR. HUSEMAN: Right. Whether or not we paid too much or too little or whatever --

THE COURT: On their claim?

MR. HUSEMAN: Right. It has nothing to do with that.

MR. HINOJOSA: No.

MR. HUSEMAN: As to how the policy was originally sold. Their claims of that we didn't pay enough. That's all --

THE COURT: But, no, they also say that -- that there is a cause of action for -- tell me again what that is.

MR. TAYLOR: Bad faith, insurance code

violations.

MS. DEBOLT: All related to the claim.

THE COURT: Right. But they don't have to start with what you all agree to do?

MR. HUSEMAN: All of their extra contractual claims are things that arise after the loss, not before. And what -- how we underwrote their claim, if there is anything that we didn't give them, I am not sure. There's a lot in there that we didn't give them that has nothing to do with how we handled the claim.

THE COURT: How do -- do they just take your word for it?

MR. HUSEMAN: No. The underwriting file is State Farm deciding whether or not to write the policy in the first place. There is no issue on it that I can see on this that gets submitted to the jury. Not even close. It's simply a fishing expedition trying to find something perhaps for another case. And while I am on that subject --

THE COURT: But why would they -- why would anybody be in -- why would anything be in there for another case?

MR. HUSEMAN: Well, why would there be anything for this case either?

THE COURT: Well, because it dealt with the underwriting of this particular property.

MR. HUSEMAN: Which bears not at all on any issues that they are making claims on.

MR. HINOJOSA: That's not true, Your Honor.

MR. HUSEMAN: At all.

MR. HINOJOSA: They haven't -- they do inspections of the house. The way they make a determination of how -- what to value, how much to charge, they do a complete inspection of the house. They send an inspector to the house, Your Honor. And so the condition of the house is at the time --

THE COURT: And that's in the underwriting file?

MR. HINOJOSA: That's in the underwriting file, Your Honor.

MR. TAYLOR: Judge, you know --

THE COURT: All right.

MR. TAYLOR: I've tried one of these cases, and I've been a part of trials for these State Farm cases. Inevitably you've already seen it. This is a small case. They're going to say that my clients didn't take cake of their house; this is a crappy house in Laredo. And it's going to be based on the condition of -- that are listed in the underwriting files. I want to know now what is going to be there before --

THE COURT: Oh, in other words -- in other

words, if they -- part of the reason of why they may be paying so little because there was possibly replacement cost value is because it was worth little?

MR. TAYLOR: Yes.

MR. HINOJOSA: Yes.

THE COURT: So, there may be some information in the file when it was originally written that indicates what they thought that the house condition was.

MR. TAYLOR: Right. The condition of the file. I want --

THE COURT: All right. Anything else?

MR. HUSEMAN: And we have no problem with that.

THE COURT: Your objection then is -- with regard to relevance is -- is overruled. I am not sure how much the problem would be, because you don't maintain a physical file. Whatever it is. Electronic file or physical file, as long as you call it an underwriting file. That's the problem is you don't know what's an underwriting file.

MR. HUSEMAN: No.

THE COURT: You don't know what that is?

MR. HUSEMAN: We do have -- we do have some things which could be considered underwriting files that we have given to them in paper and electronically.

THE COURT: Is that -- is that possible that

the insurance company doesn't know what an underwriting file is, what you mean by that?

MR. HINOJOSA: I would have a really hard time accepting that, Your Honor. I mean --

THE COURT: I think you know what an underwriting file is, whatever you all -- however you define it -- not you, but your client.

MR. HUSEMAN: Yeah.

THE COURT: If it's a -- if it's a file that's -- if it's -- what -- however we -- however people define underwriting file. You didn't define it under your discovery rules.

MR. HUSEMAN: And I think that's what we gave them --

MR. TAYLOR: In terms of -- I mean, it's an insurance term.

THE COURT: I think it is. And so the way you all -- your client defines underwriting file, whether it's a physical file or an electronic file, I think that will apply.

MR. HUSEMAN: If you will look at what we produced, Your Honor, that we gave you.

THE COURT: I'm not going to look at what you --

MR. HUSEMAN: There are tabs under that which -- has the underwriting documents --

THE COURT: I am not going to address what you produced. I'll let them address that. I am addressing only the objections. Because that's what I am addressing today. If you're telling me, Judge, we've produced everything, then great. Then that means, we -- you're withdrawing -- the only thing I want to know is I have to address your objections, unless you withdraw them. That's it. Whether you produced it or not, I am not going to go through that right now and find our whether that -- because they are not saying you haven't produced it. They are saying, I want to address your objections. So that's -- that's what I need to do. And we're on the first one.

So, what I am going to do is -- I am not sure if there is a problem with the definition. I am just basically going to say whatever the definition is underwriting file for your client, that's what it's basically going to be. So --

MR. TAYLOR: I'll cut this down.

THE COURT: Let's see. It's relevance, and what else was there? I think that was it. Yeah. Okay.

MR. TAYLOR: Let me go to Request For Production Number Six, Judge. All documents used to instruct, advise, guide, inform, educate, or assist, provided to any person handling the claim made the basis of this lawsuit related to the adjustment of this type of claim, i.e. hail damage. What I've done is I've limited that through several

letters to counsel. I want instructional guidelines, documents, materials related to wind and hail claims in the State of Texas for five years.

THE COURT: And your theory behind that is that's going to be instructive to the adjustors who handled this claim to find out exactly how they did it.

MR. HINOJOSA: That's right.

MR. TAYLOR: That's going to go to both causes of action to each contract and as to productions.

MR. HUSEMAN: What counsel didn't tell you is we are agreeable. Additionally, I think five years is the year that -- as long as we have a protective order in place that keeps our proprietary information out of the public domain and being used other places. And we have a proposed order before the court, which if we can get an agreement on that, we can produce that to them.

THE COURT: Did you all object to that?

MR. TAYLOR: Judge, this is the first time I've heard of that.

THE COURT: Did you object to Number Six on that?

MS. DEBOLT: Yes, Your Honor. We objected because it --

THE COURT: No, no. But specifically, for that privilege.

MS. DEBOLT: Yes. We stated the privilege. And then we also in the objection state that we would produce the documents.

THE COURT: There it is. I see it.

MR. HUSEMAN: Yeah.

MS. DEBOLT: And then, Your Honor, I think that we may streamline a lot of this because Exhibit B to our response is all of the documents that we've offered to produce once there is a protective order that's entered. And there are a lot of documents that we will produce once we get that protective order.

MR. TAYLOR: I've seen their list. And that's -- what I am requesting are all the documents related to wind and hail claims for the last five years. I don't --

THE COURT: Not the wind and hail claims. You're requesting --

MR. TAYLOR: How to handle wind and hail claims.

THE COURT: Right.

MR. TAYLOR: I don't necessarily want the documents -- I'll take them -- that they have hand picked as being relevant, because I want what these people are actually -- what's available to them, and what they're taught on. So --

THE COURT: Right.

MR. TAYLOR: I'll take what they have. But

what I want them to do is do a search for those documents for five years. And I want that to be produced. And I think it's relevant.

MR. HUSEMAN: This takes us -- circles back to the rule about them asking for things beyond this lawsuit.

THE COURT: No. Well, this is specifically in this lawsuit, because the instructions that you give your adjust- -- not you, your client gives your adjustors, and the guidance that your company, that your client give the adjustors on how to handle this claim, ultimately will deal with how they handle this particular claim.

MR. HUSEMAN: Don't have a problem with that.

THE COURT: Okay. Then let's go.

MR. HUSEMAN: The problem we've got is when they ask us to identify by name, address, phone number, anybody --

THE COURT: We are talking about Number Six, right?

MR. HUSEMAN: No, this is Seven.

THE COURT: Cause we're on Six.

MR. HUSEMAN: This is --

MR. TAYLOR: Your Honor, I am not compelling Number Seven.

MR. HUSEMAN: What I'm saying, Your Honor --

THE COURT: They're not compelling Seven.

Let's not go to Seven. Let's stick to Six, because Six is what they're compelling.

MR. HUSEMAN: Well, this ties in to our complaint about them wanting things beyond the scope of this claim.

THE COURT: But Seven they are not requesting is what they're -- is what he's asking me. So, I'd rather not chew on something that we don't need to right now. We've got plenty.

MS. DEBOLT: Your Honor, in our -- we responded to them and offered with the entry of a protective order to produce relevant education and training or training tracker records, if any, of the assigned adjustor to directly handle plaintiff's hail claim.

MR. HUSEMAN: Right.

MR. HINOJOSA: Well, Your Honor, but they are determining what relevant is in that respect. We just want them to produce what we've asked for. And, unless they have a specific objection --

THE COURT: Okay. You don't have any objection to entering into the confidentiality agreement or a protective order?

MR. HINOJOSA: The only thing on that, Your Honor -- and I guess we can take it up real quick on that. We've asked -- there's I think a total of ten hailstorm claims

here in Laredo as a result of a series of hailstorms that occurred over a period of time. And we're asking so that we don't have to be coming back every time on this particular issue, that we allow -- be allowed shared discovery; that if we get this discovery in this particular case, that we can -- we can use -- this law firm, the Mostyn Law Firm can use the same discovery responses or documents that were produced in any of the other ten cases. And subject to that, we would -- we don't have a problem with the protective order. And I think that's -- there's a big argument against that that they are making now.

The -- the 13th Court of Appeals has already ruled on that issue. But we're not in the 13th Court, I understand that. And it has allowed that. That's probably the main issue of dispute with respect to the training documents and the information -- the information that the adjustors are to review to guide them in --

THE COURT: Okay. What I see on the objections so far is you're objecting to vague and ambiguous. Apparently Mr. Taylor says he's clarified that with some follow-up narrowing of the request, or clarification of the request. Overly broad is another objection. Relevant is another objection. Based on what Mr. -- what they say that they have -- in the manner in which they have, I guess, narrowed the issue on Number Six, and as modified, I will

overrule the objection with regard to vague and ambiguous; overrule it with regard to overbroad; and overrule it with regard to relevant; however, subject to the -- the protective order.

Now, let's talk about this other issue.

MS. DEBOLT: Just for your reference, these are the documents that we're going to be potentially arguing about, and that we've offered to produce with the protective order.

THE COURT: I'm not -- I'm not -- I'm not discussing this. I'm discussing what's in the response and on your objections.

MS. DEBOLT: Yes, Your Honor. And that's what we've offered to produce.

MR. HINOJOSA: But they've offered to produce because they have the objection. You've already removed the objection.

THE COURT: The ruling that I am giving --

MS. DEBOLT: Okay.

THE COURT: -- is basically the Request For Production Number Six, whether you should have to respond to it in the modified version that Mr. Taylor -- it is Taylor, isn't it?

MR. TAYLOR: Yes, sir, Your Honor.

THE COURT: -- has in fact indicated to the

Court that he's modified it at, and has indicated to you all that he's --

MS. DEBOLT: Your Honor --

THE COURT: -- by way of -- I'm sorry -- by way of e-mail or letter or whatever it was, that he clarified as. And based on that, I am making the ruling on your objection.

MR. ARAMBULA: Your Honor, if I may, the clarification from plaintiff's counsel was what again?

THE COURT: Modification.

MR. ARAMBULA: Or modification that you wanted, what was --

MR. TAYLOR: Instructional guidelines and materials related to wind and -- handling wind and hail claims in Texas for the last five years.

MR. ARAMBULA: For the adjustors in these --

MR. HUSEMAN: This case?

MR. ARAMBULA: In this case?

MR. TAYLOR: No, for State Farm.

MR. HINOJOSA: Their policies.

MR. TAYLOR: The policies and procedures.

MR. HINOJOSA: That's pretty clear in the request for production.

MR. HUSEMAN: It's pretty broad.

THE COURT: Well, do you all train -- do you

all train your adjustors -- not you all, but does your client train your adjustors differently in different parts of the state?

MR. HUSEMAN: Probably.

THE COURT: Why?

MR. HUSEMAN: Well, because they have different conditions at different times.

THE COURT: So the homes in south Texas get adjusted one way, and the homes in north -- north Dallas get adjusted a different way?

MR. HUSEMAN: I would think that they have a lot more interest in tornadoes in Dallas than they do down here.

MR. HINOJOSA: Your Honor, there is no -- there is no evidence of that. I've been through all these cases, Your Honor. They have never raised that issue. This is the first time I've ever heard that.

MS. DEBOLT: And Your Honor, his modification is broader than --

THE COURT: You still haven't convinced me of why you would train your adjustors differently.

MR. HUSEMAN: Different places, different needs, at different times.

THE COURT: On underwriting a particular house?

MR. HUSEMAN: Well, underwriting is not something an adjustor does. That's --

THE COURT: Okay. Well then or on -- on appraising a particular house with regard to the destruction.

MR. HUSEMAN: Well, for example, if -- and I don't even know this is a fact. If -- if --

THE COURT: So then an expert from -- an expert that's brought in here to testify in south Texas about a particular damage --

MR. HUSEMAN: M'hum.

THE COURT: Would have to be somebody who is trained in south Texas wind damage, as opposed to north Texas wind damage?

MR. HUSEMAN: Well, I could perceive, for example, Your Honor, there being differences in prices between Dallas and south Texas.

THE COURT: But don't they all use the same computer model that they use?

MR. HINOJOSA: Yes.

MR. HUSEMAN: They have some similarities, but there are reasonable differences.

THE COURT: I've had -- and I know I don't have testimony with regard to that here. But I've had plenty of trials in which I've had issues of value come up. And I've heard people object to experts that are brought in from perhaps

Michigan or other parts of the country. But I have never heard of them object to experts that are in fact doing work in and around the State of Texas, whether it be Dallas or Houston or --

MR. HUSEMAN: Maybe I haven't made the point clearly. The objection here is what they are wanting to do is know about training of adjustors other than those that are involved in this lawsuit.

MS. DEBOLT: And, Your Honor, actually, that's all they ask for in the request. His modification is broader than their request, because they only asked for training documents to any person handling the claim. So, his modification wanting all adjustors around the --

THE COURT: All right. Let's look at that.

MS. DEBOLT: Okay.

THE COURT: Okay. Mr. Taylor. It seems that that's in fact what you requested.

MR. TAYLOR: One second. I think there is another request.

THE COURT: Good point. Okay. With regard to Number Six then, we'll deal with it in that manner. If you have another one, then we'll deal with it at that point.

MR. HINOJOSA: That's fine, Your Honor.

THE COURT: Okay. Now, it is eleven o'clock. I need to have a discussion with counsel that are waiting for a

hearing, and then I'll bring you guys back.

MR. HINOJOSA: Okay, Your Honor.

MR. ARAMBULA: Yes, Your Honor.

THE COURT: And while I do that, I suggest that you try and confer.

(Case recessed while other unrelated matters were called.)

THE COURT: All right. Let's continue.

And you all can stick around, please. I am trying to get to you before lunch --

MR. GEORGE: Thank you.

THE COURT: -- or before I break for lunch.

MR. TAYLOR: One last request. And it's the training material -- all training and educational materials which instruct claim adjustors or claim handlers in handling hail claims for property damage cover under homeowners policy --

THE COURT: What number is that?

MR. TAYLOR: This is on Pena.

MR. HINOJOSA: Pena. The other one was more narrow. That's why we were --

MR. TAYLOR: Pena Number Five.

THE COURT: Okay. So Pena Number Five is not the same one as Rodriguez Number --

MR. HINOJOSA: Rodriguez narrower --

THE COURT: Number Six, I believe it was.

MR. TAYLOR: And I think we've agreed to that, pending the protective order. We conferred a little bit.

THE COURT: Well, there was a little bit of a -- there was a little bit of a -- from what I remember, there was a little bit of disagreement. I don't want to say they agreed to it. There was a little bit of disagreement with regard to -- remember that I said that we'd like to limit it to adjustors who handled that -- that particular adjustment, or that particular claim. And there was a -- there was a -- there was a discussion about that. And then at the very end, she said that by my ruling I was making it broader than what you were requesting. So here we are on Number Five. Then now I can actually do what my original ruling was. So, anything else to add?

MS. DEBOLT: We have the same objections as we discussed earlier.

THE COURT: Sure. Sure. And I will allow for the record to show that the objections are -- that were made on Number Six for Rodriguez case are now made on Number Five for the Pena case. And I'll bring those over and make them part of the record. And in fact, you've -- you've -- you brought that in. My rulings are exactly the same as the Pena rulings Number Six -- no, as the Rodriguez ruling, Number Six, into the Pena Request Number Five. And my original ruling on that case will

stand on the Number Five -- on the Pena Number Five, which will be -- unless you can show me that in fact there is a distinction in which you all do that, train your adjustors, I don't see how that in fact can be the case.

I would think that -- especially on these hail damage cases, they -- you know, there is no evidence of this for purposes of this hearing, but I -- some of the things that I've seen in the past, and I hear in the courtroom and otherwise is that sometimes there are teams of people that are brought down to particular areas when these type of claims occur, and they don't necessarily live here in Laredo or whatnot, when a claim is in Webb County. So --

MR. HINOJOSA: So the only issue is --

THE COURT: Yes, sir. He wanted to say something. Mr. Huseman?

MR. HUSEMAN: If I might. I want to make sure the Court's clear about a position. We're not fussing at all, subject to the protective order, about producing things where adjustors were involved in this claim at all.

MR. HINOJOSA: But I think you already ruled, Your Honor, and --

THE COURT: No, I -- give me a second. Don't -- the frustrated guy should be me, not you. Give me a second.

MR. HINOJOSA: I'm sorry.

MR. HUSEMAN: Truly so.

THE COURT: Thank you. So I understand completely. And I am just saying I just don't think it's going to be -- there's -- there is nothing on the record that shows that these people, these folks are trained any differently. So your search of one should be, you know, the trainings that people go to, or that you may require them to go to, or the material that you send out to them, if any. There may not be any. In fact, are the same for one or the other. And I don't suspect that anybody should -- should -- because, you know, the other argument that can be made is, somebody may have missed a session, but doesn't mean that they're not still stuck to what -- in other words, that they're not in fact required to know exactly what it is that -- that the company requires. So that's -- that's --

MR. HUSEMAN: We're going to give them the materials. That's not the problem.

THE COURT: Thank you.

MR. HUSEMAN: But by the same order of thinking, if they're all the same, then giving them ones in this case will get the job done.

THE COURT: I understand your objection. I made my ruling. Next one.

MR. HINOJOSA: The issue of the protective order, Your Honor.

THE COURT: Protective order. You all don't

agree on that?

MR. ARAMBULA: No, Your Honor.

MR. HINOJOSA: The only issue is the shared discovery issue. And that's --

THE COURT: Now, you remember what the courts have said with regard to shared discovery. There's -- there is a public -- what is the word that the case law says? And I deal with these issues, not necessarily on these hail and wind damage, but on products liability cases. A lot. We've had a lot of products liabilities trials.

MR. HUSEMAN: Tire roll outs or whatever.

THE COURT: Products liability. I tell you what, I've had, you know, all sorts of products liability cases between Webb and Zapata Counties. You'd be surprised. So we have that. But that, I believe, may be a standard that is different to -- that is -- that is more concentrated or more that the rules apply to products liability cases, as opposed to anything else.

MR. HUSEMAN: That's exactly.

THE COURT: Can you -- do you disagree with that?

MR. TAYLOR: I do, Judge. And I can -- let me -- if -- I think what the supreme court -- and you know, at least in the People's case was favoring shared discovery was for efficiency. And I can give an example here. We have

probably a hundred cases that I am handling around the State of Texas where I am going to be compelling training materials for wind and hail claims against State Farm. I recognize that they -- they have a proprietary right. And I want to protect that as well. I don't want that stuff getting out.

But for purposes of efficiency and not having to waste the Court's time and going to compel at different places, let's produce it once. They can stamp it however it needs to be stamped to protect it, and to recognize it. I am not going to send it anywhere outside of my firm.

THE COURT: In other words, you're not going to share it with other plaintiff's counsel --

MR. TAYLOR: Just me, my firm.

THE COURT: -- with your associations, and things of that nature. Is that --

MR. TAYLOR: It's just more to save my clients money from traveling, to save my money and time.

THE COURT: But from traveling here?

MR. TAYLOR: Yeah, from having to come down --

THE COURT: You're talking about Webb cases only?

MR. TAYLOR: No, no, all around.

THE COURT: You're not just -- I thought you said that there was about ten cases filed here in Webb, and that you wanted to basically be able to do them here.

MR. TAYLOR: Well, I proposed one that would allow me to share my cases only for first party cases against State Farm in the State of Texas. And, you know, there's probably ten different counties that I have cases in.

THE COURT: Oh, is that what you said -- ten different counties? I thought you said ten different cases.

MR. HINOJOSA: I said ten cases, Your Honor.

MR. TAYLOR: I do have ten cases currently in litigation in Webb County. I have some more that I haven't filed yet, but I'm in probably about ten different counties. And so that's what I started at, and --

THE COURT: Okay. Tell me what -- what the rules say about that. How is it that you're protected for this material? Why is this material so -- so protectable?

MR. REDGRAVE: The material itself, I don't think there is actually a dispute between the sides, as far as the protection for the material itself, the training materials that provide State Farm with a confidential or -- I'm sorry, competitive advantage, vis-à-vis other insurers in the state. That's part of their trade.

THE COURT: Well, they're not asking for like your actuaries or anything like that. They're asking for how do you train your people.

MR. REDGRAVE: That -- that material itself, Your Honor, State Farm has asserted in multiple cases. And in

fact, plaintiffs have agreed that they recognize the trade secret value of those materials. The way in which State Farm trains --

THE COURT: Trade -- supreme court has come down with what is actually a trade secret here recently, remember that. Do you meet that criteria with how you train your people?

MR. HUSEMAN: M'hum.

THE COURT: This isn't -- this isn't -- this isn't, you know -- what's the latest thing that was said with a trade secret? This isn't the -- the geology for, you know, what's 13,000 feet below the surface, and, or what may be 13,000 feet below the surface, and where a lot of value and cost and whatnot has gone into all that type of development of the particular areas. I mean, this is, you know, how do you train somebody to go look at a roof, and what to take a look at. I mean, it's not -- how long would you actually take to do that? How much investment do you take to actually put that together?

MR. REDGRAVE: Your Honor, actually there's a lot of investment State Farm does, first of all.

THE COURT: To protect --

MR. REDGRAVE: Secondly, I recognize it's not a formula case. I've been involved in formula cases for, you know, a particular product. We know that's not what this case

is, in terms of confidentiality. But keeping the material confidential and out of the public view is a competitive issue for State Farm, because other insurers would love to get their hands on how State Farm trains adjustors. There's a lot of effort that goes into making the materials so that adjustors understand the process, understand the workloads within State Farm, and in fact the way the adjustors then interact with the enterprise claim system; how they put the information in; how it goes into the system so State Farm can adjust and process the claims with a competitive advantage vis-à-vis the other insurance carriers.

So from State Farm's perspective -- and I believe we put in evidence on this as well, that is a competitive trade secret.

THE COURT: Okay. Let's just suppose for a moment -- because there is no objection on that side with regard to --

MR. REDGRAVE: Correct.

THE COURT: -- putting it in the hands of your competitors obviously. They are more -- that's not what they're concerned about. And I haven't -- that was my first -- the first way to be able to -- to deal with the situation is -- well, does it even meet the criteria. And if it doesn't, let's just move on. Okay. Let's just suppose it meets the criteria. That's not the criteria that you have to worry about with these

folks, do you? I mean, because they are willing to say, I'll sign off on that. What they're wanting to do is, I am involved in other cases, I am already going to see your material in this case, I would like to be able to use it in a different case.

Now I have a different question to you with regard to that, but that's more procedural in nature than anything else.

You're basically saying -- you're saying, I don't want -- I don't want you to share it with yourself in other cases.

MR. REDGRAVE: Your Honor, two things first. Your break actually helped us go out and confer a little bit on this very point.

THE COURT: Okay, good.

MR. REDGROVE: It was very helpful, because Mr. Taylor kind of zeroed in on this provision as being the one and only one in dispute. So really, we have a lot of others we we have in our papers. But I think they are willing to say they want to have this resolved, whether they can share within the Mostyn firm. And that was a helpful clarification to us.

THE COURT: Okay, good.

MR. REDGRAVE: Because the language they had in the original protective order they proposed didn't have that restriction just to the Mostyn firm. I think with respect to our position, as a matter of principle, we think discovery in

these cases should be limited to these cases. However, I recognize that Your Honor might just overrule that very quickly.

MR. HINOJOSA: That will resolve the issue.

THE COURT: Sometimes I surprise you.

MR. REDGRAVE: You did have a question for Mr. Taylor. And you wanted to ask a question.

THE COURT: Well, my question to him was, I mean, you're -- you're saying so that I wouldn't have to come back to court and have these documents produced. I mean, it could be a very -- it could be another firm in another case. And here you are with the documents. And you want to say, well, Judge, they agreed to produce these in the other case in Webb County, and --

MR. HUSEMAN: That's --

THE COURT: I mean, it's not really going to be continued under the discovery rules as documents that they produced in that case. It's just something that you can use.

MR. HINOJOSA: Right.

THE COURT: Right. But not that's going to be -- not that's going to be available for you to say, well, it's admissible because they produced it, you know, under the rules that when you -- when you produce the document, that now you don't have to do all the rigamarole of bringing -- bringing somebody down to testify on its authenticity and whatnot. But

so, this isn't something that you are going to be able to use in that matter.

MR. TAYLOR: It gives me a baseline, for example.

THE COURT: For asking some questions.

MR. TAYLOR: For -- oh, no, no. For actually going to opposing counsel in another case and saying, Hey, here's what I know exists; has been produced; we produced it in this case.

THE COURT: Sure. I understand that.

MR. TAYLOR: Yeah. And that's really what I --

THE COURT: I'll get to you, Felix. Give me a second.

MR. ARAMBULA: Yes, Your Honor.

MR. TAYLOR: And that's really my goal, is because I like to have some consistency. And --

THE COURT: I understand that. But I just wanted to make sure that we -- that I wasn't -- that you weren't expecting -- even if I go that route, an order that basically says these documents will be now discovery that will be officially usable in all cases that Mostyn firm is involved in. That's not the order you're going to get.

MR. TAYLOR: Not admissible, but I can use them in depo for example --

MR. ARAMBULA: Here we go.

THE COURT: Well, I am not talking about admissibility. Maybe I should have said it differently. That they would be considered official discovery of another case. It's really not going to be official discovery. It's just going to be something that you can use --

MR. TAYLOR: Yeah.

THE COURT: And then -- in other words, if they -- if they say -- if in other cases in the firm that they're not -- that they may not be involved in, and I am talking about the defense firm before the court now, and say -- and you asked for these documents. And they say, Well, we have none. You can say, What do you mean you have none; don't be silly. These were produced to me in Webb County, so I am going to use these documents. You can use it like that.

MR. TAYLOR: Right.

MR. HINOJOSA: Yes.

MR. TAYLOR: And that's what I -- I want to be -- maybe skip the whole motion to compel thing and say, here are the documents --

THE COURT: Mr. -- Felix, go ahead.

MR. ARAMBULA: Your Honor --

THE COURT: I am sorry to call him Felix, but I've known him for --

MR. ARAMBULA: That's okay, Your Honor. Thank

you.

I know opposing counsel speaks to wanting to get these documents to make it easy on the court, things of that sort. But if we were to follow what plaintiff's counsel wants, we would produce these documents, but then the other firm would say -- my firm, which -- I am not with --

THE COURT: Right, with the Huseman.

MR. ARAMBULA: My firm, we would be in court again fighting over the same documents, because we would get the written discovery for those exact documents that he may have gotten from this other firm. So, there is no -- this argument about making it easier for the court.

THE COURT: Because now you're requesting documents that are relevant to the proceedings. And you're going to know now that they have that. Is that what you're saying?

MR. ARAMBULA: No, no, no. What I am saying is they're -- more than likely they are going to ask for the exact same stuff because they know they can't use that document.

THE COURT: Right. But the distinction is -- and I understand that.

MR. ARAMBULA: Correct.

THE COURT: They are going to have to ask for it.

MR. ARAMBULA: Yes, sir.

THE COURT: But the distinction is now that you're not going to object to it, because -- because --

MR. HINOJOSA: We know it's there.

THE COURT: They know it's there, one. You may object to it; may have different judge, you know --

MR. ARAMBULA: That's exactly right, Your Honor.

THE COURT: You may object to it, and you may get a different ruling. I mean, everybody's been using other judge's rulings to tell me that I should rule one way or another. But, you know, that happens, and you're not the first folks that do that.

MR. ARAMBULA: I guess my point --

THE COURT: Federal district court judge or state district court judge. I happen to know Judge Reyna more than I know Judge Alvarez, but -- you know, when you're a state court judge, you usually know more state court judges.

MR. HUSEMAN: I think I chose the wrong --

MR. HINOJOSA: If I may, Your Honor.

THE COURT: Let me just have Felix finish his thought.

MR. ARAMBULA: Yes, Your Honor. I was just responding to the argument that it would be easier for everybody. It's not going to be easier.

THE COURT: It may not be easier. Go ahead.

MR. HINOJOSA: I understand that -- that the issue with whether or not it was going to stay within the firm -- and I think we all agree that it's going to stay within the Mostyn firm, and there is not going to be any sharing with any other lawyers outside of those particular --

THE COURT: And that's -- and that's going to be my ruling.

MR. HINOJOSA: Thank you.

THE COURT: So that's my ruling as to your objections, is it will stay -- it will stay in the firm. It will stay not being able to share with even co-counsel in other cases -- I mean, in -- co-counsel that you may have been involved in. It stays in the firm. And that's the bottom line on it.

MS. DEBOLT: And just for clarification, the rest of the protective order is going to be the State Farm submitted protective order?

MR. TAYLOR: Well, apart from the part that we have to return the stuff after the litigation is done. I don't want to have to do that.

MR. ARAMBULA: Well, that's another point at issue, Your Honor. They still want to keep the documents after this lawsuit has resolved itself. We would want to in a typical protective order get it back after it's done.

MR. HUSEMAN: Standard.

MR. ARAMBULA: Standard. Standard protective order.

THE COURT: Well, it's not that much. But I mean, I've gone both ways on that issue. In fact, Ms. De Llano was here earlier. She'd tell you what I fumbled with on that issue.

MR. TAYLOR: I've had -- in the hurricane/ice litigation, had millions of documents that were produced. Some of them were produced in a federal court case. And I had to basically swear that -- that I destroyed everything and sent everything back. And it's just -- it's -- the way that it is -- it's very complicated, and it's -- it makes me nervous. And if I'm protecting it anyways, and they are not going anywhere, I don't see the need for that.

THE COURT: Well --

MR. HINOJOSA: The problem is it's a -- it's a --

THE COURT: I mean, you all have a cause of action regardless, don't you?

MR. HINOJOSA: Yeah.

THE COURT: I mean, the whole idea was -- and I read an article recently -- the whole idea is going to be now -- okay, you're not guaranteed that in fact your cause of action will be heard here. But that's a different story.

MR. HINOJOSA: It's a logistical nightmare, Your Honor.

THE COURT: It is.

MR. HINOJOSA: Because we're in the middle of litigation --

THE COURT: But I understand their -- once it goes to a file, do you really think it's going to go out anywhere else?

MR. ARAMBULA: If I may, Your Honor, it's no different, once the case settles, we ask for the settlement and release documents, give us everything back, with that -- with the same documents once we settle the case. Whatever we exchange in discovery, give it back with the -- with the settlement release.

MR. HINOJOSA: But if you have shared discovery, Your Honor, I mean, the whole purpose of the shared discovery, which is limited in the -- in to this particular law firm --

THE COURT: Okay, guys.

I -- I understand. Okay. We started talking about things very broadly. We narrowed it down to, okay, I really just want them so that I can use them to facilitate some of the cases that I am already working on, and for the convenience of not only perhaps maybe this court in other cases, but other judges in, I guess, the state. We talked to

that.

So, how long can that go for? You know, it's like you're going to have how many cases going on; you may have other State Farm cases in the future. I mean, it's going to be perpetual, it seems like it could be.

MR. HINOJOSA: But if it stays with the firm, and it can't be used, I mean, maybe you can put a time limit on it, Your Honor.

THE COURT: That's even worse. Because then you lose track of what -- what -- when these cases end and whatnot. So, what I'll do is I'll put a time limit, but it will be this way. It will be one year -- has to be either destroyed or returned one year after this case is resolved.

MR. HINOJOSA: That's fine.

MR. ARAMBULA: That will work for us, Your Honor.

THE COURT: Thank you.

MR. REDGRAVE: If we can address the two things you just ruled upon are paragraphs one and paragraphs of the proposed order, we can submit --

THE COURT: You can either interlineate or submit it to me for --

MR. REDGRAVE: We'll submit it.

MR. TAYLOR: Last thing, Judge.

THE COURT: I thought that was the last thing.

MS. DEBOLT: There is one mother motion.

MR. TAYLOR: Under 196.4, I requested that any of the electronically stored information to these training materials be produced in native format.

THE COURT: What's the problem with that?

MR. REDGRAVE: Your Honor --

MR. ARAMBULA: I am going to step out on this one, Your Honor.

THE COURT: I just went through an e-discovery training not too --

MR. ARAMBULA: Judge's conference, Your Honor?

THE COURT: No, I had to actually go out of state for that.

MR. REDGRAVE: Well, Your Honor, this gets to be my issue. And the issue really is about this word "native file", and whether you can -- should have everything produced in native files. We -- we made our objections. So, I want to cut it down to really what -- what the objections are really about. Under 196.4, as well the other rules of civil procedure, we are allowed to object. And we did make those objections. And the objections are based upon the facts we put in the record, the affidavit paragraphs 25 through 32, as well as the affidavit talks about how information is actually in the company moved from things like e-mail and other places to this thing called the enterprise screen system. There it's locked

down into a read-only format.

And when litigation like this ensues, the information is then pulled out to a particular form, or processed. And then we produce it. In this case, we got searchable PDFs. So you can search within, and things like that --

THE COURT: So you gave them -- what type of file did you give them?

MR. REDGRAVE: PDF. It's searchable. There's some pages that are -- like a picture, you can't search a picture, right.

THE COURT: Why do you want the native format? What information do you want that --

MR. TAYLOR: Well, for example, on the training materials, the PowerPoints, I want any of those documents in native format. The color --

THE COURT: You want one in native format precisely for what reason?

MR. TAYLOR: Oh, so for example, there are a lot of versions of a particular training material that will come up, and comments or red lines. A lot of times in other litigation, State Farm has produced a memo, and there will be a -- at the top of the memo it will say, the things in red we need to discuss or change, but it's black and white so I can't see it.

THE COURT: I tell you what I'm going to do. I will allow for you to bring this up again after you receive it. And if you have reasons to suspect that there is something like that that may be occurring, then bring it up to my attention, and I'll allow that to -- to potentially be given to you in native format.

MR. TAYLOR: Thank you, Judge.

MR. REDGRAVE: Your Honor, that's exactly what the courts have done. Thank you.

MS. DEBOLT: And then the last thing is our defendant's motion to compel discovery responses. And I can --

THE COURT: And you agreed to it already?

MS. DEBOLT: No.

MR. HUSEMAN: We agreed to --

THE COURT: No, I'm sorry. So there's objections on your part?

MR. ARAMBULA: That's correct.

MR. TAYLOR: And we supplemented, and amended, and we produced everything that we --

THE COURT: Do you want to withdraw some of your objections?

MR. TAYLOR: Yeah, we did actually.

THE COURT: Okay.

MS. DEBOLT: Did you provide that to the Court?

Because I don't have the most recent copy. We got it yesterday. We were already on our way to Laredo when we got all --

THE COURT: Okay.

MR. HINOJOSA: We'll give you something without the objections.

MS. DEBOLT: Oh, there's still objections to every request and interrogatory.

MR. TAYLOR: Okay.

THE COURT: Well, but I don't want to hear -- I only want to hear the ones that you -- that you put today for the compel -- for a hearing on the motion to compel.

MS. DEBOLT: Oh.

MR. HUSEMAN: It's their objections, right, to our --

MS. DEBOLT: Their objections.

THE COURT: No, I know that. But you set it for a hearing.

MS. DEBOLT: Right. This is our motion --

MR. HUSEMAN: If they withdraw the objections, that makes everybody's life easier.

MR. HINOJOSA: With respect to that issue that you were talking about.

THE COURT: Okay. Let's go through them. Let's see what --

MS. DEBOLT: Here are your court's copies.

MR. ARAMBULA: Which case are we going to hear first on our motion to compel?

THE COURT: Rodriguez and Pena, right?

MS. DEBOLT: It is -- we can do Rodriguez first.

THE COURT: I think they snuck in. They bamboozled you all. They said 20, 30 minutes.

MS. DEBOLT: This really should --

THE COURT: I'll be right with you all.

MR. HINOJOSA: What did you -- may I talk to counsel? What did you want --

MS. DEBOLT: Every single one of our requests was objected to.

THE COURT: I tell you what I'm going to do. I'm going to take a real quick one -- I'm going to take this divorce here that's going to be given to me real quick, and then go -- maybe you can talk about it.

MS. DEBOLT: We can confer.

THE COURT: Please.

MR. ARAMBULA: Thank you, Your Honor.

THE COURT: And then maybe I can sneak you in. You all talk about it for a little bit please, but outside of -- not here.

(Case recessed while other unrelated matters

were called.)

THE COURT: You all want to come back over here? I am about to start this other hearing.

MR. HINOJOSA: Your Honor, with respect to the motions to compel -- I think we need -- there really hasn't been the right kind of conferring in this case with respect to her motion to compel, or their motion to compel. I believe that if we do have that opportunity, we can resolve almost all of them.

THE COURT: Y'all want to stick around lunchtime, get you back this afternoon, and we can --

MR. HINOJOSA: Well, I mean, I don't -- I don't know that that's --

MS. DEBOLT: We're here. Might as well just hash it out. Let's get it going.

MR. HINOJOSA: Well, I mean, a lot of the stuff is stuff that -- for example, documents. They are asking for certain documents to support your claim on this. A lot of those documents are documents that we haven't gotten yet. We're going to answer "will supplement".

MS. DEBOLT: They didn't respond that, Your Honor. And if they're going to answer "will supplement", let's get them to answer "we'll supplement". They didn't respond to anything.

MR. HINOJOSA: Then if we're going to do this

-- if they are going to insist on doing this, Your Honor, you're not talking about half-an-hour hearing. You're talking about a two-hour hearing. That's what they are asking you to do. But I am --

THE COURT: I am not going to give you a two-hour hearing. I am going to send you back there. You can stick around here this afternoon. And you're going to have to hash it out. Because I am not going to sit here for a two-hour hearing on little issues, especially when you tell me that you haven't quite done the right type of conferring.

MR. HINOJOSA: There is no question that they have not.

MS. DEBOLT: We're here, Your Honor. We can go hash it out back, and then get what we need on the record if you'd like that.

THE COURT: I -- I'd like for you all to be able -- I really believe that in most of these cases there is a lot of room for you all to try and get this done -- you know, a lot of room for you all to work on. And I -- you know what, if the choice that I have is you spending two hours on your own out there conferring, or me spending it with you, guess which one I am going to actually fall on. So, I really do think that if --

MS. DEBOLT: And we have conferred. And I have listed -- I sent them a letter telling them what issues we

had, and with which -- with which discovery requests. And so there has been --

THE COURT: All right, guys.

MR. HINOJOSA: Conferring is not sending an e-mail.

THE COURT: Okay. Let's not -- give me a second.

MR. ARAMBULA: Yes, sir.

THE COURT: I'm -- I've got some time constraints of my own here. So, you all -- I wish I could tell you there is a sandwich shop across the street, but there isn't. So, you decide what you all want to do. I am going to be here all afternoon. You can go -- I have more room in the -- in the jury room. You can use that. You can break for a little bit for lunch or go get something to eat, and then see yourselves back over here here. But I think that you may be able to perhaps maybe sit right now. And then if you really reach it, and you think you need more time, then maybe take it from there. But --

MR. TAYLOR: Thank you.

MS. DEBOLT: Thank you.

THE COURT: So I'll see you -- I want a report back from you all with regard to what you're doing. I am going to -- after this hearing, I am going to go to lunch, and then I'll be back here at 1:30. So if you want to be back here at

1:30, and tell me what you're doing, great.

MS. DEBOLT: Thank you, Your Honor.

MR. ARAMBULA: Yes, Your Honor.

May I be excused?

THE COURT: Yes, sir.

MR. ARAMBULA: See you back at 1:30.

(Case recessed while other unrelated matters were called.)

THE BAILIFF: All rise, please. Court is back in session.

(No attorneys present.)

THE COURT: Thank you. Have a seat, please. I understand that the folks from this morning that were left conferring reached an agreement on the issue of the motion to compel. So I understand that they -- did they file a -- an agreement? Do you know? Just -- they were working on something in written form. They didn't file it with you?

THE CLERK: No.

THE COURT: Okay. Maybe Chayo knows.

Chayo, do you know if they filed the Rule 11 agreement on the motion to compel?

THE COORDINATOR: I did not see it. On this case?

THE COURT: Not this case. On -- I wish it was something on this case. But not this case. On the Pena --

Pena, Rodriguez.

THE COORDINATOR: They were here. They were going to announce something to you, but they didn't submit anything to me.

THE COURT: All right.

THE COORDINATOR: I never saw the attorneys. But maybe --

THE COURT: All right. I am going to assume that they in fact have an agreement; that they're comfortable with what they've reached; and what they had to be able to enforce that, and move on.

(Proceedings concluded.)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS )

COUNTY OF WEBB      )

I, Cynthia Perez Lenz, Official Court Reporter in and for the 49th District Court of Webb and Zapata Counties, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $711.00    and will be paid by _Mr. Van Huseman_____.

WITNESS MY OFFICIAL HAND this the 9th day of March, 2015.


/s/ Cynthia Perez Lenz
Cynthia Perez Lenz, Texas CSR 6746
Expiration Date: 12/31/2015
Official Court Reporter
49th District Court
1110 Victoria St., Suite 304
Laredo, Texas 78040
Phone: (956) 523-4240
Fax: (956) 523-5051

CYNTHIA PEREZ LENZ, CSR

Filed
3/25/2015 5:17:12 PM
Esther Degollado
District Clerk
Webb District
2014CVF001048 D1

NO. 2014CVF001048-D1

| | | |
|---|---|---|
| ALMA PEÑA, Plaintiff | § § § | IN THE DISTRICT COURT |
| VS. | § § | OF WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND BECKY LANIER, Defendants | § § § | 49TH JUDICIAL DISTRICT |

## *Amended* PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation against State Farm Lloyds (including its employees) *and other related litigation* ~~and Becky Lanier~~ ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim and for no other purpose. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation.

*Related Litigation shall mean, a first party lawsuit in TX, against State Farm, by an insured of State Farm, for damages to Insured property arising out of wind/hail storms in Texas*

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI,

1



EXHIBIT C

or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation *and "Related Litigation" as defined in paragraph 1 of this order.* ~~arising out of a weather event on or about June 7, 2013 in Webb County, Texas;~~ their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other

2

than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential &

3

Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert #]." When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_[insert #]" if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in

4

the transcript of the proceedings.

d.   At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7.   Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a.   Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.   Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner describe in paragraph 7.a.

above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

   a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

   b. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

   c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such

7

designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b. The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that

8

the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific

9

protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client

10

privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a. Any party's right to object to any discovery requests on any ground.

   b. Any party's right to seek an order compelling discovery with respect to any discovery request.

   c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within ~~forty-five (45) business days~~ One (1) year APT after the final resolution of this litigation, the plaintiff(s) shall return or destroy Confidential Information they received during

11

this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after forty-five (45) business days after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING



NO. 2014CVF001048-D1

| ALMA PENA, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | OF WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND BECKY | § | |
| LANIER, | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

*Amended*

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

*Andrew Taylor*_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014CVF001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

3/23/2015
DATED:

SIGNATURE

*Counsel for Plaintiff*

EXHIBIT A



A True Copy of the original, I certify
the 22ND day of JULY 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By_____ Deputy

**Susan McRoberts**

**From:**       No-Reply@eFileTexas.gov
**Sent:**       Tuesday, March 24, 2015 9:46 AM
**To:**         Susan McRoberts
**Subject:**    eFileTexas.gov – Notification of Service - 4613315



# Notification of Service
### Envelope Number: **4613315**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
| --- | --- |
| **Case Number** | 2014-CVF-001048-D-1 |
| **Case Style** | |
| **Date/Time Submitted** | 3/24/2015 9:45:16 AM |
| **Filing Type** | Proposed Order |
| **Filed By** | Gina Ramirez |
| | Other Service Contacts not associated with a party on the case: |
| | Van Huseman (vhuseman@husemanstewart.com) |
| **Service Contacts** | |
| | Tiffany DeBolt (tdebolt@husemanstewart.com) |
| | Susan McRoberts (smcroberts@husemanstewart.com) |

| Document Details | |
| --- | --- |
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=9a9a74ad-7be2-4070-a9fd-f3b1b04ecc75&RID=0ba8ecca-c357-4113-b5bb-b55eaef1a1cc This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

1



TAB 12

OF THE RECORD

*1048*

CAUSE NO. 2014CVF00~~148~~ D1

| | | |
|---|---|---|
| ALMA PENA, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | 49th JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER, | § | |
| **Defendants** | § | WEBB COUNTY, TEXAS |

## UNOPPOSED ORDER GRANTING MOTION OF ATTORNEYS HUSEMAN & STEWART P.L.L.C. TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS

Came on to be heard the Unopposed Motion of Attorneys Huseman & Stewart P.L.L.C., including Van Huseman and Tiffany DeBolt to Withdraw as Attorneys of Record and for Substitution of counsel for Defendants. The Court, having considered the Motion, finds that it is well taken.

IT IS, THEREFORE, ORDERED that the law firm of HUSEMAN & STEWART, P.L.L.C. including attorneys Van Huseman and Tiffany De Bolt, are withdrawn as attorneys for Defendants and are substituted by the law firm of ATLAS, HALL & RODRIGUEZ, LLP and Sofia A. Ramon and Dan K. Worthington as attorneys for Defendants.

SIGNED the _22_ day of _MAY_, 2015.

_____
JUDGE PRESIDING

xc: J. Steve Mostyn, THE MOSTYN LAW FIRM, 3810 West Alabama Street, Houston, Texas 77027; Fax (713) 861-6616; jsmdocketefile@mostynlaw.com; Attorney for Plaintiffs.
Van Huseman and Tiffany DeBolt, HUSEMAN & STEWART, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401-0781; Fax: 361-883-0210, tdebolt@husemanstewart.com, Attorneys for Defendants.
Sofia A. Ramon, Dan K. Worthington, Elizabeth S. Canto, ATLAS, HALL & RODRIGUEZ, LLP, 818 West Pecan Boulevard, McAllen, Texas 78501; Fax: (956) 686-6109; sramon@atlashall.com, dkw@atlashall.com, ecanto@atlashall.com; Attorneys for Defendants.



TAB 13

OF THE RECORD

CAUSE NO. 2014CVF001162 D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | 49th JUDICIAL DISTRICT |
| vs. | § § | |
| | § | |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## ORDER GRANTING UNOPPOSED MOTION OF ATTORNEYS HUSEMAN & STEWART P.L.L.C. TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS

Came on to be heard the Unopposed Motion of Attorneys Huseman & Stewart P.L.L.C., including Van Huseman and Tiffany DeBolt to Withdraw as Attorneys of Record and for Substitution of counsel for Defendants. The Court, having considered the Motion, finds that it is well taken.

IT IS, THEREFORE, ORDERED that the law firm of HUSEMAN & STEWART, P.L.L.C. including attorneys Van Huseman and Tiffany De Bolt, are withdrawn as attorneys for Defendants and are substituted by the law firm of ATLAS, HALL & RODRIGUEZ, LLP and Sofia A. Ramon and Dan K. Worthington as attorneys for Defendants.

SIGNED the 22 day of ____May____, 2015.

_____
JUDGE PRESIDING

KC:   J. Steve Mostyn, THE MOSTYN LAW FIRM, 3810 West Alabama Street, Houston, Texas 77027; Fax: (713) 861-6616; jrmdocketefile@mostynlaw.com; Attorney for Plaintiffs.
Van Huseman and Tiffany DeBolt, HUSEMAN & STEWART, 615 N. Upper Broadway, Suite 2000, Corpus Christi, TX 78401-0781; Fax: 361-883-0210, tdebolt@husemanstewart.com, Attorneys for Defendants.
Sofia A. Ramon, Dan K. Worthington, Elizabeth S. Cantu, ATLAS, HALL & RODRIGUEZ, LLP, 818 West Pecan Boulevard, McAllen, Texas 78501; Fax: (956) 686-6109; sramon@atlashall.com, dkw@atlashall.com, ccantu@atlashall.com; Attorneys for Defendants.



TAB 14

OF THE RECORD

Filed
6/16/2015 2:29:23 PM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2014-CVF-001048-D1

| | | |
|---|---|---|
| **ALMA PENA,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **BECKY LANIER,** | § | |
| **Defendants.** | § | **49TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alma Pena ("Plaintiff"), and files this *Plaintiff's First Amended Petition*, complaining of State Farm Lloyds ("State Farm"), Becky Lanier ("Lanier"), and Ray Padilla ("Padilla") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Alma Pena is an individual residing in Webb County, Texas.

3. Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant has appeared and answered herein. No citation is requested at this time.

4. Defendant Becky Lanier is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered herein. No citation is requested at this time.

5. Defendant Ray Padilla is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 3718 Prince George Drive, San Antonio, Texas 78230.

### JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant State Farm because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Lanier because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Padilla because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

10.     Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

11.     Plaintiff is the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

12.     Plaintiff owns the insured property, which is specifically located at 1014 Reagan Dr., Laredo, Texas 78046, in Webb County (hereinafter referred to as "the Property").

13.     State Farm sold the Policy insuring the Property to Plaintiff.

14.     On or about June 7, 2013, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the Storm, as well as damage to the play set. After the Storm, Plaintiff filed a claim with her insurance company, State Farm, for the damages to her home caused by the Storm.

15.     Plaintiff submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

16. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and play set and repair of the and interior water damages, pursuant to the Policy.

17. Defendant State Farm assigned Defendant Lanier as the adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about December 3, 2013, Lanier conducted a substandard inspection of Plaintiff's Property. For example, Lanier spent a mere fifteen (15) minutes inspecting Plaintiff's entire Property for Storm damages. Furthermore, Lanier was uncooperative and quick to discount any damages that Plaintiff pointed out. The inadequacy of Lanier's inspection is further evidenced by her report, which failed to include all of Plaintiff's Storm damages noted upon inspection. For example, Lanier failed to include many of the damages to the home's roof and interior, as well as the damages to Plaintiff's play set. Moreover, the damages that Lanier actually included in her report were grossly undervalued, in part because she both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. Ultimately, Lanier's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

18. Padilla also actively participated in the handling of Plaintiff's claim but failed to conduct a reasonable investigation. Specifically, he reviewed reports, documents and/or information regarding the claim. Defendant Padilla also failed to thoroughly review and properly oversee Lanier's work, ultimately approving and/or submitting an improper adjustment and an inadequate resolution to Plaintiff's claim. Had Defendant Padilla

performed even a cursory review of Lanier's work on Plaintiff's claim, it would have been clear that Plaintiff's claim was completely mishandled. Unfortunately for Plaintiff, this did not happen. Lanier's and Padilla's inadequate investigation was relied upon by Defendant State Farm in this action and resulted in Plaintiff's claim being undervalued and underpaid.

19. Padilla failed to adequately supervise Lanier resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, State Farm and Padilla, along with other State Farm personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Lanier, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiff's claim. As a result of this unreasonable investigation, Plaintiff was considerably underpaid on her claim and has suffered damages.

20. Together, Defendants State Farm, Lanier, and Padilla set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to repair her home. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

21. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by

not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

22. To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

23. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

24. Defendants State Farm, Lanier, and Padilla misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's, Lanier's and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

25. Defendants State Farm, Lanier, and Padilla failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's, Lanier's, and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

26. Defendants State Farm, Lanier, and Padilla failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm, Lanier, and Padilla failed to offer Plaintiff adequate compensation, without any explanation why full

payment was not being made. Furthermore, Defendants State Farm, Lanier, and Padilla did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants State Farm's, Lanier's, and Padilla's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

27. Defendants State Farm, Lanier, and Padilla failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm, Lanier, and Padilla. Defendants State Farm's, Lanier's, and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

28. Defendants State Farm, Lanier, and Padilla refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants State Farm, Lanier, and Padilla failed to conduct a reasonable investigation. Specifically, Defendants State Farm, Lanier, and Padilla performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants State Farm's, Lanier's, and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

29. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

30. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

31. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

32. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants State Farm, Lanier, and Padilla knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34. As a result of Defendants State Farm's, Lanier's, Padilla's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

35. Plaintiff's experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST LANIER AND PADILLA

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36. Defendant State Farm assigned Defendant Lanier and Padilla to adjust the claim. Defendants Lanier and Padilla were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjusters failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

37. Defendants Lanier's and Padilla's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38. Defendants Lanier and Padilla are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of State Farm, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the

business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

39. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants Lanier's and Padilla's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Lanier's and Padilla's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40. Defendants Lanier's and Padilla's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41. Defendants Lanier and Padilla failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Lanier and Padilla failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Lanier and Padilla as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42. Defendants Lanier's and Padilla's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43. Defendants Lanier and Padilla did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendants Lanier's and Padilla's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a

reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

44. Plaintiff is not making any claims for relief under federal law.

## FRAUD

45. Defendants State Farm, Lanier, and Padilla are liable to Plaintiff for common law fraud.

46. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which Defendants State Farm, Lanier, and Padilla knew were false or made recklessly without any knowledge of their truth as a positive assertion.

47. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

48. Defendants State Farm, Lanier, and Padilla are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm, Lanier, and Padilla were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm, Lanier, and Padilla committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

49.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

50.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

51.     Defendant State Farm's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

52.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

53.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

57. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

58. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

59. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

60. Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

61. Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

62. As referenced and described above, and further conduct throughout this litigation and lawsuit, Lanier and Padilla are agents of State Farm based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

63. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Lanier and Padilla, including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

65. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

66. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

67. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

68. As previously mentioned, the damages caused by the June 7, 2013 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's, Lanier's, and Padilla's mishandling of Plaintiff's claim in violation of the laws set forth above.

69. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

70. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

71. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on

the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

72. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

73. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

75. Plaintiff previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff has tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 16th day of June, 2015 in accordance with the Rules of Civil Procedure.

 */s/ J. Steve Mostyn*
J. Steve Mostyn

TAB 15

OF THE RECORD

Filed
6/16/2015 2:24:29 PM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2014-CVF-001162-D1

**CAUSE NO. 2014-CVF-001162-D1**

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI | § | IN THE DISTRICT COURT OF |
| RODRIGUEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| FELIPE FARIAS, | § | |
|     Defendants. | § | 49TH JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Raul Rodriguez and Noemi Rodriguez ("Plaintiffs"), and file this *Plaintiffs' First Amended Petition*, complaining of State Farm Lloyds ("State Farm"), Felipe Farias ("Farias"), and Raymond Padilla ("Padilla") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**PARTIES**

2. Plaintiffs Raul Rodriguez and Noemi Rodriguez are individuals residing in Webb County, Texas.

3. Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. This defendant has appeared and answered. No citation is requested at this time.

4. Defendant Felipe Farias is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered. No citation is requested at this time.

5. Defendant Ray Padilla is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 3718 Prince George Drive, San Antonio, Texas 78230.

## JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant State Farm because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Farias because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Padilla because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

10.     Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

11.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

12.     Plaintiffs own the insured property, which is specifically located at 3120 Zacatecas St., Laredo, Texas 78043, in Webb County (hereinafter referred to as "the Property").

13.     State Farm sold the Policy insuring the Property to Plaintiffs.

14.     On or about June 7, 2013 and/or June 14, 2013, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence (collectively "the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the Storm including, but not limited to, the stucco siding. Shortly after the Storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the Storm.

15.     Plaintiffs submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

16. Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages, pursuant to the Policy.

17. Defendant State Farm assigned Defendants Farias and Padilla as the individual adjusters on the claim. The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about June 26, 2013, Farias conducted a substandard inspection of Plaintiffs' Property. For example, Farias spent a mere hour inspecting Plaintiffs' entire Property for Storm damages. The inadequacy of Farias' inspection is further evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection. For example, Farias failed to include the damages to the home's roof and siding in his report. Moreover, the damages that Farias actually included in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs and incorrectly applied material sales tax. Ultimately, Farias' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Farias' inadequate investigation was relied upon by State Farm and Padilla in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

18. Defendant Padilla also actively participated in the adjustment of Plaintiffs' claim but failed to conduct a reasonable investigation. Specifically, Padilla was the State Farm manager assigned to Plaintiffs' claim and reviewed reports, documents, and information regarding the claim. Padilla approved Farias' estimate, even though it failed to include many of Plaintiffs' damages, undervalued the damages it did include, and incorrectly

applied material sales tax. Ultimately, Padilla failed to thoroughly review Farias' assessment of the claim and approved an inadequate adjustment of Plaintiffs' claim.

19. Together, Defendants State Farm, Farias, and Padilla set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21. To date, State Farm continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

22. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

23. Defendants State Farm, Farias, and Padilla misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's, Farias', and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24. Defendants State Farm, Farias, and Padilla failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's, Farias', and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25. Defendants State Farm, Farias, and Padilla failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm, Farias, and Padilla failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm, Farias, and Padilla did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants State Farm's, Farias', and Padilla's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26. Defendants State Farm, Farias, and Padilla failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication

of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm, Farias, and Padilla. Defendants State Farm's, Farias', and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27. Defendants State Farm, Farias, and Padilla refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants State Farm, Farias, and Padilla failed to conduct a reasonable investigation. Specifically, Defendants State Farm, Farias, and Padilla performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants State Farm's, Farias', and Padilla's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of

Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. Defendants State Farm, Farias, and Padilla knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33. As a result of Defendants State Farm's, Farias', and Padilla's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

34. Plaintiffs' experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION AGAINST DEFENDANT FARIAS AND PADILLA**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

35. Defendant State Farm assigned Defendants Farias and Padilla to adjust the claim. Defendants Farias and Padilla were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjusters failed to properly assess Plaintiffs' Storm damages. The adjusters also omitted covered damages from their report(s), including the damages to the home's roof and siding. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

36. Defendants Farias' and Padilla's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

37. Defendants Farias and Padilla are each individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of State Farm, because they are each a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of

action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

38. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants Farias' and Padilla's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants Farias' and Padilla's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39. Defendants Farias' and Padilla's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40. Defendants Farias and Padilla failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Farias and Padilla failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not

being made. Furthermore, Defendants Farias and Padilla did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Farias and Padilla as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41. Defendants Farias' and Padilla's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42. Defendants Farias and Padilla did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendants Farias' and Padilla's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

43. Plaintiffs are not making any claims for relief under federal law.

**FRAUD**

44. Defendants State Farm, Farias, and Padilla are liable to Plaintiffs for common law fraud.

45. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm, Farias, and Padilla knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

**CONSPIRACY TO COMMIT FRAUD**

47. Defendants State Farm, Farias, and Padilla are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm, Farias, and Padilla were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm, Farias, and Padilla committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

**CAUSES OF ACTION AGAINST STATE FARM ONLY**

48. Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

49.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

50.    Defendant State Farm's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.    Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54.    Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55.   Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

56.   Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

57.   Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58.   Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59.   Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

Page 14

60.     Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

61.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Farias and Padilla are agents of State Farm based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer.  TEX. INS. CODE §4001.051.

62.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Farias and Padilla, including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

64.     Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

65.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

**DAMAGES**

66. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

67. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm's, Farias', and Padilla's mishandling of Plaintiffs' claim in violation of the laws set forth above.

68. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

69. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

70. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

74. Plaintiffs have requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiffs previously tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**


 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 16th day of June, 2015 in accordance with the Rules of Civil Procedure.


*/s/ J. Steve Mostyn*
J. Steve Mostyn



TAB 16

OF THE RECORD

Filed
7/2/2015 4:41:49 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF001048D1

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation or Related Litigation against State Farm Lloyds (including its employees) and Becky Lanier ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim, and for no other purpose. Subject to paragraphs 1.a. and 1.b. below, "Related Litigation," as used herein means a first-party lawsuit filed in Texas by The Mostyn Law Firm arising out of a claim for damages to residential, commercial, or personal property as a result of a hailstorm that occurred in Texas. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation or Related Litigation, subject to the

1

limitations contained herein.

a.   State Farm's institutional materials that are not claim-specific or adjuster-specific will be Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may be shared among Qualified Persons in Related Litigation so long as The Mostyn Law Firm is representing the Plaintiff(s) in the Related Litigation. If The Mostyn Law Firm withdraws from any case qualifying as Related Litigation or later associates another lawyer or law firm in the Related Litigation, State Farm's consent to the use of the documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in that Related Litigation is automatically revoked. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD shall not be considered to have been produced in and for Related Litigation as "official discovery" unless they are responsive to a written discovery request to which State Farm has not objected in that Related Litigation or the Court has overruled State Farm's objections and ordered production in that Related Litigation. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD that are not official discovery in a Related Litigation may not be used at depositions, hearings or at trial in that Related Litigation unless the plaintiffs in the Related Litigation have made a valid request for production of such documents, the date for the response to such request(s)

2

has passed, and The Mostyn Law Firm has given notice of intent to use the document at a deposition or other proceeding fourteen (14) days prior to the proceeding.

b. Claim-specific, adjuster-specific, or other materials produced in this litigation that are not Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may not be shared in Related Litigation, but may only be shared among Qualified Persons in the lawsuit in which the materials were produced. If a receiving party intends to use any document Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in Related Litigation, that party must first obtain written consent of the producing party or leave of court.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI

3

processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4.  Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5.  Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment,

4

and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

    a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

    b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

    c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name

5

(immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-D1". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-D1", if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential

6

Information.

a.      Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.      Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures

made prior to notification of any subsequent designation.

8.    If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a.    The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b.    The date of the disclosure.

c.    A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9.    To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a.    With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

b.    Within thirty (30) days of receipt of such notice, or such other time as may

8

be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court

reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a.      The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b.      The room is first cleared of all persons who are not Qualified Persons.

11.    In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12.    Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-

10

copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents,

ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that

12

reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18.    Further, production pursuant to this Protective Order shall not be deemed a waiver of:

    a.    Any party's right to object to any discovery requests on any ground.

    b.    Any party's right to seek an order compelling discovery with respect to any discovery request.

    c.    Any party's use and review of its own Confidential Information in its sole and complete discretion.

    d.    The status of any material as a trade secret.

19.    Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20.    Within one (1) year after the final resolution of this litigation, the plaintiff(s) and The Mostyn Law Firm shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they

13

contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after one (1) year after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.


_____
JUDGE PRESIDING


**APPROVED AS TO FORM ONLY:**

| | |
|---|---|
| J. Steve Mostyn | Sofia A. Ramon |
| State Bar No. 00798389 | State Bar No. 00784811 |
| Andrew P. Taylor | Dan K. Worthington |
| State Bar No. 24070723 | State Bar No. 00785282 |
| **THE MOSTYN LAW FIRM** | Elizabeth S. Cantu |
| 3810 W. Alabama Street | State Bar No. 24013455 |
| Houston, Texas 77027 | Charles W. Downing |
| (713) 861-6616 – Phone | State Bar No. 24069631 |
| (713) 861-8084 – Fax | **ATLAS, HALL & RODRIGUEZ, LLP** |
| **ATTORNEYS FOR PLAINTIFF** | 818 Pecan Blvd. |
| | McAllen, Texas 78501 |
| | (956) 682-5501 – Phone |
| | (956) 686-6109 – Fax |
| | **ATTORNEYS FOR DEFENDANTS** |

14

Filed
7/2/2015 4:41:49 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF001048D1

## CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA | § | IN THE DISTRICT COURT |
|       **Plaintiff** | § | |
| | § | |
| **v.** | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
|       **Defendants** | § | 49TH JUDICIAL DISTRICT |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014-CVF-001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.


_____     _____
DATED:                            SIGNATURE


**EXHIBIT A**

TAB 17

OF THE RECORD

| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| | § § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1.  All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation or Related Litigation against State Farm Lloyds (including its employees) and Felipe Farias ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim, and for no other purpose. Subject to paragraphs 1.a. and 1.b. below, "Related Litigation," as used herein means a first-party lawsuit filed in Texas by The Mostyn Law Firm arising out of a claim for damages to residential, commercial, or personal property as a result of a hailstorm that occurred in Texas. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order.

1

Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation or Related Litigation, subject to the limitations contained herein.

a.    State Farm's institutional materials that are not claim-specific or adjuster-specific will be Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may be shared among Qualified Persons in Related Litigation so long as The Mostyn Law Firm is representing the Plaintiff(s) in the Related Litigation. If The Mostyn Law Firm withdraws from any case qualifying as Related Litigation or later associates another lawyer or law firm in the Related Litigation, State Farm's consent to the use of the documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in that Related Litigation is automatically revoked. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD shall not be considered to have been produced in and for Related Litigation as "official discovery" unless they are responsive to a written discovery request to which State Farm has not objected in that Related Litigation or the Court has overruled State Farm's objections and ordered production in that Related Litigation. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD that are not official discovery in a Related Litigation may not be used at depositions, hearings or at trial in that Related Litigation unless the

2

plaintiffs in the Related Litigation have made a valid request for production of such documents, the date for the response to such request(s) has passed, and The Mostyn Law Firm has given notice of intent to use the document at a deposition or other proceeding fourteen (14) days prior to the proceeding.

b. Claim-specific, adjuster-specific, or other materials produced in this litigation that are not Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may not be shared in Related Litigation, but may only be shared among Qualified Persons in the lawsuit in which the materials were produced. If a receiving party intends to use any document Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in Related Litigation, that party must first obtain written consent of the producing party or leave of court.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation;

3

their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The

4

written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6.  Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

   a.  For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

   b.  For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

   c.  For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to

5

a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001162-D1". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001162-D1", if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d.  At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7.  Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days

6

of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.  Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person

7

not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by

8

the parties.

b.    Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c.    Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10.    Deposition testimony is Confidential Information under the terms of this Order

only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a.    The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b.    The room is first cleared of all persons who are not Qualified Persons.

11.    In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12.    Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is

10

Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13.    If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14.    After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15.    If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to

11

establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of

12

Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a. Any party's right to object to any discovery requests on any ground.

   b. Any party's right to seek an order compelling discovery with respect to any discovery request.

   c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within one (1) year after the final resolution of this litigation, the plaintiff(s) and The Mostyn Law Firm shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition

13

transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after one (1) year after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _____ day of _____, 2015.


_____
JUDGE PRESIDING


**APPROVED AS TO FORM ONLY:**

_____
J. Steve Mostyn
State Bar No. 00798389
Andrew P. Taylor
State Bar No. 24070723
**THE MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 – Phone
(713) 861-8084 – Fax
**ATTORNEYS FOR PLAINTIFF**

_____
Sofia A. Ramon
State Bar No. 00784811
Dan K. Worthington
State Bar No. 00785282
Elizabeth S. Cantu
State Bar No. 24013455
Charles W. Downing
State Bar No. 24069631
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Blvd.
McAllen, Texas 78501
(956) 682-5501 – Phone
(956) 686-6109 – Fax
**ATTORNEYS FOR DEFENDANTS**



Filed
7/2/2015 4:39:03 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF001162D1

CAUSE NO. 2014-CVF-001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § § | |
| Defendants. | § § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014-CVF-001162-D1 represents and agrees as follows:

1.  I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2.  With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3.  I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4.  I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

DATED: _____          SIGNATURE _____



A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

Filed
7/2/2015 4:39:03 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF001162D1

## ATLAS, HALL & RODRIGUEZ, LLP

ATTORNEYS AT LAW
P.O. BOX 3725 (78502-3725)
818 W. PECAN BLVD. (78501-2418)
McALLEN, TEXAS
TEL. (956) 682-5501   FAX (956) 686-6109
ATLASHALL.COM

SOFIA RAMON
sramon@atlashall.com

July 2, 2015

**_VIA ELECTRONIC FILING_**
Esther Degollado
Webb County District Clerk
1110 Victoria Street, Suite 203
Laredo, Texas  78040

> Re:  Cause No. 2014CVF001162 D1; _Raul Rodriguez and Noemi Rodriguez_
> _v. State Farm Lloyds and Felipe Farias_; In the 49th District Court of
> Webb County, Texas

Dear Ms. Degollado:

Attached please find the proposed Protective Order which has been signed by both parties.  I would appreciate it very much if you would forward the document to the court for consideration and entry.

Thank you very much for your attention to this matter.  Should you have any questions, please do not hesitate to call our office.

Very truly yours,

**ATLAS, HALL & RODRIGUEZ, LLP**

By:  Sofia Ramon

SAR/bc
Enclosure

cc:   J. Steve Mostyn and Andrew Taylor (via Fax 713/861-8084)
      Dan. K. Worthington (Firm)

AUSTIN OFFICE
7200 N. MOPAC EXPY., STE 430
AUSTIN, TEXAS 78731-2696
TEL. (512) 583-0579
FAX (956) 574-9337

BROWNSVILLE OFFICE
P.O. BOX 6369 (78523-6369)
50 W. MORRISON RD., STE A
BROWNSVILLE, TEXAS 78520-7262
TEL. (956) 574-9333

UVALDE OFFICE
124 N. EAST STREET
UVALDE, TEXAS 78801-5312
TEL. (830) 278-3100
FAX (844) 272-4209



TAB 18

OF THE RECORD

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
| **Defendants** | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1.    All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation or Related Litigation against State Farm Lloyds (including its employees) and Becky Lanier ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim, and for no other purpose. Subject to paragraphs 1.a. and 1.b. below, "Related Litigation," as used herein means a first-party lawsuit filed in Texas by The Mostyn Law Firm arising out of a claim for damages to residential, commercial, or personal property as a result of a hailstorm that occurred in Texas. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation or Related Litigation, subject to the

1

limitations contained herein.

a. State Farm's institutional materials that are not claim-specific or adjuster-specific will be Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may be shared among Qualified Persons in Related Litigation so long as The Mostyn Law Firm is representing the Plaintiff(s) in the Related Litigation. If The Mostyn Law Firm withdraws from any case qualifying as Related Litigation or later associates another lawyer or law firm in the Related Litigation, State Farm's consent to the use of the documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in that Related Litigation is automatically revoked. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD shall not be considered to have been produced in and for Related Litigation as "official discovery" unless they are responsive to a written discovery request to which State Farm has not objected in that Related Litigation or the Court has overruled State Farm's objections and ordered production in that Related Litigation. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD that are not official discovery in a Related Litigation may not be used at depositions, hearings or at trial in that Related Litigation unless the plaintiffs in the Related Litigation have made a valid request for production of such documents, the date for the response to such request(s)

2

has passed, and The Mostyn Law Firm has given notice of intent to use the document at a deposition or other proceeding fourteen (14) days prior to the proceeding.

b. Claim-specific, adjuster-specific, or other materials produced in this litigation that are not Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may not be shared in Related Litigation, but may only be shared among Qualified Persons in the lawsuit in which the materials were produced. If a receiving party intends to use any document Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in Related Litigation, that party must first obtain written consent of the producing party or leave of court.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation; their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI

3

processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment,

4

and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name

5

(immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-D1". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001048-D1", if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential

6

Information.

a.    Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b.    Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures

7

made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

b. The date of the disclosure.

c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

b. Within thirty (30) days of receipt of such notice, or such other time as may

8

be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c. Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10. Deposition testimony is Confidential Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court

9

reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b. The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-

10

copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents,

11

ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16.     Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17.     Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that

12

reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

   a. Any party's right to object to any discovery requests on any ground.

   b. Any party's right to seek an order compelling discovery with respect to any discovery request.

   c. Any party's use and review of its own Confidential Information in its sole and complete discretion.

   d. The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within one (1) year after the final resolution of this litigation, the plaintiff(s) and The Mostyn Law Firm shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they

13

contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after one (1) year after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _13th_ day of _July_, 2015.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

J. Steve Mostyn
State Bar No. 00798389
Andrew P. Taylor
State Bar No. 24070723
**THE MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 – Phone
(713) 861-8084 – Fax
**ATTORNEYS FOR PLAINTIFF**

Sofia A. Ramon
State Bar No. 00784811
Dan K. Worthington
State Bar No. 00785282
Elizabeth S. Cantu
State Bar No. 24013455
Charles W. Downing
State Bar No. 24069631
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Blvd.
McAllen, Texas 78501
(956) 682-5501 – Phone
(956) 686-6109 – Fax
**ATTORNEYS FOR DEFENDANTS**

14

Filed
7/2/2015 4:41:49 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF0010480 1

CAUSE NO. 2014-CVF-001048-D1

| | | |
|---|---|---|
| ALMA PENA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND | § | |
| BECKY LANIER | § | |
| Defendants | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014-CVF-001048-D1 represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.


DATED: _____          SIGNATURE _____


EXHIBIT A



TAB 19

OF THE RECORD

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § § | |
| Defendants. | § § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

This Court finds that a Protective Order is warranted to protect Confidential Information, which will be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Texas Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of the preparation and trial of this litigation or Related Litigation against State Farm Lloyds (including its employees) and Felipe Farias ("Defendants") or any third party adjusting firm (including its employees) that adjusted this claim, and for no other purpose. Subject to paragraphs 1.a. and 1.b. below, "Related Litigation," as used herein means a first-party lawsuit filed in Texas by The Mostyn Law Firm arising out of a claim for damages to residential, commercial, or personal property as a result of a hailstorm that occurred in Texas. Confidential Information, or extracts, summaries, or information derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Order.

1

Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this litigation or Related Litigation, subject to the limitations contained herein.

a. State Farm's institutional materials that are not claim-specific or adjuster-specific will be Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may be shared among Qualified Persons in Related Litigation so long as The Mostyn Law Firm is representing the Plaintiff(s) in the Related Litigation. If The Mostyn Law Firm withdraws from any case qualifying as Related Litigation or later associates another lawyer or law firm in the Related Litigation, State Farm's consent to the use of the documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in that Related Litigation is automatically revoked. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD shall not be considered to have been produced in and for Related Litigation as "official discovery" unless they are responsive to a written discovery request to which State Farm has not objected in that Related Litigation or the Court has overruled State Farm's objections and ordered production in that Related Litigation. Documents Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD that are not official discovery in a Related Litigation may not be used at depositions, hearings or at trial in that Related Litigation unless the

2

plaintiffs in the Related Litigation have made a valid request for production of such documents, the date for the response to such request(s) has passed, and The Mostyn Law Firm has given notice of intent to use the document at a deposition or other proceeding fourteen (14) days prior to the proceeding.

b. Claim-specific, adjuster-specific, or other materials produced in this litigation that are not Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD may not be shared in Related Litigation, but may only be shared among Qualified Persons in the lawsuit in which the materials were produced. If a receiving party intends to use any document Bates-labeled PENARODMLFTX00000001PROD - PENARODMLFTX00000756PROD in Related Litigation, that party must first obtain written consent of the producing party or leave of court.

2. "Confidential Information," as used herein, means any information of any type that is designated as "Confidential" and/or "Trade Secret" by any of the producing or receiving parties, whether it is: a document, electronically stored information ("ESI"), or other material; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory answer or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the parties to this pending litigation;

3

their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order; and any person so designated pursuant to paragraph 4 herein. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all parties and a hearing.

4. Any party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until said requesting party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a Qualified Person under this Order.

5. Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The

4

written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing party shall retain the original written acknowledgment, and furnish a copy of the signed written acknowledgment to the designating party's counsel within ten (10) business days.

6. Information shall be designated as Confidential Information within the meaning of this Protective Order by following the protocol below that corresponds to the format produced:

a. For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the document.

b. For static image productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to a Conf. Agree./Prot. Order," but not so as to obscure the content of the image.

c. For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "Confidential & Proprietary/Produced Pursuant to a Conf. Agree./Prot. Order" or "Confidential Proprietary & Trade Secret/Produced Pursuant to

5

a Conf. Agree./Prot. Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001162-D1". When any file so designated is converted to a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet and confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend:

"CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_CAUSE_2014-CVF-001162-D1", if such legend does not already appear in the file name. Any party using a native file containing Confidential Information in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

d. At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific cause number.

7. Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days

6

of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the Confidential Information.

a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing party in the manner described in paragraph 7.a. above. If a retroactive designation is provided to the receiving party in accordance with Texas Rule of Civil Procedure 193.3(d) the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person

7

not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential Information. Further the disclosing party shall send written notice to the designating party's counsel providing:

    a. The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

    b. The date of the disclosure.

    c. A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9. To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential" such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

    a. With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by

8

the parties.

b.    Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

c.    Upon notice of designation pursuant to this Paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

d.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

10.    Deposition testimony is Confidential Information under the terms of this Order

9

only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty (30) business days after receiving the deposition transcript. All deposition transcripts shall be considered Confidential Information until thirty (30) days following the receipt of the deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use Confidential Information during any deposition, provided:

a. The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Exhibit A.

b. The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to request for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing party shall place the following legend on each page of interrogatory answers or responses to requests for admission: "Contains Confidential Information."

12. Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order if counsel for the disclosing party advises the receiving party the information is

10

Confidential Information. If the Confidential Information disclosed during a meet and confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraphs 6 a., b., and/or c. above, depending on the format of the materials introduced.

13. If a receiving party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the party or parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating party's counsel. The designating party shall have twenty (20) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the party or parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Order until a contrary determination is made by the Court. At any hearing the designating party shall have the burden to

11

establish that party's right to protection as if this Order did not exist. A party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information or testimony is not sensitive, confidential, privileged or proprietary, provided the party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any papers filed with the Court in this action that make reference to Confidential Information, or contain extracts, summaries, or information derived therefrom, shall be considered Confidential Information and shall be governed by the terms of this Order. These papers shall be filed under seal and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Information.

17. Pursuant to the agreement of the parties no disclosure, production, or exchange of information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Protective Order applies to any information disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation. Upon learning of a production of privileged or work product protected information, the producing party shall within ten (10) days give all counsel of record notice of the production pursuant to Texas Rule of

12

Civil Procedure 193.3(d). The receiving party must promptly return, sequester or destroy the produced information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work product protected information.

18. Further, production pursuant to this Protective Order shall not be deemed a waiver of:

    a.    Any party's right to object to any discovery requests on any ground.

    b.    Any party's right to seek an order compelling discovery with respect to any discovery request.

    c.    Any party's use and review of its own Confidential Information in its sole and complete discretion.

    d.    The status of any material as a trade secret.

19. Any Qualified Person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

20. Within one (1) year after the final resolution of this litigation, the plaintiff(s) and The Mostyn Law Firm shall return or destroy Confidential Information they received during this litigation. As to those materials that contain or reflect Confidential Information, but that constitute or reflect the plaintiff(s) counsel's own work product, counsel for the plaintiff(s) are entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as the work product is clearly marked to reflect that it contains information subject to this Protective Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition

13

transcripts, and the trial record even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Protective Order and are maintained in accordance with the provisions of this Protective Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph after one (1) year after the final resolution of this litigation.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Texas Rules of Civil Procedure.

IT IS SO ORDERED this _13th_ day of _July_, 2015.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

_____
J. Steve Mostyn
State Bar No. 00798389
Andrew P. Taylor
State Bar No. 24070723
**THE MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 – Phone
(713) 861-8084 – Fax
**ATTORNEYS FOR PLAINTIFF**

_____
Sofia A. Ramon
State Bar No. 00784811
Dan K. Worthington
State Bar No. 00785282
Elizabeth S. Cantu
State Bar No. 24013455
Charles W. Downing
State Bar No. 24069631
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Blvd.
McAllen, Texas 78501
(956) 682-5501 – Phone
(956) 686-6109 – Fax
**ATTORNEYS FOR DEFENDANTS**

14

Filed
7/2/2015 4:39:03 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2014CVF001162D1

CAUSE NO. 2014-CVF-001162-D1

| | | |
|---|---|---|
| RAUL RODRIGUEZ AND NOEMI RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| STATE FARM LLOYDS AND FELIPE FARIAS, | § § § | |
| | § § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____, in order to be provided access to information designated as Confidential Information under the *Protective Order* entered in Cause No. 2014-CVF-001162-D1 represents and agrees as follows:

1.  I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2.  With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3.  I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4.  I agree that copies of this undertaking will be sent to counsel of record for all parties in the above litigation.

DATED: _____     SIGNATURE _____

**EXHIBIT A**

Received   Jul-13-2015  02:49pm     From-956 523 5200          To-ATLAS & HALL L.L.P.     Page 015